**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RUNWAY TV, LLC,
Plaintiff,
v.
ELEONORA DE GRAY, EURL, et al.,
Defendants.

Case No. CV 18-2503 FMO (JCx)

**ORDER**

Having reviewed and considered the Motion to Dismiss for Lack of Jurisdiction, (Dkt. 10. "Motion"), filed by defendants Eleonora De Gray, EURL,[1] ("De Gray LLC"), a foreign limited liability company with its principal place of business in France, and Eleonora De Gray, ("Ms. De Gray"), a French citizen, (collectively, "defendants"), and all related briefing, the court finds that oral

[1] EURL, or Entreprise Unipersonnelle à Responsabilité Limitée, is the French functional equivalent of a single shareholder limited liability corporation. See Margaret A. Niles, Survey of Forms of Doing Business in Various Countries – France – Société à responsabilité limitée, 5 L. INT'L TRADE § 140:14 ("[T]he société à responsabilité limitée (SARL), an LLC, limits shareholder liability to the amount of investment."); Sandra K. Miller, Law of Organizing Country is a Major Factor in U.S. Taxation of LLCs, 6 J. INT'L TAX'N 64, 69 (1995) ("The French EURL (entreprise unipersonnelle à responsabilité limitée) is a one-member SARL."). Consequently, De Gray LLC is reminded that it may not appear pro se. See Local Rule 83-2.2.2 ("Only individuals may represent themselves pro se. No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1.").

argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

Many motions to dismiss can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially for perceived defects in a complaint, answer or counterclaim that could be corrected by amendment. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint "once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

The court will grant Ms. De Gray's Motion and dismiss plaintiff's Complaint, (Dkt. 1), with leave to amend. In preparing the First Amended Complaint, plaintiff shall carefully evaluate the contentions set forth in defendants' Motion. Specifically, the Complaint's allegations are insufficient to establish general or specific personal jurisdiction over defendants. See Axiom Foods, Inc. v. Acerchem International, Inc., 874 F.3d 1064, 1068 (9th Cir. 2017) ("The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'") (quoting Walden v. Fiore, 134 S.Ct. 1115, 1121 (2014)). In addition, having reviewed plaintiff's Response, (Dkt. 32), to the Court's Order of July 2, 2018, (Dkt. 21), the court remains concerned as to the issues raised therein, as well as the apparent discrepancy between plaintiff's registered trademark "RUNWAY" and the Complaint's allegations that the infringed trademark is "RUNWAY MAGAZINE." As reflected by the United States Patent and Trademark Office's ("USPTO") Trademark Electronic Search System ("TESS"), the trademark "RUNWAY MAGAZINE" (Reg. Nos. 4535670 & 4583316)

is owned by "Runway Magazine Inc Corporation California 8560 Sunset Blvd, 5th Floor West Hollywood California 90069."

Based on the foregoing, IT IS ORDERED THAT:

1. Ms. De Gray' Motion to Dismiss Complaint **(Document No. 10)** is **granted**.

2. Plaintiff's Complaint **(Document No. 1)** is **dismissed with leave to amend**.

3. If plaintiff still wishes to pursue this action, it is granted until **July 30, 2018**, to file a first amended complaint attempting to cure the deficiencies set forth above as well as the other relevant defects alleged in Ms. De Gray's Motion and the Court's Order of July 2, 2018. The court expects that defendants will agree to any amendments that will or attempt to cure the alleged defects.

4. The first amended complaint must be labeled "First Amended Complaint," be filed in compliance with Local Rule 3-2, and contain the case number assigned to the case, i.e., Case No. CV 18-2503 FMO (JCx). In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make its First Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, the original pleading no longer performs any function[.]") (citations and internal quotation marks omitted).

5. Plaintiff is cautioned that failure to timely file a First Amended Complaint may result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. See Rule 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

6. Defendants shall file an Answer to the First Amended Complaint or a motion pursuant to Rule 12 no later than **August 13, 2018.** De Gray LLC is advised that it must be represented by counsel as required under the Local Rules.

7. In the event defendants wish to file another motion to dismiss, then counsel for the parties shall, on **August 6, 2018, at 10:00 a.m.**[2] meet and confer in person at an agreed upon location within the Central District of California to discuss defendants' motion to dismiss. Defendants' motion to dismiss must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion). Failure to include such a declaration will result in the motion to dismiss being denied.

Dated this 16th day of July, 2018.

/s/
Fernando M. Olguin
United States District Judge

[2] Counsel may agree to meet and confer at another time and place without seeking court approval for such an agreement.