Law Offices of William D. Goldstein
William D. Goldstein (SBN. 279723)
4030 Sawtelle Blvd.
Los Angeles, CA 90066-5408
Phone: (310) 437-0108
Facsimile: (323) 372-3589
Email: wdgoldstein@wdgoldstein.com

Attorney for PLAINTIFF, RUNWAY TV, LLC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUNWAY TV, LLC., A Delaware Limited Liability Company<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>EURL ELEONORA DE GRAY, a French Company; ELEONORA DE GRAY aka ELEONORA CHRISTENSEN, A French citizen And DOES 1-10, INCLUSIVE,<br><br>　　　　Defendants. | Case NO.: 2:18-CV-02503-FMO (JCx)<br><br>FIRST AMENDED COMPLAINT<br><br>1. FEDERAL TRADEMARK INFRINGEMENT<br>2. FEDERAL TRADEMARK DILUTION<br>3. FEDERAL STATUTORY UNFAIR COMPETITION<br>4. FRAUD AND DECEIT<br>5. BREACH OF CONTRACT<br>6. CYBERPIRACY<br>7. DEFAMATION PER QUOD - LIBEL<br><br>INJUNCTIVE RELIEF<br><br>JURY TRIAL DEMAND |

- 1 -

FIRST AMENDED COMPLAINT – RUNWAY TV, LLC v. EURL ELEONORA DE GRAY, ET. AL.

PLAINTIFF RUNWAY TV, LLC. ("Plaintiff') complains against Defendants EURL ELEONORA DE GRAY, a French Company (U.S. Equivalent of a Limited Liability Company); ELEONORA DE GRAY/CHRISTENSEN, A French citizen And DOES 1-10, INCLUSIVE (collectively "Defendants").

## JURISDICTION AND VENUE

1. Plaintiff s first, second and third claims lie under the Trademark Act of 1946 (the Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051, et seq. This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 28 U.S.C. §§ 1338(a) and (b).

2. This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(a).

3. This Court has specific personal jurisdiction over the Defendants ELEONORA DE GRAY / CHRISTENSEN et al.

4. **Defendant EURL Eleonora De Gray advertises on its website that it has offices in both Los Angeles, California and New York City, New York** (a true copy of the first page of the current "About" tab from www.runwaymagazinees.net is attached hereto as Exhibit "A"). The website specifically states: "RUNWAY MAGAZINE ® is an American-French magazine produced by Media Group ELEONORA DE GRAY, with the offices based in Paris (France), New York and Los Angeles. This same page claims that the Defendants sell 40,000 copies of the offending magazine (13.3% of total distribution) in the United States. Here, the Defendant is even claiming that the Plaintiff's Trademark and Magazine is a part of her company whose main office is in Paris. Again, by claiming a Los Angeles office and that the Magazine is American-French she has placed herself and her company EURL Eleonora De Gray under the jurisdiction of this Court and further demonstrates her complete distain for the Trademarks and ownership of the Plaintiff.

5. Defendants EURL Eleonora De Gray and Eleonora De Gray have placed themselves under the jurisdiction of this Court by previously filing three (3)

- 2 -

FIRST AMENDED COMPLAINT – RUNWAY TV, LLC v. EURL ELEONORA DE GRAY, ET. AL.

additional "Requests" (Motions) to this Court (Fed.Rules Civ.Proc.Rules 4, 12(h)(1), 28 U.S.C.A.) after the filing of their FRCP Rule 12(b)(2) Motion to Dismiss. There are no special appearances in the Circuit Court system. However, a Rule 12(b)(2) Motion to dismiss does not grant Personal Specific Jurisdiction. The additional motions by the Defendant are, however, general appearances granting jurisdiction. "An individual may submit to the jurisdiction of the court by appearance." (*Ins. Corp. of Ireland, LTD v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 703 (1982)

6.   Additionally, the Defendants, in signing the License Agreement with a company whose main place of business is Los Angeles, California, and, in agreeing that the contract would be governed under United States law, and further agreeing that should there be need for legal action to enjoin infringement of the trademark (as is the case here), intentionally availed herself of the privilege of conducting activities within the state of California, thus invoking the benefits and protections of its laws. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants transact affairs in this district, claim offices in this district and because a substantial part of the events giving rise to the claims asserted herein arose in this district. Defendant agreed upon venue in the given contract.

