ELEONORA DE GRAY
23/25 RUE JEAN JACQUES ROUSSEAU
75001 PARIS, FRANCE
Phone : +33660329401
Email : infodegray@gmail.com

**FILED**
CLERK, U.S. DISTRICT COURT

AUG 9 2018

CENTRAL DISTRICT OF CALIFORNIA
BY: ___vdr_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUNWAY TV, LLC., Vincent Mazzotta<br><br>                                    Plaintiff<br><br>      vs.<br><br>ELEONORA DE GRAY, A French citizen<br><br>And DOES 1-10, INCLUSIVE, EURL<br><br>ELEONORA DE GRAY<br><br>                              Defendant<br><br>_____ | Case No.: 2:18-CV-02503-FMO (JCx)<br><br>DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED COMPLAINT UNDER SECTION OF CODE OF CIVIL PROCEDURE § 418.10 ; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION IN SUPPORT THEREOF<br><br>Date of filing : August 09, 2018 |
| Court: California Central District Court<br>Referring Judge: Jacqueline Chooljian<br>Presiding Judge: Fernando M. Olguin | DATE:  SEPTEMBER 13, 2018<br>TIME:  10:00 A.M.<br>COURTROOM:  6D |

- 1 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE FIRST
AMENDED COMPLAINT

# NOTICE OF MOTION AND MOTION

TO THE HONORABLE COURT AND ALL PARTIES:

NOTICE IS HEREBY GIVEN that Defendants ELEONORA DE GRAY, French citizen, resident of France, EURL ELEONORA DE GRAY (French company) ("Defendants") would like to move this Court for an order striking First Amended Complaint under section of the Code of Civil Procedure § 418.10.

PLEASE NOTE that Defendants file this Answer to First Amended Complaint and Motion to Strike according to California Code of Civil Procedure §418.10 (e)(1) : "Notwithstanding Section 1014, no act by a party who makes a motion under this section, including filing an answer, demurrer, or motion to strike constitutes an appearance".

This Motion is made on the ground that the Court lacks jurisdiction over the Defendants because Defendants were improperly served with a copy of the Summons and First Amended Complaint.  In addition, the Plaintiff's First Amended Complaint is defective for failure to comply with provisions of California Code of Civil Procedure §§435-437:

1. Plaintiff's First Amended Complaint is brought in bad faith.
2. Futility of amendment.
3. Amended complaint does not state the facts or provided documents sufficient to constitute the jurisdiction upon Defendants.
4. Amended complaint failed to state the claims and cause of actions.
5. Amendments in First Amended Complaint are not showing the attempts to cure the alleged  deficiencies and defects in the original complaint,  as well as the other relevant defects alleged in Defendants Motion to Dismiss and the Court's Orders of June 26, 2018, July 2, 2018, and July 16, 2018.
6. Violation of Court Orders of June 26, 2018, July 2, 2018, and July 16, 2018.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE FIRST
AMENDED COMPLAINT

Defendants request this Court to strike First Amended Complaint for improper service, incomplete complaint (no Summons included), bad faith and invoke the futility exception, supported by the arguments that the privilege to amend the original complaint was abused by Plaintiff.

Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. Therefore First Amended Complaint must include Summons, as Summons was never received by Defendants, no waver has been filed to this Court, and be served properly according to Code of Civil Procedure § 418.10 on the Service Abroad of Judicial and Extra-Judicial Documents, like First Amended Complaint, in Civil and Commercial Matters (20 UST 361; TIAS 6638), under the rules of the Hague Convention and French Law. First Amended Complain does not include Summons and was emailed to Defendants July 30, 2018, and not served according to  Code of Civil Procedure § 418.10 and service abroad, as all Defendants located in Paris, France.

Additionally First Amended Complaint does not provide qualification certificate dated before April 1, 2014 requested by this Court July 2, 2018, no moderator or other legal representative signatures stated on proposed contract, all  alleged deficiencies and defects in the original complaint has not been corrected, all relevant defects in Defendants Motion to Dismiss was ignored.

First Amended Complaint shows futility of amendment. Plaintiff fails to state any substantive facts which would give jurisdiction upon Defendants in this Court and give rise to support the claims, and demands to relief. Plaintiff did not corrected false facts submitted in original complaint. Instead Plaintiff submitted not relevant information to determine jurisdiction upon Defendants.

Defendants submitted detailed disagreements with all allegations in First Amended Complaint August 1, 2018 (Doc. 40), and brought attention of this Court that no additional documents has been provided to determine jurisdiction upon

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE FIRST
AMENDED COMPLAINT

Defendants, additional facts were not relevant to the case or false, false facts were resubmitted from original complaint. No corrections has been made.

