FILED
CLERK, U.S. DISTRICT COURT

SEPT  24  2018

CENTRAL DISTRICT OF CALIFORNIA
BY: vdr_____ DEPUTY

ELEONORA DE GRAY
23/25 RUE JEAN JACQUES ROUSSEAU
75001 PARIS, FRANCE
Phone : +33660329401
Email : infodegray@gmail.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RUNWAY TV, LLC., Vincent Mazzotta

　　　　　　　　　　　　　　Plaintiff

　　vs.

ELEONORA DE GRAY, A French citizen

And DOES 1-10, INCLUSIVE, EURL

ELEONORA DE GRAY

　　　　　　　　　　　　　　Defendant

＿

Court: California Central District Court
Referring Judge: Jacqueline Chooljian
Presiding Judge: Fernando M. Olguin

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:18-CV-02503-FMO (JCx)

DEFENDANT'S NOTICE OF MOTION
AND MOTION FOR SANCTIONS
PURSUANT TO FED.R. CIV.P. 11 ;
MEMORANDUM OF POINTS AND
AUTHORITIES, DECLARATION IN
SUPPORT OF MOTION

Hrg Date:  October 25, 2018 at 10 AM

Courtroom 6 D - Judge Fernando M. Olguin

- 1 -

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO
FED.R. CIV.P. 11

## NOTICE OF MOTION AND MOTION

TO THE HONORABLE COURT AND ALL PARTIES:

NOTICE IS HEREBY GIVEN that Defendants ELEONORA DE GRAY, French citizen, resident of France, CEO of EURL ELEONORA DE GRAY (French company) ("Defendant") would like to move this Court for entry of an Order of sanctions against Plaintiff, Mr Mazzotta, CEO of Runway TV LLC, and Mr Goldstein, an attorney on behalf of Plaintiff, pursuant to Fed. R. Civ. P. 11(b) and in support thereof, state as follows:

This Motion is made on the grounds that Mr Goldstein on behalf of Plaintiff filed groundless, unjust and perjurious complaint March 28, 2018, based on false facts, suppressed evidence and in bad faith. In this complaint Mr Goldstein submitted accusations groundlessly and frivolously against Defendants without any proof, or material facts, or supported documents, which are PERJURY by definition. Additionally an original complaint was not meant to be served, but meant to harm Defendant during the procedure, abuse of this Court procedures and Orders, and use multiple abusive actions to obtain Default decision from this Court.

Defendants would like to state that Mr Goldstein, attorney on behalf of Plaintiff, showed bad faith, abuse of process and perjury in service to Defendants Original Complaint, and bad faith in response to Court Order to Show Cause dated June 19, 2018. Federal Rules of Civil Procedures demand that Summons and Complaint must be served on Defendants within 90 days. If Plaintiff failed to do so he must show a good cause. Court ordered to Show Cause June 19, 2018. Original Complaint has been sent to French Ministry of Justice by ABC Legal Services (Director Mr Richard Hamilton) June 22, 2018, as it was discovered by Defendant by requesting records from Director of Office of Union Law, Private International Law and Mutual Assistance in the French Ministry of Justice Mr Nicolas Castell.

By these abusive actions Me Goldstein moved this Court to grant time extension for service of Original Complaint and Summons. Court granted time for service until October 31, 2018.

Defendant informed Mr Goldstein about his unlawful actions in filing of this complaint in April and May 2018, that Mr Goldstein submitted accusations groundlessly and frivolously against Defendants without any proof, or material facts, or supported documents, in addition to filed false facts about Defendant's intellectual property assets, company, and identity.

Defendant informed Mr Goldstein about his actions in April, 2018, during communication ordered by this Court for scheduled conference, Rule 26. Mr Goldstein decided to choose insulting and harassing way to communicate with Defendant. Defendant submitted a report about Mr Goldstein to Bar of California in April 2018.

July 16, 2018 this Court granted Motion to Dismiss for lack of jurisdiction with possibilities to amend. Mr Goldstein filed First Amended Complaint July 30, 2018. All  alleged deficiencies and defects in the original complaint has not been corrected, all relevant defects in Defendants Motion to Dismiss were ignored. First Amended Complaint showed futility of amendment. Plaintiff fails to state any substantive facts which would give jurisdiction upon Defendants in this Court and give rise to support the claims, and demands to relief. Plaintiff did not corrected false facts submitted in original complaint. Instead Plaintiff submitted not relevant information to determine jurisdiction upon Defendants.

Defendants submitted detailed disagreements with all allegations in First Amended Complaint August 1, 2018 (Doc. 40), and brought attention of this Court that no additional documents has been provided to determine jurisdiction upon Defendants, additional facts were not relevant to the case or false, false facts were resubmitted from original complaint. All accusations submitted frivolously and

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO
FED.R. CIV.P. 11

without support by any material facts. No corrections has been made.  The privilege to amend was be abused by Plaintiff.

Defendant submitted Answer to First Amended Complaint with good faith to bring attention of this Court to all false facts resubmitted from Original Complaint, abusive statements about identity of Defendant and intellectual assets of the company, frivolous and groundless filing August 1, 2018.

And ones again Defendant gave her best interest to communicate with Mr Goldstein. Defendant submitted Motion to Strike August August 9, 2018 with detailed explanation of all perjurious facts and frivolous accusations submitted in First Amended Complaint. Additionally Defendant discovered the foul play of service of process of original complaint, all additional documents were submitted in Addendums.

August 28, 2018 Mr Goldstein submitted abusive requests for identification, production of documents and things, and demanded to transfer to him all intellectual property assets, including confidential contracts, of Defendant.

Mr Goldstein and Plaintiff  in August and September 2018, sent First Amended Complaint to multiple social media networks with demand to remove accounts of Defendant, and by these actions to damage business activities of Defendant.

Plaintiff by suggestion of Mr Goldstein started to publicly publish insulting and denigrating posts about Defendant and her company (LinkedIn, Twitter). Plaintiff published First Amended Complaint on his LinkedIn account with insulting message addressed to Defendant.

Additionally Plaintiff started from August 2018 to advertise and sell his goods and services on social media networks under Defendant's business entity name (OFFICIAL RUNWAY MAGAZINE, which isn't appearing in this case).

Defendant informed this Court about these abusive actions of Plaintiff and Mr Goldstein in submitted Addendums August 17, 2018 and September 4, 2018.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO
FED.R. CIV.P. 11

This Court denied Motion to Strike as it was not properly filed Motion September 10, 2018.

Defendant filed Motion to Dismiss the Case for insufficient service September 11, 2019. Mr Goldstein filed Opposition to Motion to Dismiss with multiple insults, addressing to Defendant as an insane person, accusations in lies, and demands to remove evidence of French Ministry of Justice about records of original complaint. Defendant filed Reply to Opposition to Motion to Dismiss September 24, 2018 with detailed description of abusive actions, and additionally submits this Motion for Sanctions.

This Motion for sanctions pursuant to FED.R. CIV.P. 11 based on :

I NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED.R. CIV.P. 11

II MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

III DECLARATION IN SUPPORT OF MOTION

IV (PROPOSED) ORDER

V EXHIBITS IN SUPPORT OF MOTION

VI PROOF OF SERVICE BY MAIL


Respectfully submitted,

DATED: September 24, 2018


By: Eleonora de Gray

CEO EURL ELEONORA DE GRAY

- 5 -

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED.R. CIV.P. 11

## MEMORANDUM OF POINTS AND AUTHORITIES
## I. STATEMENT OF FACTS

Litigation is not a game. The federal courts are not a vehicle for litigants to harass citizens of other countries by filing frivolous and perjurious claims which wholly lack any conceivable merit under the existing facts or law.

This case raised in this Court for breach of a Trademark licensing agreement frivolously filed by Mr Goldstein on behalf of Plaintiff March 28, 2018.

Mr Goldstein filed groundless, unjust and perjurious complaint based on false facts, suppressed evidence and in bad faith. Mr Goldstein stated that "Plaintiff is the owner of the trademark RUNWAY® and is in the business of designing, advertising, marketing, publishing, distributing, selling and/or offering for sale a high-end fashion magazine entitled "RUNWAY MAGAZINE," (First Amended Complaint July 30, 2018, Doc. 35), with disregard that Defendant's first use in international commerce for RUNWAY MAGAZINE dated 2007, and trademarks registered in 2013. Mr Goldstein submitted accusations groundlessly and frivolously against Defendants in France without any proof, or material facts, or supported documents, which are PERJURY by definition. And original complaint was not meant to be served, but meant to harm Defendant during the procedure, abuse of this Court procedures and Orders, and use multiple abusive actions to obtain Default decision from this Court. And by these actions Mr Goldstein ridiculed himself and put himself under sanctions of this Court, as Defendant entered Motion to Dismiss, provided sufficient evidence, and discovery about foul play on serving of this complaint, and perjurious filed accusations. Mr Goldstein doesn't know that any accusation submitted in complaint should be supported by the evidence and material facts. Mr Goldstein thinks that perjury in filing and "playing" with Federal Rules would help him to continue to present his claim in

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO
FED. R. CIV. P. 11

front of this Court without any evidences or material facts, even without properly serving on Defendants.

As a ground for jurisdiction Mr Goldstein presented to this Court not legit licensing short term agreement (3 months) proposed by Plaintiff to Defendant in April 2014, on which Defendant Eleonora de Gray, CEO of EURL Eleonora de Gray, gave her signature April 1, 2014, and signed by Plaintiff 3 years later in April, 2017, after contract has expired. The contract with original signature of Plaintiff has never been sent to Defendant.

Mr Goldstein presented to this Court as a ground for jurisdiction a contract which has no Mandatory competence clause and Mediation clause, a mediator was not appointed and was not indicated in the contract, contract had no mandatory mediators signatures. But for Mr Goldstein it has little sense, and has no meaning at all. Mr Goldstein has no knowledge about how international contracts should be conducted, and when international contracts could become legit. Mr Goldstein doesn't know that a contract become legit when there are signatures of both parties on it, to start with.

