Law Offices of William D. Goldstein
William D. Goldstein (SBN. 279723)
4030 Sawtelle Blvd.
Los Angeles, CA 90066-5408
Phone: (310) 437-0108
Facsimile: (323) 372-3589
Email: wdgoldstein@wdgoldstein.com

Attorney for PLAINTIFF, RUNWAY TV, LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUNWAY TV, LLC., A Delaware Limited Liability Company<br><br>Plaintiff,<br><br>vs.<br><br>EURL ELEONORA DE GRAY, a French Company; ELEONORA DE GRAY aka ELEONORA CHRISTENSEN, A French citizen And DOES 1-10, INCLUSIVE,<br><br>Defendants.<br>___ | Case No.: 2:18-CV-02503-FMO (JCx)<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL WITHOUT OBJECTIONS RESPONSES TO REQUEST FOR IDENTIFICATION AND PRODUCTION OF DOCUMENTS, SET 1; MEMORANDUM OF POINTS AUTHORITIES IN SUPPORT THEREOF REQUEST FOR SANCTIONS AND DECLARATION OF WILLIAM D. GOLDSTEIN<br><br>Hearing Date:  November 13, 2018<br>Time:              9:30 AM<br>Roybal Courthouse Rm. 750<br>Hon. Jacqueline Chooljian Presiding<br><br>[Filed Concurrently with Plaintiff's Notice of Motion and Motion to Deem Requests for Admission Admitted or in the Alternative Compel Responses Without Objection] |

- 1 -

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on November 13, 2018, at 9:30 a.m. in Courtroom 750 of Roybal Courthouse, located at 255 East Temple Street, Los Angeles, California 90012, Plaintiff will move for an Order Compelling Responses to Requests for Identification and Production of Documents and Things, Set 1. This Motion is made on the grounds that said Discovery was served on August 28, 2018 and no responses have, to date, been received by Plaintiff.

This motion and request for an order is based upon the memorandum of points and authorities, the singular Declaration of William D. Goldstein incompliance with Local Rules 37-1 and 37-2.4, exhibits, and any oral and documentary evidence as may be presented at hearing of this motion.

Respectfully submitted:

DATED: October 17, 2018          LAW OFFICES OF WILLIAM D. GOLDSTEIN

By: _____

William D. Goldstein
Attorney for RUNWAY TV, LLC.

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

## MEMORANDUM OF POINTS AND AUTHORITIES

PLAINTIFF RUNWAY TV, LLC. ("Plaintiff") submits this brief in support of its Motion to Compel Responses Without Objection to the Requests for the Identification and Production of Documents and Things (Set 1) served on Defendant Eleonora De Gray on August 28, 2018.

## I.  Introduction

This case stems from the breach of a Trademark licensing agreement entered into by the parties on April 1, 2014. At that time, the Plaintiff agreed to allow the Defendants to use their Trademark for a three-month test in the French market. By that agreement, the license trial use of the RUNWAY® trademark expired after a single issue of the RUNWAY® France magazine was published. Thereafter the Defendant agreed to pay a royalty for each issue of the magazine published and never did.

Plaintiff is the owner of the trademark RUNWAY® and is in the business of designing, advertising, marketing, publishing, distributing, selling and/or offering for sale a high-end fashion magazine entitled "RUNWAY MAGAZINE."

Upon information and belief. Defendants, through their Internet website, http://www.runwaymagazines.com, from that period on, prominently displayed the infringing "Runway® Magazine" designation using a font indistinguishable from that which Plaintiff uses on its website, http://www.runwaylive.com

Defendants continue to advertise the infringing designation "RUNWAY® MAGAZINE" on several Internet and Social Media websites, such as Youtube.com, Facebook.com Twitter.com, as well as various blogs causing confusion among the general consuming public as to the origin of Defendants services since consumers associate the RUNWAY MAGAZINE name with Plaintiff.

## II. Case History

Plaintiff filed this suit with the Central District Court on March 28, 2018. As per the Hague Convention and French law, once the suit has been filed in a territory outside of French jurisdiction, the conformed copy of the Summons and Complaint as well as all documents (inclusive of exhibits) to be served, must be translated into the French language. Thereafter, the suit is transmitted to the French Ministry of Justice. This was accomplished by FEDEX and received on June 25, 2018. On June 27, 2018 the case was then sent on to the prosecutor's office for service (according to the letter by Nicholas Castell cited in previous motions). This complete process takes between six (6) and nine (9) months as testified to by Richard Hamilton in his declaration filed with Plaintiffs Motion to Extend time for Service). As such, the moving Defendant in this matter has not, as yet, received service of process of the original Summons and Complaint.

Much of the motion practice in this case has been brought by the Defendants filing a Motion to Dismiss for Lack of Jurisdiction under FRCP Rule 12(b)(6) prior to receipt of the original Summons and Complaint and then complaining that she had not been served.

Defendants original Motion to Dismiss was granted by this Court with leave to amend. By order of the Court, the First Amended Complaint containing over 20 additional paragraphs explaining jurisdiction, and with edited versions of each Cause of Action to conform with the additional text, was filed, inclusive of a Proof of Service on July 30, 2018. The responsive pleading was due no later than August 13, 2018.

The order of the Court stated  in paragraph 7:

> In the event Defendants wish to file another motion to dismiss, then counsel for the parties shall, on **August 6, 2018, at 10:00 a.m.** meet and confer in person at an agreed upon location within the Central District of California to discuss Defendants' motion to

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

dismiss. Defendants' motion to dismiss must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion). Failure to include such a declaration will result in the motion to dismiss being denied.

Rather than meet and confer, on August 1, 2018, Defendant Eleonora De Gray filed an Answer to the First Amended Complaint. This was followed on August 9, 2018 with a Motion to Strike under California Law based on California Code of Civil Procedure §418.10 for Lack of Jurisdiction. Hence, this Defendant attempted to skirt the Court's order requiring a Meet and Confer in favor of arguing under State law instead of the FRCP.

The Plaintiff was then compelled to respond with an opposition to this improper Motion wasting Plaintiffs resources and the Court's time. The opposition was filed on August 12, 2018. Once the Opposition was filed, and without leave of the Court, Defendant De Gray filed two Addendums to her motion (on August 17, 2018 and September 5, 2018) filled with scurrilous falsehoods and perjurious statements about Counsel for the Plaintiff. Plaintiff was unable to respond to these libelous statements and false allegations under the FRCP and Local Rules without bringing a motion for leave of the Court to Reply. There was not time between the filing of the two amendments and the hearing date (September 13, 2018) to do so.

The Court denied the Motion to Strike by Defendant De Gray and deemed as moot the two Addendums on September 10, 2018.

The very next day, September 11, 2018, Defendant De Gray filed a Motion to Dismiss under FRCP Rule 12 (b)(5). A quick look at this motion reveals that with some slight modification it is nearly identical to the Motion to Strike the Court had just ruled on with both of the Addendums included. This motion is

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

calendared to be heard on October 18, 2018. It is again filled with libelous statements and false allegations about Plaintiff's Counsel.

This was another improper Motion after an Answer had been filed. It also violates the Court's previous order to Meet & Confer. Yet again, the Plaintiff was compelled to respond to to this improper Motion with an Opposition wasting Plaintiffs resources and this Court's time.

The Defendant then filed yet another Motion; on September 17, 2018 Defendant filed a Motion for a Protective Order under FRCP 26(c). As has been Defendant's habit, the Caption page was incorrect, listing Vincent Mazzotta as a Plaintiff, he is not. The copy of the Motion served to the Plaintiff did not list a date, time or location for the hearing. The actual Notice section of the Motion was also violative of the FRCP as it does not list a date, time or location for the hearing. And again, this Motion was filed without any effort to Meet and Confer in violation of FRCP Rule 26(C), Local Rules 37-1 and 37-2.4.

The Motion was denied by this Court as not in the form of a Joint stipulation or Declaration re: Meet and Confer in violation of Local Rule 37-2.4.

The current Motion to Compel Responses Without Objections was made necessary by the Defendant's failure to provide any responses to the Discovery served on August 28, 2018. Additionally, despite 8 Meet and Confer letters sent by the Plaintiff, inclusive of multiple requests for a list of any objections to specific to individual Discovery Requests and 4 specific request to schedule a telephonic Meet and Confer within 10 days which Plaintiff then extended to 15 days, the Defendant has refused to participate in the Meet and Confer Process as specified in Local Rule 37-1 et. seq.

