UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2503 FMO(JCx) | Date | November 5, 2018 |
|---|---|---|---|
| Title | Runway TV, LLC v. Eurl Eleonora De Gray, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| none | | none |

**Proceedings:**   (IN CHAMBERS)

**ORDER (1) SUBMITTING AND VACATING HEARING ON PLAINTIFF'S MOTIONS; (2) GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL WITHOUT OBJECTIONS RESPONSES TO REQUEST FOR IDENTIFICATION AND PRODUCTION OF DOCUMENTS (DOCKET NO. 63); (3) GRANTING IN PART AND DENYING IN PART MOTION TO DEEM REQUESTS FOR ADMISSION SET 1 ADMITTED OR, IN THE ALTERNATIVE, COMPEL RESPONSES WITHOUT OBJECTION (DOCKET NO. 64); (4) ORDERING DEFENDANT TO PRODUCE DISCOVERY RESPONSES BY NOT LATER THAN NOVEMBER 26, 2018; AND (5) CAUTIONING AND ADMONISHING DEFENDANT**

**I.   BACKGROUND AND SUMMARY**

On March 28, 2018, plaintiff Runway TV, LLC filed a Complaint against French Company Eurl Eleonora De Gray and French citizen, Eleonora DeGrey, also known as Eleonora Christensen ("defendants").  (Docket No. 1).  On April 12, 2018, Eleonora De Gray – presumably the same individual identified as a defendant in the Complaint, albeit with a slightly different spelling of her last name – filed a Motion to Dismiss for Lack of Jurisdiction.  (Docket No. 10).  On July 16, 2018, the District Judge granted De Gray's motion to dismiss and dismissed the Complaint with leave to amend. (Docket No. 34).

Meanwhile, on April 16, 2018, the District Judge issued an Order Setting Scheduling Conference ("April Order") which, among other things:  (1) notified the parties that "[t]he court allows discovery to commence as soon as the first answer or motion to dismiss is filed[,]" and that "**discovery shall not be stayed** while any motion is pending, including any motion to dismiss and/or motion for protective order"; and (2) directed the parties to "**conduct any necessary discovery as soon as possible**[.]" (Docket No. 11, April Order at 5, ¶ 5) (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2503 FMO(JCx) | Date | November 5, 2018 |
|---|---|---|---|
| Title | Runway TV, LLC v. Eurl Eleonora De Gray, et al. | | |

On July 30, 2018, plaintiff filed the currently operative First Amended Complaint against defendants. (Docket No. 35). The First Amended Complaint asserts claims of Federal Trademark Infringement, Federal Trademark Dilution, Federal Statutory Unfair Competition, Fraud and Deceit, Breach of Contract, Cyberpiracy and Defamation Per Quod-Libel. On August 1, 2018, defendants filed an Answer to the First Amended Complaint. (Docket No. 40). Notwithstanding the foregoing, on August 9, 2018, De Gray filed a Motion to Strike the First Amended Complaint, and subsequently filed addenda thereto. (Docket Nos. 42, 44, 45).

On September 4, 2018, De Gray filed a request to withdraw the Answer. (Docket No. 46). On September 10, 2018, the District Judge denied the Motion to Strike the First Amended Complaint without prejudice as it was based on an inapplicable California procedural rule, advised De Gray that she should file such a motion pursuant to the applicable Federal Rule of Civil Procedure, and denied the request to withdraw the Answer as moot. (Docket No. 47).

On September 11, 2018, defendants filed a Motion to Dismiss for Insufficient Service of Process ("Pending Motion to Dismiss") which is opposed by plaintiff and which has been submitted for decision and remains pending before the District Judge. (Docket Nos. 48-52, 56-57, 62). On October 29, 2018, plaintiff filed a Motion for Extension of Time to Serve Defendant[s] under Federal Rule[] of Civil Procedure 4(m) which is opposed by defendants and which is currently set for hearing before the District Judge on November 29, 2018. (Docket Nos. 69-72).

