```
                    FILED
            CLERK, U.S. DISTRICT COURT

                  9/11/2019

            CENTRAL DISTRICT OF CALIFORNIA
            BY:    CW         DEPUTY
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUNWAY TV, LLC, | Case No. CV 18-2503 FMO (JCx) |
| Plaintiff, | |
| v. | **ORDER RE: PENDING MOTION** |
| ELEONORA DE GRAY EURL, et al., | |
| Defendants. | |

Having reviewed the briefing filed with respect to plaintiff's "Motion for the Court to Grant that Service of Process of FAC is Complete, Order Personal Jurisdiction Over Defendant Eleonora De Gray and for Allowance of Service under FRCP 4(f)2(c)2" (Dkt. 84, "Motion"),[1] the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

Because the court has previously set forth the background regarding plaintiff's attempts to serve defendants Eleonora De Gray EURL, a French limited liability company ("De Gray LLC") and Eleonora De Gray, a French citizen, ("Ms. De Gray") (collectively, "defendants"), as well as

---

[1] The court is again troubled by plaintiff's briefing, in particular the lack of citations supporting various propositions, (see Dkt. 84, Motion), and the personal attacks leveled against Ms. De Gray. (See Dkt. 89, Reply at 4). Plaintiff and Ms. De Gray are cautioned that the court expects counsel and pro se parties to abide by the rules of professionalism and civility.

defendants' numerous filings in this action, (see Dkt. 83, Court's Order of February 1, 2019; Dkt. 78, Court's Order of November 29, 2018), the court will not recount it here.

In the present Motion, plaintiff seeks an order "that service of the First Amended Complaint against both Defendants has been served and/or allowing Service of the Summons and Complaint . . . as allowed under Federal Rule of Civil Procedure 4(f)(2)(C)(ii).  (Dkt. 84, Motion at 2). Alternatively, plaintiff seeks an order allowing service by email. (See id. at 16; Dkt. 89, Reply at 7).

Although plaintiff has shown that it has sought to serve defendants via the Hague Convention, (see Dkt. 84, Motion & Exhibits), there is no indication that such service has been successful.  (See, generally, id.).  Nevertheless, it is clear that defendants are not only aware of this action and have received copies of the pleadings and summons, (see, e.g., Dkt. 88, Defendant's Opposition to Motion ("Opp") at 10-23), but they have actively litigated this case. (See also Dkt. 47, Court's Order of September 10, 2019).  Indeed, as the court previously noted, Ms. De Gray has filed an Answer to the First Amended Complaint ("FAC"), a motion to strike, (see Dkt. 47, Court's Order of September 10, 2018), and has also filed other papers, including a motion for sanctions.  (See Dkt. 55).  Moreover, Ms. De Gray's Opposition to the present Motion is generally an attack on the merits of plaintiff's action.  (See Dkt. 88, Opp at 6-17).

Under the circumstances , the court will exercise its discretion and allow plaintiff to serve defendants via email.  See Fed. R. Civ. P. 4(f)(3) (allowing service "by means not prohibited by international agreement, as the court orders"); see, e.g., Microsoft Corporation v. Goldah.com Network Technology Co., Ltd., 2017 WL 4536417, *4 (N.D. Cal. 2017) (noting prior order permitting service by "electronic mail" pursuant to Rule 4(f)(3)); see also Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002) ("As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text.  In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country.") (citations omitted); id. at 1016 ("[W]e hold that Rule 4(f)(3) is an equal means of effecting service of process under the Federal

Rules of Civil Procedure, and we commit to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)."); Microsoft Corporation, 2017 WL 4536417, at *3 ("[B]ecause Rule 4(h)(2) 'authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals,' the procedures set forth in Rule 4(f) also apply to corporate litigants.") (citation omitted).  As noted above, defendants are not only aware of this action, they have been actively defending against it.

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion **(Document No. 84)** is **granted** as set forth in this Order.

2. Plaintiff shall effectuate service of process (including the original complaint and FAC) on defendants by email no later than **September 18, 2019**.  Plaintiff shall file a declaration Re: Service of Summons and original Complaint and First Amended Complaint no later than **September 23, 2019**.

3. Ms. De Gray's previously filed Answer to the FAC (Dkt. 40) will be deemed the operative answer to plaintiff's FAC.

4. Defendant De Gray LLC shall file its Answer to the FAC by no later than **October 11, 2019**.  Defendant De Gray LLC is reminded that it may not appear pro se.  See Local Rule 83-2.2.2 ("Only individuals may represent themselves pro se.  No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1.").  Failure to retain counsel and/or file an Answer to the FAC by the deadline set forth above may result in the entry of default against defendant De Gray LLC.

5. The court will issue a further proceedings order upon the filing of the declaration referenced in paragraph 2 above.

6. Defendant's Motion to Dismiss for Insufficient Service of Process **(Document No. 48)** is **denied as moot**.

Dated this 11th day of September, 2019.

/s/
Fernando M. Olguin
United States District Judge