7.   Finally, in the Motion to Dismiss filed by the Defendants, Ms. De Gray speaks of her partners in the USA (notice, P:1 L:22-23). If she has partners in the USA, offices in Los Angeles and New York, contractually agreed that the contract was governed by United States Law and made three (3) general appearances in this Court, Jurisdiction is firmly established.

## **PARTIES**

8.   Plaintiff Runway TV, LLC., is a Delaware Limited Liability Company which has its principal place of business at 7558 Melrose Ave, Los Angeles, California, 90046 (Plaintiff is in the process of relocating its offices to 5905 Hollywood Blvd, Los Angeles, California 90028.)

- 3 -

FIRST AMENDED COMPLAINT – RUNWAY TV, LLC v. EURL ELEONORA DE GRAY, ET. AL.

9. Runway TV, LLC owns the trademark Runway, and as a result of a legal settlement, has the possessory interest to the trademark Runway Magazine.

10. Runway Beauty, Inc., the predecessor in interest of Runway TV, LLC and the then owner of the Runway and Runway Magazine trademarks (true copies of the original registrations are attached hereto as Exhibits "B" and "C") sued Runway Magazine Inc. for Trademark Infringement and other Federal and California causes of action (case number *2:09-cv-08333-.JAK -JEM*)*.*

11. The suit was resolved with a settlement agreement between the Parties wherein Runway Beauty, Inc. ceded the trademark Runway Magazine to Runway Magazine, Inc. and adopted the sole Trademark of Runway. (a true and correct copy of this settlement agreement is attached hereto as Exhibit "D").

12. Paragraph 13 of Addendum "A" of the signed agreement, **Event of Default** states: **"If either parties corporate entity is dissolved, closed or shut down the surviving party shall be entitled to all the property listed in this agreement."**

13. Runway Magazine, Inc. closed its doors on or about 2014-2015 when James Anthony Buccelli was imprisoned for identity theft and fraud without officially dissolving the corporate entity (a true copy of the LASC Criminal Case Search Report for Anthony Buccelli is attached hereto as exhibit "E"). Runway Magazine, Inc. published a total of 2 issues. Both in 2008. Of information and belief, the Corporate name was maintained as a cover for Mr. Buccelli's criminal activities.

14. The license of Runway Magazine, Inc. to do business in the state of California has been suspended by the State of California for non-payment of state fees. (a true copy of the listing of Runway Magazine, Inc. from the website of the California Secretary of State's Office is attached hereto as exhibit "F")

15. Runway Magazine, Inc. no longer retains the address of 8560 Sunset Blvd, 5th Floor, West Hollywood, CA 90069 listed with the Secretary of State, or any legal address.

FIRST AMENDED COMPLAINT – RUNWAY TV, LLC v. EURL ELEONORA DE GRAY, ET. AL.

16. As a result, thereof, the ownership of the trademark for Runway Magazine has reverted to Runway Beauty, Inc. thereafter passing to Runway TV, LLC the successor in interest of Runway Beauty, Inc. (a true copy of the corporate minutes where all rights were transferred to Runway TV, LLC is attached hereto as Exhibit "G")

17. As a result of a legal technicality, Runway TV, LLC is not allowed by the USTPO to register the Trademark of Runway Magazine in its name as it already holds the Trademark of Runway, as a magazine or publication. As such the Trademark remains in the name of Runway Magazine, Inc. while possession of said Trademark belongs to Runway TV, LLC by way of the Settlement Agreement. Runway TV, LLC. has recently instructed Counsel to institute a suit for enforcement of the Settlement Agreement against Runway Magazine, Inc. to obtain Court ordered possession of the Trademark for Runway Beauty, Inc., as that entity will not be in violation of USTPO restrictions on name and use.

18. Of note, after knowledge of the criminal acts of James Anthony Buccelli became known to Vincent Mazzotta and Ms. De Gray, in an email by Ms. De Gray to Runway Beauty, Inc.'s attorney which was copied to its owner, and, at such time she was negotiating to license the single use of the Runway name, Ms. De Gray stated: **"I strongly believe that international trademarks RUNWAY / RUNWAY MAGAZINE belongs to Vincent. and I strongly believe that we should do everything possible to get USA trademark also back to Vincent. Otherwise scam and fraud will never stop."** (a true copy of this email is attached hereto as Exhibit "H")

19. Defendant EURL Eleonora De Gray is the French equivalent of an American LLC. It is held by a single owner, Defendant Eleonora De Gray.