It appears the privilege to amend was be abused by Plaintiff.

This Motion to Strike First Amended Complaint based on :

I NOTICE OF MOTION AND MOTION TO STRIKE

II MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

III DECLARATION IN SUPPORT OF MOTION

IV (PROPOSED) ORDER

V EXHIBITS IN SUPPORT OF MOTION

VI PROOF OF SERVICE BY MAIL

Respectfully submitted,

DATED: August 09, 2018

By: Eleonora de Gray

CEO EURL ELEONORA DE GRAY

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE FIRST
AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES
## I. STATEMENT OF FACTS

Plaintiff filed an original complaint March 28, 2018 for breach of a Trademark licensing agreement and Trademark violation against Defendants based on not legit short term agreement (3 months) signed by Defendant Eleonora de Gray, CEO of EURL Eleonora de Gray April 1, 2014, and signed by Plaintiff 3 years later in April, 2017, after contract has expired. Plaintiff didn't provide Mandatory competence clause and Mediation clause, a mediator was not appointed and was not indicated in the contract, contract had no mandatory mediators signatures. Plaintiff didn't provide qualification certificate dated before the contract was proposed, needed to give this contract to the companies outside of US.

Mr Goldstein, attorney on behalf of Plaintiff, submitted to this Court false facts about dates of registration of  Defendants' trademarks, financial statement of Defendant's company, statement of the business and company of Plaintiff, to suppress this Court and demand jurisdiction upon Defendants.

Mr Goldstein failed to properly serve to Defendants for original and first amended complaint, and by this violated Rule 19 of Local Rules. Additionally Mr Goldstein on behalf of Plaintiff submitted to this Court fraudulent Proof of Service.

This Court issued Orders of June 26, 2018, July 2, 2018 to show good cause to demand jurisdiction upon Defendants, and submit to this Court documents : Proof of Service of original complaint, certificates of qualification, additional information about trademarks and ownership in US.

Plaintiff failed to provide requested documents.

This Court issued Order July 16, 2018 to grant Motion to Dismiss for lack of Jurisdiction to all Defendants, as no personal or supplemental jurisdiction can be determined by this Court upon Defendants based on provided facts / or documents

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE FIRST
AMENDED COMPLAINT

by Plaintiff. This Order was issued with leave to amend if Plaintiff was able to cure the alleged deficiencies and defects in the original complaint,  as well as the other relevant defects alleged in Defendants Motion to Dismiss and the Court's Orders dated June 26, 2018, July 2, 2018.

Plaintiff filed First Amended Complaint July 30, 2018 in bad faith as no actual Proof of Service has been provided to this Court for original complaint, First Amended Complaint was incomplete (no Summons included), and also has been submitted with fraudulent Proof of Service – not serviced properly to Defendants located in France, no qualification certificate dated before April 1, 2014 has been submitted, no moderator or other legal representative signatures stated on proposed contract, all  alleged deficiencies and defects in the original complaint has not been corrected, all relevant defects in Defendants Motion to Dismiss was ignored.

First Amended Complaint shows futility of amendment. Plaintiff fails to state any substantive facts which would give jurisdiction upon Defendants in this Court and give rise to support the claims, and demands to relief. Plaintiff did not corrected false facts submitted in original complaint. Instead Plaintiff submitted not relevant information to determine jurisdiction upon Defendants.

Defendants submitted detailed disagreements with all allegations in First Amended Complaint August 1, 2018 (Doc. 40), and brought attention of this Court that no additional documents has been provided to determine jurisdiction upon Defendants, additional facts were not relevant to the case or false, false facts were resubmitted from original complaint. No corrections has been made.

It appears the privilege to amend was be abused by Plaintiff.

Defendants contacted Mr Goldstein by email August 4th, 2018 , at 7:08 AM (California time) - 4:08 PM ( France time), to discuss matters in First Amended Complaint and the Answer submitted by Defendants. (Exhibit A). Mr Goldstein refused to discuss any matter about First Amended Complaint and Defendants

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE FIRST
AMENDED COMPLAINT

Answer, and ignored Defendants notice about improper service, arguing that Defendants agreed in April 2018 to be served by email. Defendants only agreed to be served by email for the Rule 26, and other supporting requests and motions submitted by both parties concerning the original complaint. When the matter of jurisdiction was determined by this Court and Order to grant Motion to Dismiss was issued July 16, 2018, no additional agreement was made with Mr Goldstein concerning service by email of the new complaint.