The main purpose of this claim is to destroy reputation of Defendant and find a way to demand 1 million dollars for covering imaginable injuries which were caused to Plaintiff and Mr Goldstein themselves. That is why Mr Goldstein already started to demand payment of his fees in his Opposition to Motion to Dismiss. By these actions Mr Goldstein ridiculed himself in front of this Court as he failed to present proof / or material facts to the accusations he filed in original complaint and resubmitted in First Amended Complaint. Additionally Mr Goldstein demanded jurisdiction over Defendants based on partnership contract between Plaintiff and Mr Buccelli, convicted for identity theft felony and fraud for 3 years in Federal Prison, and exchange of intellectual property assets. He gave an evidence (a contract between Plaintiff and Mr Buccelli), as a proof for jurisdiction

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED.R. CIV.P. 11

over Defendants, and claims that Mr Buccelli was the first one who contacted Defendant in order to unlawfully obtain intellectual property assets of Defendant, ans then in 2014 Plaintiff proposed a contract for the same reason.

Defendant gave her signature in this contract in 2014 for the following reasons : the possibilities to join a "big corporation", as Plaintiff and his associate at this time presented it to her, and the investment. Defendant already had her trademarks registered in Europe, and used the name in French commerce sine 1995, and international commerce since 2007. This contract in fact was a scheme organized by Plaintiff to force Defendant to cancel her trademarks in Europe, as Plaintiff filed for registration his trademark in Europe, which was totally refused for registration in 2015. The communication with Plaintiff had an abrupt right after Defendant gave her signature on this contract. Signed by Plaintiff contract has never been sent to her.

Mr Goldstein, attorney on behalf of Plaintiff, submitted to this Court false facts and statements about Defendant's trademarks registrations, financial statement of Defendant's company, statement of the business and company of Plaintiff, which is by definition is PERJURY, to suppress this Court and demand jurisdiction over Defendants. Mr Goldstein didn't provide any material facts or documents to support these false accusations and statements: Federal trademark infringement, federal trademark delusion, federal statuary unfair competition, fraud and deceit, breach of contract, cyberpiracy, defamation.

Based on the licensing agreement proposed by Plaintiff in April 2014 Mr Goldstein demanded relief, and transfer of all intellectual property assets, including copyrighted materials and all confidential partnership and distribution contracts of Defendant from 2012, transfer of registered trademarks in France in 2013, and transfer of all web-sites and accounts on social media networks of Defendant,

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO
FED.R. CIV.P. 11

which she owns since 2007. By these actions Mr Goldstein ridiculed himself in front of this Court.

Mr Goldstein failed to properly serve to Defendants Original and First Amended Complaint, and by this violated Rule 19 of Local Rules. Mr Goldstein on behalf of Plaintiff showed foul play and bad faith in service. This Court issued Order on June 19, 2018, to show good cause why Plaintiff failed to serve on Defendants. 90 days expired June 26, 2018 after original complaint has been filed with this Court. Mr Goldstein only requested ABC Legal Services to send the Original Complaint June 20, 2018. And the Original Complaint was received by French Ministry of Justice June 22, 2018 (June 25, 2018, according to Plaintiff's Opposition to Motion to Dismiss for insufficient service) with the request to send it to Defendants. Defendants were not served.

Mr Goldstein, attorney on behalf of Plaintiff, showed bad faith, abuse of process and perjury in service to Defendants Original Complaint, and bad faith in response to Court Order to Show Cause dated June 19, 2018. Mr Goldstein showed his close personal relationship to Mr Hamilton (ABC Legal Services) in Opposition to Motion to Dismiss (Plaintiff's Opposition to Motion to Dismiss – Exhibits). Mr Goldstein states that Mr Hamilton agreed to fly to California and testify that his Affidavit if true. It is indeed hard to find a professional legal service representative, who's able to "play" with his own reputation and submit to this Court an Affidavit without supporting it by actual information – the dates of dispatch and Fedex record, providing false statement about time for delivery, and by these actions mislead the Court, and help to Mr Goldstein to obtain additional time for the service of original complaint in France.

And June 25, 2018 Mr Godlstein filed a Motion to extend. As an argument Mr Goldstein stated that intentional complaints could be served from 6 up to 9 months in France, based on Affidavit of Mr Hamilton (Opposition to Motion to Dismiss by

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED.R. CIV.P. 11

Mr Goldstein). The reason of this foul play, and order to obtain additional time for service isn't known to Defendant.

This Court issued Order July 16, 2018 to grant Motion to Dismiss for lack of Jurisdiction to all Defendants, as no personal or supplemental jurisdiction can be determined by this Court upon Defendants based on provided facts / or documents by Plaintiff. This Order was issued with leave to amend if Plaintiff was able to cure the alleged deficiencies and defects in the original complaint, as well as the other relevant defects alleged in Defendants Motion to Dismiss and the Court's Orders dated June 19, 2018, July 2, 2018.

Plaintiff filed First Amended Complaint July 30, 2018 in bad faith as no actual Proof of Service has been provided to this Court for original complaint, First Amended Complaint was incomplete (no Summons included), and also has been submitted with fraudulent Proof of Service – not serviced properly to Defendants located in France. All alleged deficiencies and defects in the original complaint has not been cured, all relevant defects in Defendants Motion to Dismiss was ignored, and all false facts and groundless statements were resubmitted from original complaint.

First Amended Complaint showed futility of amendment. Plaintiff fails to state any substantive facts, which would give jurisdiction upon Defendants in this Court, and give raise to support the claims, and demands to relief. It is indeed not known to Mr Goldstein or "has a little sense" that any accusation should be based on evidence – a material fact, and not an imagination. Plaintiff did not corrected false facts and perjurious statements submitted in original complaint. Instead Plaintiff submitted not relevant information to determine jurisdiction upon Defendants, like contract with Mr James Buccelli about exchange of intellectual property assets, with who Plaintiff has long term collaboration and partnership. Mr Goldstein mentioned criminal history of Mr Buccelli, but he suppressed the evidence that Mr

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED.R. CIV.P. 11

Buccelli was convicted for identity theft, felony and fraud in March 25, 2016 for 3 years in Federal Prison, and Plaintiff has this partnership until this day. But Mr Goldstein stated that if Mr Buccelli, partner of Plaintiff, approached Defendant in 2012 and tried unsuccessfully involve her in his criminal activities, and steal her intellectual property assets, and cause financial damages, that would be enough ground for this Curt to determine jurisdiction over Defendant, and demand relief for Plaintiff.

Defendant submitted detailed disagreements with all allegations in First Amended Complaint August 1, 2018 (Doc. 40), and brought attention of this Court that no additional evidence, or material facts / documents has been provided to determine jurisdiction over Defendants, additional facts were not relevant to the case or false, false facts were resubmitted from original complaint. No corrections has been made.

It appeared that the privilege to amend was be abused by Plaintiff.

Defendant submitted to this Court Motion to Strike August 09, 2018 and 2 Addendum, as foul play of Mr Goldstein in service of original complaint unfolded during communication with French Ministry of Justice.

Defendant in her best effort showed great respect to this Court by responding and filing corresponding requests. Defendants would like to kindly request the excuses if there were the mistakes in the filings, wrongfully mentioned laws, or wrongfully filed Motions.

Mr Goldstein submitted August 28, 2018 abusive requests for admissions and identification, and production of documents and things, which included request to collect all copyrighted materials from 2012, and transfer of all confidential contracts for distribution and partnership since 2012.

This Court denied Motion to Strike as it was not properly filed Motion September 10, 2018.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO
FED.R. CIV.P. 11

Defendant filed Motion to Dismiss the Case for insufficient service September 11, 2019.

## II. ARGUMENT

1. Mr Goldstein on behalf of Plaintiff doesn't show good faith, and doesn't give an explanation about why the original complaint sent to French Ministry of Justice only June 22, 2018. Definition of "Served on other party" means not just sent but received by other party. French Ministry of Justice isn't a Defendant in this case. 90 days required by Federal Rules expired June 26, 2018. When it comes to service abroad Court can grant extension of time if the moving party shows a good cause why the complaint was not served on Defendants. "Little detective work" "off reals" (quotations from Opposition to Motion to Dismiss by Mr Goldstein) of Defendant is relevant, as it shows a discovery about when original complaint has been translated and sent to Defendants.

By submitting Affidavit of Mr Hamilton, who's ready to fly to California to testify that it is true  (Opposition to Motion to Dismiss by Mr Goldstein), which didn't provide the dates of the service, or any details like Fedex record, or any other document (forms and requests for submission, signed by US Marshals), Mr Goldstein obtained the time extension.

As Defendant suspected earlier that this complaint was not meant to come to knowledge of Defendant, and by not serving on Defendants in France Mr Goldstein on behalf of Plaintiff hoped to obtain Decision by Default.

Additionally in Opposition to Declaration of Eleonora de Gray to Motion to Dismiss (Doc. 48) Mr Goldstein refers to legal representative of French Ministry of Justice as to "various individual", and on this ground demands to remove the evidence of fraudulent service of process of original complaint, received by

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED.R. CIV.P. 11

Defendant from Mr Goldstein August 27, 2018, and resubmitted in Motion to Dismiss September 11, 2018.