//
//
//
//

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

# **ARGUMENT**

### *1. Pursuant to Federal Rules of Civil Procedure 34, Defendant Was required to respond in writing under oath, within thirty (30) days from the date of service*

Plaintiff served PLAINTIFF'S REQUESTS FOR THE IDENTIFICATION AND PRODUCTION OF DOCUMENTS AND THINGS (Set 1) to the Defendant by Email on August 28, 2018 (a true copy of said Request is attached hereto as Exhibit "A"). As of the date of filing this Notice of Motion and Motion, no responses have been received by Plaintiff to these requests.

### *2. Defendant Refused to Comply with Local Rule 37-1 Requiring a Telephonic Pre-Filing Conference of Counsel*

Prior to the filing of any motion relating to discovery pursuant to F.R.C.P. 26-37,  Counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It shall be the responsibility of counsel for the moving party to arrange for this conference. If both counsels are located within the same county of the Central District, the conference shall take place in person at the office of the moving party's counsel, unless the parties agree to meet someplace else. If both counsels are not located within the same county of the Central District, the conference may take place telephonically. Unless relieved by written order of the Court upon good cause shown, counsel for the opposing party shall confer with counsel for the moving party within ten (10) days after the moving party serves a letter requesting such conference.

Here Counsel for the Plaintiff sent several Email Meet & Confer letters. The first dated October 1, 2018 advised the Defendant that her responses to Discovery were overdue and that in accordance with FRCP Rule 36 the Requests for Admission were, by law, Deemed Admitted. It additionally asked if it was the intent of the Defendant to provide any Responses. (a true and correct copy of this letter is attached hereto as Exhibit "B")

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

In response the Defendant stated she would not participate in a Meet and Confer until this Court had ruled on her Motion for a protective order and Motion to Dismiss (a true and correct copy of this letter is attached hereto as Exhibit "C")

Plaintiff responded to this letter immediately. Stating, "Again, I ask you if you intend to respond to the discovery? And if so, when? Do you have any legally based objections to specific discovery requests? If so, please enumerate them within the specific grounds of FRCP Rule 34, the Federal Rules of Evidence and the instructions included with the requests (a true and correct copy of this letter is attached as Exhibit "D").

Defendant responded that she would follow the Court's orders and take action accordingly. That "All my objections disagreements, evidence of your abusive actions described in Motion to Dismiss, Motion for Protective Order, and Motion for Sanctions." (a true and correct copy of the letter is attached hereto as Exhibit "E")

In a letter sent by Email on October 2, 2018, Plaintiff stated: "In accordance with the Local Rule 37-1, I would like to schedule a telephonic Meet and Confer prior to the filing of any Discovery Motions. I am willing to call you at any time between 6:00AM and 6:00PM California time (GMT-8). The purpose of the call is to discuss, as referenced in my Email of yesterday, any legally based objections to specific discovery requests."

As to the Defendants statement of the previous day as to her objections Plaintiff said, "To date, you have not referenced any specific issues related to discovery. Rather you have said your objections were "disagreements, evidence, abusive actions and motion for sanctions." These are not maters for discovery objections nor are they specific to any individual Discovery Request. As stated in my previous Emailed letters, we are required to participate in a meaningful, legal objection based and respectful Meet and Confer processes." Additionally, Plaintiff stated: "Please advise me ASAP when we can have this phone discussion within

the next 10 days." (a true and correct copy of this letter is attached hereto as Exhibit "F")

The following day the Defendant responded in part: "I formally inform you that you are raising HARRASMENT issue ones again. I already responded you 3 times about discovery – we'll proceed with discovery AFTER OCTOBER 18, 2018. Discovery usually conducted and follows Court Order about HOW DISCOVERY SHOULD BE MADE. THIS IS ACCORDING TO FEDERAL RULES. If you'll continue harassment I'll be obliged to submit your harassing and intimidating letters in ADDEMDUM in corresponding Motions." Defendant also reiterated her claim that her objections were inclusive in her Motion filings (a true and correct copy of this letter is attached hereto as Exhibit "G"

On October 3, 2018 the Plaintiff responded: "Please be aware that your having filed 3 motion in the past month does not relieve you of your responsibilities under the FRCP and Local Rules. As such, in accordance with the Local Rule 37-1, I would like to schedule a telephonic Meet and Confer no later than October 12, 2018 as discussed in my letter yesterday. I am willing to call you at any time between 6:00AM and 6:00PM California time (GMT-8). The purpose of the call is to discuss any legally based objections to specific discovery requests." (a true and correct copy of this letter is attached hereto as Exhibit "H").

Despite the Plaintiff's attempts to conform to Local Rule 37-1 the Defendant responded with the same claim of harassment and that her discovery objections had already been stated. Defendant concluded this letter with a warning that "Ones again I'm giving you last WARNING – you next letter, together with all 6 previous letter will be filed like ADENDUMS to appropriate Motions as a display of HARRASMENT issue." (a true and correct copy of this letter is attached hereto as Exhibit "I").

Plaintiff responded in part: " A Meet and Confer letter is not harassment. The FRCP and Local rules do not grant an extension for discovery responses when

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

Motions are pending unless ordered by the Court. The Local Rules require that I attempt to set up a telephonic Meet and Confer related to Discovery issues. If one is not allowed by a party after 10 days I am entitled to file the appropriate Motion." Additionally, Plaintiff stated: "If it is your choice to wait till your Motions filed in violation of the FRCP, Local Rules and Orders of this Court to be heard, rather than Meet & Confer, that is your choice. That said, expect a Motion to Compel and Request for Sanctions in full compliance with Local Rule 37-1 on the 17th of the Month or sooner if the Motion is Denied in chambers." (a true and correct copy of this letter is attached hereto as Exhibit "J")

On October 12, 2018, after this Court's ruling denying the Defendants Motion for a Protective Order the Plaintiff sent another Meet and Confer letter which in part stated: "I again request that you state with specificity and in writing any legal objections you have with any specific Discovery Request and that you provide me a day and time prior to Wednesday October 17, 2018 (that is an extension of 5 days beyond the legal requirement) to discuss any legal objections to specific Requests. I am willing to call you at any time between 6:00AM and 6:00PM California time (GMT-8). Remember, the purpose of the call is to discuss, as referenced in my 6 previous Emails, any legally based objections to specific discovery requests." (a true and correct copy of this letter is attached hereto as Exhibit "J")

On Monday, October 15, 2018 the Defendant responded that she was available Monday thru Friday between 9:00 AM and 6:00 PM Paris time. She also requested that Plaintiff "specify "legal objection based and respectful Meet and Confer processes" As it is not clear to me. Definition would be much appreciated. Again, I encourage you to read my Motion for protective Order, as all disagreements listed there, as I said to you every time in my 5 emails." (a true and correct copy of the letter is attached hereto as Exhibit "K")

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

That same day Plaintiff responded setting Wednesday, October 17, 2018 (the last permissible date under the 5-day extension) for a telephonic Meet and Confer. This would allow 2 days for the Defendant to draft her objections prior to the scheduled phone call and was specified at 4:00 PM Paris time to comply with the date and time requirements set by the Defendant. In response to what was meant by a "legal objection based and respectful Meet and Confer processes" Plaintiff stated: "It is not my place, nor is there time, for me to provide you an education as to proper Legal Objections to Discovery Requests as you have requested. You have had the requests for over 6 weeks. I would strongly suggest you research the matter quickly and return your objections specific to each of the Document Requests prior to the scheduled conversation." Additionally, Plaintiff provided an example of an objection for an **Irrevelant** request in legal language as an example to assist the Defendant. (a true and correct copy of the letter is attached hereto as Exhibit "L")

In response on Tuesday, October 16, 2018 the Defendant sent a letter refusing to telephonically Meet and Confer with Counsel on the 17th. Rather than propose another date Defendant stated she would place her objections in writing on the 18th. Defendant did not agree to any day or time for a telephonic communication. Defendant instead lectured Counsel for the Plaintiff on the proper way to set up a telephonic communication. Additionally, Defendant referred to Counsel for the Plaintiff 10 times in her letter as a Lier. (a true and correct copy of the letter is attached hereto as Exhibit "M")

The Plaintiff sent a response advising the Defendant of the effect of her refusal to telephonically meet and confer within the Court's required deadline with the added 5-day extension and advised the Defendant that appropriate Motions would be filed. (a true and correct copy of this letter is attached hereto as Exhibit "N"

### 3. It is Not the Duty of the Plaintiff to Educate a Pro Se Litigant. Nor is the Duty of the Plaintiff to Extend Additional time for a

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

***Telephonic Meet and Confer. Yet Plaintiff Did So. However, The Plaintiff is Not Required to Further Extend The Period for a Telephonic Meet and Confer Session After Being Repeatedly Insulted by the Defendant. Hence, the Plaintiff Submits this Motion Under Local Rule 37-2.4***

Local Rule 37-2.4 Failure to File a Stipulation

The Court will not consider any discovery motion in the absence of a joint stipulation or a declaration from counsel for the moving party establishing that opposing counsel (a) failed to confer in a timely manner in accordance with L.R. 37-1; (b) failed to provide the opposing party's portion of the joint stipulation in a timely manner in accordance with L.R. 37-2.2; or (c) refused to sign and return the joint stipulation after the opposing party's portion was added. If such declaration accompanies the motion, then L.R. 6-1, 7-9 and 7-10 apply.