Meanwhile, on August 28, 2018, plaintiff electronically sent to defendant De Gray (1) Plaintiff's Requests for Admission (Set 1) ("RFAs in Issue"); and (2) Plaintiff's Requests for the Identification and Production of Documents and Things (Set 1) ("RFPs in Issue") (collectively "Discovery Requests in Issue"). On September 17, 2018, De Gray filed a Motion for Protective Order Regarding Requests for Admission and Identification and Production of Documents and Things which sought a protective order relieving De Gray of her obligation to respond to the Discovery Requests in Issue. On October 11, 2018, this Court denied the foregoing motion for failure to comply with the Local Rules and noted that to the extent De Gray argued that she should not be required to respond to the Discovery Requests in Issue either because the operative First Amended Complaint assertedly lacks merit or because her Pending Motion to Dismiss assertedly has merit, such matters are not appropriate for resolution by this court, and, especially given the substance of the April Order, do not afford a basis to decline to produce or to delay production of the discovery called for by the Discovery Requests in Issue.

Currently pending and set for hearing before this Court on November 13, 2018 at 9:30 a.m. are plaintiff's (1) Motion to Compel without Objections Response to Request for Identification and Production of Documents ("RFP Motion"); and (2) Motion to Deem Requests for Admission Set 1 Admitted or, in the Alternative, Compel Responses without Objection ("RFA Motion") (collectively

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2503 FMO(JCx) | Date | November 5, 2018 |
|---|---|---|---|
| Title | Runway TV, LLC v. Eurl Eleonora De Gray, et al. | | |

"Motions"), which defendant De Gray opposes. (Docket Nos. 63-68).[1] The Motions also request that defendant De Gray be ordered to pay sanctions and that she be admonished regarding her treatment of defense counsel.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds the Motions appropriate for decision without oral argument and submits the matters. Accordingly, the November 13, 2018 hearing on the Motions is vacated and taken off calendar.

For the reasons explained below the Court (1) grants in part and denies in part the RFP Motion; (2) grants in part and denies in part the RFA Motion; (3) directs defendant De Gray to respond to the Discovery Requests in Issue – in a manner consistent with the requirements of the law set forth below – by not later than **November 26, 2018**; (4) denies plaintiff's sanctions requests but cautions defendant De Gray that the failure to respond to the Discovery Requests in Issue in conformity with the law and/or the failure to comply with this Order may result in the imposition of sanctions against her; and (5) admonishes defendant De Gray relative to her interactions with defense counsel.

## II.   PERTINENT LAW

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information within the foregoing scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34, any party may serve on any other party a request for the production or inspection of documents within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Unless excused by a protective order, in response to a request for the production of documents a party must, within 30 days of service thereof and as to each item or category, either: (1) state that the inspection will be permitted/ production will be made; or (2) state with specificity the grounds for objecting to the request, including the reasons, and state whether any responsive materials are being withheld on the basis of that objection. Fed. R. Civ. P. 34(b)(2)(A)-(C). Pursuant to Local Rule 34-2, the party responding or objecting to the requests for production shall quote each request for production in full immediately preceding the statement of any response or objection thereto. Local Rule 34-2. If the responding party states that it will produce documents, such production must be completed no later than the time specified in the

---

[1] The Motions are accompanied by declarations of counsel which essentially reflect that defendant De Gray has not meaningfully engaged in a substantive meet and confer process relative to the Motions. Accordingly, the Motions are not in the form of Joint Stipulations. See Local Rules 37-1, et seq.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2503 FMO(JCx) | Date | November 5, 2018 |
|---|---|---|---|
| Title | Runway TV, LLC v. Eurl Eleonora De Gray, et al. | | |

request or another reasonable time specified in the response. Fed. R. Civ. P. 34(b)(2)(B). A party's failure to respond to a Rule 34 request is not excused on the ground that the discovery sought is objectionable, unless the party failing to act has a pending motion for a protective order. Fed. R. Civ. P. 37(d)(2).