20. Upon information and belief, Defendant is illegally doing business in the United States (as per Defendants own web site stating it has offices in New York and Los Angeles) with principle location of business in Paris, France. (EURL Eleonora De Gray, is not registered in California or any other state to transact business.)

- 5 -

FIRST AMENDED COMPLAINT – RUNWAY TV, LLC v. EURL ELEONORA DE GRAY, ET. AL.

21. Plaintiff is informed and believes and thereupon alleges that, there exists, and at all times herein mentioned, existed, a unity of interest between Defendants ELEONORA DE GREY/CHRISTENSEN and EURL ELEONORA DE GREY. such that separateness between the individual defendants and the defendant company ceased to exist and the defendant company has become and have been for the past several years the alter ego of the individual defendant in that:

    a. the defendant corporation was a mere sham and shell without capital, assets, stock or stockholders and were used, conceived and intended by the individual defendant as a device to avoid individual liability and for the purpose of substituting a financially insolvent Limited Liability Company in place of the individual defendant;

    b. the defendant Limited Liability Company was so inadequately capitalized, that compared to the business undertaken to be done by it and the risks of loss attendant thereon, its capitalization was illusory;

    c. the individual defendants have used the assets of the defendant Limited Liability Company for their own personal uses, caused assets of the defendant corporation to be transferred without adequate consideration and withdrew funds from the defendant Limited Liability Company bank accounts for their personal use;

    d. the individual defendants completely controlled, dominated, managed and operated the defendant corporation and intermingled the assets, debts, and obligations to suit their convenience; and

    e. the defendant Limited Liability Company was the instrumentality and conduit through which the individual defendants carried on their business in the Limited Liability Company's name, exactly as they had conducted business prior to the formation of the Limited Liability Company, exercising complete control and dominance of such business to the extent that any individuality or separateness does not and did not exist, at any time herein mentioned.

22. Defendants DOES 1 through 10 are individuals and/or entities whose true names and capacities are presently unknown to Plaintiff. Plaintiff is informed and believes, and

– 6 –

FIRST AMENDED COMPLAINT – RUNWAY TV, LLC v. EURL ELEONORA DE GRAY, ET. AL.

thereon alleges, that, at all times herein mentioned, each of the fictitiously named defendants was the agent, servant, and/or employee of his or her co-defendants and, in doing the things herein mentioned, was acting within the scope of his or her authority as such agent, servant, and/or employee, and with the permission and consent of his or her co-defendants, and that each of said fictitiously named defendants is, in some manner, liable or responsible to Plaintiff based upon the facts hereinafter alleged and thereby proximately caused injuries and damages to Plaintiff as more filly alleged herein. Accordingly, Plaintiff sues said Defendants by said fictitious names. At such times as said defendants' true names and capacities become known to Plaintiff, Plaintiff will seek leave to amend this Complaint to insert said true names and capacities of such individuals and/or entities.

23.  Plaintiff is the owner of the trademark RUNWAY and by operation of the aforementioned Settlement Agreement, RUNWAY MAGAZINE, and is in the business of designing, advertising, marketing, publishing, distributing, selling and/or offering for sale a high-end fashion magazine entitled RUNWAY™ MAGAZINE.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

24. At least as early as January of 2002, Plaintiff adopted the mark "RUNWAY" trademark to identify a fashion/lifestyle publication. which Plaintiff has marketed and advertised widely. At least as early as May of 2007, Plaintiff used its magazine trademark in interstate commerce. Plaintiff has expended considerable time, effort, and resources to design and develop its unique and inherently distinctive trademark for its magazine.  At all times herein relevant, Plaintiff has continually used the name RUNWAY as its trademark in connection with its goods and services. Plaintiff is the owner of the registered trademark on the principal register of the United States Patent and Trademark Office for the mark "Runway," Reg. No. 4,449,667. This registration is lawfully owned by Plaintiff and subsists in full force and effect. The registration is prima facie evidence of the validity of the registration, of Plaintiffs ownership of the mark, and of Plaintiff s

- 7 -

FIRST AMENDED COMPLAINT – RUNWAY TV, LLC v. EURL ELEONORA DE GRAY, ET. AL.

exclusive right to use the mark in commerce on title services and goods listed in the registration, as provided in 15 U.S.C. § 1057(b) and § 1115(a).