Additionally as the original complaint was never received by the Defendants, as well as Summons, waiver of Defendants was never filed, the First Amended Complaint must include the Summons, and must be served on Defendants according to Code of Civil Procedure § 418.10 on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (20 UST 361; TIAS 6638), under the rules of the Hague Convention and French Law. Defendants allowed five days for Mr Goldstein to reconsider and respond on invitation to discuss the matters, before submitting this Motion to this Court.

## II. ARGUMENT

1. Section 418.10(a)(1) of the California Code of Civil Procedure ("C.C.P.") provides that a Motion to Strike of  First Amended Complaint may be filed on the grounds that the Court lacks jurisdiction over the Defendants.  The Court has no jurisdiction over an improperly served party that does not voluntarily appear.

2. California Federal Rules of Civil Procedure Rule 4 provides that a complaint should be served with Summons. Summons of the original complaint has never been served on Defendants. The waiver of the Defendants has never been filed. So

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE FIRST
AMENDED COMPLAINT

Summons should be included in First Amended Complaint and send to Defendants. So the First Amended Complaint is incomplete, and should be quashed by this Court.

3. First Amended Complaint must be served on Defendants located abroad according to  Code of Civil Procedure § 418.10 on the Service Abroad of Judicial and Extra-Judicial Documents, like First Amended Complaint, in Civil and Commercial Matters (20 UST 361; TIAS 6638), under the rules of the Hague Convention and French Law. First Amended Complaint has been sent to Defendants by email only. And this service considered by the Local Rule as inappropriate. So the First Amended Complaint was not served properly, and should be quashed by this Court.

4. Mr Goldstein on behalf of Plaintiff provided to this Court false information / statements, and did not provide any material facts or documents to sustain his claims about Defendants, individual and company, assets, stock, stock holders and capital. It is known to Mr Goldstein that submitting to the Court false claims, false statements, false facts, and by these actions misleading the Court, is sanctioned under Federal laws as these actions considered not-ethical. Defendants would like to add that financial state of the Defendant's company is not relevant to this case. Plaintiff ignored all material facts and documents : trademark registrations, business license provided in Motion to Dismiss and in joint Rule 26, and submitted false facts about Defendants trademark registration dates, company statement and activities, names. Defendants submitted detailed disagreements with all allegations and provided false facts in the Answer to First Amended Complaint (Doc. 40). No amendments has been made by Plaintiff according to  Court Order July 16, 2018.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED COMPLAINT

All deficiencies and defects in the original complaint has been resubmitted from original complaint.

It is not clear to the Defendants the matter of injuries as the claims presented in this complaint are false, and do not supported by material facts and documents. Any injury or damages allegedly suffered by Plaintiffs were caused by Plaintiffs' own voluntary actions. Additionally Plaintiff disregards all required by this Court documents to show good cause. Defendants states that presented amendments in First Amended Complaint are not showing the attempts to cure the alleged deficiencies and defects in the original complaint,  as well as the other relevant defects alleged in Defendants Motion to Dismiss and the Court's Orders dated June 26, 2018, July 2, 2018, and July 16, 2018.

5. Plaintiff by submission of First Amended Complaint violated the Court Orders of June 26, 2018, July 2, 2018, and July 16, 2018. Court Order dated July 16, 2018 Defendants Motion granted, with leave to amend, was not respected by Plaintiff in First Amended Complaint, and the contentions set forth in Defendants Motion was not evaluated.

Court Order states : "In preparing the First Amended Complaint, plaintiff shall carefully evaluate the contentions set forth in defendants' Motion. Specifically, the Complaint's allegations are insufficient to establish general or specific personal jurisdiction over defendants. See Axiom Foods, Inc. v. Acerchem International, Inc., 874 F.3d 1064, 1068 (9th Cir. 2017) ("The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'") (quoting Walden v. Fiore, 134 S.Ct. 1115, 1121 (2014))."

Mr Goldstein on behalf of Plaintiff continue to demand jurisdiction in this Court based on the contract which was signed by Plaintiff 3 years after expiration. Mr

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED COMPLAINT

Goldstein didn't add any additional documents or facts which could make this contract legit for jurisdiction. No amendment has been made. Defendants admit that gave signature on the contract proposed by Plaintiff dated April 1, 2014. Although this contract has never became legit for the following reasons :

    a) This contract was signed by Plaintiff only in April 2017, three years later after expiration of the contract. This contract with original signature of Plaintiff has never been sent to Defendants. Photocopy of signed contract by Plaintiff sent by email in April, 2017 to French attorney of Defendants, after French attorney stated illegality of demands of Plaintiff  based on unsigned contract;

    b) Mandatory competence clause and Mediation clause were not included;

    c) A mediator was not appointed and was not indicated in the contract;

    d) Contract has no mandatory mediators signatures.