2. First Amended Complaint must be served on Defendants located abroad according to  Code of Civil Procedure § 418.10 on the Service Abroad of Judicial and Extra-Judicial Documents, like First Amended Complaint, in Civil and Commercial Matters (20 UST 361; TIAS 6638), under the rules of the Hague Convention and French Law. First Amended Complaint has been sent to Defendants by mail only. According to French Ministry of Justice First Amended Complaint considered as Extra-Judicial Document. Defendants in this case are all based in Paris, France and must be served properly. So the service of First Amended Complaint is inappropriate and insufficient. The argument of Mr Goldstein about this subject is groundless, as he refers to Director of Office of Union Law, Private International Law and Mutual Assistance in the French Ministry of Justice, Mr Nicolas Castell, as a "various individual" and not as legal representative , who's information about the service (documents and time of service) in France isn't valid, and can't be accepted by this Court. Additionally if Summons is still not served, Summons should be included. No Summons was added to First Amended Complaint. Under the Federal Rules or Civil Procedure, a second Summons is not required with an Amended Complaint If Summons already has been served with original complaint. But Summons was not served.

3. In Case History Mr Goldstein (Opposition to Motion to Dismiss) refers to 20 additional paragraphs explaining jurisdiction over Defendants in this Court. This Court ordered to amend deficiencies of the original complaint and Defendant's Motion to Dismiss granted July 16, 2018. Instead Mr Goldstein submitted information about partnership and exchange of intellectual property assets between

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED.R. CIV.P. 11

Plaintiff and Mr Buccelli, convicted for 3 years in Federal Prison in March 25, 2016 for identity theft, felony and fraud. Mr Goldstein forgot to mention that Plaintiff continues collaboration and partnership with Mr Buccelli until today. Mr Goldstein also submitted the information that Mr Buccelli approached Defendant in 2012, and proposed a contract. And based on this information and sealed partnership between Mr Buccelli and Plaintiff, Mr Goldstein demanded jurisdiction over Defendants, requested to transfer of all confidential copyrighted property assets, and confidential contracts of Defendant (Requests for admission, identification, production of things submitted with Motion to Dismiss, doc. 48, and Motion for protective Order, Doc. 53). Mr Goldstein disregarded the fact that Mr Buccelli is felon with long criminal history, and that Mr Buccelli approached Defendant with intentions to steal intellectual property assets, and cause financial damages. He also disregarded the fact that Defendant filed reports for different charges with support of French Police with LAPD against Mr Buccelli. And Mr Goldstein brought to the knowledge of this Court one of the contracts about intellectual property exchange between Plaintiff and Mr Buccelli from 2012, and argues that this sealed contract is the ground for jurisdiction over Defendant in this case. Defendant will gladly add these statements from First Amended Complaint and Opposition to Motion to Dismiss to multiple Police Reports filed with LAPD . Defendant in Motion to Dismiss (Doc. 48) submitted public communication between Plaintiff and Mr Buccelli in 2017, and also life-threatening letter from Plaintiff addressed to Defendant on his own behalf and behalf of Mr Buccelli. Defendant suspects that this complaint is another organized unlawful attack from "partners" against Defendant.

4. Mr Goldstein refers to submitted Motion to Strike and Addendums as "libelous statements and false allegations", "filled with scurrilous falsehoods and perjurious

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED.R. CIV.P. 11

statements". All documents were submitted in Motion to Dismiss September 12, 2018 are true, and also confirmed by Mr Goldstein himself. Although Mr Goldstein didn't give the material facts proving that facts presented with Motion to Dismiss are scurrilous falsehoods or vile and libelous statements. Mr Goldstein argues that Meet and Confer was never conducted, with disregard that attempt to confer has been done by Defendant in August before submitting Motion to Strike, and was rejected by Mr Goldstein.

Defendant submitted to Motion to Dismiss following facts and documents, which Mr Goldstein referred to like "scurrilous falsehoods", without evidence or proof that providing facts that these events never took place or submitted screenshots and documents are false:

a) Defendant described an appointment with official legal administrative representative from Ministry of Justice August 14, 2018. Letter has been given at this appointment. This letter has been translated by official translation services. Mr Goldstein didn't provide any material fact in support his argument that this appointment never took place or the document submitted to this Court is false.

b) Letter from  official legal administrative representative from Ministry of Justice, dated August 27, 2018, sent to Defendant by Mr Goldstein himself, and supported by threatening letter.

c) Court Order of Superior Court of California, for Mr James Buccelli and his commitment to Federal Prison. This document can be requested by this Court.

d) Public communication of Mr Buccelli and Mr Mazzotta (Plaintiff) on twitter, dated August 2017 are taken with certified software and weren't electronically modified.

e) Life-threatening letter from Mr Mazzotta addressed to Defendant on his own behalf and behalf of Mr Buccelli, dated August 2017 is never been electronically modified, and still available in email box and can be certified if needed.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO
FED.R. CIV.P. 11

f) Abusive requests to provide all copyrighted materials and confidential partnership and distribution contracts from 2012 sent by Mr Goldstein on behalf of Plaintiff.

g) Screenshots of public libel organized by Plaintiff on Twitter in August 2018 addressed to Defendant are also taken with certified software, and weren't electronically modified. (Exhibit A).

h) Business License of Defendant for business entity, which is not appearing in this case, but in use by Plaintiff to advertise and sell his goods and services from August 2018 until this day. This business license is government issued document, and original can be requested at any time. As well as screenshot of account of Plaintiff on Magcloud (and other accounts) where he is advertising his goods and services not under his company name Runway TV LLC, but under name of Defendant's business entity OFFICIAL RUNWAY MAGAZINE, since August 2018. This presentation is still available on Plaintiff's accounts (September 22, 2018). (Exhibit B).

i) Email communication with Issue.com, and CEO of Issue.com concerning abuse of process and submission of First Amended Complaint to this network with demand to close account of Defendant, claiming copyright rights, were also not been modified (with exception of the contact information of CEO of Issue.com by his request). The explanation given by Mr Goldstein to this Court in his Opposition to Motion to Dismiss, with disregard that he is representing Plaintiff and responsible for all his actions in front of this Court, is that not him but Plaintiff sent this and other requests for removal of Defendant's accounts (LinkedIn) in August and September 2018. (Exhibit C). It is Mr Goldstein responsible for all unlawful actions, abuse of the process, committed by Plaintiff against Defendant. All actions of Plaintiff and Mr Goldsgein on behalf of Plaintiff are abusive to this process. So

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED.R. CIV.P. 11

the statement of Mr Goldstein is not clear about number of false facts submitted in Defendant's Motion to Dismiss.

5. Additionally Defendant would like to submit latest public publication of Plaintiff on his account on LinkedIn, and his email Deflation submitted to LinkedIn. Plaintiff publicly published First Amended Complaint on his account on LinkedIn with advertising for France, supported by denigrating note, with intentions to injury reputation of Defendant. And in his declaration to LinkedIn he claims that his primary complaint is about Defendant's company account on this network, that trademarks of Defendant are also property of Plaintiff, and that Defendant doesn't have rights to use them until the end of this lawsuit. Plaintiff refers to account of Defendant as fake, and  that he'll be receiving the Court Order to take down website of Defendant, and her account on LinkedIn by the end of this year (www.RUNWAYMAGAZINES.com). (Exhibit D).

This public libel and declaration submitted to LinkedIn dated September 18, 2018. These statements are clearly statements of Mr Goldstein, who's also mentioned in this Declaration.

6. Defendant would like to refer to the number of false facts and unjust accusations submitted in original complaint, and resubmitted in First Amended Complaint by Mr Goldstein on behalf of Plaintiff without support by any evidence and material facts, which are PERJURY by definition:

A) Mr Goldstein states that trademarks of Defendants filed and registered AFTER Defendant gave her signature in proposed contract by Plaintiff. Contract date is April 1, 2014, Trademarks of Defendant registered November 6, 2013, and valid until November 6, 2023. Mr Goldstein then tried to argue that trademarks registrations are electronically modified or not understandable, as the classes

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO
FED.R. CIV.P. 11

indicated on WIPO are only on French. The registrations of Defendant's

trademarks are also available on WIPO database in English.

This false fact provided to this Court in First Amended Complaint : paragraph "31.

Defendant originally licensed the name from Runway Beauty, Inc. using the dba

Runway Media Group, Inc. on April 1st, 2014 for a single use, only to experiment

with the name to see if profit was obtainable. Defendant then continued to use the

name paying no fees and used it to illegally file trademarks in France."

Registered trademarks of Defendant in 2013 can be obtained on WIPO web-site,

First use in commerce (2007) for RUNWAY MAGAZINE name of Defendant can

be verified on social media like wordpress.com, twitter.com, instagram.com,

pinterest.com by requesting them to provide actual records of the dates.


B) Mr Goldstein submits false fact that "Defendant is even claiming that the

Plaintiff's Trademark and Magazine is a part of her company whose main office is

in Paris." No such statements published on Defendant's web-site / web-sites.

Screenshot added to Exhibits of First Amended Complaint doesn't have such

statement.


C) Mr Goldstein continues claim jurisdiction from not legit contract. He disregards

the fact that a contract is legit if this contract signed by both parties, as it stays on

the page 19 of this contract submitted to this Court several times: "Binding

Agreement. This Agreement shall be deemed binding immediately upon its

execution by each representative authorized signatory of Licensee and Licensor".

Contract with original signature of Plaintiff was never sent to Defendant. And

Plaintiff signed this contract only in April 2017, 3 years after this contract was

expired, and sent it to French attorney of Defendant as a response on her email

about this subject. Mr Goldstein doesn't understand statements about a Mandatory

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO
FED.R. CIV.P. 11

Competence clause, and Mediation, Clause, and that a Mediator should be appointed or indicated in the contract. It all "makes very little sense" to Mr Goldstein, as he disregard US and all international laws about how license contract should be issued and when it's legit and could be submitted to the Court if there's a legal disagreement arises.

D) Mr Goldstein submits in his request for admission no.28 addressed to Defendant : "REQUEST FOR ADMISSION NO. 28: Admit that any rights granted YOU in the contract between the parties have been extinguished by YOUR failure to pay the required licensing fees." In first page of the proposed by Plaintiff contract it is stays no.11: "FEES AND ROYALTIES: $0 – no payment ever – test license".