Here as the Defendant refused a telephonic meeting of Counsel within the required 10 days under Local Rule 37-1 and thereafter refused a telephonic meeting of Counsel within an additional 5 days and for the other reasons stated herein, Plaintiff files the attached Declaration of William D. Goldstein stating the circumstances for the failure of the Parties to file a Joint Stipulation.

### *4. Request for Sanctions Under FRCP Rule 37(b)(5)*

(A)   If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

(iii) other circumstances make an award of expenses unjust.

Here the Defendant refused to participate in a telephonic Meet and Confer nor provide the Plaintiff with her legal objections to the Discovery Requests. This then requires the filing of a Declaration by Counsel under Local Rule 37-2.4

As discussed in the Declaration of William D. Goldstein, Counsel for the Plaintiff spent in excess of 6 hours researching and drafting this Notice of Motion and Motion as well as the accompanying Notice of Motion and Motion to Deem Requests for Admission Admitted or in the Alternative Compel Responses Without Objection., Compiling the Exhibits and Preparing the attached Declaration. As is discussed in said Declaration, Counsel charges his client, Runway TV, LLC at the rate of $350.00 per hour. Hence, Defendant seeks $2,100.00 in sanctions equivalent to its costs in filing these Motions.

Plaintiff understands that the Courts generally give the benefit of the Doubt to Pro Se litigants. This Defendant has repeatedly violated the Local Rules, FRCP and the direct Orders of the Court. Nevertheless, this Defendant has never been sanctioned. This Defendant has repeatedly been advised of what her legal responsibilities are regarding Discovery Responses, yet she not only disputes these and refuses to comply but instead insults Counsel and threatens him with claims of harassment. Plaintiff has nevertheless, been required to shoulder the expense of opposing the Defendants last 4 Motions and now is required to file 2 Motions filed related to Discovery. Enough should be enough. This Defendant should be sanctioned.

### 5. *Conclusion*

For the reasons set forth herein plaintiff, Runway TV, LLC hereby requests that this Court grant under FRCP 34 the Plaintiff's Motion Compelling Responses without Objection to the Plaintiffs Request for Identification and Production of Documents and Things (Set 1).

Additionally, Plaintiff requests that this Court sanction this Defendant under $2,100 under FRCP Rule 37(5)(A).

Respectfully submitted,

DATED: October 17, 2018                    LAW OFFICES OF WILLIAM D. GOLDSTEIN

By: _____

William D. Goldstein

Attorney for RUNWAY TV, LLC.

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

## DECLARATION OF WILLIAM D. GOLDSTEIN

I, William D. Goldstein, hereby declare:

1.     I am a resident of Los Angeles County of the state of California.

2.     I am an attorney at law, duly licensed to practice in the State of California and a member in good standing of the Bar of this Court. I am counsel for Plaintiff RUNWAY TV, LLC., herein.

3.     I have personal knowledge of the following facts and if called as a witness I could and would testify competently thereto.

4.     On October 1, 2018 I advised by letter the Defendant that her responses to Discovery were overdue and that in accordance with FRCP Rule 36 the Requests for Admission were, by law, Deemed Admitted. This letter additionally asked if it was the intent of the Defendant to provide any Responses. (a true and correct copy of this letter is attached hereto as Exhibit "B")

5.     In response the Defendant stated she would not participate in a Meet and Confer until this Court had ruled on her Motion for a protective order (a true and correct copy of this letter is attached hereto as Exhibit "C")

6.     Plaintiff responded to this letter immediately. Stating, "Again, I ask you if you intend to respond to the discovery? And if so, when? Do you have any legally based objections to specific discovery requests? If so, please enumerate them within the specific grounds of FRCP Rule 34, the Federal Rules of Evidence and the instructions included with the requests (a true and correct copy of this letter is attached hereto as Exhibit "D").

7.     Defendant responded that she would follow the Court's orders and take action accordingly. That "All my objections disagreements, evidence of your abusive actions described in Motion to Dismiss, Motion for Protective Order, and Motion for Sanctions." (a true and correct copy of the letter is attached hereto as Exhibit "E")

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

8.      In a letter sent by Email on October 2, 2018, Plaintiff stated: "In accordance with the Local Rule 37-1, I would like to schedule a telephonic Meet and Confer prior to the filing of any Discovery Motions. I am willing to call you at any time between 6:00AM and 6:00PM California time (GMT-8). The purpose of the call is to discuss, as referenced in my Email of yesterday, any legally based objections to specific discovery requests."

9.      As to the Defendants statement of the previous day on her objections Plaintiff said, "To date, you have not referenced any specific issues related to discovery. Rather you have said your objections were "disagreements, evidence, abusive actions and motion for sanctions." These are not maters for discovery objections nor are they specific to any individual Discovery Request. As stated in my previous Emailed letters, we are required to participate in a meaningful, legal objection based and respectful Meet and Confer processes." Additionally, Plaintiff stated: "Please advise me ASAP when we can have this phone discussion within the next 10 days." (a true and correct copy of this letter is attached hereto as Exhibit "F")

10.     The following day the Defendant responded in part: "I formally inform you that you are raising HARRASMENT issue ones again. I already responded you 3 times about discovery – we'll proceed with discovery AFTER OCTOBER 18, 2018. Discovery usually conducted and follows Court Order about HOW DISCOVERY SHOULD BE MADE. THIS IS ACCORDING TO FEDERAL RULES. If you'll continue harassment, I'll be obliged to submit your harassing and intimidating letters in ADDEMDUM in corresponding Motions." Defendant also reiterated her claim that her objections were inclusive in her Motion filings (a true and correct copy of this letter is attached hereto as Exhibit "G"

11.     On October 3, 2018 the Plaintiff responded: "Please be aware that your having filed 3 motion in the past month does not relieve you of your

responsibilities under the FRCP and Local Rules. As such, in accordance with the Local Rule 37-1, I would like to schedule a telephonic Meet and Confer no later than October 12, 2018 as discussed in my letter yesterday. I am willing to call you at any time between 6:00AM and 6:00PM California time (GMT-8). The purpose of the call is to discuss any legally based objections to specific discovery equests." (a true and correct copy of this letter is attached hereto as Exhibit "H").

12.    Despite the Plaintiff's attempts to conform to Local Rule 37-1 the Defendant responded with the same claim of harassment and that her discovery objections had already been stated. Defendant concluded this letter with a warning that "Ones again I'm giving you last WARNING – you next letter, together with all 6 previous letter will be filed like ADENDUMS to appropriate Motions as a display of HARRASMENT issue."