Pursuant to Rule 36, a party may serve on any other party Requests for Admissions ("RFAs") to obtain any evidence within the permissible scope of discovery. Fed. R. Civ. P. 26(b)(1), 36(a). RFAs are required to be simple and direct, and should be limited to singular relevant facts. See Securities and Exchange Commission v. Micro-Moisture Controls, Inc., 21 F.R.D. 164, 166 (S.D.N.Y. 1957); see also Dubin v. E.F. Hutton Group, Inc., 125 F.R.D. 372, 376 (S.D.N,Y. 1989) (objections to RFAs as vague, ambiguous, overbroad and burdensome sustained where requests for admissions not simple concise statements of fact, but instead contained vague and ambiguous wording that did not allow defendants fairly to admit or deny). A request for admission may seek an admission of the genuineness of documents if copies of the documents are attached to the request or have been previously furnished or made available for inspection and copying. Fed. R. Civ. P. 36(a)(2). A party may properly seek to have another part admit or deny a responding party's understanding of the meaning of a document. See Booth Oil Site Admin. Group v. Safety-Kleen Corp., 194 F.R.D. 76, 80 (W.D.N.Y 2000). A request for admission may also request "the application of law to fact." Fed. R. Civ. P. 36(a)(1)(A); see Marchand v.Mercy Medical Center, 22 F.3d 933, 937 n.4 (9th Cir. 1994) ("Rule 36(a) permits requests for admission addressing questions of mixed law and fact.") (citation omitted). A request for admission may not, however, seek a response on a disputed conclusion of pure law. See Playboy Enterprises, Inc. v. Welles, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999).

A matter is admitted unless, within 30 days after being served, the party to whom an RFA is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. Fed. R. Civ. P. 36(a)(3).[2] Pursuant to Local Rule 36-2, the party answering or objecting to requests for admission shall quote each request in full immediately preceding the statement of any answer or objection thereto. Local Rule 36-2. An answer to a request for admission must consist of an admission, a denial, or a statement detailing why the answering party is unable to admit or deny the matter. Fed. R. Civ. P. 36(a)(3), 36(a)(4). If any portion of a request for an admission is true, the party to whom it is directed must admit that portion and qualify or deny the rest. Fed. R. Civ. P. 36(a)(4); see Holmgren v. State Farm Mutual Insurance Co., 976 F.2d 573, 579-80 (9th Cir. 1992). A denial must be specific and must fairly respond to the substance of the matter. Fed. R. Civ. P. 36(a)(4). Where the meaning of a particular term in a request is somewhat inexact, the responding party should supply its own definition and admit or deny, or qualify its admission or denial to make it accurate and

---

[2]Courts, on motion, may generally permit withdrawal or amendment of matters admitted under Rule 36 if it would promote presentation of the merits of the action and if the court is not persuaded that it would prejudice the propounding party in maintaining or defending the action on the merits. Fed. R. Civ. P. 36(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2503 FMO(JCx) | Date | November 5, 2018 |
|---|---|---|---|
| Title | Runway TV, LLC v. Eurl Eleonora De Gray, et al. | | |

responsive. See S.A. Healy Co./Lodigiani USA, Ltd. v. United States, 37 Fed. Cl. 204, 205-07 (Fed. Cl. 1997). A qualified denial is proper if the responding party sets forth in detail the reasons why he or she cannot truthfully deny the matter. Fed. R. Civ. P. 36(a)(4). A party who responds by claiming an inability to admit or deny must also state that he or she has made "reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4); Asea, Inc. v. Southern Pacific Transportation Co., 669 F.2d 1242, 1245-47 (9th Cir. 1981); A. Farber & Partners, Inc. v. Garber, 237 F.R.D. 250, 253-55 (C.D. Cal. 2006). What constitutes "reasonable inquiry" and what material is "readily obtainable" are relative matters that depend upon the facts of each case. T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D. 38, 43 (S.D.N.Y. 1997). Generally, "reasonable inquiry" for purposes of responding to requests for admission, is limited to review and inquiry of those persons and documents that are within the responding party's control. Id. at 43. A party cannot be forced to admit or deny facts testified to by a third party as to which the responding party has no personal knowledge. Id. at 46. The validity, or bona fides of a qualified answer to a request for admission must await trial to see if the requesting party is forced to prove what was not admitted and can show that there was no good reason for the opponent's failure to admit. National Semiconductor Corp. v. Ramtron International Corp., 265 F. Supp. 2d 71, 74-75 (D. D.C. 2003).