25. Plaintiffs magazine, Runway, is an audited news source which Plaintiff has extensively advertised and promoted in various media throughout the United States and the world, including but not limited to print and Internet. Plaintiffs current national distribution of the magazine averages around 10,000 hard copy print issues in 2016 and 2017. The magazine is also distributed internationally in print by MAGCLOUD a renowned distribution outlet to all free countries of the world. Plaintiffs national distribution for 2006-2015 of the magazine exceeded 60,000 print issues in 2008 mid 70,000 in 2009. The magazine is also distributed internationally in eight countries and reflects a total distribution of over 100,000 issues.

26. Plaintiffs magazine is well known and well-respected magazine in the fashion industry. Due to the stellar reputation of the magazine. Plaintiff has interviewed and employed several well-known designers and celebrities, including but not limited to Nole Marin (fashion editor of ELLE MAGAZINE), Rocky Gathercole clothing and many high-end designer brands.

27. Plaintiffs Magazine, RUNWAY actively and continuously involves, anticipates, and reviews official international runway fashion events that take place in New York, London, Paris, Milan, Miami, Los Angeles, Germany, mid-Russia, in addition to other countries.

28. In sum, as a result of the quality of the magazine and its substantial distribution volume within the United States and internationally, Plaintiffs RUNWAY mark embodies the goodwill and repute of the Plaintiffs magazine, RUNWAY. Plaintiffs mark has become famous, has acquired secondary meaning to the public, and is entitled to Intellectual Property rights and protections associated with the name and mark RUNWAY.

29. Upon information and belief. Defendants, through their Internet website, http://www.runwaymagazines.com and .net, prominently displayed the infringing

- 8 -

FIRST AMENDED COMPLAINT – RUNWAY TV, LLC v. EURL ELEONORA DE GRAY, ET. AL.

"Runway" designation (a true and correct current copy of the first page of this site is attached hereto as Exhibit "I") using a font indistinguishable from that which Plaintiff used on its website, http://www.runwaylive.com (a true copy of the first page of Plaintiffs website is attached as Exhibit "J".

30. Defendants continue to advertise the infringing designation "RUNWAY MAGAZINE" on several Internet websites, such as Youtube.com, Facebook.com Twitter.com, as well as various blogs causing confusion among the general consuming public as to the origin of Defendants services since consumers associate the RUNWAY MAGAZINE name with Plaintiff.

31. Defendant originally licensed the name from Runway Beauty, Inc. using the dba Runway Media Group, Inc. on April 1st, 2014 for a single use, only to experiment with the name to see if profit was obtainable. Defendant then continued to use the name paying no fees and used it to illegally file trademarks in France. (License agreement attached hereto as Exhibit "K".) Runway Media Group, Inc. was a Delaware Corporation, which was in the process of organizing as a dba for Runway Beauty, Inc. of Arizona. The entity never fully established itself due to the death, only days after the contract was signed, of one of the parties involved with this corporation. The Trademark, Runway, remained with Runway Beauty, Inc. and was never transferring to the Media Group.

32. Unless Defendants are preliminarily and permanently enjoined by this Court, Plaintiff will continue to suffer irreparable injury and lost goodwill associated with the RUNWAY name and mark by the Defendants' aforesaid willful and deliberate infringement.

## FIRST CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. §§ 1114-1117; Lanham Act § 32)

33. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraph 1 through 32 of this Complaint.

- 9 -

FIRST AMENDED COMPLAINT – RUNWAY TV, LLC v. EURL ELEONORA DE GRAY, ET. AL.

34. Without Plaintiffs consent, Defendants current use in commerce of Plaintiffs federally registered trademark, in connection with the sale, offering for sale, distribution or advertising of Defendants' goods and services, is a deliberate, intentional, and willful infringement upon Plaintiff's mark, and the goodwill associated by the public with the RUNWAY name and mark. The infringement makes if falsely appear as though Plaintiff endorses, sponsors, or is otherwise affiliated with Defendants. These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

35. As a direct and proximate result of Defendants' infringing activities alleged herein, Plaintiff has suffered substantial damage to be proved at time of trial.