Additionally Mr Goldstein on behalf of Plaintiff provided to this Court a false fact about a mediator, Jay Faltz, who according to Mr Goldstein passed away few dates later after the contract was issued. This fact doesn't correspond to the death records in Arizona, as Mr Faltz died 9 months later, in January 2015, and has been also suspected in criminal activities, and financial schemes. Defendants submitted detailed information known to Defendants in the Answer to First Amended Complaint (Doc. 40).

6. Additionally Plaintiff failed to show cause ordered by this Court July 2, 2018 and to present to this Court certificate of qualification dated BEFORE April 1, 2014, the date of the license agreement based on which Plaintiff seeks jurisdiction upon Defendants, from his company RUNWAY BEAUTY Inc and Defendants company EURL ELEONORA DE GRAY as it is demanded by California Corporations Code § 2105(a) : "[a] foreign corporation shall not transact intrastate

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE FIRST
AMENDED COMPLAINT

business without having first obtained from the Secretary of State a certificate of qualification." Pursuant to California Corporations Code § 2203(c), a foreign corporation transacting intrastate business in violation of California Corporations Code §2105 is prohibited from maintaining "any action or proceeding upon any intrastate business so transacted[.]".

Plaintiff by these actions violated California Corporations Code §2105.

7. Plaintiff in First Amended Complaint claimed that Defendants opened offices in New York and Los Angeles and demanded jurisdiction over Defendants (Paragraph Jurisdiction and Venues, section 4). And later Plaintiff states that Defendants do not have offices in New York and Los Angeles (paragraph Parties, section 20), and still demands jurisdiction based on feature business plans of Defendants.

8. Mr Goldstain on behalf of Plaintiff claims that French companies have no legal rights to do business, distribute products, have partnerships and collaborations on territory of US. And if Defendants distribute products and have partnership on territory of US it would be considered illegal, and Defendants can be submitted to jurisdiction in this Court for that matter.

9. Plaintiff failed to present to this Court valid documentation about ownership of the trademark RUNWAY MAGAZINE, and disrespect USPTO CEASE AND DESIST Order dated October 16, 2015 for using name RUNWAY MAGAZINE on territory of US and Internationally to this date. No additional Orders from USPTO has been presented to this Court.

Additionally Plaintiff admits that he doesn't own trademark RUNWAY MAGAZINE, he only has possessory interest.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED COMPLAINT

10. Plaintiff added in First Amended Complaint information, complaint and agreement with Mr James Buccelli concerning trademarks RUNWAY MAGAZINE and RUNWAY, which is not relevant to this case, and cannot determine jurisdiction upon Defendants in this Court. Defendants also would like to add that Plaintiff was aware of criminal history of Mr Buccelli provided in First Amended Complaint and entered into settlement and business relationship with Mr Buccelli in 2009 which is active until today. All details and facts (screenshot from twitter, life threatening emails in 2017) about this partnership known to Defendants provided in answer to first amended complaint (Doc. 40).

## III. LEGAL ARGUMENT

1. In Court Order dated July 16, 2018 says : "plaintiff is informed that the court cannot refer to a prior pleading in order to make its First Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, the original pleading no longer performs any function[.]")."

So as the original complaint and Summons were never received by Defendants, the First Amended Complaint must be completed and include Summons, and be send according to  Hague Convention and French Law.

Proof of Service must include following :

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED COMPLAINT

a) Returned Notice or Justificative from French Ministry of Justice that complaint has been received and will be transferred to French party (Defendant);

b) Proof of Service from a bailiff French "huissier" - an official process server licensed by the government) of Tribunal de Grande Instance de Paris, confirming that complaint has been served to French citizen, company according to Hauge Convention and French Law.

c) Statement of the payment to Tribunal de Grande Instance de Paris for the services of bailiff (French "huissier" ).

d)  Signed and stamped form USM-94 or  LLA-116 by attorney for Plaintiff Mr Goldstein, who filed this complaint with this Court, which is required according to Hauge Convention and French Law for legal filing and sending.

None of these documents has been included in First Amended Complaint as a Proof of Service. Plaintiff's service of the Summons and Amended Complaint was improper, therefore this Court lacks jurisdiction over the Defendants and First Amended Complaint should be quashed without leave to amend.