E) Mr Goldstein submitted to this Court registration certificates of RUNWAY and RUNWAY MAGAZINE trademarks. He suppressed the evidence that trademark RUNWAY MAGAZINE has been canceled by USPTO CASE AND DESIST order, and trademark RUNWAY is totally refused for registration in Europe. (Exhibit E).
USPTO Cease and Desist Order addressed to Plaintiff for the use RUNWAY MAGAZINE name can be obtained on USPTO web-site.
TOTAL REFUSAL for registration in Europe Plaintiff's trademark RUNWAY can be obtained from WIPO web-site.

F) Mr Goldstein frivolously states that Defendant is illegally doing business in California, without providing any material fact (First Amended Complaint, paragraph 20). Mr Goldstein doesn't provide any evidence / documentation for this false fact either.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO
FED.R. CIV.P. 11

G) Mr Goldstein refers in First Amended Complaint to "Moderator" Jay Faltz, former partner of Plaintiff, who's according to Mr Goldstein died "few days later" the contract was singed (April, 2014). But according to the Arizona records Mr Faltz died in an accident in January 2015 – 9 months later.

H) Mr Goldstein submits to this Court false and denigrating statements in First Amended Complaint (paragraph 21) concerning Defendant's business entities, stock holders, assets, statement about liability and capitalization. Mr Goldstein on behalf of Plaintiff "informed and believes" that :

" a. the defendant corporation was a mere sham and shell without capital, assets, stock or stockholders and were used, conceived and intended by the individual defendant as a device to avoid individual liability and for the purpose of substituting a financially insolvent Limited Liability Company in place of the individual defendant;

b. the defendant Limited Liability Company was so inadequately capitalized, that compared to the business undertaken to be done by it and the risks of loss attendant thereon, its capitalization was illusory;

c. the individual defendants have used the assets of the defendant Limited Liability Company for their own personal uses, caused assets of the defendant corporation to be transferred without adequate consideration and withdrew funds from the defendant Limited Liability Company bank accounts for their personal use;

d. the individual defendants completely controlled, dominated, managed and operated the defendant corporation and intermingled the assets, debts, and obligations to suit their convenience; and

e. the defendant Limited Liability Company was the instrumentality and conduit through which the individual defendants carried on their business in the Limited

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED.R. CIV.P. 11

Liability Company's name, exactly as they had conducted business prior to the formation of the Limited Liability Company, exercising complete control and dominance of such business to the extent that any individuality or separateness does not and did not exist, at any time herein mentioned."

All of these statements are highly abusive, vile and perjurious by definition, and not supported by any evidence / or material facts, publicly presented to this Court. It is not clear to Defendant how an ethical attorney is capable submit these abusive statements without supporting it by material facts. And it is also not clear to Defendant why it is so surprising to Mr Goldstein that after making these statements "Defendant De Gray then goes on to claim that Counsel for the Plaintiff, William D. Goldstein, made numerous false accusations and statements to this court in the Complaint"; and "nonsensical, inane, scurrilous, false, libelous and disgusting comments."(Opposition to Motion to Dismiss).

Indeed Defendant accuses Mr Goldstein for filing frivolous, groundless, unlawful and perjurious complaints, and asks this Court for sanctions.  As the original complaint and first amended complaint are highly abusive, and used by Mr Goldstein / Plaintiff to abuse this Court proceedings, and distribute them publicly on social media networks and to business partners of Defendant in US and France, and use them as means to damage Defendant's business and reputation.

I) Mr Goldstein presents in First Amended Complaint (paragraph 22) another highly abusive and libelous statements without any material fact : "Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, each of the fictitiously named defendants was the agent, servant, and/or employee of his or her co-defendants and, in doing the things herein mentioned, was acting within the scope of his or her authority as such agent, servant, and/or employee, and with the permission and consent of his or her co-defendants, and that each of

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO
FED.R. CIV.P. 11

said fictitiously named defendants is, in some manner, liable or responsible to Plaintiff based upon the facts hereinafter alleged and thereby proximately caused injuries and damages to Plaintiff as more filly alleged herein. Accordingly, Plaintiff sues said Defendants by said fictitious names. At such times as said defendants' true names and capacities become known to Plaintiff, Plaintiff will seek leave to amend this Complaint to insert said true names and capacities of such individuals and/or entities." Additionally to these false facts Mr Goldstein even creates fictitious names for Defendant, without providing any sources of the "information".

It is not clear to Defendant how an ethical attorney is capable submit these abusive statements without supporting it by material facts. And it is also not clear to Defendant why it is so surprising to Mr Goldstein that after making these statements "Defendant De Gray then goes on to claim that Counsel for the Plaintiff, William D. Goldstein, made numerous false accusations and statements to this court in the Complaint"; and "nonsensical, inane, scurrilous, false, libelous and disgusting comments."(Opposition to Motion to Dismiss).

Indeed Defendant accuses Mr Goldstein for filing frivolous, groundless, unlawful and perjurious complaints, and asks this Court for sanctions.  As the original complaint and first amended complaint are highly abusive, and used by Mr Goldstein / Plaintiff to abuse this Court proceedings, and distribute them publicly on social media networks and to business partners of Defendant in US and France, and use them as means to damage Defendant's business and reputation.

J) Mr Goldstein provides false information about ownership of Plaintiff, his trademarks, and the distribution, assets and services (First Amended Complaint, paragraph 24 - 29). And again no material facts or evidence from third party companies has been presented to this Court. Defendant submitted in Answer to

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED.R. CIV.P. 11

First Amended Complaint with detailed responses with factual evidence, screenshots, number of buyers / or visitors concerning products of Plaintiff. These numbers are still available on the web-sites like Google Play or independent Visitor Counter. The numbers are very low, that is by suggestion of Mr Goldstein Plaintiff decided from August 2018 to use name of the Defendant's business entity OFFICIAL RUNWAY MAGAZINE to advertise his company and increase his sales on unique distribution channel "Print-on-demand" Magcoud.com web-site, and other his social media accounts. He also suggested to publicly publish filed First Amended Complaint on social media (LinkedIn), and invited all French partners and clients of Defendant to follow this post. These actions are highly abusive and demonstrate abuse of this process.

7. Mr Goldstein in his Opposition to Motion to Dismiss states in relation to the time of service between 30-45 days in France for international complaints : "At the time of the filing of this motion on September 11, 2018, Ms. De Gray claims that she has still not been served the original Summons and Complaint. If this is true, the French Ministry of Justice has had the Summons and Complaint in its hands for at least 81 days at that time, and the days are still counting." Mr Goldstein disregards the known fact that July and August in France, as well as in US, is a time for the vacations. Especially August is the time for the vacations when Prosecutor of France, even President takes some time off from administrative duties. Time for vacations in France for administration between 21 up to 30 days. So 78 days between June 25 until September 11 it is very possible time for delay in delivery, as no deliveries of international complaints to French citizens are permitted without Prosecutor's verification.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO
FED.R. CIV.P. 11

8. Mr Goldstein states in his Opposition that Mr Hamilton, Director of ABC Legal services, who's willing to fly to California to testify, and who provided to this Court an Affidavit without dates or any factual information about service on Defendants, never spoke to  Mr Nicolas Castell, Director of Office of Union Law, Private International Law and Mutual Assistance in the French Ministry of Justice: "At the same time, he will also testify that he has never phoned or spoken to Mr. Nicholas Castell as alleged by this Defendant". This information is indeed relevant to the fact that Original Complaint was not served properly – only sent by ABC Legal Services to French Ministry of Justice June 22, 2018. If Mr Castell in his phone conversation with Defendant decided to skip the details and do not mention string of 5-7 people – it was his choice, as this information he considered not relevant to the FACT OF DELIVERY AND SERVICE. The relevant information is WHEN this complaint was received by French Ministry of Justice.

9. Mr Goldstein claims that every filing of Defendant is abuse of Federal Rules starting from the very start – first Motion to Dismiss was already abusive. Mr Goldstein ones again submits not relevant information about "violation" by Defendant of Federal Rules : requesting to put dates for motion or  dates: "Additionally, the attached Proof of Service, signed under penalty of perjury is DEFECTIVE and VOID as it is dated the day AFTER the Motion was filed." It appears that Mr Goldstein isn't aware of the fact that Defendant is still based in Paris France, and the time difference between Paris and California is 9h (Paris is 9h ahead of California). When Defendant submitted the Motion to Dismiss at her time it was already September 12, 2018, but for California it was still September 11, 2018. So it is not clear to Defendant what exactly is defective and void in proof of service. If the time difference is defective and void between Paris and California

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED.R. CIV.P. 11

perhaps Mr Goldstein should address for this matter someone else but not this Court.

10. Mr Goldstein states that "At this point in time Plaintiff chooses to stop reciting the nonsensical, inane, scurrilous, false, libelous and disgusting comments contained in the rest of the Memorandum of Points and Authorities." But Mr Goldstein still forgot to submit the facts about what exactly is " nonsensical, inane, scurrilous, false, libelous and disgusting" in the submission of Defendant: the foul play, abuse of this process in service to Defendant, or abusive and perjurious complaint which DOES NOT have any evidence / or material facts, or abuse of this process and publication of the complaint on social media networks by Plaintiff, or use of the Defendant's business entity name during the process for advertising and selling products of Plaintiff under Defendant's company name, or claiming trademarks and copyrighted materials of Defendant since 2012, or demanding 1 million dollars from Defendant based on partnership contract between Plaintiff and Mr Buccelli, convicted for identity theft felony and fraud for 3 years in Federal Prison of California.