13.    Plaintiff responded in part: " A Meet and Confer letter is not harassment. The FRCP and Local rules do not grant an extension for discovery responses when Motions are pending unless ordered by the Court. The Local Rules require that I attempt to set up a telephonic Meet and Confer related to Discovery issues. If one is not allowed by a party after 10 days I am entitled to file the appropriate Motion." Additionally, Plaintiff stated: "If it is your choice to wait till your Motions filed in violation of the FRCP, Local Rules and Orders of this Court to be heard, rather than Meet & Confer, that is your choice. That said, expect a Motion to Compel and Request for Sanctions in full compliance with Local Rule 37-1 on the 17th of the Month or sooner if the Motion is Denied in chambers." (a true and correct copy of this letter is attached hereto as Exhibit "I")

14.    On October 12, 2018, after this Courts ruling denying the Defendants Motion for a Protective Order the Plaintiff sent another Meet and Confer letter which in part stated: "I again request that you state with specificity and in writing any legal objections you have with any specific Discovery Request and that you provide me a day and time prior to Wednesday October 17, 2018 (that is an

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

extension of 5 days beyond the legal requirement) to discuss any legal objections to specific Requests. I am willing to call you at any time between 6:00AM and 6:00PM California time (GMT-8). Remember, the purpose of the call is to discuss, as referenced in my 6 previous Emails, any legally based objections to specific discovery requests." (a true and correct copy of this letter is attached hereto as Exhibit "J")

15.    On Monday, October 15, 2018 the Defendant responded that she was available Monday thru Friday between 9:00 AM and 6:00 PM Paris time. She also requested that Plaintiff "specify "legal objection based and respectful Meet and Confer processes" As it is not clear to me. Definition would be much appreciated. Again, I encourage you to read my Motion for protective Order, as all disagreements listed there, as I said to you every time in my 5 emails." (a true and correct copy of the letter is attached hereto as Exhibit "K")

16.    That same day Plaintiff responded setting Wednesday, October 17, 2018 (the last permissible date under the 5-day extension) for a telephonic Meet and Confer. This would allow 2 days for the Defendant to draft her objections prior to the scheduled phone call and was specified at 4:00 PM Paris time to comply with the date and time requirements set by the Defendant. In response to what was meant by a "legal objection based and respectful Meet and Confer processes" Plaintiff stated: "It is not my place, nor is there time, for me to provide you an education as to proper Legal Objections to Discovery Requests as you have requested. You have had the requests for over 6 weeks. I would strongly suggest you research the matter quickly and return your objections specific to each of the Document Requests prior to the scheduled conversation." Additionally, Plaintiff provided an example of an objection for an **Irrelevant** request in legal language as an example to assist the Defendant. (a true and correct copy of the letter is attached hereto as Exhibit "L")

17.     In response on Tuesday, October 16, 2018 the Defendant sent a letter refusing to telephonically Meet and Confer with Counsel on the 17th. Rather than propose another date Defendant stated she would place her objections in writing on the 18th. Defendant did not agree to any day or time for a telephonic communication. Defendant instead lectured Counsel for the Plaintiff on the proper way to set up a telephonic communication. Additionally, Defendant referred to Counsel for the Plaintiff 10 times in her letter as a Lier. (a true and correct copy of the letter is attached hereto as Exhibit "M")

18.     The Plaintiff sent a response advising the Defendant of the effect of her refusal to telephonically meet and confer within the Court's required deadline with the added 5-day extension and advised the Defendant that appropriate Motions would be filed. (a true and correct copy of this letter is attached hereto as Exhibit "N"

19.     I have spent in excess of 6 hours preparing this Notice of Motion and Motion along with the accompanying Motion to Deem Requests for Admission Admitted.

20.      I currently charge my client Runway TV, LLC at the rate of $350.00 per hour which is commensurate with the amount charged by other attorneys with my education and experience located in West Los Angeles.

21.     Plaintiff therefore seek sanctions in the amount of $2,100.00 to compensate it for the attorney fees the Plaintiff has paid to file this Discovery Motion.

        I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

 Executed on October 16, 2018 at Los Angeles, California.


                                        _____
                                        WILLIAM D. GOLDSTEIN, Declarant

Exhibit "A"

Law Offices of William D. Goldstein
William D. Goldstein (SBN. 279723)
4030 Sawtelle Blvd.
Los Angeles, CA 90066-5408
Phone: (310) 437-0108
Facsimile: (323) 372-3589
Email: wdgoldstein@wdgoldstein.com

Attorney for PLAINTIFF, RUNWAY TV, LLC.


UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA


RUNWAY TV, LLC., A Delaware Limited       )    Case NO.: 2:18-CV-02503-FMO (JCx)
                                          )
Liability Company                         )    PLAINTIFF'S REQUESTS FOR THE
                                          )    IDENTIFICATION AND PRODUCTION
              Plaintiff,                   )    OF DOCUMENTS AND THINGS
                                          )
       vs.                                )    (Set 1)
                                          )
EURL ELEONORA DE GRAY, a French           )
                                          )
Company; ELEONORA DE GRAY                 )
                                          )
 aka ELEONORA CHRISTENSEN, A French       )
                                          )
citizen And DOES 1-10, INCLUSIVE,         )
                                          )
              Defendants.                 )
                                          )
_                                         )

- 1 -

Pursuant to Federal Rules of Civil Procedure 34,  Plaintiff  RUNWAY TV, LLC. ("Plaintiff" or "Propounding Party") requests that Defendant ELEONORA DE GRAY ("Defendant" or "Responding Party") respond in writing under oath, within thirty (30) days from the date of service hereof to each of the following requests; and produce the documents and things designated in the categories below at the law office of William D. Goldstein, 4030 Sawtelle Blvd., Los Angeles, California  90066-5408 or via Email to wdgoldstein@wdgoldstein.com.

## **INSTRUCTIONS**

1.      Unless otherwise specified, the documents called for by these document requests are documents in your possession, custody or control that were applicable, effective, prepared, written, generated, sent, dated, or received at any time since January 1, 2013till the date the responses are served. You are not required to produce Documents that have been produced previously by Defendant in response to Rule 26 initial disclosures.

2.      Unless otherwise specified, the documents called for by these document requests are limited in scope to those responsive documents relating to supplying, manufacturing, distributing, selling, or advertising or promoting products in the United States and France or relating to the RUNWAY™ or RUNWAY MAGAZINE™. For any paragraph that requests documents relating to supplying, manufacturing, distributing, selling, or advertising or promoting products in any country other than the United States and France, the documents called for include all documents in your possession, custody or control maintained in both the United States or in any other country.

3.      Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

4.      All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive

PLAINTIFF'S REQUESTS FOR THE IDENTIFICATION AND PRODUCTION OF DOCUMENTS AND THINGS

to more than one paragraph or are identical except for the person to whom it is addressed if you indicate the persons or group of persons to whom such documents were distributed. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with Defendant's name and the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

5.      In producing documents consisting of electronically stored data said documents are to be either printed or produced in Adobe's Portable Data Format (PDF).

6.      For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

7.      For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

8.      In responding to any document request that calls for documents relating to "any person," or "each person," include information or documents relating to you or your company, if applicable.

9.      Each document that is written in whole or in part in any language other than English or that contains any marginal notations in such a language must be accompanied by a certified verbatim English language translation, and all existing English language versions, of all such writings and notations.

PLAINTIFF'S REQUESTS FOR THE IDENTIFICATION AND PRODUCTION OF DOCUMENTS AND THINGS

10.     For ease of transport all documents may be converted to Adobe's Portable Data Format (PDF) files.  Please place the documents called for by each paragraph (Request) in a separate file or folder marked with Defendant's name and the paragraph (Request) to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

## DEFINITIONS

Words in CAPITALS in these Requests for Production are defined as follows:

1.     The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing.

2.     The term "PERSON" or "PERSONS" shall mean, without limitation, human beings, associations, organizations, companies (including ELEONORA DE GRAY), corporations, partnerships, joint ventures, and other legal entities, and the actions of a person shall include the actions of the person's predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other person or entity acting or purporting to act on behalf of any of the foregoing.

3.     As used herein, the term "RELATED TO", "RELATING TO" or "CONCERNING" including any and all grammatical derivations thereof, shall mean directly or indirectly referring to, alluding to, responding to, pertaining to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, memorializing, reflecting, analyzing, constituting, evidencing, modifying, or pertaining to the matters at issue.

4.     As used herein, the term "COMMUNICATIONS" shall mean and refer to all forms of communication, whether oral or written, including, without limitation, face to face conversations, telephone conversations, letters, emails, facsimiles, voice mails, text messages, instant messages, and any DOCUMENTS (as defined below) exchanged.

5.      As used herein, the term "DOCUMENT" or "DOCUMENTS" means and refers to all "documents" and other items identified and includes any reduction to tangible form, including computer or magnetic memory or storage, of communications, information, or data, including any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, and including originals, drafts, and non-identical copies, wherever located. This term includes, but is not limited to, letters, books, contracts, agreements, correspondence, computer tapes, computer disks, printouts, keypunch cards, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, telecopies, facsimile reproductions or "faxes", factual compilations, electronic data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks, ledgers, catalogs, brochures, pamphlets, press releases, advertisements, invoices, minutes, calendars, photographs, microfilm, microfiche, films, personnel files, quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings, transcriptions, lab notebooks, published materials and things similar to the foregoing. This definition applies to all DOCUMENTS on the particular subject in your possession, custody, or control, or that of your attorneys, agents, employees, officers, directors, or representatives, irrespective of who generated, prepared, or signed the DOCUMENTS.