If a party fails timely to object to discovery requests, such a failure constitutes a waiver of any objections which a party might have to the requests. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1991) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.") (citation omitted), cert. dismissed, 506 U.S. 948 (1992); Apple Inc. v. Samsung Electronic Co., Ltd., 2012 WL 952254, *2 (N.D. Cal. Mar. 20, 2012) ("Objections not interposed in a timely initial response may not be held in reserve and interposed after the period allowed for response . . . ") (citation omitted); Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409-10 (C.D. Cal. 2005) (court declined to consider objections that were not asserted in responding party's original discovery responses based upon party's failure timely to make such objections).[3]

///
///
///

---

[3]Courts have broad discretion to determine whether a party's failure to raise timely objections to discovery should be excused for "good cause." See Blumenthal v. Drudge, 186 F.R.D. 236, 240 (D.D.C.1999). In exercising such discretion, courts consider several relevant factors, including: (1) the length of the delay in responding; (2) the reason for the delay; (3) dilatory conduct or bad faith by the responding party; (4) prejudice to the party seeking the disclosure; (5) the nature of the request (*i.e.*, whether the discovery requested was overly burdensome or otherwise improper); and
(6) the harshness of imposing the waiver. Hall v. Sullivan, 231 F.R.D. 468, 474 (D. Md. 2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2503 FMO(JCx) | Date | November 5, 2018 |
|---|---|---|---|
| Title | Runway TV, LLC v. Eurl Eleonora De Gray, et al. | | |

**III.   DISCUSSION**

The RFP Motion requests that the Court compel defendant De Gray to respond to the RFPs in Issue (RFP Nos. 1-14) without objection based upon such defendant's failure to respond thereto to date, and that the Court sanction and admonish such defendant.

The RFA Motion primarily seeks to have the Court deem its Requests for Admission to Defendant De Gray (Set 1) (RFA Nos. 1-29) admitted based upon such defendant's failure to respond thereto. The RFA Motion alternatively requests that the Court compel defendant De Gray to respond to RFA Nos. 1-29 without objections. Like the RFP Motion, it also requests that the Court sanction and admonish defendant De Gray.

Defendant opposes the RFA Motion, essentially contending that plaintiff has not complied with the meet and confer requirements of the Local Rules, that the RFAs and RFPs in Issue are improper, and that she intends to object/has objections thereto.[4]

Based upon the Court's consideration of the parties' submissions, the Court grants in part and denies in part the RFP Motion. More specifically the Court (1) denies without prejudice the RFP Motion to the extent it seeks to have the Court compel defendant to respond to the RFPs in Issue without objections; and (2) grants the RFP Motion to the extent it seeks to compel defendant to respond to the RFPs in Issue and directs defendant De Gray to respond to each of RFP Nos. 1-14 **in a manner consistent with the requirements of Rule 34 and Local Rule 34-2 as detailed above**.

Based upon the Court's consideration of the parties' submissions, the Court grants in part and denies in part the RFA Motion. More specifically the Court (1) denies without prejudice the RFA Motion (a) to the extent it seeks to have the Court deem RFA Nos. 1-29 admitted (or more correctly stated, elects to deem withdrawn the effective admission of such RFAs by defendant upon her failure timely to respond thereto); and (b) to the extent it seeks to have the Court compel defendant to respond without objections; and (2) grants the RFA Motion to the extent it seeks to compel defendant to respond to the RFAs in Issue and directs defendant De Gray to respond to each of RFA Nos. 1-29 **in a manner consistent with the requirements of Rule 36 and Local Rule 36-2 as detailed above**.