36. Defendants' infringement of Plaintiff's trademark as alleged herein is both exceptional and intentional. Said exceptional and intentional infringement has damaged Plaintiff as described herein, entitling Plaintiff to treble its actual damages and to an award of attorneys' fees under 15 U.S.C. §§1117(a) and 1117(b).

37. Upon information and belief, unless preliminary and permanently enjoined by this Court, Defendants will continue to dilute, and to cause serious and irreparable harm and damage to the reputation and goodwill associated with Plaintiffs RUNWAY mark.

## SECOND CAUSE OF ACTION - FEDERAL DILUTION OF FAMOUS MARK
### (Federal Trademark Dilution Act of 1995)
### (15 U.S.C. § 1125(c); Lanham Act § 43(a))

38. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 37 of this Complaint.

39. Plaintiff's magazine, RUNWAY is internationally distributed and is the premier magazine in the "runway" fashion industry, as such the mark is distinctive and famous within the meaning of the Federal Trademark Dilution Act of 1995,15U.S.C.§ 1125(c).

40. Defendants' activities as alleged herein have already caused dilution of distinctive quality of Plaintiff's trademark by blurring and tarnishing its registered mark, in violation of the Federal Trademark Dilution Act of 1995,15 U.S.C. § 1125(c).

41. Because Defendants willfully intended to trade on Plaintiff's reputation or to cause dilution of Plaintiff's famous trademark, Plaintiff is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. §1125(c).

42. Upon information and belief, unless preliminary and permanently enjoined by this Court, Defendants will continue to dilute, and to cause serious and irreparable harm and damage to the reputation and goodwill associated with Plaintiff's RUNWAY mark.

43. Plaintiff has no adequate remedy at law.

## THIRD CAUSE OF ACTION - FEDERAL UNFAIR COMPETITION
### (False Designation of Origin and False Description)
### (15 U.S.C. § 1125; Lanham Act § 43(a))

44. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 43 of this Complaint.

45. Defendants' conduct constitutes the use of the words, terms, names, symbols or devices tending to falsely describe the infringing goods and services, within the meaning of 15 U.S.C. § 1125(a)(1). Defendants' conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of the infringing products to the detriment of Plaintiff and in violation of 15 U.S.C. § 1125(a)(1).

46. The continued use by Defendants of the RUNWAY mark will continue to result in deception and confusion of the public as to the source of their goods and services and constitutes unfair competition and violation of the federal Lanham Act, 15 U.S.C. § 1125(a) and violation of the Plaintiff's exclusive rights to exploit said famous name and mark.

47. Upon information and belief, unless preliminary and permanently enjoined by this Court, Defendants will continue to dilute, and to cause serious and irreparable harm and damage to the reputation and goodwill associated with Plaintiffs RUNWAY mark. Plaintiff has no adequate remedy at law.

//
//

FIRST AMENDED COMPLAINT – RUNWAY TV, LLC v. EURL ELEONORA DE GRAY, ET. AL.

## FORTH CAUSE OF ACTION - FRAUD AND DECEIT

48. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 47 of this Complaint.

49. Defendant constantly emails and harasses photographers, models and business doing business with RUNWAY TV, LLC. These emails are fraudulent and sent by the Defendants with knowledge that the statements contained therein are false. Additionally, Defendants, continue to send threatening emails that Plaintiff's company is not the real RUNWAY which they are, also that they will continue to harass and email RUNWAY staff and business until RUNWAY stops its prosecution of Mrs. De Gray et al for their illegal for use of the name. Just a very few of these Emails are attached hereto as Exhibit "L", "M" and "N". Inclusive of the parties upon which these misrepresentations have been made are Apple, Inc., Google, Inc., Julia Perry Style, Kimberly Metz Studio and Magzter to name a few.

50. De Gray participates in business as RUNWAY with no business license in the United States. Their RUNWAY magazine version does photo shoots, hires hair and makeup artist and seeks advertising in the United States. Defendants and their Counsel in France send cease and desist letters representing herself as an attorney to US citizens. Their staff in the United States is not registered with any state and illegally sell their RUNWAY merchandise in the United States.

51. The obvious intent of Defendants intentional and malicious misrepresentations are that those they communicate with, will rely upon them to the detriment of the Plaintiff.