2. California Courts have explicitly held that service of process is strictly construed against the Plaintiff.  In Bishop v. Silva, the Court, quoting the California Law Revision Commission, noted that "[t]he excuse of impossibility, impracticability, or futility should be strictly construed in light of the need to give a defendant adequate notice of the action so that the defendant can take necessary steps to preserve evidence." ((1991) 234 Cal.App.3d 1317, 1321 [285 Cal.Rptr. 910], quoting Cal.L.Rev.Comm. Reports 905 (1984).)

Plaintiff by submission of First Amended Complaint violated the Court Orders  of June 26, 2018, July 2, 2018, and July 16, 2018. Court Order dated July 16, 2018 Defendants Motion granted, with leave to amend, was not respected by Plaintiff in

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED COMPLAINT

First Amended Complaint, and the contentions set forth in Defendants Motion was not evaluated.

Court Order states : "In preparing the First Amended Complaint, plaintiff shall carefully evaluate the contentions set forth in defendants' Motion. Specifically, the Complaint's allegations are insufficient to establish general or specific personal jurisdiction over defendants. See Axiom Foods, Inc. v. Acerchem International, Inc., 874 F.3d 1064, 1068 (9th Cir. 2017) ("The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'") (quoting Walden v. Fiore, 134 S.Ct. 1115, 1121 (2014))."

Mr Goldstein on behalf of Plaintiff continue to demand jurisdiction in this Court based on the contract which was signed by Plaintiff 3 years after expiration. Mr Goldstein didn't add any additional documents or facts which could make this contract legit for jurisdiction. No amendment has been made. Defendants submitted detailed information known to Defendants in the Answer to First Amended Complaint (Doc. 40).

Additionally Plaintiff failed to show cause ordered by this Court July 2, 2018 and to present to this Court certificate of qualification dated BEFORE April 1, 2014, the date of the license agreement based on which Plaintiff seeks jurisdiction upon Defendants.

According to presented arguments it appears the privilege to amend the original complaint was abused by Plaintiff.

"[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile," as when "the complaint as amended is still subject to dismissal." Hall v. United Insurance Co. of America, 367 F.3d 1255, 1262-63 (11th Cir. 2004)(internal quotes omitted).

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED COMPLAINT

First Amended Complaint fails to state a cause of action.  In addition, the Plaintiff's First Amended Complaint is defective for failure to comply with provisions of California Code of Civil Procedure §§435-437.

Therefore Defendants request this Court to invoke the futility doctrine and Order Strike the First Amended Complaint without leave to amend.

## **CONCLUSION**

Therefore Defendants request this Court to strike First Amended Complaint without leave to amend because this complaint was incomplete and improperly served on Defendants, for failure to state a cause of action, and for failure to comply with provisions of California Code of Civil Procedure §§435-437.

Respectfully submitted,

DATED: August 09, 2018

By: Eleonora de Gray

CEO EURL ELEONORA DE GRAY

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED COMPLAINT

## DECLARATION OF ELEONORA DE GRAY

I, Eleonora de Gray, hereby declare :

1. I'm a resident of Paris, France.
2. I'm Defendant / Defendants in this case.
3. I have personal knowledge of the following facts and if called as a witness I could and would testify competently thereto.
4. According to Code of Civil Procedure sections §435 through §437 for submission of MOTION TO STRIKE FIRST AMENDED COMPLAINT, on August 4, 2018 at 7:08 AM (California time) I made an attempt to contact Mr Goldstein who acts on behalf of Plaintiff in good faith to discuss disagreements and objections raised in Defendants Answer to First Amended Complaint submitted to this Court August 1, 2018.
5. The parties did not reach an agreement resolving the objections raised by Defendants due to Mr Goldstein refusal to discuss this subject, and refusal to communicate. Instead Mr Goldstein sent to Defendants general information about Court proceedings available on public sources. (Exhibit A).
6. Refusal of Mr Goldstein to discuss objections forced Defendants to submit to this Court this Motion, as refusal to confer was absolute.
7. Mr Goldstein failed to confer request of Defendants, and by these actions he didn't show good faith.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on August 09, 2018 in Paris, France.

ELEONORA DE GRAY, Declarant

ELEONORA DE GRAY
23/25 RUE JEAN JACQUES ROUSSEAU
75001 PARIS, FRANCE
Phone : +33660329401
Email : infodegray@gmail.com


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


| | |
|---|---|
| RUNWAY TV, LLC., Vincent Mazzotta )<br><br>Plaintiff )<br><br>          vs. )<br><br>ELEONORA DE GRAY, A French citizen )<br><br>And DOES 1-10, INCLUSIVE, EURL )<br><br>ELEONORA DE GRAY )<br>          Defendant )<br><br>_ )<br><br>Court: California Central District Court )<br>Referring Judge: Jacqueline Chooljian )<br>Presiding Judge: Fernando M. Olguin )<br> ) | Case No.: 2:18-CV-02503-FMO (JCx)<br><br>(PROPOSED) ORDER GRANTING<br>DEFENDANTS MOTION TO STRIKE |

- 1 -

(PROPOSED) ORDER GRANTING DEFENDANTS MOTION TO STRIKE

Having considered Defendant's Motion to Strike and finding good cause therefore,

IT IS HEREBY ORDERED that Defendants' Motion to Strike is GRANTED.