11. Additionally Mr Goldstein demands the sanctions for "bad-faith conduct" of Defendant, when she discovered in her "little detective work" the foul play of Mr Goldstein in service of Defendants, and abuse of this process and perjury.
Mr Goldstein asks for sanctions for " The Bad-Faith violation of Court orders as no Meet and Confer was held, multiple violations FRCP and Local Rules", and he submits to this Court in Exhibits the communication attempt of Defendant (by email) before submission of Motion to Strike. Defendant had her best effort to communicate, even Mr Goldstein during ordered by this Court Rule 26 Joint Report (April 2018, Doc 20) raised harassment issue, as he was sending multiple

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED.R. CIV.P. 11

emails during very short time period (more than 8), additionally in response of service on him a document which Defendant was filing to the Docket Mr Goldstein sent insulting responses. Mr Goldstein replies to Defendant on service of Defendant's Opposition to Motion to Extend June 26, 2018 : "She stuck her foot into her mouth again". (Exhibit F).

Mr Goldstein continues to argue in his Opposition to Motion to Dismiss, where he is representing Plaintiff and not Plaintiff himself, that "The continuous and constant libelous accusations of this Defendant, in the Public Record, of illegal and unethical acts by Plaintiff's Counsel without a shred of evidence and based upon her scurrilous suppositions and a complete lack of knowledge and understanding of Federal law." "Shreds" of evidence were presented in Answer to First Amended Complaint and Motion to Dismiss one by one, in Exhibits, and in Reply to Opposition to Motion to Dismiss, and in this Motion from paragraph 1-11.

Mr Goldstein was informed by Defendant already in April 2018 that complaint he filed in this Court is frivolous and does not contain any evidence or material facts in support of accusations to Federal trademark infringement, federal trademark delusion, federal statuary unfair competition, fraud and deceit, breach of contract, cyberpiracy, defamation. Instead contains not legit contract and false facts about trademark registration of Defendant, and her name, business entities, and business activities.

Mr Goldstein intentionally filed frivolous complaint, that is why he never showed the cause to actually cure the deficiencies. First Amended Complaint filed July 30, 2018, Answer to First Amended Complaint filed August 1, 2018, so there's no reason to wait for 21 day to cure deficiencies, as Mr Godlstein doesn't intend to do so from April 2018, and doesn't show any good faith but instead continues to insist on perjurious facts, and frivolously filed vial accusations. Additionally Mr

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO
FED.R. CIV.P. 11

Goldstein continually insults Defendant in front of this Court. Exhibit G to Declaration of Mr Goldstein in support of Opposition to Motion to Dismiss, Doc 51, Mr Goldstein wrote : "I am sorry to request that you tell story but is everyone's best interest that the facts be stated correctly rather than restated by a deluded woman".

Mr Goldstein by filing frivolous, groundless, unjust, and PERJURIOUS by definition original complaint and first amended complaint cased to Defendant following losses: 89.950 euros (according to accountant report, compared to 2017), as Defendant had to dedicate her time for filings the defenses against frivolously filed perjurious complaint in California, and study of California jurisdiction and laws.

Financial losses calculated in comparison with revenue of previous year, when Defendant, CEO of several business entities, who's engaged in several government projects, had time to dedicate herself completely to business development.

This frivolous complaint was filed by Mr Goldstein in March 28, 2018. Defendant was aware about this filing, as her partners received some time in advance original complaint, which was distributed by Plaintiff to them by email. The purpose of this distribution was to destroy reputation of Defendant and break sealed partnerships, collaborations and sales of Defendant. Defendant sent a letter to this Court with this information, which was also filed in the Docket, and rejected for the reason that no letters allowed, March 28, 2018. Defendant in her best effort and great respect to this Court filed necessary Motion and supported requests to avoid the Default Judgment, as it was planned by Mr Goldstein and Plaintiff.

When Motion to Dismiss was granted (July 16, 2018) this Court demanded to cure all deficiencies included in Court Orders and Motion to Dismiss, IF Plaintiff would like to continue with his claims. First Amended Complaint resubmitted without cure, with abusive and perjurious accusations. Defendants took her time, and in her

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED.R. CIV.P. 11

best effort to discover the foul play in service of complaint organized by Mr Goldstein, in addition to explain all false and vial accusations against her and her company in France, submitted to this Court without her knowledge.

Defendant had to dedicate her time from April until today (6 months in total from filing of original complaint) to file, study Federal Rules and law, and reply in her best effort and in great respect to this Court in California, the county, to which she has no connection.

Defendant was not able to launch several new products and dedicate herself to her company due to this Court proceedings, instead she had to dedicate her time to investigation. Additionally Defendant had to cancel her planned vacations in August, had to cancel her presence in New York fashion week and meeting with the partners, cancel her presence at Milan fashion week in September, etc and so forth. Defendant was not able to dedicate her time to the work and her company any longer, to her employs, who she left without guidelines and in distress. Company was not able to function. Perjurious compliant of Mr Goldstein caused financial loses and damages to Defendant on the sum  89.950 euros, severe emotional injuries to Defendant and Defendant's employees (15 employees). Additionally Plaintiff by suggestion of Mr Goldstein organized in August and September public libel, which is by definition is abuse of process. He published on his social media accounts insulting posts addressed to Defendant and her business entities, he published publicly on LinkedIn First Amended Complaint, he sent it to social media networks with attempts to remove accounts of Defendant, he distributed First Amended Complaint to her business partners, he started to use Defendant's company name to advertise and sell products on social media.

Total loses of these actions of Mr Goldstein on behalf of Plaintiff were calculated in accordance revenues in 2017: 89.950 euros.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO
FED. R. CIV. P. 11

# III. LEGAL ARGUMENT

Rule 11 allows a court to impose sanctions on a party who has presented a pleading, motion or other paper to the court without evidentiary support or for "any improper purpose." See Fed. R. Civ. P. Rule 11 (b). An improper purpose may be inferred from the filing of frivolous papers. See In re Kunstler, 914 F.2d 505, 518 (4th Cir. 1990). The purpose of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir. 2001); see also, Sussman, 150 F.R.D at 213 ("this Court recognizes Rule 11's objectives, which include: (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management").

In the Eleventh Circuit, "three (3) types of conduct warrant Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when a party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as reasonable Case 2:11-cv-14052-JEM Document 42 Entered on FLSD Docket 05/17/2011 Page 6 of 11 1987337_2 7 argument to change existing law; and (3) when a party files a pleading in bad faith or for improper purpose." Didie v. Howes, 988 F.2d 1097 (11th Cir. 1993) (citations omitted). Rule 11 sanctions are mandatory when a signed paper is submitted to the court under the aforementioned conditions. See Schramek v. Jones, 161 F.R.D. 119, 122 (M.D. Fla. 1995).

In the instant matter, monetary sanctions, together with mandatory sanctions should be opposed by this Court to Plaintiff and Mr Goldstein. Described conduct in this Motion of Mr Goldstein and Plaintiff in filing frivolous original complaint and First Amended Complaint (Opposition to Motion to Dismiss,  Requests and

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO
FED.R. CIV.P. 11

other pleadings included) is exactly the nature of described conduct that Rule 11 was designed to remedy.

Mr Goldstein on behalf of Plaintiff no longer should be allowed to cause to Defendant based in France to lose thousands of euros, and dedicate her time necessary to respond to his frivolous claims.

## **CONCLUSION**

Therefore Defendant respectfully moves this Court to enter an Order for monetary sanctions against Mr Goldstein and Plaintiff , and award to Defendant to cover financial losses Defendant suffers from April 2018 until today.

Defendant respectfully moves this Court to enter an Order for mandatory sanctions against Mr Goldstein for filing frivolous, groundless, unjust and perjurious complaint based on false facts, suppressed evidence and in bad faith, which is prohibited by California Code of Professional Conduct, and prohibit him from practice in California.

Additionally Defendant moves this Court to enter an Order to

stop all abusive actions against Defendant, including insults and use her intellectual properties (including name of her company) to sell goods and services by Plaintiff;

prohibit Plaintiff to file frivolous claims against Defendant again in any court without an order from an appropriate federal judicial officer certifying that the claims are not frivolous;

and for such other and further relief that this court deems just and proper.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO
FED.R. CIV.P. 11

Respectfully submitted,

DATED: September 24, 2018

By: Eleonora de Gray

CEO EURL ELEONORA DE GRAY

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO
FED.R. CIV.P. 11

## DECLARATION OF ELEONORA DE GRAY

I, Eleonora de Gray, hereby declare :

1. I'm Eleonora de Gray, married Christensen, citizen / resident of France, CEO of EURL ELEONORA DE GRAY, French company, based 23-25 rue Jean-Jacques Rousseau, 75001 Paris, France.
2. I'm Defendant / Defendants in this case.
3. I have personal knowledge of the following facts and if called as a witness I could and would testify competently thereto.
4. I declare that all presented facts, documents and other evidence in Motion for Sanctions are true and correct, and has not been modified electronically (exception removal of contact information of CEO of Issue.com).
5. I declare that I've been psychologically traumatized by Plaintiff's actions during this process : distribution original complaint and first amended complaint to my partners, clients and social media networks with intentions to damage my reputation and damage my online presents, and replace with his own; publication of insulting and libel public posts on social media networks; demands for removal of my business accounts from social media networks; publication of first amended complaint on social media networks accounts for public observation with intentions to destroy my reputation; use the name of my company OFFICIAL RUNWAY MAGAZINE, instead of the name of his own business entity RUNWAY TV, since August 2018 until today to advertise and increase the sales of his products.
6. I declare that I have psychological trauma which seriously affected my health from frivolously, libel groundlessly, unjust and perjurious filed by Mr Goldstein complaints and pleadings filed in front of this Court; from insulting and disrespectful emails of Mr Goldstein.
7. I declare that me and all my business entities (15 employees included) suffer from serious financial losses on a sum 89.950 euros (eighty nine thousands, nine hundred fifty euros), as I was not able to function as CEO of my business entities during last 6 months, and dedicate my time to development, government projects my business entities involved, and work with the clients. Instead I was obliged to invest my time and study California Law and the Federal Rules, and to my best effort to file responses, pleadings and provide to this Court all necessary evidence and material facts.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on September 24, 2018 in Paris, France.