6.      The term DOCUMENT includes "ELECTRONIC DATA," which means the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of attached comments, hidden text, annotations, marks, transmission information, or alteration of any kind) of information of any kind stored in electronic, magnetic, optical, magneto-optical or digital form. ELECTRONIC DATA includes, but is not limited to, originals and all copies of electronic mail (commonly referred to as "e-mail"); activity listings of electronic mail receipts and/or transmittals; audio or video recordings of any kind; computer programs (whether private, commercial or a work-in-progress); programming notes or instructions; output resulting from the use of any software programs, including word processing DOCUMENTS, spreadsheets, database files, charts, graphs, outlines,

drawings or data; voicemail; operating systems; source code of all types; PIF files; batch files; ASCII files; and all miscellaneous electronic files and/or file fragments regardless of the media on which they are stored and regardless of whether the data reside in an active file, or file fragment. ELECTRONIC DATA further includes without limitation any and all information stored in hard disks, floppy disks, CD-ROM disks, Bernoulli disks and their equivalents, magnetic tapes of all kind and computer chips. ELECTRONIC DATA also includes the file folder tabs, containers or labels appended to any storage device containing ELECTRONIC DATA.

7.   As used herein, the term "ALL DOCUMENTS" means every DOCUMENT as above defined known to YOU and within YOUR possession, custody, or control.

8.   As used herein, the terms "and" and "or" are to be construed both conjunctively and disjunctively as necessary to make these Requests inclusive rather than exclusive.  The singular form or a noun or pronoun includes the plural form and vice versa.

9.   The term "RUNWAY MAGAZINE" means and refers to the print or electronic version of the magazine published by EURL ELEONORA DE GRAY.

## REQUEST FOR THE IDENTIFICATION  AND PRODUCTION OF DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1:

A copy of each issue of RUNWAY MAGAZINE published by EURL ELEONORA DE GRAY and/or ELEONORA DE GRAY (as described in item 10 of the instructions each magazine requested herein can be produced in Adobe's Portable Data Format (PDF).) If Publication in English is not available, the French version of the magazine may be produced without English translation.

REQUEST FOR PRODUCTION NO. 2:

All COMMUNICATIONS between YOU and any party at Runway Magazine, Inc. between January 1, 2012 and the date of response to this request

REQUEST FOR PRODUCTION NO. 3:

All COMMUNICATIONS between YOU and Vincent Mazzotta between January 1, 2012 and the date of response to this request.

REQUEST FOR PRODUCTION NO. 4:

All COMMUNICATIONS between YOU and James Buccelli between January 1, 2012 and the date of response to this request.

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING YOUR application for the Trademark "RUNWAY MAGAZINE" either to the French Government or internationally.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING the Articles of Incorporation (or the French equivalent thereof) for EURL ELEONORA DE GRAY.

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING any "Partners" of  EURL ELEONORA DE GRAY and/or YOU in the United States referenced in your Answer to the First Amended Complaint (inclusive of, but not limited to, Emails, Contracts, Agreements and proposals between YOU and /or EURL ELEONORA DE GRAY with said partners.)

REQUEST FOR PRODUCTION NO. 8:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING your signing of the Licensing Agreement effective April 1, 2014 between YOU and Runway Beauty, Inc.

REQUEST FOR PRODUCTION NO. 9:

All COMMUNICATIONS between YOU and any third party in which Vincent Mazzotta is mentioned, between January 1, 2012 and the date of response to this request.

REQUEST FOR PRODUCTION NO. 10:

All COMMUNICATIONS between YOU and any third party in which James Buccelli is mentioned, between January 1, 2012 and the date of response to this request.

REQUEST FOR PRODUCTION NO. 11:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING the shipment of RUNWAY MAGAZINE to vendors, distributors and/or wholesalers between January 1, 2012 and the date of response to this request.

REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING COMMUNICATIONS between YOU and vendors of RUNWAY MAGAZINE RELATED TO, RELATING TO or CONCERNING the RUNWAY™ held by Runway TV, LLC between January 1, 2012 and the date of response to this request.

REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING COMMUNICATIONS between YOU and GOOGLE, Inc (inclusive of their online Store) concerning the RUNWAY™ held by Runway TV, LLC between January 1, 2012 and the date of response to this request.

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING COMMUNICATIONS between YOU and APPLE, Inc. (inclusive of their online store) concerning the RUNWAY™ held by Runway TV, LLC between January 1, 2012 and the date of response to this request.

Dated: August 28, 2018

Law Offices of William D. Goldstein

William D. Goldstein

**PROOF OF SERVICE**

I, the undersigned, declare as follows:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years, and not a party to the within action. I am an employee of or agent for LAW OFFICES OF WILLIAM D. GOLDSTEIN, whose business address is 4030 Sawtelle Blvd., Los Angeles, CA 90066.

On **August 28, 2018** I served the foregoing document(s): PLAINTIFF'S REQUESTS FOR ADMISSION TO ELEONORA DE GRAY, PLAINTIFF'S REQUESTS FOR THE IDENTIFICATION AND PRODUCTION OF DOCUMENTS AND THINGS to the following party(ies) in this action addressed as follows:

| Elenora de Gray/EURL Elenora de Gray<br>infodegray@gmail.com | Elenora de Gray/EURL Elenora de Gray<br>23/25 Rue Jean Jacques<br>Rousseau, 75001 Paris, France |
| --- | --- |

❏ *(BY MAIL)* I caused a true copy of each document, placed in a sealed envelope with postage fully paid, to be placed in the United States mail at Los Angeles, California. I am "readily familiar" with this firm's business practice for collection and processing of mail, that in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service on that same day. *I* understand that the service shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

❏ *(BY PERSONAL SERVICE)* I caused to be delivered each such document by hand to each addressee above.

❏ *(BY CERTIFIED MAIL – CCP §1020, et seq.)* I caused said document(s) to be deposited with the United States Mail, postage prepaid, return receipt requested, signed by addressee that said documents were received.

❏ *(BY OVERNIGHT DELIVERY)* I caused a true copy of each document, placed in a sealed envelope with delivery fees provided for, to be deposited in a box regularly maintained by U.S. Postal Service (USPS). I am readily familiar with this firm's practice for collection and processing of documents for overnight delivery and know that in the ordinary course of business practice the document(s) described above will be deposited in a box or other facility regularly maintained by USPS or delivered to a courier or driver authorized by USPS to receive documents on the same date it is placed for collection.

❏ *(BY FACSIMILE)* By use of facsimile machine number (323) 372-3589, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

☒ *(BY ELECTRONIC SERVICE)* Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at their electronic notification addresses. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on **August 28, 2018,** in Los Angeles, CA. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

William D. Goldstein

Exhibit "B"

LAW OFFICES OF

### WILLIAM D. GOLDSTEIN

4030 Sawtelle Blvd.
LOS ANGELES, CALIFORNIA 90066
TELEPHONE: (310) 437-0108
FACSIMILE: (323) 372-3589

E-MAIL: WDGOLDSTEIN@WDGOLDSTEIN.COM

October 1, 2018

MEET AND CONFER LETTER

ELEONORA DE GRAY                                    Via Email: infodegray@gmail.com
OFFICIAL RUNWAY MAGAZINE
23-25, rue Jean Jacques Rousseau
75001 Paris, France

Dear Ms. De Gray:

Your Discovery responses are past due. This letter is intended to conform with both the FRCP and Local Rule 37-1 related to the required Meet and Confer process prior to the filing of Motions to Compel, et al under FRCP Rule 37.

Please be aware that as pertains to the Requests for Admission served August 28, 2018, pursuant to Federal Rules of Civil Procedure 36, and as noted in the first instruction included with the requests, "Each matter is admitted unless, within 30 days after service of this Request, DE GRAY serves a written answer or objection addressed to the matter, signed by DE GRAY." As no responses at all have been received these, requests are heretofore deemed admitted.

Please advise this office as soon as is possible, if it is your intent to provide responses to the Plaintiff's Requests for the Identification and Production of Documents and Things as served upon you pursuant to Federal Rules of Civil Procedure 34.

While I am aware that you have filed a Motion for a Protective Order related to these discovery requests, please be aware that once said Motion is denied, it is the intent for this office to file the appropriate Motions under FRCP Rule 37 requesting responses without objection and sanctions, unless you engage in a meaningful, legal objection based and respectful Meet and Confer processes at this time.

Nothing herein is a waiver of any of my client's rights, all of which are expressly reserved herein.