---

[4]To the extent defendant De Gray takes the position that her discussion of the RFAs and RFPs in Issue at pages 16-19 of her opposition to the RFP Motion and pages 16-18 of her opposition to the RFA Motion satisfy the requirements of Federal Rules of Civil Procedure 34 and 36 and Local Rules 34-2 and 36-2 she is incorrect. In accordance with the foregoing rules, she must generate and send to plaintiff's counsel separate/standalone documents responding to the RFAs and RFPs which quote each RFA and RFP in full immediately preceding the statement of any answer or objection thereto (which should not incorporate or require reference to any other pleading), which bear her signature, and which otherwise comply with the requirements detailed above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2503 FMO(JCx) | Date | November 5, 2018 |
|---|---|---|---|
| Title | Runway TV, LLC v. Eurl Eleonora De Gray, et al. | | |

The Court rejects defendant De Gray's contention that plaintiff has not complied with its meet and confer obligations which are largely inconsistent with her contentions that plaintiff's counsel has harassed her. It appears to the Court that counsel's repeated communications with defendant – what defendant characterizes as harassment – instead constitute counsel's proper efforts to comply with plaintiff's meet and confer obligations under the Local Rules.[5]

The Court finds good cause and exercises its discretion to rule as set forth above based upon the circumstances of this case, including its consideration of the factors set forth in note 3, supra, defendant's *pro se* and foreign status and stated intention to interpose objections to the RFAs and RFPs in Issue, the pendency of defendant's motion for a protective order from September 17, 2018 to October 11, 2018, the fact that a discovery cut-off deadline has not yet been set, the apparent lack of prejudice to plaintiff on the merits, and the fact that so ruling promotes presentation of the merits of the action.

Further, based upon the Court's review of the parties' submissions, the Court denies without prejudice plaintiff's requests for sanctions as it concludes that the circumstances present here would make an award of expenses unjust, but deems it appropriate, as detailed below, to (1) caution defendant De Gray of the consequences of failing to respond to the Discovery Requests in Issue in conformity with the law and failing to comply with this Order; and (2) admonish defendant De Gray relative to her interactions with defense counsel.

**IV.   ORDERS, CAUTION, AND ADMONITION**

In accordance with the above:

A.   IT IS HEREBY ORDERED:

1.   The RFP Motion and RFA Motion are granted in part and denied in part as detailed above.

2.   By not later than November 26, 2018, defendant De Gray shall respond to each of the RFPs in Issue in a manner consistent with the requirements of Rule 34 and Local Rule 34-2 as detailed above.

---

[5] Again, to the extent defendant De Gray contends that she should not be required to defend this action or to respond to the Discovery Requests in Issue either because the operative First Amended Complaint assertedly lacks merit or because her Pending Motion to Dismiss assertedly has merit, such matters are not appropriate for resolution by this Court, and, especially given the substance of the April Order, do not afford a basis to decline to produce or to delay production of the discovery called for by the Discovery Requests in Issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2503 FMO(JCx) | Date | November 5, 2018 |
|---|---|---|---|
| Title | Runway TV, LLC v. Eurl Eleonora De Gray, et al. | | |

        3.        By not later than November 26, 2018, defendant De Gray shall respond to each of the RFAs in Issue in a manner consistent with the requirements of Rule 36 and Local Rule 36-2 as detailed above.

        4.        Plaintiff's requests for sanctions are denied.

        B.        DEFENDANT DE GRAY IS HEREBY CAUTIONED that any failure to comply with her obligations to respond to the Discovery Requests in Issue in conformity with the law above and/or any failure to comply with this Court's Order may result in RFA Nos. 1-29 being deemed admitted, and will subject her to potential monetary and non-monetary sanctions, as provided in Fed. R. Civ. P. 37(a)(5), 37(b)(2), 37(d), including (a) the issuance of a recommendation to prohibit her from opposing plaintiff's claims, supporting her defenses or from introducing evidence; (b) the issuance of a recommendation to strike defendant's pleadings in whole or in part; and (c) the issuance of a recommendation to render a default judgment against her.

        C.        DEFENDANT DE GRAY IS HEREBY ADMONISHED to behave civilly and courteously towards opposing counsel and to refrain from engaging in the verbal abuse of counsel.

        IT IS SO ORDERED.