52. Plaintiff is informed and believes, and on that that basis allege, that the actions of the Defendants, and each of them, as alleged herein above, were done willfully, maliciously, fraudulently and with oppression, as defined in California Civil Code Section 3294, in that the Defendants knew that the statements made to others by email and internet postings were false. Defendants acted with despicable conduct and with conscious disregard of the rights of the Plaintiff by committing the acts alleged herein.

- 12 -

FIRST AMENDED COMPLAINT – RUNWAY TV, LLC v. EURL ELEONORA DE GRAY, ET. AL.

Plaintiff should recover, in addition to actual damages, exemplary and/or punitive damages to make an example of, and to punish, the defendants.

**FIFTH CAUSE OF ACTION – BREACH of CONTRACT**

53. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 52 of this Complaint.

54. Defendant De Gray signed and agreed to a trademark license in April 2014. In section 5 Quality Stands and Controls- section i., Ms. De Gray's rights are extinguished. She may not do anything or permit anything to be done which would dispute or contravene Licensor's ownership of, or impair any right, title or interest of Licensor in or to the Trademarks. Licensee is also not permitted to file any trademarks with the word RUNWAY anywhere and in any country. She continues to do so in violation with the agreement.

55. In section 5 Quality Stands and Controls- section j, Ms. De Grey's rights to make complaints are extinguished. "During the Term of this Agreement and thereafter, Licensee shall neither do or not fail to do any act or writing which is necessary to further ensure Licensor's exclusive right and title in the Trademarks, Material, and Know-How."

56. Defendant has clearly breached this agreement by filing for French trademarks.

57. As a result of this breach, Plaintiff has suffered damages in an amount unknown at this time and to be proved at trial.

**SIXTH CAUSE OF ACTION -CYBERPIRACY**

**UNDER LANHAM ACT S 43(d); ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT, 15 U.SC. S1125(d)**

58. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs designated 1 through 57, inclusive, of this Complaint, as if fully set forth herein at length.

59. To date, Defendants have intentionally and deceptively used and continue to use the domain name of www.runwaymagazines.com which is only a slight descriptive change from Plaintiff's trademark RUNWAY magazine.

- 13 -

FIRST AMENDED COMPLAINT – RUNWAY TV, LLC v. EURL ELEONORA DE GRAY, ET. AL.

60. Defendants, with a bad faith intention to profit from the RUNWAY magazine mark, registered, used and continue to use, the domain www.runwaymagazines.com. This is confusingly similar to, and dilutive of, Plaintiffs mark.

## SEVENTH CAUSE OF ACTION
## DEFAMATION PER QUOD - LIBEL

61. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 60 of this Complaint.

62. Defendants have repeatedly made statements via email and internet postings to business associates, customers and vendors of the Plaintiff that they are the legal owners of all RUNWAY related names, trademarks and copyrights.

63. Defendants have additionally claimed that the Plaintiff and its owner, Vincent Mazzotta were using the RUNWAY names, trademarks and copyrights belonging to the Defendants without their license. Exhibit "L", "M" and "N."

64. The Plaintiff has suffered harm to its business as a result thereof including money spent, time invested, advertising losses, legal fees and other pecuniary damages to be proved at time of trial.

65. Plaintiff is informed and believes, and on that that basis alleges, that the actions of the Defendants, as alleged herein above, were done willfully, maliciously, fraudulently and with oppression, as defined in California Civil Code Section 3294, in that the Defendants knew that the statements made to others by email and internet postings were false, and made with malice, oppression and fraud with the intent to harm the Plaintiff. Defendants acted with despicable conduct and with conscious disregard of the rights of the Plaintiff by committing the acts alleged herein.  Plaintiff should recover, in addition to actual damages, exemplary and/or punitive damages to make an example of, and to punish, the defendants.

## PRAYER FOR JUDGMENT

WHEREFORE, PLAINTIFF prays that this Court grant it the following relief;

- 14 -

FIRST AMENDED COMPLAINT – RUNWAY TV, LLC v. EURL ELEONORA DE GRAY, ET. AL.

1. Adjudge that Plaintiffs mark has been infringed by Defendants in violation of Plaintiff s right under common law, 15 U.S.C. § 1114, and/or California law;

2. Adjudge that Defendants have competed unfairly with Plaintiff in violation of Plaintiff s rights under common law, 15 U.S.C. § 1125(a), and/or California law.