DATED : _____


_____

District Court Judge

(PROPOSED) ORDER GRANTING DEFENDANTS MOTION TO STRIKE

# EXHIBIT A



RUNWAY MAGAZINE <infodegray@gmail.com>

---

# DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT
6 messages

---

**RUNWAY MAGAZINE** <infodegray@gmail.com>                                 Sat, Aug 4, 2018 at 4:08 PM
To: William Goldstein <wdgoldstein@wdgoldstein.com>, Legal Department RUNWAY MAGAZINE
<legalrunwaymagazine@gmail.com>

Mr Goldstein,
Please confirm that you read and understood DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT and added
EXHIBITS, filed to the Court August 1st, 2018.
Please submit your agreements or disagreements by email if you feel it is necessary.

Kind regards
**Eleonora de Gray**
**President / Editor-in-Chief**

## Official RUNWAY MAGAZINE
### www.RUNWAYMAGAZINES.com



---

**William Goldstein** <wdgoldstein@wdgoldstein.com>                        Sat, Aug 4, 2018 at 4:22 PM
To: RUNWAY MAGAZINE <infodegray@gmail.com>

Ms. De Gray,


That is not how a law suit is pursued. With the filing of your personal answer, the suit is now at issue. I await the filing of
the answer by EURL Eleonora De Gray. That is due no later than August 20, 2018 and must be filed by an attorney
licensed who is a member of the Bar of the Central District of California (Local Rule 83-2.1).


William D. Goldstein

LAW OFFICES OF WILLIAM D. GOLDSTEIN

4030 Sawtelle Blvd.

Los Angeles, CA 90066


Phone: (310) 437-0108

FAX:   (323) 372-3589

Mobile:(310) 569-3049

email wdgoldstein@wdgoldstein.com

CONFIDENTIAL / PRIVILEGED

The contents of this email may contain privileged, confidential or otherwise restricted information, and are intended solely for the use of the person or entity to which it is addressed. Copying this email or disclosing its contents to anyone other than its intended recipient is strictly prohibited under the laws of the United States and of the various States. In the event you have received this communication by mistake, please delete or otherwise destroy it and advise the sender at wdgoldstein@wdgoldstein.com

**From:** RUNWAY MAGAZINE <infodegray@gmail.com>
**Sent:** Saturday, August 4, 2018 7:08 AM
**To:** William Goldstein <wdgoldstein@wdgoldstein.com>; Legal Department RUNWAY MAGAZINE <legalrunwaymagazine@gmail.com>
**Subject:** DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

[Quoted text hidden]

---

**RUNWAY MAGAZINE** <infodegray@gmail.com>                    Sat, Aug 4, 2018 at 4:36 PM
To: William Goldstein <wdgoldstein@wdgoldstein.com>, Legal Department RUNWAY MAGAZINE <legalrunwaymagazine@gmail.com>

Mr Goldstein,
I didn't file my personal answer - I filed an answer on my behalf and behalf of my company - ALL DEFENDANTS, as the matter of jurisdiction has been terminated by this Court for granting my Motion to dismiss - no jurisdiction can be confer over me or my company by this Court, as there's no legit contract has been presented to this Court or qualification certificate dated BEFORE April, 1st, 2014 from Runway Beauty LLC, and EURL Eleonora de Gray. To present my attorney in California there's a still matter of jurisdiction. And it has been determinate by this Court's Order to grant my motion to dismiss for lack of jurisdiction.

Additionally you must service your First Amended Answer according to French law - this point is mentioned in DEFENDANTS ANSWER TO FIRST AMENDED COMPLAINT.
The original complaint was never served on me / my company. First Amended Complaint was never served on me / my company according to French law either.
So ones again you filed a fraudulent proof of service. "My uncle Tom said he sent it" can't be considered as a proof of service.