ELEONORA DE GRAY, Declarant

ELEONORA DE GRAY
23/25 RUE JEAN JACQUES ROUSSEAU
75001 PARIS, FRANCE
Phone : +33660329401
Email : infodegray@gmail.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUNWAY TV, LLC., Vincent Mazzotta<br><br>Plaintiff<br><br>        vs.<br><br>ELEONORA DE GRAY, A French citizen<br><br>And DOES 1-10, INCLUSIVE, EURL<br><br>ELEONORA DE GRAY<br>              Defendant<br><br>_ | Case No.: 2:18-CV-02503-FMO (JCx)<br><br>(PROPOSED) ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO FED.R. CIV.P. 11 |
| Court: California Central District Court<br>Referring Judge: Jacqueline Chooljian<br>Presiding Judge: Fernando M. Olguin | |

- 1 -

(PROPOSED) ORDER GRANTING DEFENDANTS MOTION FOR SANCTIONS

Having considered Defendant's Motion for Sanctions Pursuant to Fed.R.Civ.P. 11 against Plaintiff, Mr Mazzotta and Runway TV LLC, and attorney on behalf of Plaintiff, Mr Godlstein, and finding good cause therefore,

IT IS HEREBY ORDERED that Defendant's Motion for Sanctions is GRANTED, and it is further,

ORDERED, that Plaintiff and Mr Goldstein on behalf of Plaintiff reimburse to Defendant Eleonora de Gray reasonable sum to cover financial loses caused to her businesses, costs and expenses incurred in responding to the instant actions; and it is further

ORDERED, that Mr Goldstein be submitted to disciplinary sanctions for misconduct prohibiting of law practice in California; and it is further

ORDERED, that Plaintiff remove all public libel posts against Defendant from social media networks, remove publication of original and first amended complaints from social media accounts, remove name of Defendant's business entities from advertising and selling of his products on social media networks; and it is further

ORDERED, that Plaintiff be and hereby is enjoined from filing any civil action or otherwise seeking relief against either Eleonora de Gray, or EURL Eleonora de Gray, or any other business entity of Defendant in any court without an order from an appropriate federal judicial officer certifying that the claims are not frivolous.

- 2 -

(PROPOSED) ORDER GRANTING DEFENDANTS MOTION FOR SANCTIONS

1

2

3    DATED : _____

4

5

6    _____

7    District Court Judge Hon. Fernando M. Olguin

8

9

10

11

12

13

18

15

16

18

18

19

20

21

22

23

24

25

26

27

28

(PROPOSED) ORDER GRANTING DEFENDANTS MOTION FOR SANCTIONS

# EXHIBIT A





# EXHIBIT B

Case 2:18-cv-02503-FMO-JC   Document 55   Filed 09/24/18   Page 41 of 64   Page ID #:1440

# 4044982 - Runway Magazine

Status: Marque enregistrée

**(210) Serial number of the application**
4044982

**(220) Date of filing of the application**
2013-11-06

**(180) Expected expiration date of the registration/renewal**
2023-11-06

**(540) Mark**
Runway Magazine

**(551) Kind of mark**
Word

**(541) Reproduction of the mark where the mark is represented in standard characters**
Runway Magazine

**(731) Name and address of the applicant**
Eleonora de Gray, EURL (SIREN 539884783)

2 sq du Nouveau Belleville BL5, 75020, PARIS, FR

**(740) Name and address of the representative**
Eleonora de Gray

2 sq du Nouveau Belleville BL5, 75020, PARIS, FR

**(511) The International Classification of Goods and Services for the Purposes of the Registration of Marks (Nice Classification) and the list of goods and services classified according thereto**
25
41

# 404498422 Run wa3y wMwgzui 2eSwut i

s:w Rr 0ßy wSêRi 2 uS Mr :Sl i

**(210) Serial number of the application**

4044984

**(220) Date of filing of the application**

306W66 0o

**(180) Expected expiration date of the registration/renewal**

303W66 0o

**(540) Mark**

Runway Magazine France

**(551) Kind of mark**

d ES

**(541) Reproduction of the mark where the mark is represented in standard characters**

- Run wa3y wMwgzui 2eSwut i

**(731) Name and address of the applicant**

G,i EuESw2l i 2USwal2G( - I 2u5 G7 2) W8884v8WB

32 é2 R27 ERPi wR2Ai ,,i Pz,i 2AI ) l2v) 0301ZFb- 5sl2e-

**(740) Name and address of the representative**

G,i EuESw2l i 2USwa

32 é2 R27 ERPi wR2Ai ,,i Pz,i 2AI ) l2v) 0301ZFb- 5sl2e-

**(511) The International Classification of Goods and Services for the Purposes of the Registration of Marks (Nice Classification) and the list of goods and services classified according thereto**

6o 2

3) 2

W8 2

46 2

Case 2:18-cv-02503-FMO-JC Document 55 Filed 09/24/18 Page 43 of 64 Page ID #:1450

# 4044985 - Runway France

Status: Marque enregistrée

(210) **Serial number of the application**
4044985

(220) **Date of filing of the application**
2013-11-06

(180) **Expected expiration date of the registration/renewal**
2023-11-06

(540) **Mark**

Runway France

(551) **Kind of mark**
Word

(541) **Reproduction of the mark where the mark is represented in standard characters**
Runway France

(731) **Name and address of the applicant**
Eleonora de Gray, EURL (SIREN 539884783)

2 sq du Nouveau Belleville BL5, 75020, PARIS, FR

(740) **Name and address of the representative**
Eleonora de Gray

2 sq du Nouveau Belleville BL5, 75020, PARIS, FR

(511) **The International Classification of Goods and Services for the Purposes of the Registration of Marks (Nice Classification) and the list of goods and services classified according thereto**

16

25

38

41

# SSL certificate
## www.RUNWAYMAGAZINES.com



**Greffe du Tribunal de Commerce de Paris**
1 quai de la Corse
75198 Paris CEDEX 04

N° de gestion 2017B26455

### Extrait Kbis

## EXTRAIT D'IMMATRICULATION PRINCIPALE AU REGISTRE DU COMMERCE ET DES SOCIETES

### à jour au 20 novembre 2017

## IDENTIFICATION DE LA PERSONNE MORALE

| | |
|---|---|
| Immatriculation au RCS, numéro | 833 347 420 R.C.S. Paris |
| Date d'immatriculation | 17/11/2017 |
| Dénomination ou raison sociale | **Official RUNWAY MAGAZINE** |
| Forme juridique | Société par actions simplifiée |
| Capital social | 10,00 EUROS |
| Adresse du siège | 23/25 rue Jean-Jacques Rousseau 75001 Paris |
| Domiciliation en commun | |
| Nom ou dénomination du domiciliataire | ABC-LIV |
| Immatriculation au RCS, numéro | 314 503 996 |
| Activités principales | Production des magazines, livre de luxe, création et production des vêtements et tout accessoires, création des vidéos, émission pour TV, création et production des publicités, consulting, marketing, stratégie, communication, organisation d'évènements, défilé de mode, conférences représentant créateurs, marques ou modes dans toutes entreprises commerciales. |
| Durée de la personne morale | Jusqu'au 16/11/2116 |
| Date de clôture de l'exercice social | 31 décembre |
| Date de clôture du 1er exercice social | 31/12/2017 |

## GESTION, DIRECTION, ADMINISTRATION, CONTROLE, ASSOCIES OU MEMBRES

### Président

| | |
|---|---|
| Dénomination | ELEONORA DE GRAY |
| Forme juridique | Société à responsabilité limitée |
| Adresse | 2 square du Nouveau Belleville 75020 Paris |
| Immatriculation au RCS, numéro | 539 884 783 Paris |

## RENSEIGNEMENTS RELATIFS A L'ACTIVITE ET A L'ETABLISSEMENT PRINCIPAL

| | |
|---|---|
| Adresse de l'établissement | 23/25 rue Jean-Jacques Rousseau 75001 Paris |
| Activité(s) exercée(s) | Média Group, production : création et production des magazines, livre de luxe ; création et production des vêtements et tous accessoires ; création des vidéos, média services : création et production de publicité; photo shooting, films publicitaires ; consulting ; stratégie ; marketing ; communication ; organisation d'évènement, défilé de mode, conférence. |
| Date de commencement d'activité | 15/08/2017 |
| Origine du fonds ou de l'activité | Création |
| Mode d'exploitation | Exploitation directe |





## runway 

**1,582** posts      **73k** followers      **44** following

**RUNWAY**
OFFICIAL RUNWAY® magazine Fashion & Celebrity News from around the world.
#fashion #couture #photography
**www.Runway.net**

 POSTS       TAGGED

  

# EXHIBIT C

 **Legal Department RUNWAY MAGAZINE <legalrunwaymagazine@gmail.com>**

---

## Trademark Infringement

---

**Customer Success (issuu Support Team)** <support@issuu.com>    Wed, Aug 29, 2018 at 5:28 PM
Reply-To: issuu Support Team <support@issuu.com>
To: RUNWAY MAGAZINE <legalrunwaymagazine@gmail.com>

## Please do not write below this line ##

---

   **Customer Success** (Issuu Success)
Aug 29, 17:28 CEST

Dear Sir or Madam:

This email is to notify you that we have received a notification containing a claim that your Runway Magazine page on the Issuu platform, located at https://issuu.com/runwaymagazine, contains material that infringes copyright. Accordingly, we have disabled access to that material pursuant to 17 U.S.C. § 512(c)(1)(C).