Sincerely:

William D. Goldstein
Attorney for Runway TV, LLC

Exhibit "C"



ELEONORA DE GRAY
OFFICIAL RUNWAY MAGAZINE
23/25 RUE JEAN JACQUES ROUSSEAU
75001 PARIS, FRANCE
INFODEGRAY@GMAIL.COM
www.RUNWAYMAGAZINES.com

Law Offices of Willian D. Goldstein
William D. Goldstein (SBN. 279723)
4030 Sawtelle Blvd.
Los Angeles, CA 90066-5408

October 1st, 2018

Mr Goldstein,
The purpose of your letter addressed to me isn't very clear. What exactly you are requesting? And what information you'd like to have "as soon as possible"?
I filed Motion for protective Order to the Court in September 17, 2018.
I filed Motion to Dismiss for insufficient service September 11, 2018.
The Court didn't decide these motions yet. Please consult the scheduled events for these motions.
So nothing has been "deemed admitted", and nothing will be send to you, as Motion for protective order has been filed before 28 days time period has expired according to FRCP.

Please note that your request for admission and request for production documents and things, additionally with my motion for protective order has been submitted to LAPD to the case of Mr Buccelli, to who you refer as partner of your client. And based on this information you requested my copyrighted materials and confidential contracts of partners and distribution. This information also has

been provided to LAPD. If LAPD finds it necessary to investigate involvement of your client into activities of Mr Buccelli you'll be contacted by LAPD Detective investigating this case.


October 1st, 2018
Paris, France


Eleonora de Gray

Exhibit "D"

LAW OFFICES OF
**WILLIAM D. GOLDSTEIN**
4030 Sawtelle Blvd.
LOS ANGELES, CALIFORNIA 90066
TELEPHONE: (310) 437-0108
FACSIMILE: (323) 372-3589

E-MAIL: WDGOLDSTEIN@WDGOLDSTEIN.COM

October 1, 2018

MEET AND CONFER LETTER

ELEONORA DE GRAY                                    Via Email: infodegray@gmail.com
OFFICIAL RUNWAY MAGAZINE
23-25, rue Jean Jacques Rousseau
75001 Paris, France

Dear Ms. De Gray:

    The purpose of a Meet & Confer is to attempt to resolve differences and avoid the Courts participation in discovery. As such, since I have received no response to date, I have asked if it is your intention to respond to the discovery served.

    As to your Motions, they were both filed with a total disregard to the FRCP and Local Rules, not to mention the Judges order as to a second Motion to Dismiss, I would suggest you do not hold your breath while you await their being granted. These issues were pointed out in the respective oppositions.

    Once a ruling is obtained on the Protective order, I do not believe that the Court will grant you additional time to respond, hence any responses will be late. Again, I ask you if you intend to respond to the discovery? And if so, when? Do you have any legally based objections to specific discovery requests? If so, please enumerate them within the specific grounds of FRCP Rule 34, the Federal Rules of Evidence and the instructions included with the requests.

    Nothing herein is a waiver of any of my client's rights, all of which are expressly reserved herein.

Sincerely,

William D. Goldstein
Attorney for Runway TV, LLC

Exhibit "E"



ELEONORA DE GRAY
OFFICIAL RUNWAY MAGAZINE
23/25 RUE JEAN JACQUES ROUSSEAU
75001 PARIS, FRANCE
INFODEGRAY@GMAIL.COM
www.RUNWAYMAGAZINES.com

Law Offices of Willian D. Goldstein
William D. Goldstein (SBN. 279723)
4030 Sawtelle Blvd.
Los Angeles, CA 90066-5408

October 1st, 2018

Mr Goldstein,
I already understood that you are ruling for the Court on your own. Although Court doesn't decide
motions based on "grammar" errors, but based on provided evidence and material facts.
Personally I'll follow the Court Orders, and take my actions accordingly. All my objections,
disagreements, evidence of your abusive actions described in Motion to Dismiss, Motion for Protective
Order, and Motion for Sanctions.

October 1st, 2018
Paris, France

Eleonora de Gray

Exhibit "F"

LAW OFFICES OF

**WILLIAM D. GOLDSTEIN**

4030 Sawtelle Blvd.
LOS ANGELES, CALIFORNIA 90066
TELEPHONE: (310) 437-0108
FACSIMILE: (323) 372-3589

E-MAIL: WDGOLDSTEIN@WDGOLDSTEIN.COM

October 1, 2018

MEET AND CONFER LETTER

ELEONORA DE GRAY                              Via Email: infodegray@gmail.com
OFFICIAL RUNWAY MAGAZINE
23-25, rue Jean Jacques Rousseau
75001 Paris, France

Dear Ms. De Gray:

I would hope that you will follow the rulings of the Court. That said the FRCP rules 34 & 36 are specific to what an objection must contain, and the Federal Rules of Evidence specify what is objectionable and the bases for said objections. Your opinion of what you consider your objections, disagreements, evidence, abusive actions and motion for sanctions are not based in law and are not grounds for objections.

The purpose of a Meet and Confer process is to work out differences between ourselves and not take up the Courts time with them. That said, objections must be specific to individual requests and be based on the Federal Rules of Evidence and comport with the requirements of Rule 34 and 36 respectivly.

It is not my place or duty to instruct you in the law. I am however, required to Meet and Confer based on legal principals specific to each request, if you are a willing participant. Are you willing to do so?

Nothing herein is a waiver of any of my client's rights, all of which are expressly reserved herein.

Sincerely:

William D. Goldstein
Attorney for Runway TV, LLC

Exhibit "G"



ELEONORA DE GRAY
OFFICIAL RUNWAY MAGAZINE
23/25 RUE JEAN JACQUES ROUSSEAU
75001 PARIS, FRANCE
INFODEGRAY@GMAIL.COM
www.RUNWAYMAGAZINES.com


Law Offices of Willian D. Goldstein
William D. Goldstein (SBN. 279723)
4030 Sawtelle Blvd.
Los Angeles, CA 90066-5408

October 3, 2018


Mr Goldstein,
I formally inform you that you are raising HARRASMENT issue ones again. I already responded you 3
times about discovery – we'll proceed with discovery AFTER OCTOBER 18, 2018. Discovery usually
conducted and follows Court Order about HOW DISCOVERY SHOULD BE MADE. THIS IS
ACCORDING TO FEDERAL RULES.
If you'll continue harassment I'll be obliged to submit your harassing and intimidating letters in
ADDEMDUM in corresponding Motions.

ONES AGAIN all specific issues related to discovery and disagreements listed in Motion for Protective
Order. It is on English. Please let me know if I need to translate it for you to any other language.

October 3, 2018
Paris, France

Eleonora de Gray

Exhibit "H"

LAW OFFICES OF
**WILLIAM D. GOLDSTEIN**
4030 Sawtelle Blvd.
LOS ANGELES, CALIFORNIA 90066
TELEPHONE: (310) 437-0108
FACSIMILE: (323) 372-3589

E-MAIL: WDGOLDSTEIN@WDGOLDSTEIN.COM

October 3, 2018

MEET AND CONFER LETTER

ELEONORA DE GRAY                                     Via Email: infodegray@gmail.com
OFFICIAL RUNWAY MAGAZINE
23-25, rue Jean Jacques Rousseau
75001 Paris, France

Dear Ms. De Gray:

Please be aware that your having filed 3 motion in the past month does not relieve you of your responsibilities under the FRCP and Local Rules. As such, in accordance with the Local Rule 37-1, I would like to schedule a telephonic Meet and Confer no later than October 12, 2018 as discussed in my letter yesterday. I am willing to call you at any time between 6:00AM and 6:00PM California time (GMT-8). The purpose of the call is to discuss any legally based objections to specific discovery requests.

To date, you have not referenced any specific issues related to discovery. Rather you have said your objections were "disagreements, evidence, abusive actions and motion for sanctions." These are not maters for discovery objections nor are they specific to any individual Discovery Request. As stated in my previous Emailed letters, we are required to participate in a meaningful, legal objection based and respectful Meet and Confer processes.

This call is NOT to discuss our mutual beliefs and arguments related to the Complaint or other Pleadings or Filings. It is specific to legally based objections to any individual discovery requests.

Nothing herein is a waiver of any of my client's rights, all of which are expressly reserved herein.