3. Adjudge that Defendants' activities are likely to, or have, diluted Plaintiffs famous mark in violation of Plaintiff s rights under Federal law, 15 U.S.C. § 1125(c), and/or California law;

4. Adjudge that Defendants and each of its agents, employees, attorneys, successors, assigns, affiliates, and joint ventures and any person(s) in active concert or participation with it, and/or persona(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from;

    a. Selling, offering for sale distributing, advertising, or promoting any goods or services that display any words or symbols that so resembles Plaintiffs mark as to be likely to cause confusion, mistake or deception, on or in connection with any goods or services that is not authorized by or for Plaintiff;

    b. Using any word, term, name, symbol, device or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendant or its goods with Plaintiff or as to the origin of defendants' goods or services, or any false designation of origin, false or misleading description or representation of fact;

    c. Further infringing the rights of Plaintiff of its trademarks in its mark products and services or otherwise damaging Plaintiffs goodwill or business reputation;

    d. Directly or indirectly making any further use of the www.runwavmagazines.com and www.runwaymagazines.net domains or any other domains, names, marks or logos that are substantially similar thereto, and require Defendants to take all

- 15 -

FIRST AMENDED COMPLAINT – RUNWAY TV, LLC v. EURL ELEONORA DE GRAY, ET. AL.

steps necessary to direct the registrars of the infringing domain

name and any other domain names owned by Defendants that the

Court determines infringe Plaintiffs' rights, to transfer such names

to Plaintiffs or to discuss continue use of the infringing domain names;

e. Further activity on social networking websites such as

Youtube.com, Facebook.com, Twitter.com, Myspace.com and

other sites, and to require Defendants to remove any infringing

use names in control by Defendants or its agents;

f. Otherwise competing unfairly with Plaintiff in any manner; and

g. Continuing to perform in any manner whatsoever any of the other

acts complained of in the Complaint. Removal of all apps from Apple, Google or

any other digital platform that infringe upon the Trademarks of Runway TV, LLC.

5. Adjudge that Defendants be required immediately to supply Plaintiffs counsel with a complete list of individuals and entities from whom or which it purchased, and to whom or which it sold, offered for sale, distributed advertised or promoted, infringing goods and services as alleged in this Complaint;

6. Adjudge that any action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods or services offered, advertised or promoted by or on behalf of Defendants are authorized by Plaintiff or related in any way to Plaintiff's magazine.

7. Adjudge that Defendants, within thirty (30) days after service of the Judgment demanded herein, be required to file with this Court and serve upon Plaintiff's counsel a written report under oath setting forth in detail the manner in which it has complied with the Judgment;

8. Adjudge that Plaintiff recover from Defendants its actual damages and lost profits in an amount to be proven at trial, that Defendants be required to account for any profits that are attributable to its illegal acts, and that Plaintiff be

FIRST AMENDED COMPLAINT – RUNWAY TV, LLC v. EURL ELEONORA DE GRAY, ET. AL.

awarded the greater of (1) three times Defendants' profits or (2) three times any damages sustained by Plaintiff under 15 U.S.C § 1117, plus prejudgment interest;

9. Impose a constructive trust on all Defendants' funds and assets that arise out of Defendants' infringing activities;

10. Adjudge that Defendants be required to pay Plaintiff punitive damages for its oppression, fraud, malice and gross negligence, whether grounded on proof of actual damages incurred by Plaintiff or on proof of Defendants' unjust enrichment;

11. Adjudge that Defendants be required to transfer to Plaintiff all infringing websites, twitter, Facebook, Linked In and other social media sites, Identifications, Administrative rights, etc.

12. Adjudge that Plaintiff be awarded its costs incurred in connection with this action, including Plaintiffs reasonable attorneys' fees and investigative expenses; and

12. Adjudge that all such other relief be awarded to Plaintiff as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff RUNWAY TV, LLC. hereby requests a trial by jury on each claim for relief alleged in the Complaint.

Respectfully submitted,

DATED; July 30, 2018                     LAW OFFICES OF WILLIAM D. GOLDSTEIN

By: _____

William D. Goldstein
Attorney for RUNWAY TV, LLC.

FIRST AMENDED COMPLAINT – RUNWAY TV, LLC v. EURL ELEONORA DE GRAY, ET. AL.