**Although matter of my email to you, I repeat, please confirm that you read and understood REPLY and please submit your agreements or disagreements if any.**

Kind regards

**Eleonora de Gray**
*President / Editor-in-Chief*

**Official RUNWAY MAGAZINE**
**www.RUNWAYMAGAZINES.com**



[Quoted text hidden]

---

**William Goldstein** <wdgoldstein@wdgoldstein.com>                    Sat, Aug 4, 2018 at 5:18 PM
To: RUNWAY MAGAZINE <infodegray@gmail.com>

Ms. De Gray,

1. I suggest you research the effect of having Answered the Complaint on the granting of Jurisdiction to the Court.
2. The Granting of a Motion to Dismiss w/leave to amend allows the Plaintiff to "try again." It does not mean that the Court agrees with your position, rather it requested that addition information in support of Jurisdiction be supplied. In that you filed an Answer, rather than another MTD you have allowed the suit to proceed and Jurisdiction has by law now been confirmed by you.
3. At this point the Judge is unlikely to read either the 1st Amended Complaint or the Answer until either an MSJ (see #10) is filed by one of he parties, or at time for Trial.
4. I have been served with an Answer which brings the suit to the next step, discovery.
5. As you have refused to meet and confer on discovery either in person in Los Angeles, or by Teleconference, to set a discovery schedule, the Plaintiff will proceed with a standard schedule in the Central District proposed in the Rule 26 Joint Report. So that you are aware, The Rule 26 documents are not all of Discovery, just the beginning of it.
6. As already stated in the footnote on the Courts ruling on your MTD your Company MUST be represented by an attorney admitted to practice before this Court. As such no answer has been filed by EURL Eleonora De Gray. At an appropriate time, if no answer is filed a Default of Defendant EURL Eleonora De Gray will be requested.
7. As to your Answer, it is would be subject to a Motion to Dismiss by the Defendant for several reasons. That said, I choose not to file one so that this case may proceed.
8. Service of the Original Summons & Complaint will still be done by the French Government when they get around to it (it has been in their possession for months). An amended complaint can be served by mail and/or Email if the parties agree to serve documents by Email as we have. I have sent you the Amended Complaint by Priority Mail and a courtesy copy by Email. As you have responded to said service, service is deemed complete.
9. I have no idea how a law suit is conducted in France. In the US, one does not ask opposing Counsel if he or she understood the Answer or to argue its merits. When the case gets to Trial the Plaintiff gets to provide evidence to prove the allegations in the Complaint and when it is the Defendants turn, the Defendant presents evidence to cast doubt on the allegations and evidence produced by the Plaintiff.
10. If at any point in the litigation one party or the other believes that there are no points of contention on one or more of the causes of action a motion for summary adjudication or Judgement can be brought. No points of contention means that both parties agree on a given set of facts related to one or more of the Causes of Action. I don't see that happening here.

William D. Goldstein

LAW OFFICES OF WILLIAM D. GOLDSTEIN

4030 Sawtelle Blvd.

Los Angeles, CA 90066

Phone: (310) 437-0108

FAX:    (323) 372-3589

Mobile:(310) 569-3049


email  wdgoldstein@wdgoldstein.com


CONFIDENTIAL / PRIVILEGED

The contents of this email may contain privileged, confidential or otherwise restricted information, and are intended solely for the use of the person or entity to which it is addressed. Copying this email or disclosing its contents to anyone other than its intended recipient is strictly prohibited under the laws of the United States and of the various States. In the event you have received this communication by mistake, please delete or otherwise destroy it and advise the sender at wdgoldstein@wdgoldstein.com


**From:** RUNWAY MAGAZINE <infogray@gmail.com>
**Sent:** Saturday, August 4, 2018 7:36 AM
**To:** William Goldstein <wdgoldstein@wdgoldstein.com>; Legal Department RUNWAY MAGAZINE <legalrunwaymagazine@gmail.com>
**Subject:** Re: DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

[Quoted text hidden]

---

**RUNWAY MAGAZINE** <infodegray@gmail.com>                    Sat, Aug 4, 2018 at 5:44 PM
To: William Goldstein <wdgoldstein@wdgoldstein.com>, Legal Department RUNWAY MAGAZINE <legalrunwaymagazine@gmail.com>