If you believe the material to which access has been disabled does not infringe copyright, you have the right to submit a counter notification to Issuu pursuant to 17 U.S.C. § 512(g)(3). That counter notification should be made by electronic mail in reply to this notice and must contain the following elements:

1. | Your physical or electronic signature; |
   |---|

2. | Identification of the material that has been removed or to which access has been disabled and the location at which the material appeared before it was removed or access to it was disabled; |
   |---|

3. | A statement under penalty of perjury that you have a good faith belief that the material was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled; |
   |---|

4. | Your name, address, and telephone number, and a statement that you consent to the jurisdiction of Federal District Court for the judicial district in which your address is located, or if your address is outside of the United States, for any judicial district in which Issuu may be found, and that you will accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person. |
   |---|

Please let us know if you have any questions.

Sincerely, etc.

                                    **Legal Department RUNWAY MAGAZINE <legalrunwaymagazine@gmail.com>**

---

## Update from issuu Support Re: Trademark Infringement

**Customer Success (issuu Support Team)** <support@issuu.com>                    Thu, Aug 30, 2018 at 12:22 AM
Reply-To: issuu Support Team <support@issuu.com>
To: RUNWAY MAGAZINE <legalrunwaymagazine@gmail.com>

## Please do not write below this line ##

    **Customer Success** (Issuu Success)
                         Aug 30, 00:22 CEST

Dear Madam,

We have received your counter notification. Pursuant to 17 U.S.C. § 512(g)(2), Issuu has provided a copy of that counter notification to the person who notified us of claimed infringement (the "notifying party"), and Issuu has instructed the notifying party that we will cease disabling access to the disputed material within ten (10) to fourteen (14) business days unless we first receive notice from the notifying party that it has filed an action seeking a court order to restrain you from engaging in infringing activity relating to the disputed material on Issuu's platform.

If we do not receive such notice of court action, we will cease disabling access to the disputed material within ten (10) to fourteen (14) business days.

Please let us know if you have any questions.

Sincerely,

Audrey

---

To learn more about Issuu, check out our Help Center.

Below is the conversation you had with the Issuu Support team
------------------------------------------------------------------------------------

    **Customer Success** (Issuu Success)
                         Aug 30, 00:22 CEST

Dear Madam,

                                 **Legal Department RUNWAY MAGAZINE <legalrunwaymagazine@gmail.com>**

---

## Update from issuu Support Re: Trademark Infringement

**Customer Success (issuu Support Team)** <support@issuu.com>        Fri, Aug 31, 2018 at 8:46 PM
Reply-To: issuu Support Team <support@issuu.com>
To: RUNWAY MAGAZINE <legalrunwaymagazine@gmail.com>

 ## Please do not write below this line ##

---

    **Customer Success** (Issuu Success)
        Aug 31, 20:46 CEST

        Dear Madam:

        We have received notice from the person who notified us of claimed infringement (the
        "notifying party") of its civil action against you relating to the disputed material on
        Issuu's platform. Pursuant to Issuu's policy, we will continue to disable access to the
        disputed material pending the final resolution of the action in court. If that action results
        in a final judgment that the disputed materials are not infringing, and you then wish to
        restore access to the disputed material on Issuu's platform, please provide us with a
        copy of the final judgment at that time.

        Sincerely,
        Audrey

        ---

        To learn more about Issuu, check out our Help Center.


        Below is the conversation you had with the Issuu Support team
        --------------------------------------------------------------------------------------

---

    **Customer Success** (Issuu Success)
        Aug 31, 20:46 CEST

        Dear Madam:

        We have received notice from the person who notified us of claimed infringement (the
        "notifying party") of its civil action against you relating to the disputed material on
        Issuu's platform. Pursuant to Issuu's policy, we will continue to disable access to the
        disputed material pending the final resolution of the action in court. If that action results
        in a final judgment that the disputed materials are not infringing, and you then wish to

 Gmail

**RUNWAY MAGAZINE <infodegray@gmail.com>**

## Eleonora de Gray - RUNWAY MAGAZINE on issue.com

**Joe Hyrkin**                                                                                          7 September 2018 at 21:58
To: RUNWAY MAGAZINE <infodegray@gmail.com>
Cc: Joe Hyrkin

Hi Eleonora,

I've looked into where things stand and I've gotten some clarity related to the situation. I'm happy to set up time for a call to discuss next week. You mentioned all legal action against you has been resolved by the courts in the US. If that is the case and you can send us the details, we can easily resolve things here. I don't think we've seen that information yet. I apologize if you have already sent it to my team.

Just so you know, we haven't removed or terminated any of the Runway content. We have just put access to the account on hold. Unfortunately, from what we can tell, it looks like you are still in a legal disagreement with Vincent Mazzotta of Runway TV, LLC. When a dispute like this arises, we request that the parties resolve their dispute and then we are able to move forward.

From what we understand, Runway TV filed a First Amended Complaint in Civil Action No. 2:18-CV-02503-FMO (JCx) (Dkt. 35) on July 30, 2018, and it appears the Court has not issued a final judgment as to which of the parties owns rights in the intellectual property under discussion.

When parties have competing claims in court, as here, Issuu's policy is to disable access to material alleged to be infringing until the court issues its final judgment. Accordingly, Issuu will continue to disable access while the case is pending. If and when the Court issues an order dismissing Runway TV's claims against you with prejudice, please provide us with a copy of that order so we may restore access to your pages at that time.

It's possible, we still don't have the complete information. If you have more documents to share, please do so and I'll work to resolve things quickly.

Thanks, Joe



Joe Hyrkin
CEO

# EXHIBIT D

https://www.linkedin.com/feed/update/urn:li:activity:6447652933671624704/



**RUNWAY MAGAZINE OFFICIAL**
2 abonnés
5 h

Did you know RUNWAY averages 3 lawsuits a year on people illegally using our name all over the world, you can even find people so crazy they are listing they are RUNWAY on here. Watch for fakes, Linkedin does not vet anyone for pages. From what we have seen they do no respect the American court at all and even allow unchecked companies to run while in court. 99% of companies will freeze the page until a judge rules. Not Linkedin , they have the middle finger up at the court system. #linkedin #paris #france #news Hopefully we will get our sanctions, also assuming Linkedin doesn't try to take this down again without court consent. Its reasons like this your stock hasn't been doing well @jeffweiner , you need to vet your legal staff better. Challenging ABC/DISNEY, really? They actually sent a take down to us, the real RUNWAY not our licensor who didn't pay. #amazing

🌐 **Voir la traduction**

Law Offices of William D. Goldstein
William D. Goldstein (SBN. 279723)
4030 Sawtelle Blvd.
Los Angeles, CA 90066-5408
Phone: (310) 437-0108
Facsimile: (323) 372-3589
Email: wdgoldstein@wdgoldstein.com

Attorney for PLAINTIFF, RUNWAY TV, LLC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUNWAY TV, LLC., A Delaware Limited Liability Company | Case NO.: 2:18-CV-02503-FMO (JCx) |
| Plaintiff, | FIRST AMENDED COMPLAINT |
| vs. | 1. FEDERAL TRADEMARK INFRINGEMENT |
| EURL ELEONORA DE GRAY, a French Company; ELEONORA DE GRAY aka ELEONORA CHRISTENSEN, A French citizen And DOES 1-10, INCLUSIVE, | 2. FEDERAL TRADEMARK DILUTION |
| | 3. FEDERAL STATUTORY UNFAIR COMPETITION |
| | 4. FRAUD AND DECEIT |
| | 5. BREACH OF CONTRACT |
| | 6. CYBERPIRACY |
| | 7. DEFAMATION PER QUOD - LIBEL |
| Defendants. | INJUNCTIVE RELIEF |
| | JURY TRIAL DEMAND |

- 1 -

**Linked in**

Sign in    Join now

**RUNWAY MAGAZINE OFFICIAL**

2 followers

View public profile

**+ Follow**

2 Followers

**RUNWAY MAGAZINE OFFICIAL**
2 followers
6h • Edited

Did you know RUNWAY averages 3 lawsuits a year on people illegally using our name all over the world, you can even find people so crazy they are listing they are RUNWAY on here. Watch for fakes, LinkedIn does not vet anyone for pages. From what we have seen they do no respect the American court at all and even allow unchecked companies to run while in court. 99% of companies will freeze the page until a judge rules. Not LinkedIn, they have the middle finger up at the court system. **#linkedin #paris #france #news** Hopefully we will get our sanctions, also assuming LinkedIn doesn't try to take this down again without court consent. Its reasons like this your stock hasn't been doing well @jeffweiner , you need to vet your legal staff better. Challenging ABC/DISNEY, really? They actually sent a take down to us, the real RUNWAY not our licensor who didn't pay. **#amazing**



👍 Like    💬 Comment    ↪ Share

**Share this post with your network**

↪ Share

**Editor's Picks**

**Diverse teams are essential. Here's how you can build them**
Maynard Webb on LinkedIn • 4d

**To find happiness, seek out the 'joy of renewal'**
Ingrid Fetell Lee on LinkedIn • 4d

**The answer to this single question will help you understand a company's entire culture**
Michele Gelfand on LinkedIn • 4d

**I declare UNDR PENALTY OF PERJURY that:** Vincent Mazzotta

**Good Faith Acknowledgement:**

**I have a good faith belief that:** RUNWAY TV LLC owns the trademark registered 4449667 "RUNWAY" a magazine and is the real and only RUNWAY to sell magazine in the USA. This issue has been filed with the California court and is a active lawsuit which LinkedIn is the primary cause of damage. The page RUNWAY MAGAZINE OFFICIAL is protected by US FEDERAL COURT case number. 2-18-CV-02503-FMO (JCx) against Mrs Degrey . By taking down the page: https://www.linkedin.com/company/runway-magazine-official/ you will be acting against order of a federal judge. Her company is in default at the moment as she has no attorney and she has not answered the lawsuit in behalf of her company as that requires a lawyer. We have not chose to file damages against LinkedIn at the moment but if you take this page down we will be forced to take legal action. Her French trademarks are legally property of RUNWAY TV LLC per US court and she has no right to use them unless she wins this lawsuit. Please wait for the judges orders and not make judgments for the US courts on your own. Our attorney is William Goldstein 310-437-0108 to verify. We have asked you many times to remove Mrs Degrey's fake RUNWAY Magazine account, you should be receiving a court order to take her site down by end of year.