Sincerely:

William D. Goldstein
Attorney for Runway TV, LLC

Exhibit "I"



ELEONORA DE GRAY
OFFICIAL RUNWAY MAGAZINE
23/25 RUE JEAN JACQUES ROUSSEAU
75001 PARIS, FRANCE
INFODEGRAY@GMAIL.COM
www.RUNWAYMAGAZINES.com


Law Offices of Willian D. Goldstein
William D. Goldstein (SBN. 279723)
4030 Sawtelle Blvd.
Los Angeles, CA 90066-5408


October 4, 2018


Mr Goldstein,
Harassment issue raises when you are continue during 2 days in 6 letters to send the same demand, even when you demand about Meet and Confer has already answered 3 times. This is a 4th time for you: YES, I'M WAITING FOR THE COURT ORDERS, YES, I ACT ACCORDINGLY, AT THE PRESENT TIME COURT DIDN'T GIVE ANY INSTRUCTIONS HOW DISCOVERY SHOULD BE MADE, MOTION TO DISMISS AND MOTION FOR PROTECTIVE ORDER ARE PENDING. You can't start discovery as you did without specific Court Order. Sending 6 letters with the same demand is HARRASMENT. Please consult definition of HARRASMENT.
ONES AGAIN I FORMALLY INFORM YOU THAT YOU RAISED HARRASMENT ISSUE BY SENDING ME 6 EMAILS DURING 2 DAYS WITH DEMADS AFTER YOU RECEIVED MY ANSWER.
My Motion for Protective Order specifies each and every issue with the requests you sent to me, point

by point. If you read it – it might help.

Concerning my Motions. I don't see any violation of Court Order in filing any of my Motion or Federal Rules. I, Eleonora de Gray, Pro Per filed an Answer and 3 Motions, EURL ELEONORA DE GRAY has never entered into the process, as not me nor my company has been served properly.

I'm glad that you insured yourself that my Motions will be denied based on number of pages or requests to the Court to give me the date for the hearing. Although there's no reference you can find about that Court denied motions because of that (talking about RIDICULOUS), with disregard to presented evidence and material facts. Per say, these are not even minor violations – simply, no violations at all. It is not very clear what exactly you are talking about. So prepare yourself for the BIG SURPRISE.

Ones again I'm giving you last WARNING – you next letter, together with all 6 previous letter will be filed like ADENDUMS to appropriate Motions as a display of HARRASMENT issue.

October 4, 2018
Paris, France

Eleonora de Gray

Exhibit "J"

LAW OFFICES OF

**WILLIAM D. GOLDSTEIN**

4030 Sawtelle Blvd.
LOS ANGELES, CALIFORNIA 90066
TELEPHONE: (310) 437-0108
FACSIMILE: (323) 372-3589

E-MAIL: WDGOLDSTEIN@WDGOLDSTEIN.COM

October 3, 2018

MEET AND CONFER LETTER

ELEONORA DE GRAY                           Via Email: infodegray@gmail.com
OFFICIAL RUNWAY MAGAZINE
23-25, rue Jean Jacques Rousseau
75001 Paris, France

Dear Ms. De Gray:

A Meet and Confer letter is not harassment. The FRCP and Local rules do not grant an extension for discovery responses when Motions are pending unless ordered by the Court. The Local Rules require that I attempt to set up a telephonic Meet and Confer related to Discovery issues. If one is not allowed by a party after 10 days I am entitled to file the appropriate Motion.

Your Motion for a Protective order does not specify any single discovery request or issue along with your specific legal objection. I have stated this numerous times. I have advised you where to look for acceptable objections and where to look for the specific requirements for objections. This is much more than I am required to do and did so only out of a sense of fair play as you are not an attorney.

If it is your choice to wait till your Motions filed in violation of the FRCP, Local Rules and Orders of this Court to be heard, rather than Meet & Confer, that is your choice. That said, expect a Motion to Compel and Request for Sanctions in full compliance with Local Rule 37-1 on the 17th of the Month or sooner if the Motion is Denied in chambers.

Nothing herein is a waiver of any of my client's rights, all of which are expressly reserved herein.

Sincerely:

William D. Goldstein
Attorney for Runway TV, LLC

Exhibit "K"

October 2, 2018

MEET AND CONFER LETTER


ELEONORA DE GRAY                                        Via Email: infodegray@gmail.com
OFFICIAL RUNWAY MAGAZINE
23-25, rue Jean Jacques Rousseau
75001 Paris, France

Dear Ms. De Gray:

Your Motion for a Protective Order has been denied for the specific reasons stated in my opposition. I enclose a copy for your immediate and hopefully careful reading. Of particular note included in the ruling is a repetition for the Judges initial order in this case:

"Meanwhile, on April 16, 2018, the District Judge issued an Order Setting Scheduling Conference ("April Order") which, among other things: (1) notified the parties that "[t]he court allows discovery to commence as soon as the first answer or motion to dismiss is filed[,]" and that "**discovery shall not be stayed** while any motion is pending, including any motion to dismiss and/or motion for protective order"; and (2) directed the parties to "**conduct any necessary discovery as soon as possible**[.]" (Docket No. 11, April Order at 5, ¶ 5) (emphasis in original)."

I again request that you state with specificity and in writing any legal objections you have with any specific Discovery Request and that you provide me a day and time prior to Wednesday October 17, 2018 (that is an extension of 5 days beyond the legal requirement) to discuss any legal objections to specific Requests.

I am willing to call you at any time between 6:00AM and 6:00PM California time (GMT-8). Remember, the purpose of the call is to discuss, as referenced in my 6 previous Emails, any legally based objections to specific discovery requests.

To date, you have not referenced any specific issues related to discovery. Rather you have said your objections were "disagreements, evidence, abusive actions and motion for sanctions." These are not maters for discovery objections nor are they specific to any individual Discovery Request. As stated in my previous Emailed letters, we are required to participate in a meaningful, legal objection based and respectful Meet and Confer processes.

This call is NOT to discuss our mutual beliefs and arguments related to the Complaint or other Pleadings or Filings. It is specific to legally based objections to any individual discovery requests.

Please advise me your written objection ASAP as this will greatly assist us both when we have our required phone discussion prior to October 14, 2018.

Eleonora De Gray
October 12, 2018
pg. 2


      Nothing herein is a waiver of any of my client's rights, all of which are expressly reserved herein.


Sincerely:

William D. Goldstein
Attorney for Runway TV, LLC

Exhibit "L"



ELEONORA DE GRAY
OFFICIAL RUNWAY MAGAZINE
23/25 RUE JEAN JACQUES ROUSSEAU
75001 PARIS, FRANCE
INFODEGRAY@GMAIL.COM
www.RUNWAYMAGAZINES.com

Law Offices of Willian D. Goldstein
William D. Goldstein (SBN. 279723)
4030 Sawtelle Blvd.
Los Angeles, CA 90066-5408

October 15, 2018

Mr Goldstein,
My motion for protective Order has been denied as judge didn't abusive in Meet and Confer even
Motion to Dismiss is pending, and not because I asked Court to give a date for the Motion. Although I
believe you noticed that your request has been UNJUST and denied.

PLEASE NOTE that I'm living in Paris, France, which is 9h ahead of California.
PLEASE NOTE that working time in France (as well as in USA) is
MONDAY – FRIDAY, from 9am to 6pm.
**I'm not available other time.**
PLEASE NOTE that 5 legal days EXCLUDE weekends and national holidays.

PLEASE NOTE that I responded to you for all your emails.

Additionally please specify "legal objection based and respectful Meet and Confer processes " . As it is not clear to me. Definition would be much appreciated.

Again I encourage you to read my Motion for protective Order , as all disagreements listed there, as I said to you every time in my 5 emails.

Additionally I formally ask you to SEND ME BY POST CONTRACT WITH ORIGINAL SIGNATURE OF MR MAZZOTTA, as this contract you presented to the Court, and this contract has never been send to me, and I have no original copy with signature of your client.

Address :

Eleonora de Gray

23-25 rue Jean Jacques Rousseau

75001 Paris

France

Kind regards

October 15, 2018

Paris, France

Eleonora de Gray

Exhibit "M"

October 15, 2018

MEET AND CONFER LETTER


ELEONORA DE GRAY                                    Via Email: infodegray@gmail.com
OFFICIAL RUNWAY MAGAZINE
23-25, rue Jean Jacques Rousseau
75001 Paris, France

Dear Ms. De Gray:

I will call you Wednesday afternoon (October 17, 2018)  at approximately 4:00 PM Paris time (8:00 AM Los Angeles Time). I again request that you state with specificity and in writing any legal objections you have with any specific Discovery Request to facilitate our conversation rather than have to discuss in detail each of the Document Requests on the phone. This will limit the time required to finish the call.

This call is NOT to discuss our mutual beliefs and arguments related to the Complaint or other Pleadings or Filings. It is specific to legally based objections to any individual discovery requests.