Mr Goldstein,
I didn't ask you to provide me information about your thoughts about the proceedings.
I asked to confirm if you well read and understood the REPLY. My question to you based not on French law but on California law.
You have been served with an Answer as it was required by this Court and NOT because you served me correctly. By these actions I didn't allow to proceed, as it is written in my ANSWER.
I never refused the discovery : I proposed you to meet in Paris or exchange by email. I'm French citizen / resident, and I'm under French jurisdiction. I followed advice of my attorney, and proposed you instead to have teleconference email exchange, as all communication can be recorded and easily presented to the Judge. I have email from me and email from you confirming this argument.
You refused to meet in Paris, as you refused to do the exchange by email. Instead you proposed me different information about Court proceedings and attorney advises, even if you are not in rights to do so, as you present plaintiff.
My company indeed has to be presented by an attorney IF THERE'S A JURISDICTION OVER MY COMPANY CAN BE CONFER IN CALIFORNIA. At the present time Court determined that NO JURISDICTION.
Court already requested additional information by the Orders which was not sufficient or not given in original complaint. You failed to provide them. that is why this Court decided that there's no jurisdiction can be confer over me or my company.
You had leave to Amend given by this Court. But it doesn't mean you can present again the same complaint and do not follow previous Court Orders and requirements described in my Motion to dismiss and my answer to First Amended Complaint. MATERIAL FACTS, AND VALID DOCUMENTS were requested but never presented from your side, to determine the jurisdiction.
About your description of the Court proceedings - I'd appreciate if you leave it to this Court.

NOTED:
And as I understand by your answer you refuse to share your opinion or give arguments about DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT.


Kind regards

**Eleonora e Gray**

**President / Editor-in-Chief**

## Official RUNWAY MAGAZINE
## www.RUNWAYMAGAZINES.com



[Quoted text hidden]

---

**William Goldstein** <wdgoldstein@wdgoldstein.com>                    Sat, Aug 4, 2018 at 6:47 PM
To: RUNWAY MAGAZINE <infodegray@gmail.com>

Ms. De Gray,


I have provided you all the information I intend to. I strongly advise you speak with an attorney admitted to practice before this court.


William D. Goldstein

LAW OFFICES OF WILLIAM D. GOLDSTEIN

4030 Sawtelle Blvd.

Los Angeles, CA 90066


Phone: (310) 437-0108

FAX:   (323) 372-3589

Mobile:(310) 569-3049


email  wdgoldstein@wdgoldstein.com


CONFIDENTIAL / PRIVILEGED

The contents of this email may contain privileged, confidential or otherwise restricted information, and are intended solely for the use of the person or entity to which it is addressed. Copying this email or disclosing its contents to anyone other than its intended recipient is strictly prohibited under the laws of the United States and of the various States. In the event you have received this communication by mistake, please delete or otherwise destroy it and advise the sender at wdgoldstein@wdgoldstein.com


**From:** RUNWAY MAGAZINE <infodegray@gmail.com>
**Sent:** Saturday, August 4, 2018 8:45 AM

1  Name: ELEONORA DE GRAY

2  Address: 23/25 RUE JEAN JACQUES

3  ROUSSEAU, 75001 PARIS, FRANCE

4  Phone: +33660329401

5  Fax: _____

6

7

8  # UNITED STATES DISTRICT COURT
   ## CENTRAL DISTRICT OF CALIFORNIA

9  Runway TV, LLC, Vincent Mazzotta                CASE NUMBER:

10

11                                    Plaintiff      2:18-cv-02503-FMO-JC

12                        v.

13  Eleonora De Gray, Does and Eurl Eleonora De Gray    **PROOF OF SERVICE BY EMAIL**

14

15                                    Defendant(s).

16

17  Court: California Central District Court

18  Referring Judge: Jacqueline Chooljian

19  Presiding Judge: Fernando M. Olguin

20

21  I, Eleonora de Gray, declare as follows :

22  My address is 23-25 rue Jean Jacques Rousseau, 75001, Paris, France , where the mailing described

23  below took place.

24

25

26

27

28

CV-127 (09/09)            **PLEADING PAGE FOR A SUBSEQUENT DOCUMENT**

1    On August 09th, 2018, I served the documents described as :

2

3    I NOTICE OF MOTION AND MOTION TO STRIKE

4    II MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

5    III DECLARATION IN SUPPORT OF MOTION

6    IV (PROPOSED) ORDER

7    V EXHIBITS IN SUPPORT OF MOTION

8

9    on all interested parties in this action by Email, I caused such envelope to be delivered electronically

10   to the offices of the bellow named addressee(s):

11

12   William Goldstein <wdgoldstein@wdgoldstein.com>

13   Law Offices of Willian D. Goldstein

14   William D. Goldstein (SBN. 279723)

15   4030 Sawtelle Blvd.

16   Los Angeles, CA 90066-5408

17   Attorney of Plaintiff, Runway Beauty Inc, Vincent Mazzotta, DOCs 1-10

18

19   I declare under penalty of perjury that the foregoing is true and correct.

20

21   EXECUTED ON : August 09th, 2018 at Paris, France.

22

23   By _____

24   Eleonora de Gray

25

26

27

28