**Digital Signature:**

**Typing your full name in this box will act as your digital signature:** Vincent Mazzotta

# EXHIBIT E



Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA  22313-1451
www.uspto.gov

**Notification of Ceasing of Effect**
**According to Articles 6(3) and (4) of the Protocol**

The United States Patent and Trademark Office hereby notifies the International Bureau of the ceasing of effect of the basic application/registration during the five-year period of dependency for:

**International Registration No.: 1058209**
**Holder: Runway TV, LLC – Vincent Mazzotta (CEO Of Runway TV, LLC)**
**Holder:**
**Basic application(s) and/or registration(s):**

The purpose of this letter is to announce the CEASING OF EFFECT of any goods and services not listed below based on the following action:

Basic application number 77536081 was cancelled by the USPTO on October 16, 2015, having U.S. Registration Number 3586631.

It is requested that all goods and services in the International Registration be cancelled.

Sincerely,

Ebonie Horne
U.S. Patent & Trademark Office
Madrid Processing Unit
Trademark Specialist

Trademark RUNWAY of Mr Mazzotta refused and banned from registration in Europe and China. This document is also available on WIPO datebase.



**OFFICE FOR HARMONIZATION IN THE INTERNAL MARKET**
**(TRADE MARKS AND DESIGNS)**

Operations Department

W123

**Confirmation of total refusal (Article 5 of the Madrid Protocol, Rule 18ter (3) of the Common Regulations under the Madrid Agreement and Protocol, Articles 154 and 156 CTMR and Rules 113(2) (b) and 115(5) (b) CTMIR)**

Alicante, 16/03/2016

| | |
|---|---|
| *International registration number:* | **1183826** |
| *Date of notification to OHIM:* | **05-12-2013** |
| *Name of the Holder:* | **Runway TV, LLC - Vincent Mazzotta (CEO Of Runway TV, LLC)** |
| *Trade Mark:* | **RUNWAY** |

As a result of opposition proceedings and all proceedings having become final, the provisional refusal of the above-mentioned mark is confirmed and the protection of the mark is totally refused for the European Community.

**LOPEZ LOPEZ,Patricia**

# EXHIBIT F



**RUNWAY MAGAZINE <infodegray@gmail.com>**

---

## Please See Attached

**William Goldstein** <wdgoldstein@wdgoldstein.com>                    26 June 2018 at 05:50
To: RUNWAY MAGAZINE <infodegray@gmail.com>

She stuck her foot into her mouth again


William D. Goldstein

LAW OFFICES OF WILLIAM D. GOLDSTEIN

4030 Sawtelle Blvd.

Los Angeles, CA 90066


Phone: (310) 437-0108

FAX:   (323) 372-3589

Mobile:(310) 569-3049


email  wdgoldstein@wdgoldstein.com


CONFIDENTIAL / PRIVILEGED

The contents of this email may contain privileged, confidential or otherwise restricted
information, and are intended solely for the use of the person or entity to which it is
addressed. Copying this email or disclosing its contents to anyone other than its intended
recipient is strictly prohibited under the laws of the United States and of the various
States. In the event you have received this communication by mistake, please delete or
otherwise destroy it and advise the sender at wdgoldstein@wdgoldstein.com


**From:** RUNWAY MAGAZINE <infodegray@gmail.com>
**Sent:** Monday, June 25, 2018 8:45 PM
**To:** William Goldstein <wdgoldstein@wdgoldstein.com>; Legal Department RUNWAY MAGAZINE
<legalrunwaymagazine@gmail.com>
**Subject:** Re: Please See Attached

[Quoted text hidden]

---

📄 **DEFENDENT'S OPPOSITION TO MOTION TO EXTEND.pdf**
240K



RUNWAY MAGAZINE <infodegray@gmail.com>

---

**Rule 26 Joint Report**

RUNWAY MAGAZINE <infodegray@gmail.com>
To: William Goldstein <wdgoldstein@wdgoldstein.com>

Mr Goldstein ,
PLEASE STOP SENDING ME MULTIPLE EMAILS. You sent me Joint Report Friday 4th May. I remaind you that not me, not my French attorney work during the weekend. And I informed you
Joint Report, Monday 7th, 2018, and started to read it. It is obvious that we need at least 1 day to read and add necessary facts and information to it, as the facts you added are incorrect. YO
DURING THE SAME DAY TO RETURN THE JOINT REPORT, AND SPECIALLY IF YOU REQUESTED NOT TO DO CHANGES.

PLEASE NOTE :
I DO NOT ARGUE "OUR CONTENTIONS" HERE, AS YOU ARE NOT PLAINTIFF IN THIS CASE, YOU ARE AN ATTORNEY WHO ACTS ON BEHALF OF PLAINTIFF. AND YOU SUPPOSE
NEUTRAL DURING THE DISCUSSION AND RESPECT THE RULE 26 ORDERED BY JUDGE.
I DO NOT CHOOSE TO ARGUE, I REQUEST TO ADD CHANGES NECESSARY TO THE JOINT REPORT.

I DO NOT APPRECIATE :
YOU SUBMITTED TO THE COURT A COMPLAINT AGAINST ME WITHOUT SERVING IT ON ME (NO EVIDENCE PRESENTED FROM ANY FRENCH GOVERNMENT ORGANIZATION V
TRANSLATION, AND SPECIALLY IT IS NOT NECESSARY AS THE COMPLAINT FILED IN USE COURT AND NOT IN FRANCE)
YOU SUBMITTED TO THE COURT KNOWINGLY FALSE FACTS
YOU GAVE TO THE COURT KNOWINGLY FALSE STATEMENTS ABOUT MY TRADEMARKS, MY ENTERPRISES
YOU SUPPRESSED THE EVIDENCE IN FRONT OF THE COURT ABOUT LICENSE AGREEMENT, MY TRADEMARKS, TRADEMARKS OF YOUR CLIENT, CONTENT OF YOUR CLIENT

Additionally :
I've been advised by my French attorney NOT TO HAVE TELECONFERENCE. I sent you request to proceed with RULE 26 by email, as all communication can be registered easily and trans
email about the RULE 26, as this conference ordered by Judge for discovery and exchange of the documents.
You sent to me RULE 26 DISCLOSURE from you part April 25th, 2018. I sent to you RULE 26 DISCLOSURE from my part April 30th, 2018.
You sent me Joint Report and requested NOT TO DO ANY CHANGES except in the paragraphs you added in red places for me :

 William Goldstein <wdgoldstein@wdgoldstein.com>
to me

As requested PLEASE DO NOT DO CHANGES. You may add any additions you deem relevant.

William D. Goldstein
LAW OFFICES OF WILLIAM D. GOLDSTEIN
4030 Sawtelle Blvd.
Los Angeles, CA 90066

Phone: (310) 437-0108
FAX:   (323) 372-3589
Mobile:(310) 569-3049

I had to take necessary measure if you won't allow me to edit Joint Report and add information I see relevant.

I'm working on JOINT REPORT AND EXHIBITS. I'll send it to you today.

PLEASE NOTE THAT I'LL SIGN THE JOINT REPORT ONLY IF MY ADDITIONS WILL BE INCLUDED IN THE JOINT REPORT.

Eleonora de Gray
President / Editor-in-Chief

**Official RUNWAY MAGAZINE**
**www.RUNWAYMAGAZINES.com**



[Quoted text hidden]

1   Name: ELEONORA DE GRAY

2   Address: 23/25 RUE JEAN JACQUES

3   ROUSSEAU, 75001 PARIS, FRANCE

4   Phone: +33660329401

5   Fax: _____

6

7

8               **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**

9   Runway TV, LLC, Vincent Mazzotta          | CASE NUMBER:

10

11                                 Plaintiff       2:18-cv-02503-FMO-JC

12                          v.

13  Eleonora De Gray, Does and Eurl Eleonora De Gray    **PROOF OF SERVICE BY EMAIL**

14

15                          Defendant(s).

16

17  Court: California Central District Court

18  Referring Judge: Jacqueline Chooljian

19  Presiding Judge: Fernando M. Olguin

20

21  I, Eleonora de Gray, declare as follows :

22  My address is 23-25 rue Jean Jacques Rousseau, 75001, Paris, France , where the mailing described

23  below took place.

24

25

26

27

28

1    On September 24th, 2018, I served the documents described as :

2

3    I NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED.R. CIV.P. 11

4    II MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

5    III DECLARATION IN SUPPORT OF MOTION

6    IV (PROPOSED) ORDER

7    V EXHIBITS IN SUPPORT OF MOTION

8    VI PROOF OF SERVICE BY MAIL

9

10   on all interested parties in this action by Email, I caused such envelope to be delivered electronically

11   to the offices of the bellow named addressee(s):

12

13   William Goldstein <wdgoldstein@wdgoldstein.com>

14   Law Offices of Willian D. Goldstein

15   William D. Goldstein (SBN. 279723)

16   4030 Sawtelle Blvd.

17   Los Angeles, CA 90066-5408

18   Attorney of Plaintiff, Runway Beauty Inc, Vincent Mazzotta, DOCs 1-10

19

20   I declare under penalty of perjury that the foregoing is true and correct.

21

22   EXECUTED ON : September 24th, 2018 at Paris, France.

23

24   By _____

25   Eleonora de Gray

26

27

28