Please be aware that as pertains to the Requests for Admission served August 28, 2018, pursuant to Federal Rules of Civil Procedure 36, and as noted in the first instruction included with the requests, "Each matter is admitted unless, within 30 days after service of this Request, DE GRAY serves a written answer or objection addressed to the matter, signed by DE GRAY." As no responses at all have been received these, requests are heretofore deemed admitted. I will so move the Court.

It is not my place, nor is there time, for me to provide you an education as to proper Legal Objections to Discovery Requests as you have requested. You have had the requests for over 6 weeks. I would strongly suggest you research the matter quickly and return your objections specific to each of the Document Requests prior to the scheduled conversation.

I will, however, give you an example: Were I to request copies of each of your children's birth certificates you might object as follows.

Objection: Irrelevant. The request seeks irrelevant information. "Relevant evidence" is "Evidence having any tendency to make the existence of any fact that is of consequence to the determination of an action more probable or less probable than it would be without the evidence." FRE Rule 401; *United States v. Boulware*, 384 F.3d 794,805 (9th Cir. 2004). Here the Request has no baring on the matters at issue in this complaint. The  discovery information sought is irrelevant to the subject matter of the action and is neither (1) admissible nor (2) reasonably calculated to lead to discovery of admissible evidence. Not withstanding the stated objection, all documents in the possession, custody or control of this Defendant responsive to this document request will be provided.

Eleonora De Gray
October 15, 2018
pg. 2

As to what respectful means, you are an adult. I do not need to explain to you what being respectful to another individual in a conversation means. I will, however, assure you that should there be any name calling or accusations of impropriety, I will immediately hang up the phone. You have made a habit of calling me names and alleging I have violated ethical and legal norms in your pleadings. This is inappropriate. If you engage in this behavior on the phone, the Meet and Confer will end abruptly.

I have read carefully all of your Court filings. Not a single one poses a legal objection. Even the Judge ruling on your Motion for a Protective order was not sure what you were requesting or why. She politely stated this in her ruling, "to the extent the Motion is liberally construed to argue that De Gray should not be required to respond to the Discovery Requests…"

Generally, this is understood to mean that while the Motion does not state exactly what is wanted, the Judge believed that it was a request to avoid responding to discovery.

Further, she stated: "either because the operative First Amended Complaint assertedly lacks merit or because her Pending Motion to Dismiss assertedly has merit, such matters are not appropriate for resolution by this court..." This means that the assertions made do not apply to discovery requests.

Please provide me your written objections, specific to each Document Request prior to the time set for our telephonic Meet and Confer conference.

Nothing herein is a waiver of any of my client's rights, all of which are expressly reserved herein.

Sincerely:

William D. Goldstein
Attorney for Runway TV, LLC

Exhibit "N"

Law Offices Of

**William D. Goldstein**

4030 Sawtelle Blvd.
Los Angeles, California 90066
Telephone: (310) 437-0108
Facsimile: (323) 372-3589

E-mail: WDGOLDSTEIN@WDGOLDSTEIN.COM

October 16, 2018

MEET AND CONFER LETTER

ELEONORA DE GRAY                                     Via Email: infodegray@gmail.com
OFFICIAL RUNWAY MAGAZINE
23-25, rue Jean Jacques Rousseau
75001 Paris, France

Dear Ms. De Gray:

In my letter of  October 2, 2018 (Meet and Confer IV) I requested that we set a time for a phone call within the following 10 days. You refused. You thereafter refused the four additional requests for this Court Required Meet and Confer telephonic discussion. Yesterday (October 15, 2018) you stated you were available for this call Monday thru Friday 9:00 AM thru 6:00 PM Paris time. I am only obligated to attempt a Meet and Confer call for 10 days (till October 12, 2018). I graciously allowed a 5-day extension of that time and set a call for the 17th to allow you 2 days to assemble your objections. You have now refused to meet that deadline.

As such I am now free to file my Motion to Compel responses without objections and Motion to Deem Requests for Admissions, admitted. As was stated in the Judges scheduling order from April 16, 2018, "**discovery shall not be stayed** while any motion is pending, including any motion to dismiss and/or motion for protective order" as such the 30 days in which to respond to Requests for Admission has expired. Federal Rules of Civil Procedure 36, as noted in the first instruction included with the requests states, "Each matter is admitted unless, within 30 days after service of this Request, the Party serves a written answer or objection addressed to the matter, signed by the Party." As no responses at all have been received these, requests are heretofore deemed admitted.

By you letter it appears that you have chosen to ignore my advice to research objection to Discovery Requests. Irrelevant, is but one of over a dozen possible objections. It is not applicable to every request served by a party in Discovery. You have also not examined the Local Rules despite them being cited in many of my objections and in Court's Orders and Rulings. You have repeatedly ignored Local Rule 37-1 et. seq. related to the Meet and Confer process prior to the filing of a motion. This was one of the reasons your last 2 Motions were denied. It will also be one of the reasons your 2nd Motion to Dismiss will be denied.

Eleonora De Gray
October 16, 2018
pg. 2

Your refusal to timely provide me written objections and telephonically Meet and Confer 15 days after the written request was made, fulfills with my responsibilities under Local Rule 37-1 et. seq. prior to filing a motion.

As to the other matters in you latest letter:

All filed lawsuits in the United States are public record, unless filed under seal. I did not personally distribute a copy of the suit to anyone. If this was done it was without my knowledge or consent. I personally instruct all my clients not to discuss any suits, evidence or allegations with anyone other than myself. That said, I have no personal control of what others do.

As to your request for the original of the agreement between the parties, it is not in the proper form for a discovery request, nor would it be granted were it proper. Rather, a true and correct copy provided under penalty of perjury would be provided as required. OR, were you to serve discovery properly, you could request a specific time and date wherein you could personally or have your representative, appear at my client's place of business to examine requested documents and/or photograph them. Again, as you choose to represent yourself pro se, you are obligated to follow the same regulations as any licensed attorney under the FRCP and Local Rules.

Finally, you have decided to continue your abusive discourse by calling me a liar 10 times in your latest Meet and Confer letter. You accuse me of lying by including a standard DOE argument in the Complaint. You accuse me of lying by including a standard Alter Ego argument in the Complaint. These are not personal affronts. They are part of the practice of law in the United States. Complaints are a compilation of allegations based on the representations of the Plaintiff and the documents and information they provide. These allegations must be proven in Court with admissible evidence for a verdict in the Plaintiff's favor. Discovery is served to assist a party in obtaining such evidence. The allegations are not intended to be proof in and of themselves. They are not, in this case, a statement under oath, hence not perjury. Yet you continually accuse me of that crime as well.

Nothing herein is a waiver of any of my client's rights, all of which are expressly reserved herein.

Sincerely:

William D. Goldstein
Attorney for Runway TV, LLC

## PROOF OF SERVICE

I, the undersigned, declare as follows:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years, and not a party to the within action. I am an employee of or agent for LAW OFFICES OF WILLIAM D. GOLDSTEIN, whose business address is 4030 Sawtelle Blvd., Los Angeles, CA 90066.

On **October 17, 2018** I served the foregoing document(s): PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL WITHOUT OBJECTIONS RESPONSES TO REQUESTS FOR THE IDENTIFICATION AND PRODUCTION OF DOCUMENTS AND THINGS, SET 1; DECLARATION OF WILLIAM D. GOLDSTEIN AND REQUEST FOR SANCTIONS to the following party(ies) in this action addressed as follows:

Elenora de Gray/EURL Elenora de Gray
infodegray@gmail.com

❑     *(BY MAIL)* I caused a true copy of each document, placed in a sealed envelope with postage fully paid, to be placed in the United States mail at Los Angeles, California. I am "readily familiar" with this firm's business practice for collection and processing of mail, that in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service on that same day. *I* understand that the service shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

❑     *(BY CERTIFIED MAIL – CCP §1020, et seq.)* I caused said document(s) to be deposited with the United States Mail, postage prepaid, return receipt requested, signed by addressee that said documents were received.

❑     *(BY OVERNIGHT DELIVERY)* I caused a true copy of each document, placed in a sealed envelope with delivery fees provided for, to be deposited in a box regularly maintained by U.S. Postal Service (USPS)**.** I am readily familiar with this firm's practice for collection and processing of documents for overnight delivery and know that in the ordinary course of business practice the document(s) described above will be deposited in a box or other facility regularly maintained by USPS or delivered to a courier or driver authorized by USPS to receive documents on the same date it is placed for collection.

❑     *(BY FACSIMILE)* By use of facsimile machine number (323) 372-3589, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

X     *(BY ELECTRONIC SERVICE)* Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at their electronic notification addresses. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on **October 17, 2018,** in Los Angeles, CA. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

William D. Goldstein