Law Offices of William D. Goldstein
William D. Goldstein (SBN. 279723)
4030 Sawtelle Blvd.
Los Angeles, CA 90066-5408
Phone: (310) 437-0108
Facsimile: (323) 372-3589
Email: wdgoldstein@wdgoldstein.com

Attorney for PLAINTIFF, RUNWAY TV, LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUNWAY TV, LLC., A Delaware Limited Liability Company<br><br>                 Plaintiff,<br><br>        vs.<br><br>EURL ELEONORA DE GRAY, a French Company; ELEONORA DE GRAY<br><br> aka ELEONORA CHRISTENSEN, A French citizen And DOES 1-10, INCLUSIVE,<br><br>                 Defendants.<br><br>¯ | Case No.: 2:18-CV-02503-FMO (JCx)<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO REQUEST FOR IDENTIFICATION AND PRODUCTION OF DOCUMENTS, SET 1 WITHOUT OBJECTIONS; MEMORANDUM OF POINTS AUTHORITIES IN SUPPORT THEREOF REQUEST FOR SANCTIONS AND DECLARATION OF WILLIAM D. GOLDSTEIN<br><br>Hearing Date:  October 15, 2019<br><br>Time:          9:30 AM<br><br>Roybal Courthouse Rm. 750<br><br>Hon. Jacqueline Chooljian Presiding<br><br>[Filed Concurrently with Plaintiff's Notice of Motion and Motion to Compel Clear and Concise Responses to the Requests for Admission Without Further Objections] |

- 1 -

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 15, 2019, at 9:30 a.m. in Courtroom 750 of Roybal Courthouse, located at 255 East Temple Street, Los Angeles, California 90012, Plaintiff will move for an Order Compelling Responses to Requests for Identification and Production of Documents and Things, Set 1. This Motion is made on the grounds that said Discovery was served on August 28, 2018 and no reasonable responses have, to date, been received by Plaintiff.

Discovery in this matter was stayed by order of the Hon. Fernando M. Olguin on November 29, 2019. It is Plaintiffs understanding that the stay was lifted once service was accomplished and a Declaration to that effect was filed on September 16, 2019.

Plaintiff additionally seeks $3,500 in sanctions for the 2 Motions to Compel filed concurrently.

This motion and request for an order is based upon the memorandum of points and authorities, the singular Declaration of William D. Goldstein in compliance with Local Rules 37-1 and 37-2.4, exhibits, and any oral and documentary evidence as may be presented at hearing of this motion.

Respectfully submitted:

DATED: September 20, 2019       LAW OFFICES OF WILLIAM D. GOLDSTEIN

By: _____

William D. Goldstein
Attorney for RUNWAY TV, LLC.

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

## MEMORANDUM OF POINTS AND AUTHORITIES

PLAINTIFF RUNWAY TV, LLC. ("Plaintiff) submits this brief in support of its Motion to Compel Responses Without Objection to the Requests for the Identification and Production of Documents and Things (Set 1) served on Defendant Eleonora De Gray on August 28, 2018. This is the second such motion. It is necessitated because the Defendant in this matter did not comply with this Courts Order of November 5, 2019 as to the production of documents, appropriate objections and compliance with local rules. The delay in filing this Motion is due to a stay issued on November 29, 2018 and lifted in Plaintiffs opinion on September 16, 2019, after service was accomplished in accordance with the order of the Court and a Declaration was filed to that effect.

### I.  Introduction

This case stems from the breach of a Trademark licensing agreement entered into by the parties on April 1, 2014. At that time, the Plaintiff agreed to allow the Defendants to use their Trademark for a three-month test in the French market. By that agreement, the license trial use of the RUNWAY® trademark expired after a single issue of the RUNWAY® France magazine was published. Thereafter the Defendant agreed to pay a royalty for each issue of the magazine published and never did.

Plaintiff is the owner of the trademark RUNWAY® and is in the business of designing, advertising, marketing, publishing, distributing, selling and/or offering for sale a high-end fashion magazine entitled "RUNWAY MAGAZINE."

Upon information and belief. Defendants, through their Internet website, http://www.runwaymagazines.com, from that period on, prominently displayed the infringing "Runway® Magazine" designation using a font indistinguishable from that which Plaintiff uses on its website, http://www.runwaylive.com

Defendants continue to advertise the infringing designation "RUNWAY®
MAGAZINE" on several Internet and Social Media websites, such as
Youtube.com, Facebook.com Twitter.com, as well as various blogs causing
confusion among the general consuming public as to the origin of Defendants
services since consumers associate the RUNWAY MAGAZINE name with
Plaintiff.

## II. Case History

Plaintiff filed this suit with the Central District Court on March 28, 2018. As
per the Hague Convention and French law, once the suit has been filed in a
territory outside of French jurisdiction, the conformed copy of the Summons and
Complaint as well as all documents (inclusive of exhibits) to be served, must be
translated into the French language. Thereafter, the suit is transmitted to the French
Ministry of Justice. This was accomplished by FEDEX and received on June 25,
2018. On June 27, 2018 the case was then sent on to the prosecutor's office for
service (according to the letter by Nicholas Castell cited in previous motions). This
complete process takes between six (6) and nine (9) months as testified to by
Richard Hamilton in his declaration filed with Plaintiffs Motion to Extend time for
Service). As such, the moving Defendant in this matter has not, as yet, received
service of process of the original Summons and Complaint.

Much of the motion practice in this case has been brought by the Defendants
filing a Motion to Dismiss for Lack of Jurisdiction under FRCP Rule 12(b)(6) prior
to receipt of the original Summons and Complaint and then complaining that she
had not been served.

Defendants original Motion to Dismiss was granted by this Court with leave
to amend. By order of the Court, the First Amended Complaint containing over 20
additional paragraphs explaining jurisdiction, and with edited versions of each
Cause of Action to conform with the additional text, was filed, inclusive of a Proof

of Service on July 30, 2018. The responsive pleading was due no later than August 13, 2018.

The order of the Court stated  in paragraph 7:

> In the event Defendants wish to file another motion to dismiss, then counsel for the parties shall, on **August 6, 2018, at 10:00 a.m.** meet and confer in person at an agreed upon location within the Central District of California to discuss Defendants' motion to dismiss. Defendants' motion to dismiss must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion). Failure to include such a declaration will result in the motion to dismiss being denied.

Rather than meet and confer, on August 1, 2018, Defendant Eleonora De Gray filed an Answer to the First Amended Complaint. This was followed on August 9, 2018 with a Motion to Strike under California Law based on California Code of Civil Procedure §418.10 for Lack of Jurisdiction. Hence, this Defendant attempted to skirt the Court's order requiring a Meet and Confer in favor of arguing under State law instead of the FRCP.

The Plaintiff was then compelled to respond with an opposition to this improper Motion wasting Plaintiffs resources and the Court's time. The opposition was filed on August 12, 2018. Once the Opposition was filed, and without leave of the Court, Defendant De Gray filed two Addendums to her motion (on August 17, 2018 and September 5, 2018) filled with scurrilous falsehoods and perjurious statements about Counsel for the Plaintiff. Plaintiff was unable to respond to these libelous statements and false allegations under the FRCP and Local Rules without

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

bringing a motion for leave of the Court to Reply. There was not time between the filing of the two amendments and the hearing date (September 13, 2018) to do so.

The Court denied the Motion to Strike by Defendant De Gray and deemed as moot the two Addendums on September 10, 2018.

The very next day, September 11, 2018, Defendant De Gray filed a second Motion to Dismiss under FRCP Rule 12 (b)(5). A quick look at this motion reveals that with some slight modification it is nearly identical to the Motion to Strike the Court had just ruled on with both of the Addendums included. This motion was calendared to be heard on October 18, 2018. It is again filled with libelous statements and false allegations about Plaintiff's Counsel (this motion was denied).

This was another improper Motion after an Answer had been filed. It also violates the Court's previous order to Meet & Confer. Yet again, the Plaintiff was compelled to respond to to this improper Motion with an Opposition wasting Plaintiffs resources and this Court's time.

The Defendant then filed yet another Motion; on September 17, 2018, a Motion for a Protective Order under FRCP 26(c). As has been Defendant's habit, the Caption page was incorrect, listing Vincent Mazzotta as a Plaintiff, he is not. The copy of the Motion served to the Plaintiff did not list a date, time or location for the hearing. The actual Notice section of the Motion was also violative of the FRCP as it does not list a date, time or location for the hearing. And again, this Motion was filed without any effort to Meet and Confer in  violation of FRCP Rule 26(C), Local Rules 37-1 and 37-2.4.

The Motion was denied by this Court as not in the form of a Joint stipulation or Declaration re: Meet and Confer in violation of Local Rule 37-2.4.

On October 17, 2018 Plaintiff filed Motions to Compel Responses Without Objections to Document Requests (Exhibit "A") and to Deem Admitted Requests for Admission (Exhibit "B") along with sanctions made necessary by the Defendant's failure to provide any responses to the Discovery served on August

28, 2018. Additionally, despite 8 Meet and Confer letters sent by the Plaintiff, inclusive of multiple requests for a list of any objections specific to individual Discovery Requests and 4 specific requests to schedule a telephonic Meet and Confer within 10 days which Plaintiff then extended to 15 days, the Defendant refused to participate in the Meet and Confer Process as specified in Local Rule 37-1 et. seq.

On October 29, 2018 Plaintiff filed a second Motion to Extend the Time for Service as the original Summons and Complaint still in the possession, custody and control of the French Ministry of Justice at that time (this motion was granted in part and denied in part).

On November 5, 2018 this Court ruled that Plaintiff's Motions to Compel were granted in part and Denied in part. Specifically, the Court ordered the Defendant to respond to the Discovery served on August 28, 2018, but in the interest of justice, as the Defendant was a Pro Se litigant, and, a foreign national, this Court declined to grant sanctions or prohibit objections. Additionally, the Court provided the Defendant the specific requirements for responses to be served. Responses were ordered no later than November 26, 2018.

The Defendant served her Responses to the Document Requests (Exhibit "C") and Requests for Admission (Exhibit "D") on November 25, 2018.The Defendant has used the allowance of objection to completely stonewall the Document requests. Here the defendant has found objections which might be relevant in discovery but has not only misused them but inserted what she believes to be French and European Union law to support unsupportable objections. Of the 14 categories of documents Plaintiff requested not a single document has been produced. As relates to the Requests for Admission these will be dealt with in the accompanying motion.

Plaintiff sent a 22-page Meet and Confer letter to this Defendant covering every Request, the stated objection and the reasoning Plaintiff believes the

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

objection is not appropriate as well as the justification for Plaintiff's argument on November 26, 2018 (Exhibit "E"). Plaintiff also requested a date and time for a telephonic meeting of Counsel within the 10 days specified in Local Rule 37-1.

The Response from this Defendant (Exhibit "F") was, to be brief, that she believed all her objections were valid and she would not provide any of the Documents requested and/or that said documents do not exist. The problem with this latter statement is that a small sampling of these same documents have previously been submitted to the Court in previous filings by this Defendant. Hence this latter statement made under penalty of perjury is false.

As relates to Counsels request to participate in the required telephonic Meet and Confer Plaintiff insisted that:

"Concerning your request to have telephonic conference Meet and Confer under Local Rule 37-1. Please note that I'm French citizen, resident of France, and according to French law I formally request that it'll be conducted on French language by OFFICIAL SWORN TRANSLATOR – to avoid any misunderstanding or misinterpretations. You are initiating this telephonic conference – so it is your responsibilities to arrange that. Ones again : any meet and confer / interrogation / discovery during litigation process according to French law happens ONLY with the presents of sworn translator, in French, this conversation is recorded by another person or on recording devise and then written and signed by the same sworn translator, all details of the recording are presented to observation, my French attorney also present. As you are initiating this conference you should present to me the plan of discussion, subject by subject, propose 5 dates for my choice, also give name, address, and number of sworn translator who I may contact later for additional details if necessary"

In response Plaintiff sent a second Meet and Confer letter (Exhibit "G")

"You have repeatedly advised me that you both speak and read English. Your prompt responses to Meet and Confer letters as well as numerous Motions

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

convince me that this is a fact. As such, I am under no obligation to provide a translator for our telephonic Meet & Confer on this discovery. There are no rules which require that a Discovery conference between Counsel be translated or recorded. That said, the only applicable rule in the Local Rules and FRCP is that all proceedings be conducted in the English Language (with the exception of witness testimony with a Court appointed translator) and that all documents submitted to the Court be accompanied by an English translation. Unfortunately, the Local Rules require that said Meet and Confer be by telephone and not in writing. Finally, you keep referring to French law. This case is in the United States District Court for the Central District of California. Your citizenship and French law have no effect of permissible discovery."

Additional Meet and Confer letters were sent back and forth by the parties (Exhibits "H" –"S". The bottom line is that Defendant will not provide any Documents or properly respond to Requests for Admission and believes that all her responses are proper. Plaintiff disagrees. Plaintiff hereby requests that the Court rule on these objections and compel the Defendant to provide the requested documents in her possession, custody and control without further objections.

In that this Defendant has now had to go through two full sets of Meet and Confer correspondences, and file two complete sets of Motions to obtain legally required discovery materials, the Plaintiff again requests that sanctions be granted as this Defendant is just playing upon the sympathies of this Court. Additionally, this Defendant has shown contempt of this Court in repeatedly stating that this Court has no jurisdiction over her.

Since the original Motions to Compel were ruled on, on November 29, 2018, the Hon. Fernando M. Olguin granted in part the Plaintiffs Motion for an extension of time to file proofs of service and more importantly as to this Motion, placed a stay upon the case.

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

Still unable to serve the Defendant after she refused service by the Ministry of Justice in France on February 7, 2019, Plaintiff filed a Motion to consider service as constructively completed or allow service by Mail or Email (docket # 84). Plaintiff thereafter attempted service by Mail in accordance with the *FRCP* 4(f)(2)(c)2 by having the Clerk mail the documents to the 2 defendants (docket #86 & #87). The documents were thereafter returned to the Clerk of the Court as Refused by addressee.

On September 11, 2019 the Court Granted the Plaintiff's motion to allow service by Email requiring that the Plaintiff thereafter file a Declaration to that effect. It also denied the Defendant's latest Motion to Dismiss as moot.(docket # 91).

The Courts original order on the Stay reads: "All case deadlines, including all discovery matters, are stayed pending resolution of the service of process issue. Unless the document relates to the service issues discussed in this order, no further documents may be filed pending further order of the court."

Note that the stay applies "**pending resolution of the service of process issue.**" The Court's Order of September 11, 2019 and the service of the Summons and Complaint on September 16th along with the filed declaration to that effect, resolves the "**service of process issue**," hence it is the Plaintiff's understanding that the stay has been lifted.

Plaintiff did not become aware of this latest ruling until September 16, 2019. Within the hour, the Documents required were sent to the Defendants by Email and shortly thereafter the required declaration was filed (docket # 93).

On September 17, 2019, Plaintiff renewed the Meet and Confer process related to Discovery (stayed the previous November) with an Email requesting promised responses to the Plaintiffs 22 page letter of the past November 26, 2019 and requesting that Defendant Eleonora De Gray agree to a telephonic Meet and

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

Confer as well a Joint declaration should the parties not be able to come to agreement on the discovery issues (attached hereto as Exhibit "M").

Thereafter a series of Emails were sent by the parties with no progress towards a consensus on the Discovery Issues.

In Defendant's Email of September 20, 2019 she states ": "PLEASE NOTE that I consider this Meet and confer conduction over." As a result Plaintiff files this motion and the accompanying motion related to Request for Admission.

**FOR THE CONVENIENCE OF THE COURT, ALL REQUESTS AND RESPONSE TO THESE REQUESTS CAN BE FOUND IN EXHIBITS "D".**

**<u>ARGUMENT</u>**

***1. Pursuant to Federal Rules of Civil Procedure 36,***
***Defendant Was required to respond in writing and under oath***

Plaintiff served PLAINTIFF'S REQUESTS FOR THE IDENTIFICATION AND PRODUCTION OF DOCUMENTS AND THINGS (Set 1) to the Defendant by Email on August 28, 2018. On November 5, 2018 this Court ruled that the Defendant must respond to the Document requests no later than November 26, 2018.

The Court was very clear and precise in advising the Defendant of how to respond to RFA:

"Pursuant to Rule 36, a party may serve on any other party Requests for Admissions ("RFAs") to obtain any evidence within the permissible scope of discovery. Fed. R. Civ. P. 26(b)(1), 36(a). RFAs are required to be simple and direct, and should be limited to singular relevant facts. See Securities and Exchange Commission v. Micro-Moisture Controls, Inc., 21 F.R.D. 164, 166 (S.D.N.Y. 1957); see also Dubin v. E.F. Hutton Group, Inc., 125 F.R.D. 372, 376

(S.D.N,Y. 1989) (objections to RFAs as vague, ambiguous, overbroad and burdensome sustained where requests for admissions not simple concise statements of fact, but instead contained vague and ambiguous wording that did not allow defendants fairly to admit or deny). A request for admission may seek an admission of the genuineness of documents if copies of the documents are attached to the request or have been previously furnished or made available for inspection and copying. Fed. R. Civ. P. 36(a)(2). A party may properly seek to have another part admit or deny a responding party's understanding of the meaning of a document. See Booth Oil Site Admin. Group v. Safety-Kleen Corp., 194 F.R.D. 76, 80 (W.D.N.Y 2000). A request for admission may also request "the application of law to fact." Fed. R. Civ. P. 36(a)(1)(A); see Marchand v.Mercy Medical Center, 22 F.3d 933, 937 n.4 (9th Cir. 1994) ("Rule 36(a) permits requests for admission addressing questions of mixed law and fact.") (citation omitted). A request for admission may not, however, seek a response on a disputed conclusion of pure law. See Playboy Enterprises, Inc. v. Welles, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999)."

"A matter is admitted unless, within 30 days after being served, the party to whom an RFA is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. Fed. R. Civ. P. 36(a)(3).2 Pursuant to Local Rule 36-2, the party answering or objecting to requests for admission shall quote each request in full immediately preceding the statement of any answer or objection thereto. Local Rule 36-2. An answer to a request for admission must consist of an admission, a denial, or a statement detailing why the answering party is unable to admit or deny the matter. Fed. R. Civ. P. 36(a)(3), 36(a)(4). If any portion of a request for an admission is true, the party to whom it is directed must admit that portion and qualify or deny the rest. Fed. R. Civ. P. 36(a)(4); see Holmgren v. State Farm Mutual Insurance Co., 976 F.2d 573, 579-80 (9th Cir. 1992). A denial must be specific and must fairly

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

respond to the substance of the matter. Fed. R. Civ. P. 36(a)(4). Where the meaning of a particular term in a request is somewhat inexact, the responding party should supply its own definition and admit or deny, or qualify its admission or denial to make it accurate and responsive. See S.A. Healy Co./Lodigiani USA, Ltd. v. United States, 37 Fed. Cl. 204, 205-07 (Fed. Cl. 1997). A qualified denial is proper if the responding party sets forth in detail the reasons why he or she cannot truthfully deny the matter. Fed. R. Civ. P. 36(a)(4). A party who responds by claiming an inability to admit or deny must also state that he or she has made "reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4); Asea, Inc. v. Southern Pacific Transportation Co., 669 F.2d 1242, 1245-47 (9th Cir. 1981); A. Farber & Partners, Inc. v. Garber, 237 F.R.D. 250, 253-55 (C.D. Cal. 2006). What constitutes "reasonable inquiry" and what material is "readily obtainable" are relative matters that depend upon the facts of each case. T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D. 38, 43 (S.D.N.Y. 1997). Generally, "reasonable inquiry" for purposes of responding to requests for admission, is limited to review and inquiry of those persons and documents that are within the responding party's control. Id. at 43. A party cannot be forced to admit or deny facts testified to by a third party as to which the responding party has no personal knowledge. Id. at 46. The validity, or bona fides of a qualified answer to a request for admission must await trial to see if the requesting party is forced to prove what was not admitted and can show that there was no good reason for the opponent's failure to admit. National Semiconductor Corp. v. Ramtron International Corp., 265 F. Supp. 2d 71, 74-75 (D. D.C. 2003)."

"If a party fails timely to object to discovery requests, such a failure constitutes a waiver of any objections which a party might have to the requests. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1991) ("It is well established that a failure to object to discovery requests within

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

the time required constitutes a waiver of any objection.") (citation omitted), cert. dismissed, 506 U.S. 948 (1992); Apple Inc. v. Samsung Electronic Co., Ltd., 2012 WL 952254, *2 (N.D. Cal. Mar. 20, 2012) ("Objections not interposed in a timely initial response may not be held in reserve and interposed after the period allowed for response . . . ") (citation omitted); Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409-10 (C.D. Cal. 2005) (court declined to consider objections that were not asserted in responding party's original discovery responses based upon party's failure timely to make such objections)"

    As to why Plaintiff requests the Courts intervention, here are 2 small examples, the Request, the Response and Counsels comments.

REQUEST FOR ADMISSION NO. 1:

    Admit that YOU are the sole shareholder of EURL ELEONORA DE GRAY.

Response:

    Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this request on the grounds that it seeks to obtain copyrighted materials and/or information regarding business activities that took place outside of the United States and that are beyond the jurisdiction of the California, as it has been already determined by this Court, and/or seek information or documents subject to European Union privacy laws and French Penal Code Law No. 80 -538 (July 16, 1980). Additionally, this request is not relevant to the claims of Plaintiff, and the Original Complaint / First Amended Complaint were not served on Defendant EURL ELEONORA DE GRAY

//

//

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

Discussion:

Your objection makes no sense at all. You were asked to admit that you are the sole shareholder of EURL Eleonora De Gray. You have neither admitted or denied this Request in direct violation of the order of this Court stated above.

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 4:

Admit that YOU filed three (3) Requests (motions) after the filing of the Motion to Dismiss for Lack of Jurisdiction.

The Response:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant is unable to admit or deny this Request on the grounds that it violates Federal Rules of Civil Procedure Rule about Discovery requests, as this request for admission based on determination of litigation of the claims. This subject can be determined by this Court proceedings. Additionally, Defendants were not united. Additionally, Defendants were not properly served with the original / first amended complaint, Prosecutor of France denied to proceed with frivolously filed complaint against French citizen / French business entity.

Discussion:

Your objection makes no sense at all. You were asked to admit that you filed 3 motions/requests after the first Motion to dismiss. This was as of the date the discovery was served upon you. What actions you have taken are not the subject of litigation. Either you must admit or deny these actions.

You are currently in violation of the Court order of November 5, 2018.

Of the responses provided to the 30 RFA, Plaintiff believes that Requests 1, 4, 5, 7, 8, 8(mis-numbered), 9, 10, 11, 13, 15, 18-29 (hence 23 out of the 30) are not properly responded to and moves the Court to compel clear and proper responses without objection.

### 2. Defendant Refused to Comply with Local Rule 37-1 Requiring a Telephonic Pre-Filing Conference of Counsel

Prior to the filing of any motion relating to discovery pursuant to F.R.C.P. 26-37, Counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It shall be the responsibility of counsel for the moving party to arrange for this conference. If both counsels are located within the same county of the Central District, the conference shall take place in person at the office of the moving party's counsel, unless the parties agree to meet someplace else. If both counsels are not located within the same county of the Central District, the conference may take place telephonically. Unless relieved by written order of the Court upon good cause shown, counsel for the opposing party shall confer with counsel for the moving party within ten (10) days after the moving party serves a letter requesting such conference.

Here Counsel for the Plaintiff sent several Email Meet & Confer letters. In response the Defendant made unnecessary and expensive demands upon the Plaintiff. What follows is an excerpt from the third Meet and Confer letter Plaintiff sent to this Defendant:

"If I am understanding your letter of today, you are unwilling to have an informal telephonic Meet & Confer as regards your Discovery Responses as required under the Local rules and the Courts orders. These conversations are intended to avoid the Courts need to deal with Discovery Issues. Instead, you insist that any telephonic Meet and Confer utilize a certified French translator (which

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

you also state is not required for your understanding of what is being said as you claim to be fluent in English) and a Court reporter to compile a transcript of said conversation. All of which you insist be arranged and paid for by my client.

The more formal discussion is not going to happen unless you provide for those services. My client will not fund these unnecessary expenses. Additionally, the District Court operates under United States law, to which you have granted jurisdiction over you, by way of your having answered the complaint. Not your understanding of French law you allege must be followed."

### 3. *Request for Sanctions Under FRCP Rule 37(b)(5)*

(A)   If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Here the Defendant refused to participate in an informal telephonic Meet and Confer and placed expensive and unnecessary conditions for a telephonic Meet and Confer. Hence this Motion requires the filing of a Declaration by Counsel under Local Rule 37-2.4. Nor would Defendant agree to a joint Declaration of the impasse as required under LR 37-1.

Here the Defendant completely ignored the order of this Court on November 5, 2019 relating to objection, form of responses, provision of documents requested and the requirement of an informal Meeting of Counsel.

As discussed in the Declaration of William D. Goldstein, Counsel for the Plaintiff spent in excess of 4 hours researching and drafting his Meet and Confer letters and an additional 6 hours drafting this Notice of Motion and Motion as well as the accompanying Notice of Motion and Motion to Compel Responses Without Objection to the Requests for Admission, Compiling the Exhibits and Preparing the attached Declaration. As is discussed in said Declaration, Counsel charges his client, Runway TV, LLC at the rate of $350.00 per hour. Hence, Defendant seeks $3,500.00 in sanctions equivalent to its costs in filing these Motions.

Plaintiff understands that the Courts generally gives the benefit of the Doubt to Pro Se litigants. This Defendant has repeatedly violated the Local Rules, FRCP and the direct Orders of the Court. Nevertheless, this Defendant has never been sanctioned. This Defendant has repeatedly been advised of what her legal responsibilities are regarding Discovery Responses, yet she not only disputes these but refuses to comply. Plaintiff has, nevertheless, been required to shoulder the expense of opposing the Defendants last 6 Motions (none of which have been granted) and has, at this time been required to file 4 Motions related to this Discovery. Enough should be enough. This Defendant should be sanctioned. Plaintiff suggests a monetary sanction at this time. Should this Defendant again ignore the order of this Court to properly respond to discovery as explicitly laid out in this Courts November 5, 2019 order, Plaintiff will need to file yet another Motion, go through the Meet and Confer process again at which time the Plaintiff will request more stringent measure (evidentiary, issue preclusion or the striking of the Answer.).

### 4. Conclusion

For the reasons set forth herein plaintiff, Runway TV, LLC hereby requests that this Court grant under FRCP 34 the Plaintiff's Motion Compelling Clear and Concise Responses without Objection to the Plaintiffs Request for Admissions (Set 1) in accordance with the Order of this Court on which the objections are Denied.

Additionally, Plaintiff requests that this Court sanction this Defendant $3,500 under FRCP Rule 37(5)(A) for the 2 motions filed concurrently.

Respectfully submitted,

DATED: September 20, 2019          Law Offices of William D. Goldstein

By: _____

William D. Goldstein
Attorney for RUNWAY TV, LLC.

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

## DECLARATION OF WILLIAM D. GOLDSTEIN

I, William D. Goldstein, hereby declare:

1.     I am a resident of Los Angeles County of the state of California.

2.     I am an attorney at law, duly licensed to practice in the State of California and a member in good standing of the Bar of this Court. I am counsel for Plaintiff RUNWAY TV, LLC., herein.

3.     I have personal knowledge of the following facts and if called as a witness I could and would testify competently thereto.

4.     On November 5, 2018 this Court ordered that Defendant respond to the Discovery Requests served upon her on August 28, 2018.

5.     Defendant served said responses by Email on November 25, 2018.

6.     Each and every Document Request and Request for Admissions was objected to. Not a single document was provided to Plaintiff. As to the Requests for Admission, Defendant did not either Admit or Deny many of the Requests. Additionally, Defendant denied many requests than stated her attorney acting on her behalf took the action in question. At best the responses to the Requests for Admission are either non-responsive or completely ambiguous in that they restate the request then both admit and deny the restatement.

7.     Plaintiff thereafter on November 26, 2018, sent a lengthy Meet and Confer letter addressing all of the Document Requests and all but a very few of the Requests for Admission which he believes used appropriate objections. This letter contained the Request, the relevant portion of the Objection and Plaintiff's argument why the objection was not valid and requesting that the Defendant supplement her responses and provide the documents requested.

8.     In this same Email Plaintiff stated: "Please advise this office when we can have the telephonic Meet and Confer discussion required under Local Rule 37-1 within the next 10 days."

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

9.     Defendants response stated, in essence, that she would not amend her responses to the discovery served. Additionally, she would only allow for a telephonic Meet and Confer unless it was recorded, done in the French language with a certified interpreter and a transcript was signed by said interpreter. This, despite the Defendants statement that she is fluent in the English language.

10.     Of information and belief, the only reason for these requirements was to inconvenience the Plaintiff and cost the Plaintiff the fees that would be incurred for the use of these professionals, which would run into many thousands of dollars.

11.     On September 11, 2019 the Court Granted the Plaintiff's motion to allow service by Email requiring that the Plaintiff thereafter file a Declaration to that effect. It also denied the Defendant's latest Motion to Dismiss as moot.(docket # 91).

12.     I did not become aware of this latest ruling until September 16, 2019. Within the Hour the Documents required were sent to the Defendants by Email and shortly thereafter the required declaration was filed (docket # 93).

13.     On September 17, 2019 I, on behalf of the Plaintiff, I renewed the Meet and Confer related to Discovery (stayed the previous November) with an Email requesting the promised response to the Plaintiffs 22 page letter of the past November 26, 2019. I also requested that Defendant Eleonora De Gray agree to a Joint declaration should the parties not be able to come to agreement on the discovery issues (attached hereto as Exhibit "M").

14.     Further, of information and belief, the result of such a Meet and Confer conference would be non-productive as the Defendant insists that French and European law, as she understands it, is the defining legal basis for any discovery objections.

15.     These communications continued back and forth until the Defendant stated "PLEASE NOTE that I consider this Meet and confer conduction over…"

PLAINTIFF'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTIONS

16.    I have spent in excess of 6 hours researching and responding with Meet and Confer letters as well as 4 hours preparing this Notice of Motion and Motion along with the accompanying Motion to Compel Clear and Concise Responses to the  Requests for Admission.

17.    Of information and belief, I will additionally have to draft and file a Reply brief and may have to appear to argue this motion. Both of which will require additional time and billing to the Plaintiff not included herein.

18.     I currently charge my client Runway TV, LLC at the rate of $350.00 per hour which is commensurate with the amount charged by other attorneys with my education and experience located in West Los Angeles.

19.    Plaintiff therefore seeks sanctions in the amount of $3,500.00 to compensate for the attorney fees the Plaintiff has paid to file this Discovery Motion.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on September 20, 2019 at Los Angeles, California.

_____

WILLIAM D. GOLDSTEIN, Declarant

Exhibit "A"

Law Offices of William D. Goldstein
William D. Goldstein (SBN. 279723)
4030 Sawtelle Blvd.
Los Angeles, CA 90066-5408
Phone: (310) 437-0108
Facsimile: (323) 372-3589
Email: wdgoldstein@wdgoldstein.com

Attorney for PLAINTIFF, RUNWAY TV, LLC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUNWAY TV, LLC., A Delaware Limited Liability Company | ) ) ) | Case NO.: 2:18-CV-02503-FMO (JCx) |
| Plaintiff, | ) ) | PLAINTIFF'S REQUESTS FOR THE IDENTIFICATION AND PRODUCTION OF DOCUMENTS AND THINGS |
| vs. | ) ) | (Set 1) |
| EURL ELEONORA DE GRAY, a French Company; ELEONORA DE GRAY aka ELEONORA CHRISTENSEN, A French citizen And DOES 1-10, INCLUSIVE, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| _ | ) ) | |

– 1 –

Pursuant to Federal Rules of Civil Procedure 34, Plaintiff RUNWAY TV, LLC. ("Plaintiff" or "Propounding Party") requests that Defendant ELEONORA DE GRAY ("Defendant" or "Responding Party") respond in writing under oath, within thirty (30) days from the date of service hereof to each of the following requests; and produce the documents and things designated in the categories below at the law office of William D. Goldstein, 4030 Sawtelle Blvd., Los Angeles, California 90066-5408 or via Email to wdgoldstein@wdgoldstein.com.

## INSTRUCTIONS

1.      Unless otherwise specified, the documents called for by these document requests are documents in your possession, custody or control that were applicable, effective, prepared, written, generated, sent, dated, or received at any time since January 1, 2013till the date the responses are served. You are not required to produce Documents that have been produced previously by Defendant in response to Rule 26 initial disclosures.

2.      Unless otherwise specified, the documents called for by these document requests are limited in scope to those responsive documents relating to supplying, manufacturing, distributing, selling, or advertising or promoting products in the United States and France or relating to the RUNWAY™ or RUNWAY MAGAZINE™. For any paragraph that requests documents relating to supplying, manufacturing, distributing, selling, or advertising or promoting products in any country other than the United States and France, the documents called for include all documents in your possession, custody or control maintained in both the United States or in any other country.

3.      Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

4.      All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive

to more than one paragraph or are identical except for the person to whom it is addressed if you indicate the persons or group of persons to whom such documents were distributed. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with Defendant's name and the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

5.     In producing documents consisting of electronically stored data said documents are to be either printed or produced in Adobe's Portable Data Format (PDF).

6.     For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

7.     For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

8.     In responding to any document request that calls for documents relating to "any person," or "each person," include information or documents relating to you or your company, if applicable.

9.     Each document that is written in whole or in part in any language other than English or that contains any marginal notations in such a language must be accompanied by a certified verbatim English language translation, and all existing English language versions, of all such writings and notations.

PLAINTIFF'S REQUESTS FOR THE IDENTIFICATION AND PRODUCTION OF DOCUMENTS AND THINGS

10.     For ease of transport all documents may be converted to Adobe's Portable Data Format (PDF) files.  Please place the documents called for by each paragraph (Request) in a separate file or folder marked with Defendant's name and the paragraph (Request) to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

## DEFINITIONS

Words in CAPITALS in these Requests for Production are defined as follows:

1.     The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing.

2.     The term "PERSON" or "PERSONS" shall mean, without limitation, human beings, associations, organizations, companies (including ELEONORA DE GRAY), corporations, partnerships, joint ventures, and other legal entities, and the actions of a person shall include the actions of the person's predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other person or entity acting or purporting to act on behalf of any of the foregoing.

3.     As used herein, the term "RELATED TO", "RELATING TO" or "CONCERNING" including any and all grammatical derivations thereof, shall mean directly or indirectly referring to, alluding to, responding to, pertaining to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, memorializing, reflecting, analyzing, constituting, evidencing, modifying, or pertaining to the matters at issue.

4.     As used herein, the term "COMMUNICATIONS" shall mean and refer to all forms of communication, whether oral or written, including, without limitation, face to face conversations, telephone conversations, letters, emails, facsimiles, voice mails, text messages, instant messages, and any DOCUMENTS (as defined below) exchanged.

5.    As used herein, the term "DOCUMENT" or "DOCUMENTS" means and refers to all "documents" and other items identified and includes any reduction to tangible form, including computer or magnetic memory or storage, of communications, information, or data, including any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, and including originals, drafts, and non-identical copies, wherever located. This term includes, but is not limited to, letters, books, contracts, agreements, correspondence, computer tapes, computer disks, printouts, keypunch cards, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, telecopies, facsimile reproductions or "faxes", factual compilations, electronic data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks, ledgers, catalogs, brochures, pamphlets, press releases, advertisements, invoices, minutes, calendars, photographs, microfilm, microfiche, films, personnel files, quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings, transcriptions, lab notebooks, published materials and things similar to the foregoing. This definition applies to all DOCUMENTS on the particular subject in your possession, custody, or control, or that of your attorneys, agents, employees, officers, directors, or representatives, irrespective of who generated, prepared, or signed the DOCUMENTS.

6.    The term DOCUMENT includes "ELECTRONIC DATA," which means the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of attached comments, hidden text, annotations, marks, transmission information, or alteration of any kind) of information of any kind stored in electronic, magnetic, optical, magneto-optical or digital form. ELECTRONIC DATA includes, but is not limited to, originals and all copies of electronic mail (commonly referred to as "e-mail"); activity listings of electronic mail receipts and/or transmittals; audio or video recordings of any kind; computer programs (whether private, commercial or a work-in-progress); programming notes or instructions; output resulting from the use of any software programs, including word processing DOCUMENTS, spreadsheets, database files, charts, graphs, outlines,

drawings or data; voicemail; operating systems; source code of all types; PIF files; batch files; ASCII files; and all miscellaneous electronic files and/or file fragments regardless of the media on which they are stored and regardless of whether the data reside in an active file, or file fragment. ELECTRONIC DATA further includes without limitation any and all information stored in hard disks, floppy disks, CD-ROM disks, Bernoulli disks and their equivalents, magnetic tapes of all kind and computer chips. ELECTRONIC DATA also includes the file folder tabs, containers or labels appended to any storage device containing ELECTRONIC DATA.

7.     As used herein, the term "ALL DOCUMENTS" means every DOCUMENT as above defined known to YOU and within YOUR possession, custody, or control.

8.     As used herein, the terms "and" and "or" are to be construed both conjunctively and disjunctively as necessary to make these Requests inclusive rather than exclusive.  The singular form or a noun or pronoun includes the plural form and vice versa.

9.     The term "RUNWAY MAGAZINE" means and refers to the print or electronic version of the magazine published by EURL ELEONORA DE GRAY.

## <u>REQUEST FOR THE IDENTIFICATION  AND</u>
## <u>PRODUCTION OF DOCUMENTS AND THINGS</u>

<u>REQUEST FOR PRODUCTION NO. 1:</u>

A copy of each issue of RUNWAY MAGAZINE published by EURL ELEONORA DE GRAY and/or ELEONORA DE GRAY (as described in item 10 of the instructions each magazine requested herein can be produced in Adobe's Portable Data Format (PDF).) If Publication in English is not available, the French version of the magazine may be produced without English translation.

<u>REQUEST FOR PRODUCTION NO. 2:</u>

All COMMUNICATIONS between YOU and any party at Runway Magazine, Inc. between January 1, 2012 and the date of response to this request

REQUEST FOR PRODUCTION NO. 3:

All COMMUNICATIONS between YOU and Vincent Mazzotta between January 1, 2012 and the date of response to this request.

REQUEST FOR PRODUCTION NO. 4:

All COMMUNICATIONS between YOU and James Buccelli between January 1, 2012 and the date of response to this request.

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING YOUR application for the Trademark "RUNWAY MAGAZINE" either to the French Government or internationally.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING the Articles of Incorporation (or the French equivalent thereof) for EURL ELEONORA DE GRAY.

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING any "Partners" of  EURL ELEONORA DE GRAY and/or YOU in the United States referenced in your Answer to the First Amended Complaint (inclusive of, but not limited to, Emails, Contracts, Agreements and proposals between YOU and /or EURL ELEONORA DE GRAY with said partners.)

REQUEST FOR PRODUCTION NO. 8:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING your signing of the Licensing Agreement effective April 1, 2014 between YOU and Runway Beauty, Inc.

REQUEST FOR PRODUCTION NO. 9:

All COMMUNICATIONS between YOU and any third party in which Vincent Mazzotta is mentioned, between January 1, 2012 and the date of response to this request.

REQUEST FOR PRODUCTION NO. 10:

All COMMUNICATIONS between YOU and any third party in which James Buccelli is mentioned, between January 1, 2012 and the date of response to this request.

REQUEST FOR PRODUCTION NO. 11:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING the shipment of RUNWAY MAGAZINE to vendors, distributors and/or wholesalers between January 1, 2012 and the date of response to this request.

REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING COMMUNICATIONS between YOU and vendors of RUNWAY MAGAZINE RELATED TO, RELATING TO or CONCERNING the RUNWAY™ held by Runway TV, LLC between January 1, 2012 and the date of response to this request.

REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING COMMUNICATIONS between YOU and GOOGLE, Inc (inclusive of their online Store) concerning the RUNWAY™ held by Runway TV, LLC between January 1, 2012 and the date of response to this request.

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING COMMUNICATIONS between YOU and APPLE, Inc. (inclusive of their online store) concerning the RUNWAY™ held by Runway TV, LLC between January 1, 2012 and the date of response to this request.

Dated: August 28, 2018

Law Offices of William D. Goldstein

William D. Goldstein

PLAINTIFF'S REQUESTS FOR THE IDENTIFICATION AND PRODUCTION OF DOCUMENTS AND THINGS

# PROOF OF SERVICE

I, the undersigned, declare as follows:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years, and not a party to the within action. I am an employee of or agent for LAW OFFICES OF WILLIAM D. GOLDSTEIN, whose business address is 4030 Sawtelle Blvd., Los Angeles, CA 90066.

On **August 28, 2018** I served the foregoing document(s): PLAINTIFF'S REQUESTS FOR ADMISSION TO ELEONORA DE GRAY, PLAINTIFF'S REQUESTS FOR THE IDENTIFICATION AND PRODUCTION OF DOCUMENTS AND THINGS to the following party(ies) in this action addressed as follows:

| Elenora de Gray/EURL Elenora de Gray  infodegray@gmail.com | Elenora de Gray/EURL Elenora de Gray  23/25 Rue Jean Jacques  Rousseau, 75001 Paris, France |
|---|---|

❏   *(BY MAIL)* I caused a true copy of each document, placed in a sealed envelope with postage fully paid, to be placed in the United States mail at Los Angeles, California. I am "readily familiar" with this firm's business practice for collection and processing of mail, that in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service on that same day. *I* understand that the service shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

❏   *(BY PERSONAL SERVICE)* I caused to be delivered each such document by hand to each addressee above.

❏   *(BY CERTIFIED MAIL -- CCP §1020, et seq.)* I caused said document(s) to be deposited with the United States Mail, postage prepaid, return receipt requested, signed by addressee that said documents were received.

❏   *(BY OVERNIGHT DELIVERY)* I caused a true copy of each document, placed in a sealed envelope with delivery fees provided for, to be deposited in a box regularly maintained by U.S. Postal Service (USPS)**.** I am readily familiar with this firm's practice for collection and processing of documents for overnight delivery and know that in the ordinary course of business practice the document(s) described above will be deposited in a box or other facility regularly maintained by USPS or delivered to a courier or driver authorized by USPS to receive documents on the same date it is placed for collection.

❏   *(BY FACSIMILE)* By use of facsimile machine number (323) 372-3589, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

☒   *(BY ELECTRONIC SERVICE)* Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at their electronic notification addresses. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on **August 28, 2018,** in Los Angeles, CA. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

William D. Goldstein

Exhibit "B"

Law Offices of William D. Goldstein
William D. Goldstein (SBN. 279723)
4030 Sawtelle Blvd.
Los Angeles, CA 90066-5408
Phone: (310) 437-0108
Facsimile: (323) 372-3589
Email: wdgoldstein@wdgoldstein.com

Attorney for PLAINTIFF, RUNWAY TV, LLC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUNWAY TV, LLC., A Delaware Limited Liability Company | Case NO.: 2:18-CV-02503-FMO (JCx) |
| Plaintiff, | PLAINTIFF'S REQUESTS FOR ADMISSION TO ELEONORA DE GRAY |
| vs. | (Set 1) |
| EURL ELEONORA DE GRAY, a French Company; ELEONORA DE GRAY aka ELEONORA CHRISTENSEN, A French citizen And DOES 1-10, INCLUSIVE, | |
| Defendants. | |

PLAINTIFF'S REQUESTS FOR ADMISSION – (SET 1)

**PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT**

**PROPOUNDING PARTY: RUNWAY TV., LLC.**

**RESPONDING PARTY: ELEONORA DE GRAY**

Plaintiff RUNWAY TV, LLC (hereafter "PLAINTIFF"), by their attorneys, the Law Offices of William D. Goldstein, hereby request, pursuant to Rule 36 of the Federal Rules of Civil Procedure, that Defendant ELEONORA DE GRAY (hereafter "DE GRAY"), admit the truth of the matters set forth in these Requests for Admission (the "REQUESTS").

The following definitions and instructions shall apply to each and every part of this Request as if fully set forth therein. law office of William D. Goldstein, 4030 Sawtelle Blvd., Los Angeles, California  90066-5408 or via Email to wdgoldstein@wdgoldstein.com.

**INSTRUCTIONS**

1.   Each matter is admitted unless, within 30 days after service of this Request, DE GRAY serves a written answer or objection addressed to the matter, signed by DE GRAY.

2.   If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why DE GRAY cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that DE GRAY qualify an answer or deny only a part of the matter of which an admission is requested, it shall specify so much of it as is true and qualify or deny the remainder.

3.   DE GRAY may not give lack of information or knowledge as a reason for failure to admit or deny unless it states that it has made reasonable inquiry and that information known or readily obtainable by it is insufficient to enable it to admit or deny.

4.   If DE GRAY does not admit an item, it shall:

   a.   Produce to Plaintiff all documents concerning the requested admission in its possession, custody or control;

   b.   State, with particularity, the factual basis upon which its response is based;

   c.   Identify each and every person with knowledge of the requested admission.

5. These requests for admissions are continuing. DE GRAY shall promptly supply by way of supplemental responses any and all additional information that may become known prior to any hearing in or trial of this action.

## **DEFINITIONS**

Words in CAPITALS in these Requests for Admission are defined as follows:

1. The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing.

2. The term "PERSON" or "PERSONS" shall mean, without limitation, human beings, associations, organizations, companies (including ELEONORA DE GRAY), corporations, partnerships, joint ventures, and other legal entities, and the actions of a person shall include the actions of the person's predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other person or entity acting or purporting to act on behalf of any of the foregoing.

3. As used herein, the term "RELATED TO", "RELATING TO" or "CONCERNING" including any and all grammatical derivations thereof, shall mean directly or indirectly referring to, alluding to, responding to, pertaining to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, memorializing, reflecting, analyzing, constituting, evidencing, modifying, or pertaining to the matters at issue.

4. As used herein, the term "COMMUNICATIONS" shall mean and refer to all forms of communication, whether oral or written, including, without limitation, face to face conversations, telephone conversations, letters, emails, facsimiles, voice mails, text messages, instant messages, and any DOCUMENTS (as defined below) exchanged.

5. As used herein, the term "DOCUMENT" or "DOCUMENTS" means and refers to all "documents" and other items identified and includes any reduction to tangible form, including

computer or magnetic memory or storage, of communications, information, or data, including any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, and including originals, drafts, and non-identical copies, wherever located. This term includes, but is not limited to, letters, books, contracts, agreements, correspondence, computer tapes, computer disks, printouts, keypunch cards, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, telecopies, facsimile reproductions or "faxes", factual compilations, electronic data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks, ledgers, catalogs, brochures, pamphlets, press releases, advertisements, invoices, minutes, calendars, photographs, microfilm, microfiche, films, personnel files, quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings, transcriptions, lab notebooks, published materials and things similar to the foregoing. This definition applies to all DOCUMENTS on the particular subject in your possession, custody, or control, or that of your attorneys, agents, employees, officers, directors, or representatives, irrespective of who generated, prepared, or signed the DOCUMENTS.

6.   The term DOCUMENT includes "ELECTRONIC DATA," which means the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of attached comments, hidden text, annotations, marks, transmission information, or alteration of any kind) of information of any kind stored in electronic, magnetic, optical, magneto-optical or digital form. ELECTRONIC DATA includes, but is not limited to, originals and all copies of electronic mail (commonly referred to as "e-mail"); activity listings of electronic mail receipts and/or transmittals; audio or video recordings of any kind; computer programs (whether private, commercial or a work-in-progress); programming notes or instructions; output resulting from the use of any software programs, including word processing DOCUMENTS, spreadsheets, database files, charts, graphs, outlines, drawings or data; voicemail; operating systems; source code of all types; PIF files; batch files; ASCII files; and all miscellaneous electronic files and/or file fragments regardless of the media on which they are stored and regardless of whether the data reside in an active file, or file fragment. ELECTRONIC

DATA further includes without limitation any and all information stored in hard disks, floppy disks, CD-ROM disks, Bernoulli disks and their equivalents, magnetic tapes of all kind and computer chips. ELECTRONIC DATA also includes the file folder tabs, containers or labels appended to any storage device containing ELECTRONIC DATA.

7.   As used herein, the term "ALL DOCUMENTS" means every DOCUMENT as above defined known to YOU and within YOUR possession, custody, or control.

8.   As used herein, the terms "and" and "or" are to be construed both conjunctively and disjunctively as necessary to make these Requests inclusive rather than exclusive.  The singular form or a noun or pronoun includes the plural form and vice versa.

9.   The term "RUNWAY MAGAZINE" means and refers to the print or electronic version of the magazine published by EURL ELEONORA DE GRAY.

## **REQUEST FOR ADMISSIONS**

REQUEST FOR ADMISSION NO. 1:

Admit that YOU are the sole shareholder of EURL ELEONORA DE GRAY.

REQUEST FOR ADMISSION NO. 2:

Admit that Plaintiff s first, second and third claims lie under the Trademark Act of 1946 (the Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051, et seq. This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 28 U.S.C. §§ 1338(a) and (b).

REQUEST FOR ADMISSION NO. 3:

Admit that This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

REQUEST FOR ADMISSION NO. 4:

Admit that YOU filed three (3) Requests (motion) after the filing of the Motion to Dismiss for Lack of Jurisdiction.

//

//

REQUEST FOR ADMISSION NO. 5:

Admit that Defendant EURL Eleonora De Gray advertised on its website that it is an American-French magazine produced by Media Group ELEONORA DE GRAY with offices based in Paris (France), New York and Los Angeles. as of July 30, 2018.

REQUEST FOR ADMISSION NO. 6:

Admit that Defendant Eleonora De Gray has placed herself under the jurisdiction of this Court by the filing an answer to the Complaint.

REQUEST FOR ADMISSION NO. 7:

Admit that You signed a license agreement to use the name RUNWAY™ for a magazine dated April 1st, 2014.

REQUEST FOR ADMISSION NO. 8:

Admit that the signed license agreement to use the name RUNWAY™ for a magazine dated April 1st, 2014 lists as the governing law in paragraph 15 Business Terms/Schedule, United States of America.

REQUEST FOR ADMISSION NO. 8:

Admit that the on P:1 L:22-23 of the Notice of Motion and Motion to Dismiss under FRCP Rule 12(b)(2) for Lack of Jurisdiction YOU state YOU have "Partners" in the United States of America.

REQUEST FOR ADMISSION NO. 9:

Admit that a partnership is a for-profit business association of two or more persons.

REQUEST FOR ADMISSION NO. 10:

Admit that a partnership is a legal entity classified in both the United States and the State of California as either a General Partnership of a Limited Partnership.

REQUEST FOR ADMISSION NO. 11:

Admit that a partnership is a consideration under Federal Law which prohibits a Diversity Action in any Federal Court of a State in which a Plaintiff and Defendant partner are both residents.

//

REQUEST FOR ADMISSION NO. 12:

Admit that Runway TV, LLC owns the trademark RUNWAY™ for use with a magazine or publication.

REQUEST FOR ADMISSION NO. 13:

Admit that in an Email dated March 18, 2014 addressed to Michael Cohen YOU stated ""I strongly believe that international trademarks RUNWAY / RUNWAY MAGAZINE belongs to Vincent. and I strongly believe that we should do everything possible to get USA trademark also back to Vincent. Otherwise scam and fraud will never stop."

REQUEST FOR ADMISSION NO. 14:

Admit that YOU advertise the designation "RUNWAY MAGAZINE" on several Internet websites, such as Youtube.com, Facebook.com Twitter.com, as well as various blogs.

REQUEST FOR ADMISSION NO. 15:

Admit that YOU registered in France trademarks Runway France / Runway Magazine France after such time as YOU became aware that the license to use the RUNWAY Magazine™ obtained from James Buccelli in February 2012 was fraudulent.

REQUEST FOR ADMISSION NO. 16:

Admit that the Runway Magazine™ was owned by Runway Beauty, Inc. in February 2012.

REQUEST FOR ADMISSION NO. 17:

Admit that the Runway Magazine™ was owned by Runway Beauty, Inc. in February 2012.

REQUEST FOR ADMISSION NO. 18:

Admit that YOU have sent Emails to parties that do business with Runway TV, LLC that the Plaintiff company is not the real RUNWAY.

REQUEST FOR ADMISSION NO. 19:

Admit that YOU have sent Emails Apple, Inc. related to the Plaintiff's App(s) to "Please remove these applications and ban the user permanently or ban these applications from all other territories except USA."

REQUEST FOR ADMISSION NO. 20:

Admit that YOU have sent Emails Google.Com related to the Plaintiff's App(s) to "Please remove these applications and ban the user permanently or ban these applications from all other territories except USA."

REQUEST FOR ADMISSION NO. 21:

Admit that YOU have sent Email to GoDaddy.Com related to the Plaintiff's RUNWAY FRANCE website that it infringes on the RUNWAY MAGAZINE FRANCE intellectual property.

REQUEST FOR ADMISSION NO. 22:

Admit that YOU have sent Email to LinkedIn related to the Plaintiff's RUNWAY ™ that it infringes on the RUNWAY MAGAZINE intellectual property.

 REQUEST FOR ADMISSION NO. 23:

Admit that YOU have sent Email Instagram related to the Plaintiff's RUNWAY ™ that it infringes on the RUNWAY MAGAZINE intellectual property.

REQUEST FOR ADMISSION NO. 24:

Admit that YOU have sent Email mikeyaandmproducPons@gmail.com related to the Plaintiff's RUNWAY ™ that it infringes on the RUNWAY MAGAZINE intellectual property.

REQUEST FOR ADMISSION NO. 25:

Admit that YOU have sent Email Julia Perry Style related to the Plaintiff's RUNWAY ™ that it infringes on the RUNWAY MAGAZINE intellectual property.

REQUEST FOR ADMISSION NO. 26:

Admit that YOU have sent Email Dylan Perlot related to the Plaintiff's RUNWAY ™ that it infringes on the RUNWAY MAGAZINE intellectual property.

REQUEST FOR ADMISSION NO. 27:

Admit that YOU have sent Email Jifff.com related to the Plaintiff's RUNWAY ™ that it infringes on the RUNWAY MAGAZINE intellectual property.

REQUEST FOR ADMISSION NO. 28:

Admit that any rights granted YOU in the contract between the parties have been extinguished by YOUR failure to pay the required licensing fees.

REQUEST FOR ADMISSION NO. 29:

Admit that YOU attempted to breach the Attorney Work Product privilege by requesting documents from L.A. Translations.

Dated: August 28, 2018

Law Offices of William D. Goldstein

William D. Goldstein

# PROOF OF SERVICE

I, the undersigned, declare as follows:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years, and not a party to the within action. I am an employee of or agent for LAW OFFICES OF WILLIAM D. GOLDSTEIN, whose business address is 4030 Sawtelle Blvd., Los Angeles, CA 90066.

On **August 28, 2018** I served the foregoing document(s): PLAINTIFF'S REQUESTS FOR ADMISSION TO ELEONORA DE GRAY, PLAINTIFF'S REQUESTS FOR THE IDENTIFICATION AND PRODUCTION OF DOCUMENTS AND THINGS to the following party(ies) in this action addressed as follows:

| Elenora de Gray/EURL Elenora de Gray<br>infodegray@gmail.com | Elenora de Gray/EURL Elenora de Gray<br>23/25 Rue Jean Jacques<br>Rousseau, 75001 Paris, France |
| --- | --- |

❏  *(BY MAIL)* I caused a true copy of each document, placed in a sealed envelope with postage fully paid, to be placed in the United States mail at Los Angeles, California. I am "readily familiar" with this firm's business practice for collection and processing of mail, that in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service on that same day. *I* understand that the service shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

❏  *(BY PERSONAL SERVICE)* I caused to be delivered each such document by hand to each addressee above.

❏  *(BY CERTIFIED MAIL – CCP §1020, et seq.)* I caused said document(s) to be deposited with the United States Mail, postage prepaid, return receipt requested, signed by addressee that said documents were received.

❏  *(BY OVERNIGHT DELIVERY)* I caused a true copy of each document, placed in a sealed envelope with delivery fees provided for, to be deposited in a box regularly maintained by U.S. Postal Service (USPS). I am readily familiar with this firm's practice for collection and processing of documents for overnight delivery and know that in the ordinary course of business practice the document(s) described above will be deposited in a box or other facility regularly maintained by USPS or delivered to a courier or driver authorized by USPS to receive documents on the same date it is placed for collection.

❏  *(BY FACSIMILE)* By use of facsimile machine number (323) 372-3589, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

☒  *(BY ELECTRONIC SERVICE)* Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at their electronic notification addresses. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on **August 28, 2018,** in Los Angeles, CA. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

William D. Goldstein

Exhibit "C"

ELEONORA DE GRAY
23/25 RUE JEAN JACQUES ROUSSEAU
75001 PARIS, FRANCE
Phone : +33660329401
Email : infodegray@gmail.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUNWAY TV, LLC., Vincent Mazzotta | ) Case No.: 2:18-CV-02503-FMO (JCx) |
| Plaintiff | ) DEFENDANT'S RESPONSE AND<br>) OBJECTION TO REQUEST FOR<br>) IDENTIFICATION AND |
| vs. | ) PRODUCTION OF DOCUMENTS,<br>) SET 1; DECLARATION OF ELEONORA |
| ELEONORA DE GRAY, A French citizen | ) DE GRAY IN SUPPORT THEREOF |
| And DOES 1-10, INCLUSIVE, EURL | ) |
| ELEONORA DE GRAY | ) |
| Defendant | ) |
| _ | ) |
| Court: California Central District Court | ) |
| Referring Judge: Jacqueline Chooljian | ) |
| Presiding Judge: Fernando M. Olguin | ) |
| | ) |

- 1 -

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR
IDENTIFICATION AND PRODUCTION OF DOCUMENTS

Pursuant to and in accordance with Federal Rules of Civil Procedure 26-34, ELEONORA DE GRAY ("Defendant") hereby responds and objects to request of Plaintiff for identification and production of documents, Set 1 ("request") as follows:

## GENERAL RESPONSES AND OBJECTIONS

The following General Responses and Objections are hereby incorporated into each of the Specific Responses as though set forth in full. Defendant objects generally to all of Plaintiff's Requests for Production of Documents and Notice to Produce to Defendant on each of the following grounds:

1. Defendants objects to the request in its entirety on the ground that it violates Federal Rules of Civil Procedure Rule 26 (b)(1), Rule 26 (b)(2)(C), Rule 26 (b)(5) : request of Plaintiff is not relevant to any party's claim, not proportional to the needs of the case, Plaintiff seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California, and/or seek information or documents subject to European Union privacy laws and French Penal Code Law No. 80 -538 (July 16, 1980).

2. The responses and objections reflect only the current state of Defendant's knowledge, understanding and belief with respect to the matters addressed in the request. The responses and objections herein are neither intended as, nor shall in any way be deemed, an admission or representation that certain documents exist or do not exist. Without obligating itself to do so, Defendant reserves the right to modify, supplement, amend, or revise its responses and objections with pertinent information as it may subsequently discover.

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR
IDENTIFICATION AND PRODUCTION OF DOCUMENTS

3. Any agreement by Defendant to produce documents is made without waiver of any objections, and is not intended to constitute a representation that any such documents exist, but only that Defendant will produce what documents do exist, are in her possession, custody and control, are found through a reasonably diligent search, are not currently subject to applicable privileges (including the attorney-client privilege), and do not constitute trial preparation or other work product materials.

4. Defendant objects to the request and to each Definition, Instruction, Interrogatory and Document Request contained therein to the extent that they purport to impose any obligations upon Defendant that exceed the scope of permissible discovery under the Federal Rules of Civil Procedure and applicable rules. Defendant will respond to the request in accordance with its obligations under the applicable rules.

5. Defendant objects to the request and to each Definition, Instruction, Interrogatory and Document Request contained therein to the extent that they are a) overlapping, cumulative, duplicative, unduly burdensome or oppressive, b) are vague and ambiguous, and/or c) not reasonably calculated to lead to the discovery of relevant evidence.

6. Defendant objects to the request and to each Definition, Instruction, Interrogatory and Document Request contained therein to the extent that they purport to call for the production of documents not in Defendant possession, custody, or control, or that cannot be ascertained by means of a reasonable, diligent, good faith review of documents having an identifiable relationship to, and inquiry of personnel likely to have knowledge concerning, the subject matter of the request. Where Defendant has stated it will produce responsive documents (including any electronic documents), it will conduct a reasonable search for such documents in Moody's possession,

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR
IDENTIFICATION AND PRODUCTION OF DOCUMENTS

custody, or control in the readily accessible locations where such documents may reasonably be kept, and will produce those non-privileged, responsive documents (subject to the objections set forth herein) that it has been able to locate after such search.

7.  Defendant objects to the request and to each Definition, Instruction, Interrogatory and Document Request contained therein to the extent that they purport to call for the production of documents protected by the attorney-client privilege, the work-product doctrine, the First Amendment journalist's privilege, the French journalist's shield law, the California State journalist's privilege, common law qualified reporter's privilege, common law privileges protecting journalist's records from disclosure, the right to privacy under the California Constitution or any other right to privacy or any other applicable privilege, doctrine, law, or rule protecting information from disclosure. Nothing contained herein is intended to be, nor shall in any way be construed as, a waiver of any applicable privilege, doctrine, law or rule protecting information from disclosure.

8.  Defendant objects to the request and to each Definition, Instruction, Interrogatory and Document Request contained therein to the extent that they purport to call for information or documents a) already in the possession of Plaintiff, custody, or control, b) publicly available on open sources, or c) more appropriately obtained from other sources.

9.  Defendant objects to the  request and to each Definition, Instruction, Interrogatory and Document Request contained therein to the extent that they purport to call for the production of documents with disregard to First Use in Commerce French Law, or First Use in Commerce International Law.

10. Defendant objects to the  request and to each Definition, Instruction, Interrogatory and Document Request contained therein to the extent that

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR
IDENTIFICATION AND PRODUCTION OF DOCUMENTS

they purport to call for the production of documents with disregard that license contract presented by Plaintiff for litigation in this Court dated April 1, 2014 until June 31, 2014, and documents requested by this request demanded from January 2012 without any legal grounds.

11. Defendant objects to the  request and to each Definition, Instruction, Interrogatory and Document Request contained therein to the extent that they purport to call for the production of documents with disregard that litigation of license contract presented by Plaintiff for litigation in this Court is yet to be determined, as according to presented by Defendant evidence submitted with Motion to Dismiss – a letter of Defendant's French Attorney confirming that this license contract never became legit, as it was at first sent to her without signature of Plaintiff in April 2017, and only after email exchange has been resent to her with signature of Plaintiff, in April 2017.

– 5 –

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR
IDENTIFICATION AND PRODUCTION OF DOCUMENTS

## RESPONSES TO REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:

A copy of each issue of RUNWAY MAGAZINE published by EURL ELEONORA DE GRAY and/or ELEONORA DE GRAY (as described in item 10 of the instructions each magazine requested herein can be produced in Adobe's Portable Data Format (PDF).) If Publication in English is not available, the French version of the magazine may be produced without English translation.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this Interrogatory on the grounds that it seeks to obtain copyrighted materials and/or information regarding business activities that took place outside of the United States and that are beyond the jurisdiction of the California, as it has been already determined by this Court. EURL ELEONORA DE GRAY is one of several business entities of Defendant founded in February 2012, and not related to any collaboration with Plaintiff or his associate Mr Buccelli convicted for identity theft felony and fraud in March 2016. Additionally first issues of RUNWAY NEWS / RUNWAY MAGAZINE dated 1995, not related to any collaboration with Plaintiff or his associate Mr Buccelli. The issue of RUNWAY MAGAZINE produced in collaboration with Plaintiff in April 2014 Plaintiff has already in his possession (pdf), which he largely distributed and advertised even after determination of the contract and with disregard to official demand of Defendant that he has no any rights to continue to distribute / use / advertise copyrighted materials of Defendant. This 2014 issue has not been modified.

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR
IDENTIFICATION AND PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 2:

All COMMUNICATIONS between YOU and any party at Runway Magazine, Inc.
between January 1, 2012 and the date of response to this request.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference
including, but not limited to, objections 1-11. Defendant objects to this
Interrogatory on the grounds that it seeks to obtain privileged documentation and
contact information regarding business activities outside of the United States and
that are beyond the jurisdiction of the California, and/or seek information or
documents subject to European Union privacy laws and French Penal Code Law
No. 80 -538 (July 16, 1980). Requested documents are privilege of Los Angeles
Police Department in investigation of Plaintiff's partner Mr Buccelli, case related
to identity theft, felony and fraud. Requested documents can be only produced with
specific Court Order addressed to LOS ANGELES POLICE DEPARTMENT
COMMERCIAL CRIMES DIVISION VALLEY FINANCIAL SECTION and
DEVONSHIRE DIVISION : 6240 Sylmar Ave, Van Nuys, CA 91401.


REQUEST FOR PRODUCTION NO. 3:

All COMMUNICATIONS between YOU and Vincent Mazzotta between January
1, 2012 and the date of response to this request.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference
including, but not limited to, objections 1-11. Defendant objects to this
Interrogatory on the grounds that it the demanded communication does not exist or
no longer in the position of Defendant. First communication between Plaintiff and
Defendant accrued in January 2014. Communication available to Defendant
between Plaintiff and Defendant from January 2014 already has been submitted to

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR
IDENTIFICATION AND PRODUCTION OF DOCUMENTS

this Court by Plaintiff or Defendant, and the request isn't clear, as all available

emails already been presented in pdf files to this Court.

REQUEST FOR PRODUCTION NO. 4:

All COMMUNICATIONS between YOU and James Buccelli between January 1,

2012 and the date of response to this request.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference

including, but not limited to, objections 1-11. Defendant objects to this

Interrogatory on the grounds that it seeks to obtain privileged documentation and

contact information regarding business activities outside of the United States and

that are beyond the jurisdiction of the California, and/or seek information or

documents subject to European Union privacy laws and French Penal Code Law

No. 80 -538 (July 16, 1980). Requested documents are privilege of Los Angeles

Police Department in investigation of Plaintiff's partner Mr Buccelli, case related

to identity theft, felony and fraud. Requested documents can be only produced with

specific Court Order addressed to LOS ANGELES POLICE DEPARTMENT

COMMERCIAL CRIMES DIVISION VALLEY FINANCIAL SECTION and

DEVONSHIRE DIVISION : 6240 Sylmar Ave, Van Nuys, CA 91401.

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING YOUR

application for the Trademark "RUNWAY MAGAZINE" either to the French

Government or internationally.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference

including, but not limited to, objections 1-11. Defendant objects to this

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR
IDENTIFICATION AND PRODUCTION OF DOCUMENTS

Interrogatory on the grounds that it seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California. The documents / copyrighted materials presented at the registration of trademarks RUNWAY MAGAZINE in 2013 are related to production / international production since 2007. Additionally Defendant already provided to this Court in different filings links to all public accounts on social media networks : wordpress, twitter, pinterest related to the FIRST USE IN INTERNATIONAL COMMERCE date 2007.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING the Articles of Incorporation (or the French equivalent thereof) for EURL ELEONORA DE GRAY.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefmed terms. Additionally business license for EURL ELEONRORA DE GRAY has been already provided in different filings by Defendant.

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING any "Partners" of EURL ELEONORA DE GRAY and/or YOU in the United States referenced in your Answer to the First Amended Complaint (inclusive of, but not limited to, Emails, Contracts, Agreements and proposals between YOU and /or EURL ELEONORA DE GRAY with said partners.)

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR
IDENTIFICATION AND PRODUCTION OF DOCUMENTS

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this Interrogatory on the grounds that it seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California, and/or seek information or documents subject to European Union privacy laws and French Penal Code Law No. 80 -538 (July 16, 1980).

REQUEST FOR PRODUCTION NO. 8:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING your signing of the Licensing Agreement effective April 1, 2014 between YOU and Runway Beauty, Inc.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefmed terms. Additionally all additional communication has been already submitted to this Court by Plaintiff or Defendant in different filings.

REQUEST FOR PRODUCTION NO. 9:

All COMMUNICATIONS between YOU and any third party in which Vincent Mazzotta is mentioned, between January 1, 2012 and the date of response to this request.

RESPONSE:

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR
IDENTIFICATION AND PRODUCTION OF DOCUMENTS

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this Interrogatory on the grounds that it the demanded communication does not exist or no longer in the position of Defendant. First communication between Plaintiff and Defendant accrued in January 2014. Communication available to Defendant between Plaintiff and Defendant from January 2014 already has been submitted to this Court by Plaintiff or Defendant, and the request isn't clear, as all available emails already been presented in pdf files to this Court.

REQUEST FOR PRODUCTION NO. 10:

All COMMUNICATIONS between YOU and any third party in which James Buccelli is mentioned, between January 1, 2012 and the date of response to this request.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this Interrogatory on the grounds that it seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California, and/or seek information or documents subject to European Union privacy laws and French Penal Code Law No. 80 -538 (July 16, 1980). Requested documents are privilege of Los Angeles Police Department in investigation of Plaintiff's partner Mr Buccelli, case related to identity theft, felony and fraud. Requested documents can be only produced with specific Court Order addressed to LOS ANGELES POLICE DEPARTMENT COMMERCIAL CRIMES DIVISION VALLEY FINANCIAL SECTION and DEVONSHIRE DIVISION : 6240 Sylmar Ave, Van Nuys, CA 91401.

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR
IDENTIFICATION AND PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 11:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING the shipment of RUNWAY MAGAZINE to vendors, distributors and/or wholesalers between January 1, 2012 and the date of response to this request.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this Interrogatory on the grounds that it seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California, and/or seek information or documents subject to European Union privacy laws and French Penal Code Law No. 80 -538 (July 16, 1980).

REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING COMMUNICATIONS between YOU and vendors of RUNWAY MAGAZINE RELATED TO, RELATING TO or CONCERNING the RUNWAY™ held by Runway TV, LLC between January 1, 2012 and the date of response to this request.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this Interrogatory on the grounds that these documents do not exist. Additionally first knowledge of Defendant about existence of Plaintiff or Runway TV LLC, or RUNWAY™ came in January 2014 and not before. From January 2014 until response to this request requested documents do not exist.

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR
IDENTIFICATION AND PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING COMMUNICATIONS between YOU and GOOGLE, Inc (inclusive of their online Store) concerning the RUNWAY™ held by Runway TV, LLC between January 1, 2012 and the date of response to this request.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this Interrogatory on the grounds that these documents from January 2012 do not exist. Documents from 2017 already has been submitted by Plaintiff in his original and first amended complaint to this Court. Defendant does not have additional documents in her possession / or they do not exist.

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING COMMUNICATIONS between YOU and APPLE, Inc. (inclusive of their online store) concerning the RUNWAY™ held by Runway TV, LLC between January 1, 2012 and the date of response to this request.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this Interrogatory on the grounds that these documents from January 2012 do not exist. Documents from 2017 already has been submitted by Plaintiff in his original and first amended complaint to this Court. Defendant does not have additional documents in her possession / or they do not exist.

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR
IDENTIFICATION AND PRODUCTION OF DOCUMENTS

Respectfully submitted,

DATED: November 25, 2018

By: Eleonora de Gray

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR
IDENTIFICATION AND PRODUCTION OF DOCUMENTS

## DECLARATION OF ELEONORA DE GRAY

I, Eleonora de Gray, hereby declare :

1. I'm Eleonora de Gray, married Christensen, citizen / resident of France, CEO of EURL ELEONORA DE GRAY, French company, based 23-25 rue Jean-Jacques Rousseau, 75001 Paris, France.
2. I'm Defendant in this case.
3. I have personal knowledge of the following facts and if called as a witness I could and would testify competently thereto.
4. I affirm that the facts and documents are true.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on November 25, 2018 in Paris, France.


ELEONORA DE GRAY, Declarant

Name: ELEONORA DE GRAY

Address: 23/25 RUE JEAN JACQUES

ROUSSEAU, 75001 PARIS, FRANCE

Phone: +33660329401

Fax: _____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Runway TV, LLC, Vincent Mazzotta | CASE NUMBER: |
|---|---|
| Plaintiff | 2:18-cv-02503-FMO-JC |
| v. | |
| Eleonora De Gray, Does and Eurl Eleonora De Gray | **PROOF OF SERVICE BY EMAIL** |
| Defendant(s). | |

Court: California Central District Court

Referring Judge: Jacqueline Chooljian

Presiding Judge: Fernando M. Olguin

I, Eleonora de Gray, declare as follows :

My address is 23-25 rue Jean Jacques Rousseau, 75001, Paris, France , where the mailing described below took place.

1  On November 25th, 2018, I served the documents described as :

2

3  DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR IDENTIFICATION AND

4  PRODUCTION OF DOCUMENTS, SET 1

5  DECLARATION OF ELEONORA DE GRAY IN SUPPORT THEREOF

6  on all interested parties in this action by Email, I caused such envelope to be delivered electronically

7  to the offices of the bellow named addressee(s):

8

9  William Goldstein <wdgoldstein@wdgoldstein.com>

10  Law Offices of Willian D. Goldstein

11  William D. Goldstein (SBN. 279723)

12  4030 Sawtelle Blvd.

13  Los Angeles, CA 90066-5408

14  Attorney of Plaintiff, Runway Beauty Inc, Vincent Mazzotta, DOCs 1-10

15

16  I declare under penalty of perjury that the foregoing is true and correct.

17

18  EXECUTED ON : November 25th, 2018, 2018 at Paris, France.

19

20  By _____

21  Eleonora de Gray

22  Defendant in Pro Per

23

24

25

26

27

28

Exhibit "D"

ELEONORA DE GRAY
23/25 RUE JEAN JACQUES ROUSSEAU
75001 PARIS, FRANCE
Phone : +33660329401
Email : infodegray@gmail.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RUNWAY TV, LLC., Vincent Mazzotta )          Case No.: 2:18-CV-02503-FMO (JCx)
                                   )
                         Plaintiff )          DEFENDANT'S RESPONSE AND
                                   )          OBJECTION TO REQUEST FOR
                                   )          ADMISSION SET 1; DECLARATION
        vs.                        )          OF ELEONORA DE GRAY IN
                                   )          SUPPORT THEREOF
ELEONORA DE GRAY, A French citizen )
                                   )
And DOES 1-10, INCLUSIVE, EURL     )
                                   )
ELEONORA DE GRAY                   )
                         Defendant )
                                   )
                                   )
_                                  )
                                   )
Court: California Central District Court )
Referring Judge: Jacqueline Chooljian )
Presiding Judge: Fernando M. Olguin  )
                                   )
                                   )

- 1 -

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION

PROPOUNDING PARTY: RUNWAY TV., LLC.

RESPONDING PARTY: ELEONORA DE GRAY

Pursuant to and in accordance with Federal Rules of Civil Procedure 26-36, ELEONORA DE GRAY ("Defendant") hereby responds and objects to request of Plaintiff for admission, Set 1 ("request") as follows:

## GENERAL RESPONSES AND OBJECTIONS

The following General Responses and Objections are hereby incorporated into each of the Specific Responses as though set forth in full. Defendant objects generally to all of Plaintiff's Requests for Admission on each of the following grounds:

1. Defendants objects to the request in its entirety on the ground that it violates Federal Rules of Civil Procedure Rule 26 (b)(1), Rule 26 (b)(2)(C), Rule 26 (b)(5) : request of Plaintiff is not relevant to any party's claim, not proportional to the needs of the case, Plaintiff seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California, and/or seek information or documents subject to European Union privacy laws and French Penal Code Law No. 80 -538 (July 16, 1980).

2. The responses and objections reflect only the current state of Defendant's knowledge, understanding and belief with respect to the matters addressed in the request. The responses and objections herein are neither intended as, nor shall in any way be deemed, an admission or representation that certain documents exist or do not exist. Without obligating itself to do so, Defendant reserves the right to modify, supplement, amend, or revise its responses and objections with pertinent information as it may subsequently discover.

- 2 -

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION

3. Any agreement by Defendant to produce documents is made without waiver of any objections, and is not intended to constitute a representation that any such documents exist, but only that Defendant will produce what documents do exist, are in her possession, custody and control, are found through a reasonably diligent search, are not currently subject to applicable privileges (including the attorney-client privilege), and do not constitute trial preparation or other work product materials.

4. Defendant objects to the request and to each Definition, Instruction, Interrogatory and Document Request contained therein to the extent that they purport to impose any obligations upon Defendant that exceed the scope of permissible discovery under the Federal Rules of Civil Procedure and applicable rules. Defendant will respond to the request in accordance with its obligations under the applicable rules.

5. Defendant objects to the request and to each Definition, Instruction, Interrogatory and Document Request contained therein to the extent that they are a) overlapping, cumulative, duplicative, unduly burdensome or oppressive, b) are vague and ambiguous, and/or c) not reasonably calculated to lead to the discovery of relevant evidence.

6. Defendant objects to the request and to each Definition, Instruction, Interrogatory and Document Request contained therein to the extent that they purport to call for the production of documents not in Defendant possession, custody, or control, or that cannot be ascertained by means of a reasonable, diligent, good faith review of documents having an identifiable relationship to, and inquiry of personnel likely to have knowledge concerning, the subject matter of the request. Where Defendant has stated it will produce responsive documents (including any electronic documents), it will conduct a reasonable search for such documents in Moody's possession, custody, or control in the readily accessible locations where such documents

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION

may reasonably be kept, and will produce those non-privileged, responsive documents (subject to the objections set forth herein) that it has been able to locate after such search.

7. Defendant objects to the request and to each Definition, Instruction, Interrogatory and Document Request contained therein to the extent that they purport to call for the production of documents protected by the attorney-client privilege, the work-product doctrine, the First Amendment journalist's privilege, the French journalist's shield law, the California State journalist's privilege, common law qualified reporter's privilege, common law privileges protecting journalist's records from disclosure, the right to privacy under the California Constitution or any other right to privacy or any other applicable privilege, doctrine, law, or rule protecting information from disclosure. Nothing contained herein is intended to be, nor shall in any way be construed as, a waiver of any applicable privilege, doctrine, law or rule protecting information from disclosure.

8. Defendant objects to the request and to each Definition, Instruction, Interrogatory and Document Request contained therein to the extent that they purport to call for information or documents a) already in the possession of Plaintiff, custody, or control, b) publicly available on open sources, or c) more appropriately obtained from other sources.

9. Defendant objects to the request and to each Definition, Instruction, Interrogatory and Document Request contained therein to the extent that they purport to call for the production of documents with disregard to First Use in Commerce French Law, or First Use in Commerce International Law.

10. Defendant objects to the request and to each Definition, Instruction, Interrogatory and Document Request contained therein to the extent that they purport to call for the production of documents with disregard that license contract presented by Plaintiff for litigation in this Court dated April

- 4 -

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION

1, 2014 until June 31, 2014, and documents requested by this request demanded from January 2012 without any legal grounds.

11. Defendant objects to the request and to each Definition, Instruction, Interrogatory and Document Request contained therein to the extent that they purport to call for the production of documents with disregard that litigation of license contract presented by Plaintiff for litigation in this Court is yet to be determined, as according to presented by Defendant evidence submitted with Motion to Dismiss – a letter of Defendant's French Attorney confirming that this license contract never became legit, as it was at first sent to her without signature of Plaintiff in April 2017, and only after email exchange has been resent to her with signature of Plaintiff, in April 2017.

## RESPONSES TO REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 1:

Admit that YOU are the sole shareholder of EURL ELEONORA DE GRAY.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this request on the grounds that it seeks to obtain copyrighted materials and/or information regarding business activities that took place outside of the United States and that are beyond the jurisdiction of the California, as it has been already determined by this Court, and/or seek information or documents subject to European Union privacy laws and French Penal Code Law No. 80 -538 (July 16, 1980). Additionally this request is not relevant to the claims of Plaintiff, and the Original Complaint / First Amended Complaint were not served on Defendant EURL ELEONORA DE GRAY.

– 5 –

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION

REQUEST FOR ADMISSION NO. 2:

Admit that Plaintiff s first, second and third claims lie under the Trademark Act of 1946 (the Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051, et seq. This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 28 U.S.C. §§ 1338(a) and (b).

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this Request on the grounds that it violates Federal Rules of Civil Procedure Rule about Discovery requests, as this request for admission based on determination of litigation of the claims. This subject can be determined by this Court proceedings. Additionally no legit documents has been present to this Court to determine litigation of the Plaintiff's claims / or do not exist (Plaintiff has only possessory interest to obtain trademark RUNWAY MAGAZINE).

Deny.

REQUEST FOR ADMISSION NO. 3:

Admit that This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this request on the grounds that it seeks to obtain copyrighted materials and/or information regarding business activities that took place outside of the United States and that are beyond the jurisdiction of the California, as it has been already determined by this Court, and/or seek information or documents subject to European Union privacy laws and French Penal Code Law No. 80 -538 (July 16, 1980).

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION

Defendant is French citizen, resident of France, and to this time no legit document has been presented to this Court to support the Plaintiff's claims to demand litigation in California.

Deny.

REQUEST FOR ADMISSION NO. 4:

Admit that YOU filed three (3) Requests (motion) after the filing of the Motion to Dismiss for Lack of Jurisdiction.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant is unable to admit or deny this Request on the grounds that it violates Federal Rules of Civil Procedure Rule about Discovery requests, as this request for admission based on determination of litigation of the claims. This subject can be determined by this Court proceedings. Additionally Defendants were not united. Additionally Defendants were not properly served with the original / first amended complaint, Prosecutor of France denied to proceed with frivolously filed complaint against French citizen / French business entity.

REQUEST FOR ADMISSION NO. 5:

Admit that Defendant EURL Eleonora De Gray advertised on its website that it is an American-French magazine produced by Media Group ELEONORA DE GRAY with offices based in Paris (France), New York and Los Angeles. as of July 30, 2018.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this request on the grounds that it seeks to obtain copyrighted materials and/or information

- 7 -

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION

regarding business activities that took place outside of the United States and that are beyond the jurisdiction of the California, as it has been already determined by this Court, and/or seek information or documents subject to European Union privacy laws and French Penal Code Law No. 80 -538 (July 16, 1980). Additionally Defendant EURL ELEONORA DE GRAY was not served with original / or first amended complaint. Defendant EURL ELEONORA DE GRAY was not appeared in this Court. So no interrogatory requests can be addressed to this Defendant.

Deny.

REQUEST FOR ADMISSION NO. 6:

Admit that Defendant Eleonora De Gray has placed herself under the jurisdiction of this Court by the filing an answer to the Complaint.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant is unable to admit or deny this Request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. Additionally it is for this Court to determine jurisdiction for this Defendant. Filing an answer to first amended complaint does not determine jurisdiction over Defendant / Defendants, as they were not served with the original / first amended complaint, Prosecutor of France denied proceed with this complaint on the grounds that complaint was frivolously and unlawfully filed in this Court in California.

REQUEST FOR ADMISSION NO. 7:

Admit that You signed a license agreement to use the name RUNWAY™ for a magazine dated April 1st, 2014.

RESPONSE:

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant is unable to admit or deny this Request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefmed terms. Additionally it is for this Court to determine litigation of this contract. Having discussion, giving signature on the contract does not give litigation in this Court on the grounds that this contract has no bound, as it was not signed in 2014 by Plaintiff but only in 2017 (3 years later when contract has expired), has no mandatory and mediators clauses or signatures. Additionally Defendant / Defendants were not served with the original / first amended complaint, Prosecutor of France denied proceed with this complaint on the grounds that complaint was frivolously and unlawfully filed in this Court in California.

REQUEST FOR ADMISSION NO. 8:

Admit that the signed license agreement to use the name RUNWAY™ for a magazine dated April 1st, 2014 lists as the governing law in paragraph 15 Business Terms/Schedule, United States of America.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant is unable to admit or deny this Request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefmed terms. Additionally it is for this Court to determine litigation of this contract. Having discussion, giving signature on the contract does not give litigation in this Court on the grounds that this contract has no bound, as it was not signed in 2014 by Plaintiff but only in 2017 (3 years later when contract has expired), has no mandatory and mediators clauses or signatures. Additionally Defendant / Defendants were not served with the original / first amended complaint, Prosecutor of France denied proceed with this complaint on

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION

the grounds that complaint was frivolously and unlawfully filed in this Court in California.

REQUEST FOR ADMISSION NO. 8:

Admit that the on P:1 L:22-23 of the Notice of Motion and Motion to Dismiss under FRCP Rule 12(b)(2) for Lack of Jurisdiction YOU state YOU have "Partners" in the United States of America.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant is unable to admit or deny this Request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. This request is duplicated previous request. Additionally this request seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California, and/or seek information or documents subject to European Union privacy laws and French Penal Code Law No. 80 -538 (July 16, 1980).

REQUEST FOR ADMISSION NO. 9:

Admit that a partnership is a for-profit business association of two or more persons.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant is unable to admit or deny this Request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. Additionally this request seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California,

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION

and/or seek information or documents subject to European Union privacy laws and French Penal Code Law No. 80 -538 (July 16, 1980). Additionally this request contained therein to the extent that they purport to call for the production of documents protected by the attorney-client privilege, the work-product doctrine, the First Amendment journalist's privilege, the French journalist's shield law, the California State journalist's shield law, common law qualified reporter's privilege, common law privileges protecting journalist's records from disclosure, the right to privacy under the California Constitution or any other right to privacy or any other applicable privilege, doctrine, law, or rule protecting information from disclosure.

REQUEST FOR ADMISSION NO. 10:

Admit that a partnership is a legal entity classified in both the United States and the State of California as either a General Partnership of a Limited Partnership.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant is unable to admit or deny this Request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefmed terms. Defendant has no connection specifically to California. Additionally this request seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California, and/or seek information or documents subject to European Union privacy laws and French Penal Code Law No. 80 -538 (July 16, 1980).

REQUEST FOR ADMISSION NO. 11:

Admit that a partnership is a consideration under Federal Law which prohibits a Diversity Action in any Federal Court of a State in which a Plaintiff and Defendant partner are both residents.

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant is unable to admit or deny this Request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefmed terms. Defendant has no connection specifically to California. Additionally this request seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California, and/or seek information or documents subject to European Union privacy laws and French Penal Code Law No. 80 -538 (July 16, 1980).

REQUEST FOR ADMISSION NO. 12:

Admit that Runway TV, LLC owns the trademark RUNWAY™ for use with a magazine or publication.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant is unable to admit or deny this Request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefmed terms. Defendant has no personal knowledge about any ownership or partnership of Plaintiff. It is only known to Defendant that RUNWAY™ of Plaintiff was totally refused for registration / use in Europe.  Total refusal is a public document available on WIPO database and was submitted by Defendant in different filings to this Court.

REQUEST FOR ADMISSION NO. 13:

Admit that in an Email dated March 18, 2014 addressed to Michael Cohen YOU stated "I strongly believe that international trademarks RUNWAY / RUNWAY MAGAZINE belongs to Vincent. and I strongly believe that we should do

- 12 -

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION

everything possible to get USA trademark also back to Vincent. Otherwise scam and fraud will never stop."

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant is unable to admit or deny this Request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefmed terms. Additionally an opinion of Defendant expressed in 2014 to  Mr Michael Cohen who was not aware of specific partnership between Plaintiff and Mr Buccelli, cannot be admitted as it is evaluated according to information collected from 2014-2018, specifically public communication between Plaintiff and Mr Buccelli, and life threats sent to Defendant by Plaintiff on behalf of Mr Buccelli and himself in August 2017. This document has been already submitted in various filing of Defendant to this Court.

REQUEST FOR ADMISSION NO. 14:

Admit that YOU advertise the designation "RUNWAY MAGAZINE" on several Internet websites, such as Youtube.com, Facebook.com Twitter.com, as well as various blogs.

RESPONSE:

Defendant admits that her business activities under name "RUNWAY MAGAZINE" in France dated 1995, Defendant international business activities under name "RUNWAY MAGAZINE" dated 2007, Defendant registered trademarks 'RUNWAY MAGAZINE" in 2013, based on her business activities since 1995. Therefore Defendant has representation on social media networks, web-sites under name RUNWAY MAGAZINE.

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION

REQUEST FOR ADMISSION NO. 15:

Admit that YOU registered in France trademarks Runway France / Runway Magazine France after such time as YOU became aware that the license to use the RUNWAY Magazine™ obtained from James Buccelli in February 2012 was fraudulent.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant is unable to admit or deny this Request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefmed terms. Defendant has no connection specifically to California. Additionally this request seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California, and/or seek information or documents subject to European Union privacy laws and French Penal Code Law No. 80 -538 (July 16, 1980). Additionally registration of trademarks in France in November 2013 based on activities under name RUWNAY MAGAZINE since 2007, it might have also protection of intellectual property reasons. FIRST USE IN COMMERCE law in France is very respected law, and in many cases brands do not register trademarks, but in case when Defendant discovered fraudulent actions of partner of Plaintiff she decided to register trademarks to protect her intellectual property assets.

REQUEST FOR ADMISSION NO. 16:

Admit that the Runway Magazine™ was owned by Runway Beauty, Inc. in February 2012.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this request on

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION

the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefmed terms. Defendant has no personal knowledge / or was not present, and cannot have any knowledge about any assets of Plaintiff in 2012. First knowledge about existence of Plaintiff came to Defendant in January 2014 and not before.

Deny.

REQUEST FOR ADMISSION NO. 17:

Admit that the Runway Magazine™ was owned by Runway Beauty, Inc. in February 2012.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefmed terms. Defendant has no personal knowledge / or was not present, and cannot have any knowledge about any assets of Plaintiff in 2012. First knowledge about existence of Plaintiff came to Defendant in January 2014 and not before.

Deny.

REQUEST FOR ADMISSION NO. 18:

Admit that YOU have sent Emails to parties that do business with Runway TV, LLC that the Plaintiff company is not the real RUNWAY.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefmed terms. French Attorney on behalf of Defendant sent emails not

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION

to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE with disregard to USPTO CASE AND DESIST Order addressed to Plaintiff for use of the name RUNWAY MAGAZINE on all territories, California included, with disregard that Defendant has active business and registered trademarks RUNWAY MAGAZINE. And by these actions creates intentional confusion with Defendant products. No terms "not the real RUNWAY" were used in communication. These emails are in the position of Plaintiff and has been submitted to this Court with original and first amended complaint.

Deny.

REQUEST FOR ADMISSION NO. 19:

Admit that YOU have sent Emails Apple, Inc. related to the Plaintiff's App(s) to "Please remove these applications and ban the user permanently or ban these applications from all other territories except USA."

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefmed terms. French Attorney on behalf of Defendant sent emails to Apple, Inc. related to the Plaintiff's App(s), for the following reason: Plaintiff false advertises his products and applications under name RUNWAY MAGAZINE with disregard to USPTO CASE AND DESIST Order addressed to Plaintiff for use of the name RUNWAY MAGAZINE on all territories, California included, with disregard that Defendant has active business and registered trademarks RUNWAY MAGAZINE. And by these actions creates intentional confusion with Defendant products. This quotation cannot be taken out of the context. These emails are in the

- 16 -

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION

position of Plaintiff and has been submitted to this Court with original and first amended complaint.

Deny.

REQUEST FOR ADMISSION NO. 20:

Admit that YOU have sent Emails Google.Com related to the Plaintiff's App(s) to "Please remove these applications and ban the user permanently or ban these applications from all other territories except USA."

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefmed terms. French Attorney on behalf of Defendant sent emails to Google.Com related to the Plaintiff's App(s), for the following reason: Plaintiff false advertises his products and applications under name RUNWAY MAGAZINE with disregard to USPTO CASE AND DESIST Order addressed to Plaintiff for use of the name RUNWAY MAGAZINE on all territories, California included, with disregard that Defendant has active business and registered trademarks RUNWAY MAGAZINE. And by these actions creates intentional confusion with Defendant products. This quotation cannot be taken out of the context. These emails are in the position of Plaintiff and has been submitted to this Court with original and first amended complaint.

Deny.

REQUEST FOR ADMISSION NO. 21:

Admit that YOU have sent Email to GoDaddy.Com related to the Plaintiff's RUNWAY FRANCE website that it infringes on the RUNWAY MAGAZINE FRANCE intellectual property.

- 17 -

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION

RESPONSE:

Defendant admits that French Attorney on behalf of Defendant sent email to GoDaddy.Com related to the Plaintiff's RUNWAY FRANCE website that it infringes on the RUNWAY FRANCE / RUNWAY MAGAZINE FRANCE intellectual property – trademarks registered by Defendant in November 2013. Plaintiff registered this domain in 2014 and uses to post defamatory content about Defendant, with disregard that Plaintiff has no trademarks registered under name RUNWAY FRANCE / RUNWAY MAGAZINE FRANCE.

REQUEST FOR ADMISSION NO. 22:

Admit that YOU have sent Email to LinkedIn related to the Plaintiff's RUNWAY ™ that it infringes on the RUNWAY MAGAZINE intellectual property.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent email to LinkedIn related to the Plaintiff's group RUNWAY MAGAZINE, for the following reason: Plaintiff false advertises his products and applications under name RUNWAY MAGAZINE with disregard to USPTO CASE AND DESIST Order addressed to Plaintiff for use of the name RUNWAY MAGAZINE on all territories, California included, with disregard that Defendant has active business and registered trademarks RUNWAY MAGAZINE, and by these actions creates intentional confusion with Defendant products. In addition Plaintiff uses this group mostly for posting defamatory content about Defendant. No emails concerning groups on LinkedIn of Plaintiff's RUNWAY TV has been sent by Defendant or French Attorney on behalf of Defendant.

Deny.

- 18 -

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION

REQUEST FOR ADMISSION NO. 23:

Admit that YOU have sent Email Instagram related to the Plaintiff's RUNWAY ™
that it infringes on the RUNWAY MAGAZINE intellectual property.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference
including, but not limited to, objections 1-11. Defendant objects to this request on
the grounds that it is vague and ambiguous, overbroad and unduly burdensome,
and uses undefmed terms. French Attorney on behalf of Defendant might sent an
email to Instagram related to the Plaintiff's RUNWAY ™ account, for the
following reason: Plaintiff false advertises his products and applications under
name RUNWAY MAGAZINE with disregard to USPTO CASE AND DESIST
Order addressed to Plaintiff for use of the name RUNWAY MAGAZINE on all
territories, California included, with disregard that Defendant has active business
and registered trademarks RUNWAY MAGAZINE, and by these actions creates
intentional confusion with Defendant products. Defendant does not have the copy
of this email in her position any longer.

Deny.


REQUEST FOR ADMISSION NO. 24:

Admit that YOU have sent Email mikeyaandmproducPons@gmail.com related to
the Plaintiff's RUNWAY ™ that it infringes on the RUNWAY MAGAZINE
intellectual property.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference
including, but not limited to, objections 1-11. Defendant objects to this request on
the grounds that it is vague and ambiguous, overbroad and unduly burdensome,
and uses undefmed terms. French Attorney on behalf of Defendant sent an email to
mikeyaandmproducPons@gmail.com for the following reason: this person falsely

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION

advertised his products / products of Plaintiff under name RUNWAY
MAGAZINE, with disregard to USPTO CASE AND DESIST Order addressed to
Plaintiff for use of the name RUNWAY MAGAZINE on all territories, California
included, with disregard that Defendant has active business and registered
trademarks RUNWAY MAGAZINE, and by these actions created intentional
confusion with Defendant products. Defendant does not have the copy of this email
in her position any longer.
Deny.

REQUEST FOR ADMISSION NO. 25:
Admit that YOU have sent Email Julia Perry Style related to the Plaintiff's
RUNWAY ™ that it infringes on the RUNWAY MAGAZINE intellectual
property.
RESPONSE:
Defendant incorporates her General Responses and Objections by reference
including, but not limited to, objections 1-11. Defendant objects to this request on
the grounds that it is vague and ambiguous, overbroad and unduly burdensome,
and uses undefmed terms. French Attorney on behalf of Defendant sent an email to
Julia Perry Style for the following reason: this person falsely advertised her
products / products of Plaintiff under name RUNWAY MAGAZINE, with
disregard to USPTO CASE AND DESIST Order addressed to Plaintiff for use of
the name RUNWAY MAGAZINE on all territories, California included, with
disregard that Defendant has active business and registered trademarks RUNWAY
MAGAZINE, and by these actions created intentional confusion with Defendant
products. Defendant does not have the copy of this email in her position any
longer.
Deny.

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION

REQUEST FOR ADMISSION NO. 26:

Admit that YOU have sent Email Dylan Perlot related to the Plaintiff's RUNWAY ™ that it infringes on the RUNWAY MAGAZINE intellectual property.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefmed terms. French Attorney on behalf of Defendant sent an email to Dylan Perlot for the following reason: this person falsely advertised his products / products of Plaintiff under name RUNWAY MAGAZINE, with disregard to USPTO CASE AND DESIST Order addressed to Plaintiff for use of the name RUNWAY MAGAZINE on all territories, California included, with disregard that Defendant has active business and registered trademarks RUNWAY MAGAZINE, and by these actions created intentional confusion with Defendant products. Defendant does not have the copy of this email in her position any longer. Deny.

REQUEST FOR ADMISSION NO. 27:

Admit that YOU have sent Email Jifff.com related to the Plaintiff's RUNWAY ™ that it infringes on the RUNWAY MAGAZINE intellectual property.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefmed terms. French Attorney on behalf of Defendant sent an email to Jifff.com for the following reason: this person falsely advertised his / her products / products of Plaintiff under name RUNWAY MAGAZINE, with disregard to USPTO CASE AND DESIST Order addressed to Plaintiff for use of the name

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION

RUNWAY MAGAZINE on all territories, California included, with disregard that Defendant has active business and registered trademarks RUNWAY MAGAZINE, and by these actions created intentional confusion with Defendant products. Defendant does not have the copy of this email in her position any longer. Deny.

REQUEST FOR ADMISSION NO. 28:

Admit that any rights granted YOU in the contract between the parties have been extinguished by YOUR failure to pay the required licensing fees.

RESPONSE:

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefmed terms. Additionally Defendants states that this information is false, as there's clearly states in the contract that there's no fees applied. Detailed information provided in Motion to Dismiss, and the copy of the contract multiple times submitted by Plaintiff to this Court. Contract between the parties never became legit for the following reasons: Plaintiff did not signed the contract in April 2014, no mediators and no mandatory clauses were included, no mediators appointed or signed this contract, in addition that this contract was mere shame organized by Plaintiff against Defendant on behalf of his partner Mr Buccelli, convicted for identity theft, felony and fraud in March 2016. Deny.

REQUEST FOR ADMISSION NO. 29:

Admit that YOU attempted to breach the Attorney Work Product privilege by requesting documents from L.A. Translations.

RESPONSE:

– 22 –

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION

Defendant incorporates her General Responses and Objections by reference including, but not limited to, objections 1-11. Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefmed terms. Defendant does not represented by an Attorney licensed in California in this case and therefore very much legit to do any discovery work herself. Additionally Defendant called to L.A. Translations in good faith to find "lost" complaint, and information given by an agent of this agency about who is the client and when translation was sent to Mr Axelrod given without Defendant's special asking. Defendant requested director of this agency to give email conformation about this information as material proof.

Deny.



Respectfully submitted,

DATED: November 25, 2018

By: Eleonora de Gray

DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION

## DECLARATION OF ELEONORA DE GRAY

I, Eleonora de Gray, hereby declare :

1. I'm Eleonora de Gray, married Christensen, citizen / resident of France, CEO of EURL ELEONORA DE GRAY, French company, based 23-25 rue Jean-Jacques Rousseau, 75001 Paris, France.
2. I'm Defendant in this case.
3. I have personal knowledge of the following facts and if called as a witness I could and would testify competently thereto.
4. I affirm that the facts and documents are true.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on November 25, 2018 in Paris, France.


ELEONORA DE GRAY, Declarant

Name: ELEONORA DE GRAY

Address: 23/25 RUE JEAN JACQUES

ROUSSEAU, 75001 PARIS, FRANCE

Phone: +33660329401

Fax: _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Runway TV, LLC, Vincent Mazzotta | CASE NUMBER: |
|---|---|
| Plaintiff | 2:18-cv-02503-FMO-JC |
| v. | |
| Eleonora De Gray, Does and Eurl Eleonora De Gray | **PROOF OF SERVICE BY EMAIL** |
| Defendant(s). | |

Court: California Central District Court

Referring Judge: Jacqueline Chooljian

Presiding Judge: Fernando M. Olguin

I, Eleonora de Gray, declare as follows :

My address is 23-25 rue Jean Jacques Rousseau, 75001, Paris, France , where the mailing described below took place.

1    On November 25th, 2018, I served the documents described as :

2

3    DEFENDANT'S RESPONSE AND OBJECTION TO REQUEST FOR

4    ADMISSION SET 1

5    DECLARATION OF ELEONORA DE GRAY IN SUPPORT THEREOF

6    on all interested parties in this action by Email, I caused such envelope to be delivered electronically

7    to the offices of the bellow named addressee(s):

8

9    William Goldstein <wdgoldstein@wdgoldstein.com>

10    Law Offices of Willian D. Goldstein

11    William D. Goldstein (SBN. 279723)

12    4030 Sawtelle Blvd.

13    Los Angeles, CA 90066-5408

14    Attorney of Plaintiff, Runway Beauty Inc, Vincent Mazzotta, DOCs 1-10

15

16    I declare under penalty of perjury that the foregoing is true and correct.

17

18    EXECUTED ON : November 25th, 2018, 2018 at Paris, France.

19

20    By _____

21    Eleonora de Gray

22    Defendant in Pro Per

23

24

25

26

27

28

Exhibit "E"

LAW OFFICES OF

**WILLIAM D. GOLDSTEIN**
4030 Sawtelle Blvd.
LOS ANGELES, CALIFORNIA 90066
TELEPHONE: (310) 437-0108
FACSIMILE: (323) 372-3589

E-MAIL: WDGOLDSTEIN@WDGOLDSTEIN.COM

November 26, 2018
MEET AND CONFER LETTER

ELEONORA DE GRAY                           Via Email: infodegray@gmail.com
OFFICIAL RUNWAY MAGAZINE
23-25, rue Jean Jacques Rousseau
75001 Paris, France

Dear Ms. De Gray:

    This letter is intended to conform with both the FRCP and Local Rule 37-1 related to the required Meet and Confer process prior to the filing of Motions to Compel, et al under FRCP Rule 37.

    I have just been notified by the Court that you have filed your responses to Discovery. For future reference this is neither required or appreciated by the Court as it just entails additional work by Court personal.

    I have reviewed your responses/objections to the Requests for the Identification and Production of Documents and Things as well as the Requests for Admissions and have found them to be totally without any merit. The objections you have attached thereto are not relevant to the specific requests and/or not specific legal objections stating the basis for each objection. Additionally, you appear to believe that Discovery Responses are a place to argue your case. They are not. The objections, with few exceptions are not evidentiary in nature, you have not provided a single document in responses and your repeated objection of Privilege is not in accordance with the instructions contained in the Order of the Court on November 5, 2018 or the FRCP.

    Please advise this office as soon as is possible, if it is your intent to provide revised responses and when, to the Plaintiff's Requests for the Identification and Production of Documents and Things as well as the Requests for Admissions served upon you pursuant to Federal Rules of Civil Procedure, the Local Rules and the Orders of the Court.

    Please advise this office when we can have the telephonic Meet and Confer discussion required under Local Rule 31-1 within the next 10 days.

**Requests for the Identification and Production of Documents and Things**

    The Court ordered that you respond to this discovery request and described in detail how you must respond:

"Pursuant to Rule 34, any party may serve on any other party a request for the production or inspection of documents within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Unless excused by a protective order, in response to a request for the production of documents a party must, within 30 days of service thereof and as to each item or category, either: (1) state that the inspection will be permitted/ production will be made; or (2) state with specificity the grounds for objecting to the request, including the reasons, and state whether any responsive materials are being withheld on the basis of that objection. Fed. R. Civ. P. 34(b)(2)(A)-(C)."

The instructions included with these requests are those used by the United States Department of Justice. You have claimed "Privilege" for the majority of your objections and have not included a Privilege log as required in Instruction number 6:

"For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed."

REQUEST FOR PRODUCTION NO. 1:

A copy of each issue of RUNWAY MAGAZINE published by EURL ELEONORA DE GRAY and/or ELEONORA DE GRAY (as described in item 10 of the instructions each magazine requested herein can be produced in Adobe's Portable Data Format (PDF).) If Publication in English is not available, the French version of the magazine may be produced without English translation.

Your Objection:

It seeks to obtain copyrighted materials and/or information regarding business activities that took place outside of the United States and that are beyond the jurisdiction of the California [Court]. The remainder of the objection is an argument of the facts in the case and your interpretation thereof and not relevant to a Discovery Response.

Discussion:

You have made numerous claims in your Answer about your dates of publication of Runway Magazine and frequency of Publication. Additionally, you have used the RUNWAY® trademark on each publication without payment for said use or a license to use said trademark. The Plaintiff has a right to request these materials to determine if your statements made in Pleadings are true and justified. Plaintiff does NOT have to take your word for it. Additionally, Plaintiff is entitled to this information for the purposes of determining the actual amount of damages that will be sought in Court.

As to your objection that the materials are copyrighted. These materials have been published. There is no argument that you were not the party to copyright them. They are not confidential or privileged in any way. Additionally, though you continue to deny the fact, your

answer has placed you under the Jurisdiction of the District Court for the Central District of California and you MUST comply with lawful discovery or face sanctions.

You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You have not stated whether any responsive materials are being withheld on the basis of that objection. You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR PRODUCTION NO. 2:

All COMMUNICATIONS between YOU and any party at Runway Magazine, Inc. between January 1, 2012 and the date of response to this request

Your Objection:

It seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California [Court]. The remainder of the objection is an argument of the facts in the case and your interpretation thereof and not relevant to a Discovery Response.

Discussion:

Runway Magazine, Inc. is not now or has ever been a partner of the Plaintiff. In point of fact, there have been two law suits brought by Plaintiff against this company for trademark infringement. The truth of the matter is that You had a licensing or some other type or agreement with Buccelli. By the few emails I have seen, it appears that you later accused him of stealing the Runway® from the Plaintiff then appropriated both the Plaintiff's Buccelli's intellectual property. Plaintiff has a right to know exactly what your agreement and disagreements were with Mr. Buccelli.

Additionally, there are few things under United States law that qualify as privileged. Business and personal correspondence are not among them.

Finally, Runway Magazine, Inc. formerly had its place of business in Los Angeles, CA. this does not address activities outside the Jurisdiction of this Court as your answer has placed you under the Jurisdiction of the District Court for the Central District of California and you MUST comply with lawful discovery or face sanctions.

You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You have not stated whether any responsive materials are being withheld on the basis of that objection. You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR PRODUCTION NO. 3:

All COMMUNICATIONS between YOU and Vincent Mazzotta between January 1, 2012 and the date of response to this request.

Your Objection:

Defendant objects to this Interrogatory on the grounds that the demanded communication does not exist or no longer in the position of Defendant. First communication between Plaintiff and Defendant accrued in January 2014. Communication available to Defendant between

Plaintiff and Defendant from January 2014 already has been submitted to this Court by Plaintiff or Defendant, and the request isn't clear, as all available emails already been presented in pdf files to this Court.


Discussion:

Plaintiff does not have in its possession custody and control all emails between the parties and seeks to supplement those in its possession for evidentiary purposes. Your response is self-contradictory in stating that said requested communications do not exist or that they are no longer in your possession, when you later state that they have in part, been submitted to the Court by You.

Plaintiff is requesting all communications, not only those you used to support your Answer and assorted motions.

You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You have not stated whether any responsive materials are being withheld on the basis of that objection. You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR PRODUCTION NO. 4:

All COMMUNICATIONS between YOU and James Buccelli between January 1, 2012 and the date of response to this request.

Your Objection:

It seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California [Court]. The remainder of the objection is an argument of the facts in the case and your interpretation thereof and not relevant to a Discovery Response.

Discussion:

Runway Magazine, Inc. is not now or has ever been a partner of the Plaintiff. In point of fact, there have been two law suits brought by Plaintiff against this company for trademark infringement. The truth of the matter is that You had a licensing, partnership or some other type or agreement with Buccelli. By the few emails I have seen, it appears that you later accused him of stealing the Runway® from the Plaintiff then appropriated both the Plaintiff's Buccelli's intellectual property. Plaintiff has a right to know exactly what your agreement and disagreements were with Mr. Buccelli.

Additionally, there are few things under United States law that qualify as privileged. Business and personal correspondence are not among them.

Finally, James Buccelli formerly had his place of business in Los Angeles, CA. this does not address activities outside the Jurisdiction of this Court as your answer has placed you under the Jurisdiction of the District Court for the Central District of California and you MUST comply with lawful discovery or face sanctions.

You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR PRODUCTION NO. 5:
All DOCUMENTS RELATED TO, RELATING TO or CONCERNING YOUR application for the Trademark "RUNWAY MAGAZINE" either to the French Government or internationally.

Your Objection:
Defendant objects to this Interrogatory on the grounds that it seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California [Court]. The documents / copyrighted materials presented at the registration of trademarks RUNWAY MAGAZINE in 2013 are related to production / international production since 2007

Discussion:
Web links and your providing materials that you believe support your contentions in Court filings are NOT admissible evidence. This Plaintiff has the right to request and obtain all relevant information supporting your claim that your RUNWAY MAGAZINE does not infringe on the Plaintiff's RUNWAY®.

Additionally, there are few things under United States law that qualify as privileged. Government filings whether in France or elsewhere, especially where you claim they can be found online, are not among them.

You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR PRODUCTION NO. 6:
All DOCUMENTS RELATED TO, RELATING TO or CONCERNING the Articles of Incorporation (or the French equivalent thereof) for EURL ELEONORA DE GRAY.

Your Objection:
Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. Additionally, business license for EURL ELEONORA DE GRAY has been already provided in different filings by Defendant.

Discussion:
There is nothing vague, ambiguous or burdensome in requesting the Articles of Incorporation (or their French equivalent) of your company. These are Government filings.

Wikipedia defines Articles of Incorporation as: Articles of incorporation, also referred to as the certificate of incorporation or the corporate charter, are a document or charter that establishes the existence of a corporation in the United States and Canada. They generally are filed with the Secretary of State or other company registrar.

An equivalent term for limited liability companies (LLCs) in the United States is articles of organization. For terms with similar meaning in other countries, see articles of association.

This is not a request for your business license.

You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING any "Partners" of  EURL ELEONORA DE GRAY and/or YOU in the United States referenced in your Answer to the First Amended Complaint (inclusive of, but not limited to, Emails, Contracts, Agreements and proposals between YOU and /or EURL ELEONORA DE GRAY with said partners.)

Defendant objects to this Interrogatory on the grounds that it seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California [Court].

Your Objection:

Defendant objects to this Interrogatory on the grounds that it seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California [Court]. The documents / copyrighted materials presented at the registration of trademarks RUNWAY MAGAZINE in 2013 are related to production / international production since 2007.

Discussion:

Partnerships as defined in the State of California and the United States with persons or Parties in California and the United States would place you and your company under the Jurisdiction of this Court. You have continually stated that the Court does not have Jurisdiction. The Plaintiff is entitled to these documents to counter any argument related to Jurisdiction you have alleged.

Additionally, there are few things under United States law that qualify as privileged. Contractual agreements unless those specific to you and your attorney, are not among them.

You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR PRODUCTION NO. 8:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING your signing of the Licensing Agreement effective April 1, 2014 between YOU and Runway Beauty, Inc.

Your Objection:

      Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. Additionally, all additional communication has been already submitted to this Court by Plaintiff or Defendant in different filings.

Discussion:

      Plaintiff does not have in its possession custody and control all emails and correspondence between the parties and seeks to supplement those in its possession for evidentiary purposes. There is nothing vague and/or ambiguous in the request. Since you allege that all such documents have been provided with Court filing (which the Plaintiff can prove is not a true statement) it can not be overly burdensome to produce these documents as you would have said documents at your fingertips. Plaintiff is requesting all communications, not only those you used to support your Answer and assorted motions.

      You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You have not stated whether any responsive materials are being withheld on the basis of that objection. You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR PRODUCTION NO. 9:

      All COMMUNICATIONS between YOU and any third party in which Vincent Mazzotta is mentioned, between January 1, 2012 and the date of response to this request.

Your Objection:

      Defendant objects to this Interrogatory on the grounds that it the demanded communication does not exist or no longer in the position of Defendant.

Discussion:

      This Request does not pertain to correspondence between the parties. Rather it pertains to correspondence between the Defendant and third parties, such as Google, Inc. , Facebook, Inc., etc. Plaintiff has, a defamation Causes of Action. Plaintiff is entitled to all documents supporting said cause of action. As Plaintiff has some of the correspondence sent to third parties in its possession and Defendant has included some of these correspondence in her own Court filings, a denial of the existence or possession of such documents cannot be believed and is perjurious. If these items were sent by Email then the Defendant is responsible for obtaining copies from her Email provider.

      You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You have not stated whether any responsive materials are being withheld on the basis of that objection. You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR PRODUCTION NO. 10:

All COMMUNICATIONS between YOU and any third party in which James Buccelli is mentioned, between January 1, 2012 and the date of response to this request.

Your Objection:

Defendant objects to this Interrogatory on the grounds that it seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California [Court].

Discussion:

This Request relates to the business relationship you had with Mr. Buccelli and the illegal use of the RUNWAY® trademark. Additionally, Plaintiff is allowed to seek the correspondence from the period after your business relationship ended and what was told to third parties supporting the Defendants ownership of said trademark.

You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You have not stated whether any responsive materials are being withheld on the basis of that objection. You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR PRODUCTION NO. 11:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING the shipment of RUNWAY MAGAZINE to vendors, distributors and/or wholesalers between January 1, 2012 and the date of response to this request.

Your Objection:

Defendant objects to this Interrogatory on the grounds that it seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California [Court].

Discussion:

You have made numerous claims in your Answer about your dates of publication of Runway Magazine and frequency of Publication. Additionally, you have used the RUNWAY® trademark on each publication without payment for said use or a license to use said trademark. The Plaintiff has a right to request these materials to determine if your statements made in Pleadings are true and justified. Plaintiff does NOT have to take your word for it. Additionally, Plaintiff is entitled to this information for the purposes of determining the actual amount of damages that will be sought in Court.

These documents are not privileged in any way. Additionally, though you continue to deny the fact, your answer has placed you under the Jurisdiction of the District Court for the Central District of California and you MUST comply with lawful discovery or face sanctions.

You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You have not stated whether any responsive materials are being withheld on the basis of that objection. You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR PRODUCTION NO. 12:

     All DOCUMENTS RELATED TO, RELATING TO or CONCERNING COMMUNICATIONS between YOU and vendors of RUNWAY MAGAZINE RELATED TO, RELATING TO or CONCERNING the RUNWAY™ held by Runway TV, LLC between January 1, 2012 and the date of response to this request.

Your Objection:

     Defendant objects to this Interrogatory on the grounds that these documents do not exist.

Discussion:

     Plaintiff has some of the correspondence sent to your vendors in its possession and Defendant has included some of these correspondence in her own Court filings, a denial of the existence or possession of such documents cannot be believed and is perjurious. If these items were sent by Email then the Defendant is responsible for obtaining copies from her Email provider. You have not even stated if any effort was taken to obtain and or search for such documents.

     You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You have not stated whether any responsive materials are being withheld on the basis of that objection. You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR PRODUCTION NO. 13:

     All DOCUMENTS RELATED TO, RELATING TO or CONCERNING COMMUNICATIONS between YOU and GOOGLE, Inc (inclusive of their online Store) concerning the RUNWAY™ held by Runway TV, LLC between January 1, 2012 and the date of response to this request.

Your Objection:

     Defendant objects to this Interrogatory on the grounds that these documents from January 2012 do not exist. Documents from 2017 already has been submitted by Plaintiff in his original and first amended complaint to this Court. Defendant does not have additional documents in her possession / or they do not exist.

Discussion:

     Plaintiff has some of the correspondence sent to Google, Inc. in its possession and Defendant has included some of these correspondence in her own Court filings, a denial of the existence or possession of such documents cannot be believed and is perjurious. If these items were sent by Email, then the Defendant is responsible for obtaining copies from her Email provider. You have not even stated if any effort was taken to obtain and or search for such documents.

     You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You have not stated whether any

responsive materials are being withheld on the basis of that objection. You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING COMMUNICATIONS between YOU and APPLE, Inc. (inclusive of their online store) concerning the RUNWAY™ held by Runway TV, LLC between January 1, 2012 and the date of response to this request.

Your Objection:

 Defendant objects to this Interrogatory on the grounds that these documents from January 2012 do not exist. Documents from 2017 already has been submitted by Plaintiff in his original and first amended complaint to this Court. Defendant does not have additional documents in her possession / or they do not exist.

Discussion:

 Plaintiff has some of the correspondence sent to Apple, Inc. in its possession and Defendant has included some of these correspondence in her own Court filings, a denial of the existence or possession of such documents cannot be believed and is perjurious. If these items were sent by Email, then the Defendant is responsible for obtaining copies from her Email provider. You have not even stated if any effort was taken to obtain and or search for such documents.

 You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You have not stated whether any responsive materials are being withheld on the basis of that objection. You are currently in violation of the Court order of November 5, 2018.

**Requests for Admission**

 The Court ordered that you respond to this discovery request and described in detail how you must respond:

 Pursuant to Rule 36, a party may serve on any other party Requests for Admissions ("RFAs") to obtain any evidence within the permissible scope of discovery. Fed. R. Civ. P. 26(b)(1), 36(a). RFAs are required to be simple and direct, and should be limited to singular relevant facts. See Securities and Exchange Commission v. Micro-Moisture Controls, Inc., 21 F.R.D. 164, 166 (S.D.N.Y. 1957); see also Dubin v. E.F. Hutton Group, Inc., 125 F.R.D. 372, 376 (S.D.N,Y. 1989) (objections to RFAs as vague, ambiguous, overbroad and burdensome sustained where requests for admissions not simple concise statements of fact, but instead contained vague and ambiguous wording that did not allow defendants fairly to admit or deny). A request for admission may seek an admission of the genuineness of documents if copies of the documents are attached to the request or have been previously furnished or made available for inspection and copying. Fed. R. Civ. P. 36(a)(2). A party may properly seek to have another part admit or deny a responding party's understanding of the meaning of a document. See Booth Oil Site Admin. Group v. Safety-Kleen Corp., 194 F.R.D. 76, 80 (W.D.N.Y 2000). A request for admission may also request "the application of law to fact." Fed. R. Civ. P. 36(a)(1)(A); see

Marchand v.Mercy Medical Center, 22 F.4th 933, 937 n.4 (9th Cir. 1994) ("Rule 36(a) permits requests for admission addressing questions of mixed law and fact.") (citation omitted). A request for admission may not, however, seek a response on a disputed conclusion of pure law. See Playboy Enterprises, Inc. v. Welles, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999).

A matter is admitted unless, within 30 days after being served, the party to whom an RFA is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. Fed. R. Civ. P. 36(a)(3).2 Pursuant to Local Rule 36-2, the party answering or objecting to requests for admission shall quote each request in full immediately preceding the statement of any answer or objection thereto. Local Rule 36-2. An answer to a request for admission must consist of an admission, a denial, or a statement detailing why the answering party is unable to admit or deny the matter. Fed. R. Civ. P. 36(a)(3), 36(a)(4). If any portion of a request for an admission is true, the party to whom it is directed must admit that portion and qualify or deny the rest. Fed. R. Civ. P. 36(a)(4); see Holmgren v. State Farm Mutual Insurance Co., 976 F.2d 573, 579-80 (9th Cir. 1992). A denial must be specific and must fairly respond to the substance of the matter. Fed. R. Civ. P. 36(a)(4). Where the meaning of a particular term in a request is somewhat inexact, the responding party should supply its own definition and admit or deny, or qualify its admission or denial to make it accurate and Responsive. See S.A. Healy Co./Lodigiani USA, Ltd. v. United States, 37 Fed. Cl. 204, 205-07 (Fed. Cl. 1997). A qualified denial is proper if the responding party sets forth in detail the reasons why he or she cannot truthfully deny the matter. Fed. R. Civ. P. 36(a)(4). A party who responds by claiming an inability to admit or deny must also state that he or she has made "reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4); Asea, Inc. v. Southern Pacific Transportation Co., 669 F.2d 1242, 1245-47 (9th Cir. 1981); A. Farber & Partners, Inc. v. Garber, 237 F.R.D. 250, 253-55 (C.D. Cal. 2006). What constitutes "reasonable inquiry" and what material is "readily obtainable" are relative matters that depend upon the facts of each case. T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D. 38, 43 (S.D.N.Y. 1997). Generally, "reasonable inquiry" for purposes of responding to requests for admission, is limited to review and inquiry of those persons and documents that are within the responding party's control. Id. at 43. A party cannot be forced to admit or deny facts testified to by a third party as to which the responding party has no personal knowledge. Id. at 46. The validity, or bona fides of a qualified answer to a request for admission must await trial to see if the requesting party is forced to prove what was not admitted and can show that there was no good reason for the opponent's failure to admit. National Semiconductor Corp. v. Ramtron International Corp., 265 F. Supp. 2d 71, 74-75 (D. D.C. 2003).

REQUEST FOR ADMISSION NO. 1:

Admit that YOU are the sole shareholder of EURL ELEONORA DE GRAY.

Your Objection:

Defendant objects to this request on the grounds that it seeks to obtain copyrighted materials and/or information regarding business activities that took place outside of the United States and that are beyond the jurisdiction of the California [Court]

Discussion:

      Your objection makes no sense at all. You were asked to admit that you are the sole shareholder of EURL Eleonora De Gray. You have neither admitted or denied this Request in direct violation of the order of this Court stated above.

      You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 4:

      Admit that YOU filed three (3) Requests (motion) after the filing of the Motion to Dismiss for Lack of Jurisdiction.

Your Objection:

      Defendant is unable to admit or deny this Request on the grounds that it violates Federal Rules of Civil Procedure Rule about Discovery requests, as this request for admission based on determination of litigation of the claims.

Discussion:

      Your objection makes no sense at all. You were asked to admit that you filed 3 motions/requests after the first Motion to dismiss. This was as of the date the discovery was served upon you. What actions you have taken are not the subject of litigation. Either you must admit or deny these actions.

      You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 5:

      Admit that Defendant EURL Eleonora De Gray advertised on its website that it is an American-French magazine produced by Media Group ELEONORA DE GRAY with offices based in Paris (France), New York and Los Angeles. as of July 30, 2018.

Your Objection:

      Defendant objects to this request on the grounds that it seeks to obtain copyrighted materials and/or information regarding business activities that took place outside of the United States and that are beyond the jurisdiction of the California [Court]

Discussion:

      Your objection makes no sense at all. You were asked to admit that EURL Eleonora De Gray advertised on its website that it is an American-French magazine produced by Media Group ELEONORA DE GRAY with offices based in Paris (France), New York and Los Angeles. as of July 30, 2018. Either you must admit or deny statement.

   You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 7:

      Admit that You signed a license agreement to use the name RUNWAY™ for a magazine dated April 1st, 2014.

Your Objection:

Defendant is unable to admit or deny this Request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms.

Discussion:

Your objection makes no sense at all. You were asked to admit that you signed a licensing agreement for the use of the RUNWAY trademark dated April 1, 2014. You must either admit or deny that action. This request does not ask for the legal validity of said agreement. Just whether you signed it or not. As you have already admitted in prior filings that you did sign it and included a copy as an exhibit, to deny this admission would be perjury.

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 8:

Admit that the signed license agreement to use the name RUNWAY™ for a magazine dated April 1st, 2014 lists as the governing law in paragraph 15 Business Terms/Schedule, United States of America.

Your Objection:

Defendant is unable to admit or deny this Request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms.

Discussion:

Your objection makes no sense at all. You were asked to admit lists as the governing law in paragraph 15 Business Terms/Schedule, United States of America. This request does not ask for the legal validity of said agreement. Just whether the agreement lists as the governing law in paragraph 15 Business Terms/Schedule, United States of America. As the document speaks for itself and you have included a copy as an exhibit, to deny this admission would be perjury.

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 8 (misnumbered):

Admit that the on P:1 L:22-23 of the Notice of Motion and Motion to Dismiss under FRCP Rule 12(b)(2) for Lack of Jurisdiction YOU state YOU have "Partners" in the United States of America.

Your Objection:

Defendant is unable to admit or deny this Request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. This request is duplicated previous request. Additionally, this request seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California

Discussion:

Your objection makes no sense at all. You were asked to admit a statement made by YOU in a Court filing. As the document speaks for itself and you have filed this document with the Court to deny this admission would be perjury.

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 9:

Admit that a partnership is a for-profit business association of two or more persons.

Your Objection:

Defendant is unable to admit or deny this Request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. Additionally, this request seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California

Discussion:

Your objection makes no sense at all. You were asked to admit a statement of fact. As you have used the term Partnership with in Court filings to deny this admission now would be perjury.

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 10:

Admit that a partnership is a legal entity classified in both the United States and the State of California as either a General Partnership of a Limited Partnership.

Your Objection:

Defendant is unable to admit or deny this Request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. Defendant has no connection specifically to California. Additionally, this request seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California [Court].

Discussion:

Your objection makes no sense at all. You were asked to admit a statement of fact. As you have used the term Partnership with in Court filings to deny this admission now would be perjury.

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 11:

Admit that a partnership is a consideration under Federal Law which prohibits a Diversity Action in any Federal Court of a State in which a Plaintiff and Defendant partner are both residents.

Your Objection:

    Defendant is unable to admit or deny this Request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. Defendant has no connection specifically to California. Additionally, this request seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California [Court].

Discussion:

    Your objection makes no sense at all. You were asked to admit a statement of fact. As you have used the term Partnership with in Court filings to deny this admission now would be perjury.

    You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 13:

    Admit that in an Email dated March 18, 2014 addressed to Michael Cohen YOU stated ""I strongly believe that international trademarks RUNWAY / RUNWAY MAGAZINE belongs to Vincent. and I strongly believe that we should do everything possible to get USA trademark also back to Vincent. Otherwise scam and fraud will never stop."

Your Objection:

    Defendant is unable to admit or deny this Request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. Defendant has no connection specifically to California. Additionally, this request seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California [Court]…. This document has been already submitted in various filing of Defendant to this Court.

Discussion:

    Your objection makes no sense at all. You were asked to admit a statement of fact. You state in your own response that a copy of this Email has been submitted by you to the Court. How can you then be unable to admit the existence of this Email?

    You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 15:

    Admit that YOU registered in France trademarks Runway France / Runway Magazine France after such time as YOU became aware that the license to use the RUNWAY Magazine™ obtained from James Buccelli in February 2012 was fraudulent.

Your Objection:

Defendant is unable to admit or deny this Request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. Defendant has no connection

specifically to California. Additionally this request seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California

Discussion:

Your objection makes no sense at all. You were asked to admit a statement of fact. You entered an agreement in 2012 with James Buccelli for the use of Runway Magazine trademark. How can you then be unable to admit or deny that 2013 (when you registered the French trademark) was after the 2012 agreement??

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 18:

Admit that YOU have sent Emails to parties that do business with Runway TV, LLC that the Plaintiff company is not the real RUNWAY.

Your Objection:

Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent emails not to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE.

Discussion:

Your objection makes no sense at all. The term YOU or YOUR is defined in the Requests for Admission. "The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing.  Here you state your attorney sent emails on your behalf then deny the statement.

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 19:

Admit that YOU have sent Emails Apple, Inc. related to the Plaintiff's App(s) to "Please remove these applications and ban the user permanently or ban these applications from all other territories except USA."

Your Objection:

Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent emails not to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE.

Discussion:

    Your objection makes no sense at all. The term YOU or YOUR is defined in the Requests for Admission. "The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing.  Here you state your attorney sent emails on your behalf then deny the statement.

    You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 20:

    Admit that YOU have sent Emails Google.Com related to the Plaintiff's App(s) to "Please remove these applications and ban the user permanently or ban these applications from all other territories except USA."

Your Objection:

    Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent emails not to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE.

Discussion:

    Your objection makes no sense at all. The term YOU or YOUR is defined in the Requests for Admission. "The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing.  Here you state your attorney sent emails on your behalf then deny the statement.

    You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 21:

    Admit that YOU have sent Email to GoDaddy.Com related to the Plaintiff's RUNWAY FRANCE website that it infringes on the RUNWAY MAGAZINE FRANCE intellectual property.

Your Objection:

Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent emails not to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE.

Discussion:

Your objection makes no sense at all. The term YOU or YOUR is defined in the Requests for Admission. "The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing. Here you state your attorney sent emails on your behalf then deny the statement.

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 22:

Admit that YOU have sent Email to LinkedIn related to the Plaintiff's RUNWAY ™ that it infringes on the RUNWAY MAGAZINE intellectual property.

Your Objection:

Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent emails not to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE.

Discussion:

Your objection makes no sense at all. The term YOU or YOUR is defined in the Requests for Admission. "The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing. Here you state your attorney sent emails on your behalf then deny the statement.

You are currently in violation of the Court order of November 5, 2018.

 REQUEST FOR ADMISSION NO. 23:

Admit that YOU have sent Email Instagram related to the Plaintiff's RUNWAY ™ that it infringes on the RUNWAY MAGAZINE intellectual property.

Your Objection:

Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent emails not to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE.

Discussion:

      Your objection makes no sense at all. The term YOU or YOUR is defined in the Requests for Admission. "The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing.  Here you state your attorney sent emails on your behalf then deny the statement.

      You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 24:

      Admit that YOU have sent Email mikeyaandmproducPons@gmail.com related to the Plaintiff's RUNWAY ™ that it infringes on the RUNWAY MAGAZINE intellectual property.

Your Objection:

      Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent emails not to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE.

Discussion:

      Your objection makes no sense at all. The term YOU or YOUR is defined in the Requests for Admission. "The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing.  Here you state your attorney sent emails on your behalf then deny the statement.

      You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 25:

      Admit that YOU have sent Email Julia Perry Style related to the Plaintiff's RUNWAY ™ that it infringes on the RUNWAY MAGAZINE intellectual property.

Your Objection:

Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent emails not to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE.

Discussion:
    Your objection makes no sense at all. The term YOU or YOUR is defined in the Requests for Admission. "The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing.  Here you state your attorney sent emails on your behalf then deny the statement.

    You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 26:
    Admit that YOU have sent Email Dylan Perlot related to the Plaintiff's RUNWAY ™ that it infringes on the RUNWAY MAGAZINE intellectual property.

Your Objection:
    Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent emails not to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE.

Discussion:
    Your objection makes no sense at all. The term YOU or YOUR is defined in the Requests for Admission. "The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing.  Here you state your attorney sent emails on your behalf then deny the statement.

    You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 27:
    Admit that YOU have sent Email Jifff.com related to the Plaintiff's RUNWAY ™ that it infringes on the RUNWAY MAGAZINE intellectual property.

Your Objection:

Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent emails not to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE.

Discussion:

Your objection makes no sense at all. The term YOU or YOUR is defined in the Requests for Admission. "The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing.  Here you state your attorney sent emails on your behalf then deny the statement.

You are currently in violation of the Court order of November 5, 2018.


REQUEST FOR ADMISSION NO. 28:

Admit that any rights granted YOU in the contract between the parties have been extinguished by YOUR failure to pay the required licensing fees.

Your Objection:

Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent emails not to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE.

Discussion:

Your objection makes no sense at all. The term YOU or YOUR is defined in the Requests for Admission. "The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing.  Here you state your attorney sent emails on your behalf then deny the statement.

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 29:

Admit that YOU attempted to breach the Attorney Work Product privilege by requesting documents from L.A. Translations.

<u>Your Objection:</u>

Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent emails not to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE.

<u>Discussion:</u>

Your objection makes no sense at all. The term YOU or YOUR is defined in the Requests for Admission. "The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing. Here you state your attorney sent emails on your behalf then deny the statement.

You are currently in violation of the Court order of November 5, 2018.

Please advise this office as soon as is possible, if it is your intent to provide revised responses and when, to the Plaintiff's Requests for the Identification and Production of Documents and Things as well as the Requests for Admissions served upon you pursuant to Federal Rules of Civil Procedure, the Local Rules and the Orders of the Court.

Please advise this office when we can have the telephonic Meet and Confer discussion required under Local Rule 31-1 within the next 10 days.

Nothing herein is a waiver of any of my client's rights, all of which are expressly reserved herein.

Sincerely:

William D. Goldstein
Attorney for Runway TV, LLC

Exhibit "F"



ELEONORA DE GRAY
OFFICIAL RUNWAY MAGAZINE
23/25 RUE JEAN JACQUES ROUSSEAU
75001 PARIS, FRANCE
INFODEGRAY@GMAIL.COM
www.RUNWAYMAGAZINES.com

Law Offices of Willian D. Goldstein
William D. Goldstein (SBN. 279723)
4030 Sawtelle Blvd.
Los Angeles, CA 90066-5408

November 27, 2018

Mr Goldstein,
I take a notice that you plan to file second Motion to compel. You can of course file this motion if you believe that my responses / objections without merit.

I filed my responses to Discovery simply to follow Court Order given November 5, 2018. It is for the Court to decide how my actions / filings necessary or not.

My responses/ objections are relevant to each and every request you sent, each response supported by law, and state basis for each objection, and strictly follow the Court Order of November 5, 2018 and FRCP.

Mr Goldstein please note, I do not argue case in my responses. All documents relevant to the case have been already provided by me in different filing to this Court. Documents related to First Use in

Commerce, Trademarks registrations, records from National library of France confirming dates, social media accounts, filed criminal charges against partner of your client Mr Buccelli etc. So you don't have "to take my word for" any of my statement.

This is the Order from November 5, 2018. "Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any **nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information within the foregoing scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1)."

You requested **not relevant privileged documents, and not proportional to the needs of the case** from me from January 2012, based on not legit (not signed from both sides) contract for 3 months , April 1, 2014, without providing any legal reason for that.
I formally asked to send to me ORIGINAL SIGNED COPY OF THE CONTRACT BY BOTH PARTIES which I never had. You obviously refused to do so.

You mentioned that Privilege log as required in Instruction number 6. Please note that this log concerns ONLY documents signed / produced on territory of US, under jurisdiction of Federal Court (US territory). Any document signed outside of jurisdiction of Federal Court does not require any attorney's signature as it is protected by European Union privacy laws and French Penal Code Law No. 80 -538 (July 16, 1980). Please consult the laws.

You also requested documents which are part of criminal cases against partner of your client Mr Buccelli. I gave you address of LAPD and the divisions which you might like to contact in order to obtain information given, if you believe that this information is relevant to the case. Any document from me sent to LAPD by French Police Department, any communication with officers of LAPD or officers of French Police are privileged documentation and also protected by French law, as one case is already closed, but another is still ongoing, and concerns recovery of certain documents and things from Mr Buccelli. If you believe that this Court will give merit to your motion and allow to produce privileged documents / information of ongoing criminal case with LAPD and French Police Department, not relevant to the case – you may certainly do so.

You may also change your requests and request only relevant and nonprivileged documents and matters. Please let me know if you would like to revise your requests.

Please note that I have nothing to add to my responses to your requests sent to you November 25, 2018.

Concerning your request to have telephonic conference Meet and Confer under Local Rule 31-1.
Please note that I'm French citizen, resident of France, and according to French law I formally request that it'll be conducted on French language by OFFICIAL SWORN TRANSLATOR – to avoid any misunderstanding or misinterpretations. You are initiating this telephonic conference – so it is your responsibilities to arrange that.

If you'd like to conduct this telephonic conference please provide the name and status of sworn translator, his office for verification, and propose 5 different dates.

I also formally inform you that according to French law any legal communication with party outside of Europe / France should be done by mail / email / records. You are initiating this telephonic conference – so it is your responsibilities to arrange that.
If you'd like to conduct this telephonic conference please provide the name and status of an official representative who'll be recording this conversation, meanings to record.

I kindly agreed to conduct all communication, including Meet and Confer by email to facilitated the process for you, and with great respect to this Court.
So please advise how you'd like to proceed – by email or arrange everything necessary by demands and requirements of French law for the telephonic conference.

For any questions about French law and legal procedures outside of US, European Union please consult the laws, and please do not argue the laws with me. I'm Defendant, Pro per and I'm not here to discuss your interpretation of the laws. Please remember that Federal Court has jurisdiction only on territory of US. In other cases, like this one, French laws about conducting conferences, meet and confer should be respected. As they are respected by Federal Courts starting with service of the complaint, which as we both know has not been done for the following reason : violation of the Court Order from June 26, 2018 in serving complaint to me, and Prosecutor of France refused service on French parties as he determined frivolous nature of this case.

Additionally please let me know if you'd like me to respond to each discussion you sent. I'll be able to do so by Friday November 30, 2018.

Kind regards

November 27, 2018
Paris, France

Eleonora de Gray

Exhibit "G"

**LAW OFFICE OF**
**WILLIAM D. GOLDSTEIN**
4030 Sawtelle Blvd.
LOS ANGELES, CALIFORNIA 90066
TELEPHONE: (310) 437-0108
FACSIMILE: (323) 372-3589

E-MAIL: WDGOLDSTEIN@WDGOLDSTEIN.COM

November 27, 2018

MEET AND CONFER LETTER

ELEONORA DE GRAY                         Via Email: infodegray@gmail.com
OFFICIAL RUNWAY MAGAZINE
23-25, rue Jean Jacques Rousseau
75001 Paris, France

Dear Ms. De Gray:

This letter is intended to conform with both the FRCP and Local Rule 37-1 related to the required Meet and Confer process prior to the filing of Motions to Compel, et al under FRCP Rule 37.

Thank you for your timely response.

I wish to make certain I correctly understand your letter. I believe it states:
1. You have no intention of modifying your objections and/or provide additional information.
2. You will not correct the failure to either Admit or Deny many of the Requests for Admission.
3. You will not correct the responses to the requests where you stated you could not admit or deny, despite the Courts instructions on what must be stated in that case and where this failure applies?
4. You are claiming privilege on most of the document requests but will not describe the documents being withheld due to Privilege in the manner specified in instruction number 6?
5. You refuse to provide any of the documents requested?
6. You will not correct the responses to the Requests for Admission that are contradictory as you refuse to admit or deny then state that the factual statements relate to your attorney acting on your behalf.

You offer to comment on the discussion sections of my Meet and Confer letter is greatly appreciated and I would appreciate your feedback. I have tried to state the legal reasons in each case as to why the Plaintiff is entitled to an appropriate response and why objections listed are, in my opinion, not warranted or do not exist. Additionally, especially in the Requests for Admissions, many responses are self-contradictory as you state you can neither admit or deny an action you that you later state was taken by your attorney, acting on your behalf, who is your agent and by provided definition, is the "YOU" referred to in the Requests.

Be warned, it is my opinion that the Court will agree with my comments in the vast majority of the issues I point out. Your stonewalling this discovery may well finally subject you to sanctions as the Court warned in its November 5, 2018 ruling.

This is your opportunity to correct the many legal errors you have committed in your responses to these Discovery Requests.

I would advise you to look up what communications are considered "Privileged" under United States law if it is your contention that this is applicable to the types of documents requested or to the Request for Admissions. You might also look up the legal definitions of "vague and ambiguous, overbroad and unduly burdensome" as you are not using these objections properly. Additionally, the Court has advised you what must specifically be stated if you deny that documents exist. You should read the Court's orders as your responses fail even the most minimum of standards set forth therein.

You have repeatedly advised me that you both speak and read English. Your prompt responses to Meet and Confer letters and well as numerous motions convince me that this is a fact. As such, I am under no obligation to provide a translator for our telephonic Meet & Confer on this discovery. There are no rules which require that a Discovery conference between Counsel be translated or recorded. That said, the only applicable rule in the Local Rules and FRCP is that all proceedings be conducted in the English Language (with the exception of witness testimony with a Court appointed translator) and that all documents submitted to the Court be accompanied by an English translation. Unfortunately, the Local Rules require that said Meet and Confer be by telephone and not in writing.

Finally, you keep referring to French law. This case is in the United States District Court for the Central District of California. Your citizenship and French law have no effect of permissible discovery.

Please advise this office when we can have the telephonic Meet and Confer discussion required under Local Rule 37-1 within the next 9 days (prior to December 6th) .

Nothing herein is a waiver of any of my client's rights, all of which are expressly reserved herein.

Sincerely:

William D. Goldstein
Attorney for Runway TV, LLC

Exhibit "H"



ELEONORA DE GRAY
OFFICIAL RUNWAY MAGAZINE
23/25 RUE JEAN JACQUES ROUSSEAU
75001 PARIS, FRANCE
INFODEGRAY@GMAIL.COM
www.RUNWAYMAGAZINES.com

Law Offices of Willian D. Goldstein
William D. Goldstein (SBN. 279723)
4030 Sawtelle Blvd.
Los Angeles, CA 90066-5408

November 27, 2018

Mr Goldstein,
1. I don't' see what I can modify in my objections / responses as you requested privileged materials or materials not relevant to the case only. I also provided to you laws based on which I'm not disclosing privileged information. I also provided to you address of organization (LAPD) to who you may address your request if you'd like to access any documentation concerning partner of your client Mr Buccelli.
2. I added explanation why I entered either admit or deny to some admission request, and I don't see how I can correct it. I also proposed you to correct your requests based on my explanation.
3. Mr Goldstein apparently we have different understanding of Court instructions. From my side I strictly followed the Court Order.
4. Any distribution or partnership contract you requested are outside of Federal Court jurisdiction, signed and conducted in Europe, France, and therefore they are under protection of European laws, and do not require any description. Additionally documents you requested are not relevant

to the case, and your requests directed to obtain information about my business, and only, and not discovery relevant to the case. This understanding of your discovery requests based on multiple abuses conducted by you during this process: interrogation my witness, French Citizen, Legal representative of Ministry of Justice (who's not responsible of any delivery) without my permission or Court Order, who gave EXCLUSIVE rights to contact him only to the Court, as it was mentioned in Motion to Dismiss; you engaged various French individuals who are not related to the case / do not have legal status of attorney in France to call / write to French Ministry of Justice and express opinion about me my company and this case which is defamation by definition; publishing on public sources of this complaint with certain comments directed to obtain access to my clients or partners (see exhibits to Motion to Dismiss, Opposition to Motion to Extend), sending this complaint to my partners / clients known to you with the same reason – to obtain abrupt collaboration with me and install collaboration with you client's company / you.

5. You requested to provide the documents concerning my business, my privileged distribution partnership and clients contracts without any explanation how it could be relevant to the the case. Any distribution or partnership contract you requested are outside of Federal Court jurisdiction, signed and conducted in Europe, France, each and every have confidentiality notice, and therefore they are under protection of European laws. You requested the documents concerning closed and ongoing criminal cases against partner of your client Mr Buccelli conducted by French Police and Los Angeles Police Department. I'm not in the position to disclose them, I gave you the address and divisions to who you may address your requests if you believe that it is relevant to this case.

6. I responded to you that these requests are vague or confusing, I provided to you explanation why. You are intentionally confusing RUNWAY tm of your client, and RUNWAY MAGAZINE tm which belongs to me. I also proposed you to correct your requests in order for me to deny or admit.


I'll comment on the discussion sections of your Meet and Confer if you allow me. Please note that I'm not able to dedicate 3h of my time daily to respond to your long letters and to write 22 pages of comments. Therefore I'll be able to submit to you my responses of discussion no later than Monday December 3, 2018.


I'd highly appreciate if you stop expressing your opinion on Court ruling, as much as I'm aware of you are not judge in this Court, and you disregard multiple abuses of process conducted by you / your client during the procedure, that complaint is not served on me or my company (original / first amended complaint).
I'd advise you to look into European and French laws concerning what it means "Privileged" and how you can request privileged documents sealed by confidentiality notice signed in Europe, outside of Federal Jurisdiction, and not case related. I'd also advise you not to express your opinion about how I respond to Court Orders and how strictly I follow, as it is not your place or position to do so. I well stated concerning some documents if they exist or do not exist.


Mr Goldstein I already suggested you not to discuss American or French laws with me. I already suggested you to consult the laws, European laws specifically concerning interrogation / discovery / meet confer, and specially concerning telephone conference. Your absence of knowledge about this subject doesn't excuse or allow you to conduct any telephone conferences with citizens of other countries during litigation without regulations imposed by laws of these countries. As well as you can't impose me a date which is convenient to you.
I'm fluent in 5 languages, Mr Godlstein but it doesn't mean that you can freely interrogate / conduct

meet and confer with me from another country during litigation, outside of jurisdiction of your country without respecting laws of the country of my citizenship.

Ones again : any meet and confer / interrogation / discovery during litigation process according to French law happens ONLY with the presents of sworn translator, on French, this conversation is recorded by another person or on recording devise and then written and signed by the same sworn translator, all details of the recording are presented to observation, my French attorney also present. As you are initiating this conference you should present to me the plan of discussion, subject by subject, propose 5 dates for my choice, also give name, address, and number of sworn translator who I may contact later for additional details if necessary.
I proposed you to conduct Meet and Confer by email as it is also acceptable means according to French law, and many times proffered during litigation, as the laws concerning the recording of telephone conference are very strict.

I keep referring to French laws as you clearly don't know how litigation happens. This Court already determined that there's no jurisdiction over me or my company in District Court of California, even if I entered my Answer, I'm still citizen of France, residing in France, so all French laws, including service of complaint, interrogations, discoveries, any interactions are APPLICABLE.
So if you'd like to conduct telephone conference please provide me with information as described.

Kind regards

November 27, 2018
Paris, France

Eleonora de Gray

Exhibit "I"

LAW OFFICE OF

**WILLIAM D. GOLDSTEIN**

4030 Sawtelle Blvd.
Los Angeles, California 90066
Telephone: (310) 437-0108
Facsimile: (323) 372-3589

E-mail: WDGOLDSTEIN@WDGOLDSTEIN.COM

November 28, 2018

MEET AND CONFER LETTER

ELEONORA DE GRAY                          Via Email: infodegray@gmail.com
OFFICIAL RUNWAY MAGAZINE
23-25, rue Jean Jacques Rousseau
75001 Paris, France

Dear Ms. De Gray:

This letter is intended to conform with both the FRCP and Local Rule 37-1 related to the required Meet and Confer process prior to the filing of Motions to Compel, et al under FRCP Rule 37.

If I am understanding your letter of today, you refuse to modify any of your responses or provide any of the requested documents to the specific Discovery Requests I have made. I am willing to read through any comments you have regarding my discussion of the reasons why I believe you must respond to my discovery. That said, the only reasons I would withdraw the requests is if you provide me with acceptable objections under United States law. Not those you are alleging under French law.

If I am understanding your letter of today, you are unwilling to have a informal telephonic Meet & Confer as regards your Discovery Responses as required under the Local rules and the Courts orders. These conversations are intended to avoid the Courts need to deal with Discovery Issues. Instead, you insist that any telephonic Meet and Confer utilize a certified French translator (which you also state is not required for your understanding of what is being said as you claim to be fluent in English) and a Court reporter to compile a transcript of said conversation. All of which you insist be arranged and paid for by my client.

The more formal discussion is not going to happen unless you provide for those services. My client will not fund these unnecessary expenses. Additionally, the District Court operates under United States law, to which you have granted jurisdiction over you, by way of your having answered the complaint. Not your understanding of French law you allege must be followed.

I have offered to you the option of requesting any day and time (between 6:00AM and 6:00PM Los Angeles time) up until December 6, 2018, during which I can call for the required Meet and Confer. Rather than stating your preference, you insist that I provide you with 5 options. Therefore, please advise me which of these day and times I can call.

Thursday 11/29 at 4:00PM Paris Time.
Friday 11/30 at 4:00PM Paris Time.
Monday 12/3 at 4:00PM Paris Time.
Tuesday 12/4 at 4:00PM Paris Time.
Wednesday 12/5 at 4:00PM Paris Time.

If you refuse to speak with me under the informal conditions indicated above, or under the proposed formal conditions at your expense, Please notify me in your response.

Nothing herein is a waiver of any of my client's rights, all of which are expressly reserved herein.

Sincerely:

William D. Goldstein
Attorney for Runway TV, LLC

Exhibit "J"



ELEONORA DE GRAY
OFFICIAL RUNWAY MAGAZINE
23/25 RUE JEAN JACQUES ROUSSEAU
75001 PARIS, FRANCE
INFODEGRAY@GMAIL.COM
www.RUNWAYMAGAZINES.com

Law Offices of Willian D. Goldstein
William D. Goldstein (SBN. 279723)
4030 Sawtelle Blvd.
Los Angeles, CA 90066-5408

November 29, 2018

Mr Goldstein,

I hope that you understand that your request is abusive and simply illegal : you are, an attorney presenting opposing party, requesting **INFORMAL** telephone conference according to FRCP and Local Rule 37-1 related to the required Meet and Confer process prior to the filing of Motions to Compel, et al under FRCP Rule 37, during the Federal litigation.

You are initiating this telephone conference, so any formal conditions should be done at your expense. The initiator is the one who's responsible for any expenses for any formal actions from your side. I'm not requesting any telephone conference with you, so I don't see why you think I should be responsible for any formal actions initiated by you. Any formal actions, like this complaint, or your fees which you constantly ask this Court to be paid, are formal actions initiated by you / your client, so you are the one who's responsible for all expenses related to it.

I graciously proposed you to conduct Meet & Confer by emails (written, documented formal discussion), as it is accepted by French law in the case when the French party agrees, so it won't be

burdensome for you. Apparently you don't appreciate my gesture. But it is up to you accept it or refuse it.

I'll give you my answers on your discussion by Monday, December 3, 2018. I hope you can understand that I need time to read 22 pages and write my answers. You can of course file your Motion to Compel before my answer to your discussions, as you did previously. If you plan to file Motion to Compel immediately, please let me know, so I won't spend my time answering to your discussion.

I already provided you with objections based on US law, European law, and French Criminal law, as you requesting privileged documents written outside of territory of US, and under protection of European laws. You may consult US laws and be reassured that Federal Courts do not act outside of US territory, also all European laws are respected. US Federal Courts can't force European companies provide privileged documents, signed in Europe, can't sanction European companies. If they do US Federal Court always have VERY serious ground for that. You can be reassured that US Federal Court doesn't act on one contract for 3 months, never signed, without mediators or mandatory clause. In Court Order at July 16, 2018 this Court already told you that ALL DEFINCIES IN MOTION TO DISMISS SHOULD BE CORRECTED. But of course you ignored it.
Even if I'm willing participate in this case, as a pro per, I'm still remaining under French laws, very much respected by Federal Court of US.  All requested documents are privileged and signed on French territory, so you may not consider French laws, but this Court certainly will.
Please also keep in mind that you requested documents of my company. All these documents are property of my company, not mine, so you should address EURL ELEONORA DE GRAY in that matter. Keep in mind that you didn't serve on this defendant, no appearance has been made. So you can't send me requests addressed to other Defendant in this case. I'm Defendant pro per, physical person, and requests to provide documents – property of a business entity you can't serve on me.

Ones again I suggest you to modify your requests and request ONLY relevant to the case, and nonprivileged documents. Please keep in mind that in my opposition to your second motion to compel I'll file all material evidence about you / your client abusive actions during this process : writing to my clients / partners and propose them to cancel contract with my company and sign contract with you / your client , denigrating public posts with publicly displayed complaint, writing to social media networks with demands to remove social presents of my company, engaging various individuals and requesting them to call to French authorities and distribute defamation about me and my company. Be reassured that certainly I'll be able to prove to the Court that your requests are not related to discovery in this case but directed to collect client database of my company, intellectual property assets, and privileged documents related to criminal cases of partner of your client in order to discover what I have in my position concerning identity theft, felony and fraud of Mr Buccelli, what has been submitted to LAPD, which certainly allow to take necessary actions against any ongoing investigation.
In addition I'll certainly mention that I sent you several formal requests but you TOTALLY REFUSED TO PROVIDE THE ORIGINAL CONTRACT WITH BOTH SIGNATURES, based on which you demand jurisdiction in this Court, and privileged documents of my company. I don't believe that I have to send you a request in the form just for that. But if it'll come to it – I'll certainly do so. I'll also give my explanation of your refusal. You refused to send me original contract as you are very well aware that this contract isn't legit, and you also know that I'll send this contract to a sworn expert, who'll certainly prove and certify that this contract was signed by your client only in April 2017, after my French attorney mentioned that he's distributing not legit contract to social media networks, my partners, my clients, even including her.

Mr Goldstein, if at this point you have nothing to add please allow me few days to Monday December 3, 2018 to write 22 pages of comments on your discussions, and do not enter in long and unnecessary discussion of your interpretation of laws or your toughs about how this Court will proceed, you may certainly stop your threats, as I'm not here for that, and certainly have nothing to add to what I already said. I'd highly appreciate it.

And I certainly require some time to read your discussions and write the comments.

Kind regards

November 29, 2018
Paris, France

Eleonora de Gray

Exhibit "K"

LAW OFFICE OF

**WILLIAM D. GOLDSTEIN**

4030 Sawtelle Blvd.
LOS ANGELES, CALIFORNIA 90066
TELEPHONE: (310) 437-0108
FACSIMILE: (323) 372-3589

E-MAIL: WDGOLDSTEIN@WDGOLDSTEIN.COM

November 29, 2018

MEET AND CONFER LETTER

ELEONORA DE GRAY                                   Via Email: infodegray@gmail.com
OFFICIAL RUNWAY MAGAZINE
23-25, rue Jean Jacques Rousseau
75001 Paris, France

Dear Ms. De Gray:

    This letter is intended to conform with both the FRCP and Local Rule 37-1 related to the required Meet and Confer process prior to the filing of Motions to Compel, et al under FRCP Rule 37.

    I am willing to read through any comments you have regarding my discussion of the reasons why I believe you must respond to my discovery. That said, the only reasons I would withdraw the requests is if you provide me with acceptable objections under United States law. Not those you are alleging under French law.

    I await your explanations on or about December 3, 2018.

    Nothing herein is a waiver of any of my client's rights, all of which are expressly reserved herein.

Sincerely:

William D. Goldstein
Attorney for Runway TV, LLC

Exhibit "L"



ELEONORA DE GRAY
OFFICIAL RUNWAY MAGAZINE
23/25 RUE JEAN JACQUES ROUSSEAU
75001 PARIS, FRANCE
INFODEGRAY@GMAIL.COM
www.RUNWAYMAGAZINES.com

Law Offices of Willian D. Goldstein
William D. Goldstein (SBN. 279723)
4030 Sawtelle Blvd.
Los Angeles, CA 90066-5408

November 30, 2018

Mr Goldstein,
I'd like to inform you that I just received a Court Order concerning your Motion to Extend.
This Order states: "5. All case deadlines, **including all discovery matters, are stayed pending resolution of the service of process issue.** Unless the document relates to the service issues discussed in this order, **no further documents may be filed pending further order of the court.**"
I believe that you'll have to postpone with filing of second Motion to Compel until matter of service on me and my company is solved.
I'd like to inform you that due to this Court Order I'll postpone sending you my responses on your discussions I intended to send to you by December 3, 2019 until further notice.

I'd like to FORMALLY warn you again that I do not give my authorization to request / interrogate / write / call etc. to my personal contact in French Ministry of Justice,  Mr Nicolas Castell, who is not responsible for the delivery of the complaint, and who kindly participated with his testimony in this

proceeding, and who gave EXCLUSIVE rights to contact him ONLY by the Court (Motion to Dismiss). Any abusive actions from your side to interrogate him or write to him will be submitted to this Court after further Order of this Court.

I'd also like to FORMALLY warn you that engaging various individuals in France to call / write to French Government organizations and express opinions about this Court proceeding / this complaint / me / and or my company will also be submitted to this Court after further Order of this Court, and legal actions will be taken in France against these French individuals for distribution of defamation about me and my company to French Government, and violation of my privacy.
Please note that expressing opinions by various individuals about me, my company, this Court proceeding considered as abusive actions by Federal Rules, and also defamation according to French law. You certainly understand the difference between defamation – expressing an opinion and request of information from government organization about a complaint.
If you plan to do any actions and search for the complaint in France please keep in mind that any actions by French or American various individuals taken on French territory are subject to legal actions in France according to French law (and not Federal Laws of US, as they are based outside of Federal jurisdiction of US). Please also keep in mind that according to French law various individuals who are not related to the case are not allowed to do an attorney's work, like request information or documents from French Government organizations. These actions considered as VIOLATION OF PRIVACY, and strictly PROHIBITED according to French law, and will be subject to legal actions in France against these various individuals.

If any mentioned abusive actions will be noted from your side they'll be submitted to this Court after further Court Order, and also will be subject to legal actions in France against these various individuals not related to the case, as all defamatory actions or violation of privacy are taken place on French territory against French citizen, French business entity.

You may contact me for the matters related to the service of this complaint but keep in mind that this is the time of the holidays Christmas / Hanukkah / New Year, and I won't be available to respond to you from December 15, 2018 until January 7, 2019. Please note that our offices will be open during the holidays. The days when offices will be close are : December 24 -25, 30-31, January 1-2. These days are national holidays in France. So no deliveries or legal notifications can be done at this time. I'll be notified by my staff if there's correspondence or legal notice on my name or name of my company arrives during my absence (holidays). I'll take all necessary actions if they'll be required, and I'll inform this Court.


Kind regards

November 30, 2018
Paris, France

Eleonora de Gray

Exhibit "M"

**WILLIAM D. GOLDSTEIN**
LAW OFFICES OF
4030 Sawtelle Blvd.
LOS ANGELES, CALIFORNIA 90066
TELEPHONE: (310) 437-0108
FACSIMILE: (323) 372-3589

E-MAIL: WDGOLDSTEIN@WDGOLDSTEIN.COM

September 17, 2019

MEET AND CONFER LETTER

ELEONORA DE GRAY                                    Via Email: infodegray@gmail.com
OFFICIAL RUNWAY MAGAZINE
23-25, rue Jean Jacques Rousseau
75001 Paris, France

Dear Ms. De Gray:

This letter is intended to conform with both the FRCP and Local Rule 37-1 related to the required Meet and Confer process prior to the filing of Motions to Compel, et al under FRCP Rule 37.

As you will remember we engaged in a lengthy Meet and Confer series of Emails related to your discovery responses just prior to the court placing a stay on the case. As the Court in its order of September 11, 2019, has recognized that your Answer has placed you under the Jurisdiction of the Court I am following up where we left off. You had promised to provide an explanation of your objections and refusal to provide any documents or correct contradictory responses and/or missing responses to the Requests for Admission served upon you and how you believe that these actions are in accordance with the ruling of the Court on the first Motion to Compel on November 5, 2018. (I am attaching a copy I case you did not save one).

Please responds to this request and provide your explanations originally promised for December 3, 2019, within 1 week (no later than close of business on Tuesday, September 24, 2019.)

I am willing to read through any comments you have regarding my discussion of the reasons why I believe you must respond to my discovery (copy attached). That said, the only reasons I would withdraw the requests is if you provide me with acceptable objections under United States law. Not those you are currently alleging.

I await your explanations within the week. If not received I will again need file another motion to Compel responses.

In that regard are you willing to sign a joint Declaration to the effect that we have not had a telephonic Meeting of Counsel as you have insisted that 1) it is not required. 2)that we can do

any Meet and Confer via Email, 3) that you will only allow a telephonic meeting if you have your attorney present, a certified translator present, a transcript is generated, 4) all at the cost of the Plaintiff? Said joint Declaration would also state that the parties are at an impasse as to the discovery requests with neither willing to change their positions and requesting the Court to rule on the matter. Neither of us will argue our points of view in said declaration. Just state the facts cited above.

Nothing herein is a waiver of any of my client's rights, all of which are expressly reserved herein.

Sincerely:

William D. Goldstein
Attorney for Runway TV, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 18-2503 FMO(JCx) | Date | November 5, 2018 |
|---|---|---|---|
| Title | Runway TV, LLC v. Eurl Eleonora De Gray, et al. | | |

Present: The Honorable    Jacqueline Chooljian, United States Magistrate Judge

| Kerri Hays | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

none     none

**Proceedings:**      (IN CHAMBERS)

**ORDER (1) SUBMITTING AND VACATING HEARING ON PLAINTIFF'S MOTIONS; (2) GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL WITHOUT OBJECTIONS RESPONSES TO REQUEST FOR IDENTIFICATION AND PRODUCTION OF DOCUMENTS (DOCKET NO. 63); (3) GRANTING IN PART AND DENYING IN PART MOTION TO DEEM REQUESTS FOR ADMISSION SET 1 ADMITTED OR, IN THE ALTERNATIVE, COMPEL RESPONSES WITHOUT OBJECTION (DOCKET NO. 64); (4) ORDERING DEFENDANT TO PRODUCE DISCOVERY RESPONSES BY NOT LATER THAN NOVEMBER 26, 2018; AND (5) CAUTIONING AND ADMONISHING DEFENDANT**

## I.    BACKGROUND AND SUMMARY

On March 28, 2018, plaintiff Runway TV, LLC filed a Complaint against French Company Eurl Eleonora De Gray and French citizen, Eleonora DeGrey, also known as Eleonora Christensen ("defendants").  (Docket No. 1).  On April 12, 2018, Eleonora De Gray – presumably the same individual identified as a defendant in the Complaint, albeit with a slightly different spelling of her last name – filed a Motion to Dismiss for Lack of Jurisdiction.  (Docket No. 10).  On July 16, 2018, the District Judge granted De Gray's motion to dismiss and dismissed the Complaint with leave to amend. (Docket No. 34).

Meanwhile, on April 16, 2018, the District Judge issued an Order Setting Scheduling Conference ("April Order") which, among other things:  (1) notified the parties that "[t]he court allows discovery to commence as soon as the first answer or motion to dismiss is filed[,]" and that "**discovery shall not be stayed** while any motion is pending, including any motion to dismiss and/or motion for protective order"; and (2) directed the parties to "**conduct any necessary discovery as soon as possible**[.]" (Docket No. 11, April Order at 5, ¶ 5) (emphasis in original).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 18-2503 FMO(JCx) | Date | November 5, 2018 |
|----------|---------------------|------|------------------|

| Title | Runway TV, LLC v. Eurl Eleonora De Gray, et al. |
|-------|--------------------------------------------------|

On July 30, 2018, plaintiff filed the currently operative First Amended Complaint against defendants. (Docket No. 35). The First Amended Complaint asserts claims of Federal Trademark Infringement, Federal Trademark Dilution, Federal Statutory Unfair Competition, Fraud and Deceit, Breach of Contract, Cyberpiracy and Defamation Per Quod-Libel. On August 1, 2018, defendants filed an Answer to the First Amended Complaint. (Docket No. 40). Notwithstanding the foregoing, on August 9, 2018, De Gray filed a Motion to Strike the First Amended Complaint, and subsequently filed addenda thereto. (Docket Nos. 42, 44, 45).

On September 4, 2018, De Gray filed a request to withdraw the Answer. (Docket No. 46). On September 10, 2018, the District Judge denied the Motion to Strike the First Amended Complaint without prejudice as it was based on an inapplicable California procedural rule, advised De Gray that she should file such a motion pursuant to the applicable Federal Rule of Civil Procedure, and denied the request to withdraw the Answer as moot. (Docket No. 47).

On September 11, 2018, defendants filed a Motion to Dismiss for Insufficient Service of Process ("Pending Motion to Dismiss") which is opposed by plaintiff and which has been submitted for decision and remains pending before the District Judge. (Docket Nos. 48-52, 56-57, 62). On October 29, 2018, plaintiff filed a Motion for Extension of Time to Serve Defendant[s] under Federal Rule[] of Civil Procedure 4(m) which is opposed by defendants and which is currently set for hearing before the District Judge on November 29, 2018. (Docket Nos. 69-72).

Meanwhile, on August 28, 2018, plaintiff electronically sent to defendant De Gray (1) Plaintiff's Requests for Admission (Set 1) ("RFAs in Issue"); and (2) Plaintiff's Requests for the Identification and Production of Documents and Things (Set 1) ("RFPs in Issue") (collectively "Discovery Requests in Issue"). On September 17, 2018, De Gray filed a Motion for Protective Order Regarding Requests for Admission and Identification and Production of Documents and Things which sought a protective order relieving De Gray of her obligation to respond to the Discovery Requests in Issue. On October 11, 2018, this Court denied the foregoing motion for failure to comply with the Local Rules and noted that to the extent De Gray argued that she should not be required to respond to the Discovery Requests in Issue either because the operative First Amended Complaint assertedly lacks merit or because her Pending Motion to Dismiss assertedly has merit, such matters are not appropriate for resolution by this court, and, especially given the substance of the April Order, do not afford a basis to decline to produce or to delay production of the discovery called for by the Discovery Requests in Issue.

Currently pending and set for hearing before this Court on November 13, 2018 at 9:30 a.m. are plaintiff's (1) Motion to Compel without Objections Response to Request for Identification and Production of Documents ("RFP Motion"); and (2) Motion to Deem Requests for Admission Set 1 Admitted or, in the Alternative, Compel Responses without Objection ("RFA Motion") (collectively

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 18-2503 FMO(JCx) | Date | November 5, 2018 |
|---|---|---|---|
| Title | Runway TV, LLC v. Eurl Eleonora De Gray, et al. | | |

"Motions"), which defendant De Gray opposes. (Docket Nos. 63-68).[1] The Motions also request that defendant De Gray be ordered to pay sanctions and that she be admonished regarding her treatment of defense counsel.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds the Motions appropriate for decision without oral argument and submits the matters. Accordingly, the November 13, 2018 hearing on the Motions is vacated and taken off calendar.

For the reasons explained below the Court (1) grants in part and denies in part the RFP Motion; (2) grants in part and denies in part the RFA Motion; (3) directs defendant De Gray to respond to the Discovery Requests in Issue in a manner consistent with the requirements of the law set forth below – by not later than **November 26, 2018**; (4) denies plaintiff's sanctions requests but cautions defendant De Gray that the failure to respond to the Discovery Requests in Issue in conformity with the law and/or the failure to comply with this Order may result in the imposition of sanctions against her; and (5) admonishes defendant De Gray relative to her interactions with defense counsel.

## II.    PERTINENT LAW

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information within the foregoing scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34, any party may serve on any other party a request for the production or inspection of documents within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Unless excused by a protective order, in response to a request for the production of documents a party must, within 30 days of service thereof and as to each item or category, either: (1) state that the inspection will be permitted/ production will be made; or (2) state with specificity the grounds for objecting to the request, including the reasons, and state whether any responsive materials are being withheld on the basis of that objection. Fed. R. Civ. P. 34(b)(2)(A)-(C). Pursuant to Local Rule 34-2, the party responding or objecting to the requests for production shall quote each request for production in full immediately preceding the statement of any response or objection thereto. Local Rule 34-2. If the responding party states that it will produce documents, such production must be completed no later than the time specified in the

---

[1]The Motions are accompanied by declarations of counsel which essentially reflect that defendant De Gray has not meaningfully engaged in a substantive meet and confer process relative to the Motions. Accordingly, the Motions are not in the form of Joint Stipulations. See Local Rules 37-1, et seq.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 18-2503 FMO(JCx) | Date | November 5, 2018 |
|---|---|---|---|
| Title | Runway TV, LLC v. Eurl Eleonora De Gray, et al. | | |

request or another reasonable time specified in the response. Fed. R. Civ. P. 34(b)(2)(B). A party's failure to respond to a Rule 34 request is not excused on the ground that the discovery sought is objectionable, unless the party failing to act has a pending motion for a protective order. Fed. R. Civ. P. 37(d)(2).

Pursuant to Rule 36, a party may serve on any other party Requests for Admissions ("RFAs") to obtain any evidence within the permissible scope of discovery. Fed. R. Civ. P. 26(b)(1), 36(a). RFAs are required to be simple and direct, and should be limited to singular relevant facts. See Securities and Exchange Commission v. Micro-Moisture Controls, Inc., 21 F.R.D. 164, 166 (S.D.N.Y. 1957); see also Dubin v. E.F. Hutton Group, Inc., 125 F.R.D. 372, 376 (S.D.N,Y. 1989) (objections to RFAs as vague, ambiguous, overbroad and burdensome sustained where requests for admissions not simple concise statements of fact, but instead contained vague and ambiguous wording that did not allow defendants fairly to admit or deny). A request for admission may seek an admission of the genuineness of documents if copies of the documents are attached to the request or have been previously furnished or made available for inspection and copying. Fed. R. Civ. P. 36(a)(2). A party may properly seek to have another part admit or deny a responding party's understanding of the meaning of a document. See Booth Oil Site Admin. Group v. Safety-Kleen Corp., 194 F.R.D. 76, 80 (W.D.N.Y 2000). A request for admission may also request "the application of law to fact." Fed. R. Civ. P. 36(a)(1)(A); see Marchand v.Mercy Medical Center, 22 F.3d 933, 937 n.4 (9th Cir. 1994) ("Rule 36(a) permits requests for admission addressing questions of mixed law and fact.") (citation omitted). A request for admission may not, however, seek a response on a disputed conclusion of pure law. See Playboy Enterprises, Inc. v. Welles, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999).

A matter is admitted unless, within 30 days after being served, the party to whom an RFA is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. Fed. R. Civ. P. 36(a)(3).[2] Pursuant to Local Rule 36-2, the party answering or objecting to requests for admission shall quote each request in full immediately preceding the statement of any answer or objection thereto. Local Rule 36-2. An answer to a request for admission must consist of an admission, a denial, or a statement detailing why the answering party is unable to admit or deny the matter. Fed. R. Civ. P. 36(a)(3), 36(a)(4). If any portion of a request for an admission is true, the party to whom it is directed must admit that portion and qualify or deny the rest. Fed. R. Civ. P. 36(a)(4); see Holmgren v. State Farm Mutual Insurance Co., 976 F.2d 573, 579-80 (9th Cir. 1992). A denial must be specific and must fairly respond to the substance of the matter. Fed. R. Civ. P. 36(a)(4). Where the meaning of a particular term in a request is somewhat inexact, the responding party should supply its own definition and admit or deny, or qualify its admission or denial to make it accurate and

---

[2]Courts, on motion, may generally permit withdrawal or amendment of matters admitted under Rule 36 if it would promote presentation of the merits of the action and if the court is not persuaded that it would prejudice the propounding party in maintaining or defending the action on the merits. Fed. R. Civ. P. 36(b).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 18-2503 FMO(JCx) | Date | November 5, 2018 |
|---|---|---|---|
| Title | Runway TV, LLC v. Eurl Eleonora De Gray, et al. | | |

responsive. See S.A. Healy Co./Lodigiani USA, Ltd. v. United States, 37 Fed. Cl. 204, 205-07 (Fed. Cl. 1997). A qualified denial is proper if the responding party sets forth in detail the reasons why he or she cannot truthfully deny the matter. Fed. R. Civ. P. 36(a)(4). A party who responds by claiming an inability to admit or deny must also state that he or she has made "reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4); Asea, Inc. v. Southern Pacific Transportation Co., 669 F.2d 1242, 1245-47 (9th Cir. 1981); A. Farber & Partners, Inc. v. Garber, 237 F.R.D. 250, 253-55 (C.D. Cal. 2006). What constitutes "reasonable inquiry" and what material is "readily obtainable" are relative matters that depend upon the facts of each case. T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D. 38, 43 (S.D.N.Y. 1997). Generally, "reasonable inquiry" for purposes of responding to requests for admission, is limited to review and inquiry of those persons and documents that are within the responding party's control. Id. at 43. A party cannot be forced to admit or deny facts testified to by a third party as to which the responding party has no personal knowledge. Id. at 46. The validity, or bona fides of a qualified answer to a request for admission must await trial to see if the requesting party is forced to prove what was not admitted and can show that there was no good reason for the opponent's failure to admit. National Semiconductor Corp. v. Ramtron International Corp., 265 F. Supp. 2d 71, 74-75 (D. D.C. 2003).

If a party fails timely to object to discovery requests, such a failure constitutes a waiver of any objections which a party might have to the requests. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1991) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.") (citation omitted), cert. dismissed, 506 U.S. 948 (1992); Apple Inc. v. Samsung Electronic Co., Ltd., 2012 WL 952254, *2 (N.D. Cal. Mar. 20, 2012) ("Objections not interposed in a timely initial response may not be held in reserve and interposed after the period allowed for response . . . ") (citation omitted); Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409-10 (C.D. Cal. 2005) (court declined to consider objections that were not asserted in responding party's original discovery responses based upon party's failure timely to make such objections).[3]

///
///
///

---

[3]Courts have broad discretion to determine whether a party's failure to raise timely objections to discovery should be excused for "good cause." See Blumenthal v. Drudge, 186 F.R.D. 236, 240 (D.D.C.1999). In exercising such discretion, courts consider several relevant factors, including: (1) the length of the delay in responding; (2) the reason for the delay; (3) dilatory conduct or bad faith by the responding party; (4) prejudice to the party seeking the disclosure; (5) the nature of the request (i.e., whether the discovery requested was overly burdensome or otherwise improper); and (6) the harshness of imposing the waiver. Hall v. Sullivan, 231 F.R.D. 468, 474 (D. Md. 2005).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 18-2503 FMO(JCx) | Date | November 5, 2018 |
|---|---|---|---|
| Title | Runway TV, LLC v. Eurl Eleonora De Gray, et al. | | |

## III.    DISCUSSION

The RFP Motion requests that the Court compel defendant De Gray to respond to the RFPs in Issue (RFP Nos. 1-14) without objection based upon such defendant's failure to respond thereto to date, and that the Court sanction and admonish such defendant.

The RFA Motion primarily seeks to have the Court deem its Requests for Admission to Defendant De Gray (Set 1) (RFA Nos. 1-29) admitted based upon such defendant's failure to respond thereto.  The RFA Motion alternatively requests that the Court compel defendant De Gray to respond to RFA Nos. 1-29 without objections.  Like the RFP Motion, it also requests that the Court sanction and admonish defendant De Gray.

Defendant opposes the RFA Motion, essentially contending that plaintiff has not complied with the meet and confer requirements of the Local Rules, that the RFAs and RFPs in Issue are improper, and that she intends to object/has objections thereto.[4]

Based upon the Court's consideration of the parties' submissions, the Court grants in part and denies in part the RFP Motion.  More specifically the Court (1) denies without prejudice the RFP Motion to the extent it seeks to have the Court compel defendant to respond to the RFPs in Issue without objections; and (2) grants the RFP Motion to the extent it seeks to compel defendant to respond to the RFPs in Issue and directs defendant De Gray to respond to each of RFP Nos. 1-14 **in a manner consistent with the requirements of Rule 34 and Local Rule 34-2 as detailed above**.

Based upon the Court's consideration of the parties' submissions, the Court grants in part and denies in part the RFA Motion.  More specifically the Court (1) denies without prejudice the RFA Motion (a) to the extent it seeks to have the Court deem RFA Nos. 1-29 admitted (or more correctly stated, elects to deem withdrawn the effective admission of such RFAs by defendant upon her failure timely to respond thereto); and (b) to the extent it seeks to have the Court compel defendant to respond without objections; and (2) grants the RFA Motion to the extent it seeks to compel defendant to respond to the RFAs in Issue and directs defendant De Gray to respond to each of RFA Nos. 1-29 **in a manner consistent with the requirements of Rule 36 and Local Rule 36-2 as detailed above**.

---

[4]To the extent defendant De Gray takes the position that her discussion of the RFAs and RFPs in Issue at pages 16-19 of her opposition to the RFP Motion and pages 16-18 of her opposition to the RFA Motion satisfy the requirements of Federal Rules of Civil Procedure 34 and 36 and Local Rules 34-2 and 36-2 she is incorrect.  In accordance with the foregoing rules, she must generate and send to plaintiff's counsel separate/standalone documents responding to the RFAs and RFPs which quote each RFA and RFP in full immediately preceding the statement of any answer or objection thereto (which should not incorporate or require reference to any other pleading), which bear her signature, and which otherwise comply with the requirements detailed above.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 18-2503 FMO(JCx) | Date | November 5, 2018 |
|---|---|---|---|
| Title | Runway TV, LLC v. Eurl Eleonora De Gray, et al. | | |

The Court rejects defendant De Gray's contention that plaintiff has not complied with its meet and confer obligations which are largely inconsistent with her contentions that plaintiff's counsel has harassed her. It appears to the Court that counsel's repeated communications with defendant – what defendant characterizes as harassment – instead constitute counsel's proper efforts to comply with plaintiff's meet and confer obligations under the Local Rules.[5]

The Court finds good cause and exercises its discretion to rule as set forth above based upon the circumstances of this case, including its consideration of the factors set forth in note 3, supra, defendant's *pro se* and foreign status and stated intention to interpose objections to the RFAs and RFPs in Issue, the pendency of defendant's motion for a protective order from September 17, 2018 to October 11, 2018, the fact that a discovery cut-off deadline has not yet been set, the apparent lack of prejudice to plaintiff on the merits, and the fact that so ruling promotes presentation of the merits of the action.

Further, based upon the Court's review of the parties' submissions, the Court denies without prejudice plaintiff's requests for sanctions as it concludes that the circumstances present here would make an award of expenses unjust, but deems it appropriate, as detailed below, to (1) caution defendant De Gray of the consequences of failing to respond to the Discovery Requests in Issue in conformity with the law and failing to comply with this Order; and (2) admonish defendant De Gray relative to her interactions with defense counsel.

## IV.    ORDERS, CAUTION, AND ADMONITION

In accordance with the above:

A.    IT IS HEREBY ORDERED:

1.    The RFP Motion and RFA Motion are granted in part and denied in part as detailed above.

2.    By not later than November 26, 2018, defendant De Gray shall respond to each of the RFPs in Issue in a manner consistent with the requirements of Rule 34 and Local Rule 34-2 as detailed above.

---

[5]Again, to the extent defendant De Gray contends that she should not be required to defend this action or to respond to the Discovery Requests in Issue either because the operative First Amended Complaint assertedly lacks merit or because her Pending Motion to Dismiss assertedly has merit, such matters are not appropriate for resolution by this Court, and, especially given the substance of the April Order, do not afford a basis to decline to produce or to delay production of the discovery called for by the Discovery Requests in Issue.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-2503 FMO(JCx) | Date | November 5, 2018 |
|---|---|---|---|
| Title | Runway TV, LLC v. Eurl Eleonora De Gray, et al. | | |

       3.     By not later than November 26, 2018, defendant De Gray shall respond to each of the RFAs in Issue in a manner consistent with the requirements of Rule 36 and Local Rule 36-2 as detailed above.

       4.     Plaintiff's requests for sanctions are denied.

      B.     DEFENDANT DE GRAY IS HEREBY CAUTIONED that any failure to comply with her obligations to respond to the Discovery Requests in Issue in conformity with the law above and/or any failure to comply with this Court's Order may result in RFA Nos. 1-29 being deemed admitted, and will subject her to potential monetary and non-monetary sanctions, as provided in Fed. R. Civ. P. 37(a)(5), 37(b)(2), 37(d), including (a) the issuance of a recommendation to prohibit her from opposing plaintiff's claims, supporting her defenses or from introducing evidence; (b) the issuance of a recommendation to strike defendant's pleadings in whole or in part; and (c) the issuance of a recommendation to render a default judgment against her.

      C.     DEFENDANT DE GRAY IS HEREBY ADMONISHED to behave civilly and courteously towards opposing counsel and to refrain from engaging in the verbal abuse of counsel.

      IT IS SO ORDERED.

LAW OFFICES OF
**WILLIAM D. GOLDSTEIN**
4030 Sawtelle Blvd.
LOS ANGELES, CALIFORNIA 90066
TELEPHONE: (310) 437-0108
FACSIMILE: (323) 372-3589

E-MAIL: <u>WDGOLDSTEIN@WDGOLDSTEIN.COM</u>

November 26, 2018
MEET AND CONFER LETTER

ELEONORA DE GRAY                                Via Email: infodegray@gmail.com
OFFICIAL RUNWAY MAGAZINE
23-25, rue Jean Jacques Rousseau
75001 Paris, France

Dear Ms. De Gray:

This letter is intended to conform with both the FRCP and Local Rule 37-1 related to the required Meet and Confer process prior to the filing of Motions to Compel, et al under FRCP Rule 37.

I have just been notified by the Court that you have filed your responses to Discovery. For future reference this is neither required or appreciated by the Court as it just entails additional work by Court personal.

I have reviewed your responses/objections to the Requests for the Identification and Production of Documents and Things as well as the Requests for Admissions and have found them to be totally without any merit. The objections you have attached thereto are not relevant to the specific requests and/or not specific legal objections stating the basis for each objection. Additionally, you appear to believe that Discovery Responses are a place to argue your case. They are not. The objections, with few exceptions are not evidentiary in nature, you have not provided a single document in responses and your repeated objection of Privilege is not in accordance with the instructions contained in the Order of the Court on November 5, 2018 or the FRCP.

Please advise this office as soon as is possible, if it is your intent to provide revised responses and when, to the Plaintiff's Requests for the Identification and Production of Documents and Things as well as the Requests for Admissions served upon you pursuant to Federal Rules of Civil Procedure, the Local Rules and the Orders of the Court.

Please advise this office when we can have the telephonic Meet and Confer discussion required under Local Rule 31-1 within the next 10 days.

<u>**Requests for the Identification and Production of Documents and Things**</u>

The Court ordered that you respond to this discovery request and described in detail how you must respond:

"Pursuant to Rule 34, any party may serve on any other party a request for the production or inspection of documents within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Unless excused by a protective order, in response to a request for the production of documents a party must, within 30 days of service thereof and as to each item or category, either: (1) state that the inspection will be permitted/ production will be made; or (2) state with specificity the grounds for objecting to the request, including the reasons, and state whether any responsive materials are being withheld on the basis of that objection. Fed. R. Civ. P. 34(b)(2)(A)-(C)."

The instructions included with these requests are those used by the United States Department of Justice. You have claimed "Privilege" for the majority of your objections and have not included a Privilege log as required in Instruction number 6:
"For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed."

REQUEST FOR PRODUCTION NO. 1:
A copy of each issue of RUNWAY MAGAZINE published by EURL ELEONORA DE GRAY and/or ELEONORA DE GRAY (as described in item 10 of the instructions each magazine requested herein can be produced in Adobe's Portable Data Format (PDF).) If Publication in English is not available, the French version of the magazine may be produced without English translation.

Your Objection:
It seeks to obtain copyrighted materials and/or information regarding business activities that took place outside of the United States and that are beyond the jurisdiction of the California [Court]. The remainder of the objection is an argument of the facts in the case and your interpretation thereof and not relevant to a Discovery Response.

Discussion:
You have made numerous claims in your Answer about your dates of publication of Runway Magazine and frequency of Publication. Additionally, you have used the RUNWAY® trademark on each publication without payment for said use or a license to use said trademark. The Plaintiff has a right to request these materials to determine if your statements made in Pleadings are true and justified. Plaintiff does NOT have to take your word for it. Additionally, Plaintiff is entitled to this information for the purposes of determining the actual amount of damages that will be sought in Court.
As to your objection that the materials are copyrighted. These materials have been published. There is no argument that you were not the party to copyright them. They are not confidential or privileged in any way. Additionally, though you continue to deny the fact, your

answer has placed you under the Jurisdiction of the District Court for the Central District of California and you MUST comply with lawful discovery or face sanctions.

You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You have not stated whether any responsive materials are being withheld on the basis of that objection. You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR PRODUCTION NO. 2:

All COMMUNICATIONS between YOU and any party at Runway Magazine, Inc. between January 1, 2012 and the date of response to this request

Your Objection:

It seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California [Court]. The remainder of the objection is an argument of the facts in the case and your interpretation thereof and not relevant to a Discovery Response.

Discussion:

Runway Magazine, Inc. is not now or has ever been a partner of the Plaintiff. In point of fact, there have been two law suits brought by Plaintiff against this company for trademark infringement. The truth of the matter is that You had a licensing or some other type or agreement with Buccelli. By the few emails I have seen, it appears that you later accused him of stealing the Runway® from the Plaintiff then appropriated both the Plaintiff's Buccelli's intellectual property. Plaintiff has a right to know exactly what your agreement and disagreements were with Mr. Buccelli.

Additionally, there are few things under United States law that qualify as privileged. Business and personal correspondence are not among them.

Finally, Runway Magazine, Inc. formerly had its place of business in Los Angeles, CA. this does not address activities outside the Jurisdiction of this Court as your answer has placed you under the Jurisdiction of the District Court for the Central District of California and you MUST comply with lawful discovery or face sanctions.

You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You have not stated whether any responsive materials are being withheld on the basis of that objection. You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR PRODUCTION NO. 3:

All COMMUNICATIONS between YOU and Vincent Mazzotta between January 1, 2012 and the date of response to this request.

Your Objection:

Defendant objects to this Interrogatory on the grounds that the demanded communication does not exist or no longer in the position of Defendant. First communication between Plaintiff and Defendant accrued in January 2014. Communication available to Defendant between

Plaintiff and Defendant from January 2014 already has been submitted to this Court by Plaintiff or Defendant, and the request isn't clear, as all available emails already been presented in pdf files to this Court.


Discussion:

Plaintiff does not have in its possession custody and control all emails between the parties and seeks to supplement those in its possession for evidentiary purposes. Your response is self-contradictory in stating that said requested communications do not exist or that they are no longer in your possession, when you later state that they have in part, been submitted to the Court by You.

Plaintiff is requesting all communications, not only those you used to support your Answer and assorted motions.

You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You have not stated whether any responsive materials are being withheld on the basis of that objection. You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR PRODUCTION NO. 4:

All COMMUNICATIONS between YOU and James Buccelli between January 1, 2012 and the date of response to this request.

Your Objection:

It seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California [Court]. The remainder of the objection is an argument of the facts in the case and your interpretation thereof and not relevant to a Discovery Response.

Discussion:

Runway Magazine, Inc. is not now or has ever been a partner of the Plaintiff. In point of fact, there have been two law suits brought by Plaintiff against this company for trademark infringement. The truth of the matter is that You had a licensing, partnership or some other type or agreement with Buccelli. By the few emails I have seen, it appears that you later accused him of stealing the Runway® from the Plaintiff then appropriated both the Plaintiff's Buccelli's intellectual property. Plaintiff has a right to know exactly what your agreement and disagreements were with Mr. Buccelli.

Additionally, there are few things under United States law that qualify as privileged. Business and personal correspondence are not among them.

Finally, James Buccelli formerly had his place of business in Los Angeles, CA. this does not address activities outside the Jurisdiction of this Court as your answer has placed you under the Jurisdiction of the District Court for the Central District of California and you MUST comply with lawful discovery or face sanctions.

You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING YOUR application for the Trademark "RUNWAY MAGAZINE" either to the French Government or internationally.

Your Objection:

Defendant objects to this Interrogatory on the grounds that it seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California [Court]. The documents / copyrighted materials presented at the registration of trademarks RUNWAY MAGAZINE in 2013 are related to production / international production since 2007

Discussion:

Web links and your providing materials that you believe support your contentions in Court filings are NOT admissible evidence. This Plaintiff has the right to request and obtain all relevant information supporting your claim that your RUNWAY MAGAZINE does not infringe on the Plaintiff's RUNWAY®.

Additionally, there are few things under United States law that qualify as privileged. Government filings whether in France or elsewhere, especially where you claim they can be found online, are not among them.

You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING the Articles of Incorporation (or the French equivalent thereof) for EURL ELEONORA DE GRAY.

Your Objection:

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. Additionally, business license for EURL ELEONORA DE GRAY has been already provided in different filings by Defendant.

Discussion:

There is nothing vague, ambiguous or burdensome in requesting the Articles of Incorporation (or their French equivalent) of your company. These are Government filings.

Wikipedia defines Articles of Incorporation as: Articles of incorporation, also referred to as the certificate of incorporation or the corporate charter, are a document or charter that establishes the existence of a corporation in the United States and Canada. They generally are filed with the Secretary of State or other company registrar.

An equivalent term for limited liability companies (LLCs) in the United States is articles of organization. For terms with similar meaning in other countries, see articles of association.

This is not a request for your business license.

You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING any "Partners" of EURL ELEONORA DE GRAY and/or YOU in the United States referenced in your Answer to the First Amended Complaint (inclusive of, but not limited to, Emails, Contracts, Agreements and proposals between YOU and /or EURL ELEONORA DE GRAY with said partners.)

Defendant objects to this Interrogatory on the grounds that it seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California [Court].

Your Objection:

Defendant objects to this Interrogatory on the grounds that it seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California [Court]. The documents / copyrighted materials presented at the registration of trademarks RUNWAY MAGAZINE in 2013 are related to production / international production since 2007.

Discussion:

Partnerships as defined in the State of California and the United States with persons or Parties in California and the United States would place you and your company under the Jurisdiction of this Court. You have continually stated that the Court does not have Jurisdiction. The Plaintiff is entitled to these documents to counter any argument related to Jurisdiction you have alleged.

Additionally, there are few things under United States law that qualify as privileged. Contractual agreements unless those specific to you and your attorney, are not among them.

You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR PRODUCTION NO. 8:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING your signing of the Licensing Agreement effective April 1, 2014 between YOU and Runway Beauty, Inc.

<u>Your Objection:</u>

Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. Additionally, all additional communication has been already submitted to this Court by Plaintiff or Defendant in different filings.

<u>Discussion:</u>

Plaintiff does not have in its possession custody and control all emails and correspondence between the parties and seeks to supplement those in its possession for evidentiary purposes. There is nothing vague and/or ambiguous in the request. Since you allege that all such documents have been provided with Court filing (which the Plaintiff can prove is not a true statement) it can not be overly burdensome to produce these documents as you would have said documents at your fingertips. Plaintiff is requesting all communications, not only those you used to support your Answer and assorted motions.

You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You have not stated whether any responsive materials are being withheld on the basis of that objection. You are currently in violation of the Court order of November 5, 2018.

<u>REQUEST FOR PRODUCTION NO. 9:</u>

All COMMUNICATIONS between YOU and any third party in which Vincent Mazzotta is mentioned, between January 1, 2012 and the date of response to this request.

<u>Your Objection:</u>

Defendant objects to this Interrogatory on the grounds that it the demanded communication does not exist or no longer in the position of Defendant.

<u>Discussion:</u>

This Request does not pertain to correspondence between the parties. Rather it pertains to correspondence between the Defendant and third parties, such as Google, Inc. , Facebook, Inc., etc. Plaintiff has, a defamation Causes of Action. Plaintiff is entitled to all documents supporting said cause of action. As Plaintiff has some of the correspondence sent to third parties in its possession and Defendant has included some of these correspondence in her own Court filings, a denial of the existence or possession of such documents cannot be believed and is perjurious. If these items were sent by Email then the Defendant is responsible for obtaining copies from her Email provider.

You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You have not stated whether any responsive materials are being withheld on the basis of that objection. You are currently in violation of the Court order of November 5, 2018.

<u>REQUEST FOR PRODUCTION NO. 10:</u>

All COMMUNICATIONS between YOU and any third party in which James Buccelli is mentioned, between January 1, 2012 and the date of response to this request.

Your Objection:

Defendant objects to this Interrogatory on the grounds that it seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California [Court].

Discussion:

This Request relates to the business relationship you had with Mr. Buccelli and the illegal use of the RUNWAY® trademark.  Additionally, Plaintiff is allowed to seek the correspondence from the period after your business relationship ended and what was told to third parties supporting the Defendants ownership of said trademark.

You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You have not stated whether any responsive materials are being withheld on the basis of that objection. You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR PRODUCTION NO. 11:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING the shipment of RUNWAY MAGAZINE to vendors, distributors and/or wholesalers between January 1, 2012 and the date of response to this request.

Your Objection:

Defendant objects to this Interrogatory on the grounds that it seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California [Court].

Discussion:

You have made numerous claims in your Answer about your dates of publication of Runway Magazine and frequency of Publication. Additionally, you have used the RUNWAY® trademark on each publication without payment for said use or a license to use said trademark. The Plaintiff has a right to request these materials to determine if your statements made in Pleadings are true and justified. Plaintiff does NOT have to take your word for it. Additionally, Plaintiff is entitled to this information for the purposes of determining the actual amount of damages that will be sought in Court.

These documents are not privileged in any way. Additionally, though you continue to deny the fact, your answer has placed you under the Jurisdiction of the District Court for the Central District of California and you MUST comply with lawful discovery or face sanctions.

You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You have not stated whether any responsive materials are being withheld on the basis of that objection. You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR PRODUCTION NO. 12:

      All DOCUMENTS RELATED TO, RELATING TO or CONCERNING COMMUNICATIONS between YOU and vendors of RUNWAY MAGAZINE RELATED TO, RELATING TO or CONCERNING the RUNWAY™ held by Runway TV, LLC between January 1, 2012 and the date of response to this request.

Your Objection:

      Defendant objects to this Interrogatory on the grounds that these documents do not exist.

Discussion:

      Plaintiff has some of the correspondence sent to your vendors in its possession and Defendant has included some of these correspondence in her own Court filings, a denial of the existence or possession of such documents cannot be believed and is perjurious. If these items were sent by Email then the Defendant is responsible for obtaining copies from her Email provider. You have not even stated if any effort was taken to obtain and or search for such documents.

      You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You have not stated whether any responsive materials are being withheld on the basis of that objection. You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR PRODUCTION NO. 13:

      All DOCUMENTS RELATED TO, RELATING TO or CONCERNING COMMUNICATIONS between YOU and GOOGLE, Inc (inclusive of their online Store) concerning the RUNWAY™ held by Runway TV, LLC between January 1, 2012 and the date of response to this request.

Your Objection:

      Defendant objects to this Interrogatory on the grounds that these documents from January 2012 do not exist. Documents from 2017 already has been submitted by Plaintiff in his original and first amended complaint to this Court. Defendant does not have additional documents in her possession / or they do not exist.

Discussion:

      Plaintiff has some of the correspondence sent to Google, Inc. in its possession and Defendant has included some of these correspondence in her own Court filings, a denial of the existence or possession of such documents cannot be believed and is perjurious. If these items were sent by Email, then the Defendant is responsible for obtaining copies from her Email provider. You have not even stated if any effort was taken to obtain and or search for such documents.

      You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You have not stated whether any

responsive materials are being withheld on the basis of that objection. You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS RELATED TO, RELATING TO or CONCERNING COMMUNICATIONS between YOU and APPLE, Inc. (inclusive of their online store) concerning the RUNWAY™ held by Runway TV, LLC between January 1, 2012 and the date of response to this request.

Your Objection:

Defendant objects to this Interrogatory on the grounds that these documents from January 2012 do not exist. Documents from 2017 already has been submitted by Plaintiff in his original and first amended complaint to this Court. Defendant does not have additional documents in her possession / or they do not exist.

Discussion:

Plaintiff has some of the correspondence sent to Apple, Inc. in its possession and Defendant has included some of these correspondence in her own Court filings, a denial of the existence or possession of such documents cannot be believed and is perjurious. If these items were sent by Email, then the Defendant is responsible for obtaining copies from her Email provider. You have not even stated if any effort was taken to obtain and or search for such documents.

You have not provided any of the requested items sought in the request for production nor have you either promised to do so or stated you would not. You have not stated whether any responsive materials are being withheld on the basis of that objection. You are currently in violation of the Court order of November 5, 2018.

**Requests for Admission**

The Court ordered that you respond to this discovery request and described in detail how you must respond:

Pursuant to Rule 36, a party may serve on any other party Requests for Admissions ("RFAs") to obtain any evidence within the permissible scope of discovery. Fed. R. Civ. P. 26(b)(1), 36(a). RFAs are required to be simple and direct, and should be limited to singular relevant facts. See Securities and Exchange Commission v. Micro-Moisture Controls, Inc., 21 F.R.D. 164, 166 (S.D.N.Y. 1957); see also Dubin v. E.F. Hutton Group, Inc., 125 F.R.D. 372, 376 (S.D.N,Y. 1989) (objections to RFAs as vague, ambiguous, overbroad and burdensome sustained where requests for admissions not simple concise statements of fact, but instead contained vague and ambiguous wording that did not allow defendants fairly to admit or deny). A request for admission may seek an admission of the genuineness of documents if copies of the documents are attached to the request or have been previously furnished or made available for inspection and copying. Fed. R. Civ. P. 36(a)(2). A party may properly seek to have another part admit or deny a responding party's understanding of the meaning of a document. See Booth Oil Site Admin. Group v. Safety-Kleen Corp., 194 F.R.D. 76, 80 (W.D.N.Y 2000). A request for admission may also request "the application of law to fact." Fed. R. Civ. P. 36(a)(1)(A); see

Marchand v.Mercy Medical Center, 22 F.3d 933, 937 n.4 (9th Cir. 1994) ("Rule 36(a) permits requests for admission addressing questions of mixed law and fact.") (citation omitted). A request for admission may not, however, seek a response on a disputed conclusion of pure law. See Playboy Enterprises, Inc. v. Welles, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999).

     A matter is admitted unless, within 30 days after being served, the party to whom an RFA is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. Fed. R. Civ. P. 36(a)(3).2 Pursuant to Local Rule 36-2, the party answering or objecting to requests for admission shall quote each request in full immediately preceding the statement of any answer or objection thereto. Local Rule 36-2. An answer to a request for admission must consist of an admission, a denial, or a statement detailing why the answering party is unable to admit or deny the matter. Fed. R. Civ. P. 36(a)(3), 36(a)(4). If any portion of a request for an admission is true, the party to whom it is directed must admit that portion and qualify or deny the rest. Fed. R. Civ. P. 36(a)(4); see Holmgren v. State Farm Mutual Insurance Co., 976 F.2d 573, 579-80 (9th Cir. 1992). A denial must be specific and must fairly respond to the substance of the matter. Fed. R. Civ. P. 36(a)(4). Where the meaning of a particular term in a request is somewhat inexact, the responding party should supply its own definition and admit or deny, or qualify its admission or denial to make it accurate and Responsive. See S.A. Healy Co./Lodigiani USA, Ltd. v. United States, 37 Fed. Cl. 204, 205-07 (Fed. Cl. 1997). A qualified denial is proper if the responding party sets forth in detail the reasons why he or she cannot truthfully deny the matter. Fed. R. Civ. P. 36(a)(4). A party who responds by claiming an inability to admit or deny must also state that he or she has made "reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4); Asea, Inc. v. Southern Pacific Transportation Co., 669 F.2d 1242, 1245-47 (9th Cir. 1981); A. Farber & Partners, Inc. v. Garber, 237 F.R.D. 250, 253-55 (C.D. Cal. 2006). What constitutes "reasonable inquiry" and what material is "readily obtainable" are relative matters that depend upon the facts of each case. T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D. 38, 43 (S.D.N.Y. 1997). Generally, "reasonable inquiry" for purposes of responding to requests for admission, is limited to review and inquiry of those persons and documents that are within the responding party's control. Id. at 43. A party cannot be forced to admit or deny facts testified to by a third party as to which the responding party has no personal knowledge. Id. at 46. The validity, or bona fides of a qualified answer to a request for admission must await trial to see if the requesting party is forced to prove what was not admitted and can show that there was no good reason for the opponent's failure to admit. National Semiconductor Corp. v. Ramtron International Corp., 265 F. Supp. 2d 71, 74-75 (D. D.C. 2003).

REQUEST FOR ADMISSION NO. 1:

     Admit that YOU are the sole shareholder of EURL ELEONORA DE GRAY.

Your Objection:

     Defendant objects to this request on the grounds that it seeks to obtain copyrighted materials and/or information regarding business activities that took place outside of the United States and that are beyond the jurisdiction of the California [Court]

Discussion:

Your objection makes no sense at all. You were asked to admit that you are the sole shareholder of EURL Eleonora De Gray. You have neither admitted or denied this Request in direct violation of the order of this Court stated above.

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 4:

Admit that YOU filed three (3) Requests (motion) after the filing of the Motion to Dismiss for Lack of Jurisdiction.

Your Objection:

Defendant is unable to admit or deny this Request on the grounds that it violates Federal Rules of Civil Procedure Rule about Discovery requests, as this request for admission based on determination of litigation of the claims.

Discussion:

Your objection makes no sense at all. You were asked to admit that you filed 3 motions/requests after the first Motion to dismiss. This was as of the date the discovery was served upon you. What actions you have taken are not the subject of litigation. Either you must admit or deny these actions.

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 5:

Admit that Defendant EURL Eleonora De Gray advertised on its website that it is an American-French magazine produced by Media Group ELEONORA DE GRAY with offices based in Paris (France), New York and Los Angeles. as of July 30, 2018.

Your Objection:

Defendant objects to this request on the grounds that it seeks to obtain copyrighted materials and/or information regarding business activities that took place outside of the United States and that are beyond the jurisdiction of the California [Court]

Discussion:

Your objection makes no sense at all. You were asked to admit that EURL Eleonora De Gray advertised on its website that it is an American-French magazine produced by Media Group ELEONORA DE GRAY with offices based in Paris (France), New York and Los Angeles. as of July 30, 2018. Either you must admit or deny statement.

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 7:

Admit that You signed a license agreement to use the name RUNWAY™ for a magazine dated April 1st, 2014.

Your Objection:

Defendant is unable to admit or deny this Request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms.

Discussion:

Your objection makes no sense at all. You were asked to admit that you signed a licensing agreement for the use of the RUNWAY trademark dated April 1, 2014. You must either admit or deny that action. This request does not ask for the legal validity of said agreement. Just whether you signed it or not. As you have already admitted in prior filings that you did sign it and included a copy as an exhibit, to deny this admission would be perjury.

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 8:

Admit that the signed license agreement to use the name RUNWAY™ for a magazine dated April 1st, 2014 lists as the governing law in paragraph 15 Business Terms/Schedule, United States of America.

Your Objection:

Defendant is unable to admit or deny this Request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms.

Discussion:

Your objection makes no sense at all. You were asked to admit lists as the governing law in paragraph 15 Business Terms/Schedule, United States of America. This request does not ask for the legal validity of said agreement. Just whether the agreement lists as the governing law in paragraph 15 Business Terms/Schedule, United States of America. As the document speaks for itself and you have included a copy as an exhibit, to deny this admission would be perjury.

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 8 (misnumbered):

Admit that the on P:1 L:22-23 of the Notice of Motion and Motion to Dismiss under FRCP Rule 12(b)(2) for Lack of Jurisdiction YOU state YOU have "Partners" in the United States of America.

Your Objection:

Defendant is unable to admit or deny this Request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. This request is duplicated previous request. Additionally, this request seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California

Discussion:

Your objection makes no sense at all. You were asked to admit a statement made by
YOU in a Court filing. As the document speaks for itself and you have filed this document with
the Court to deny this admission would be perjury.

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 9:

Admit that a partnership is a for-profit business association of two or more persons.

Your Objection:

Defendant is unable to admit or deny this Request on the grounds that it is vague and
ambiguous, overbroad and unduly burdensome, and uses undefined terms. Additionally, this
request seeks to obtain privileged documentation and contact information regarding business
activities outside of the United States and that are beyond the jurisdiction of the California

Discussion:

Your objection makes no sense at all. You were asked to admit a statement of fact. As
you have used the term Partnership with in Court filings to deny this admission now would be
perjury.

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 10:

Admit that a partnership is a legal entity classified in both the United States and the State
of California as either a General Partnership of a Limited Partnership.

Your Objection:

Defendant is unable to admit or deny this Request on the grounds that it is vague and
ambiguous, overbroad and unduly burdensome, and uses undefined terms. Defendant has no
connection specifically to California. Additionally, this request seeks to obtain privileged
documentation and contact information regarding business activities outside of the United States
and that are beyond the jurisdiction of the California [Court].

Discussion:

Your objection makes no sense at all. You were asked to admit a statement of fact. As
you have used the term Partnership with in Court filings to deny this admission now would be
perjury.

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 11:

Admit that a partnership is a consideration under Federal Law which prohibits a Diversity
Action in any Federal Court of a State in which a Plaintiff and Defendant partner are both
residents.

Your Objection:

Defendant is unable to admit or deny this Request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. Defendant has no connection specifically to California. Additionally, this request seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California [Court].

Discussion:

Your objection makes no sense at all. You were asked to admit a statement of fact. As you have used the term Partnership with in Court filings to deny this admission now would be perjury.

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 13:

Admit that in an Email dated March 18, 2014 addressed to Michael Cohen YOU stated ""I strongly believe that international trademarks RUNWAY / RUNWAY MAGAZINE belongs to Vincent. and I strongly believe that we should do everything possible to get USA trademark also back to Vincent. Otherwise scam and fraud will never stop."

Your Objection:

Defendant is unable to admit or deny this Request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. Defendant has no connection specifically to California. Additionally, this request seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California [Court]…. This document has been already submitted in various filing of Defendant to this Court.

Discussion:

Your objection makes no sense at all. You were asked to admit a statement of fact. You state in your own response that a copy of this Email has been submitted by you to the Court. How can you then be unable to admit the existence of this Email?

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 15:

Admit that YOU registered in France trademarks Runway France / Runway Magazine France after such time as YOU became aware that the license to use the RUNWAY Magazine™ obtained from James Buccelli in February 2012 was fraudulent.

Your Objection:

Defendant is unable to admit or deny this Request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. Defendant has no connection

specifically to California. Additionally this request seeks to obtain privileged documentation and contact information regarding business activities outside of the United States and that are beyond the jurisdiction of the California

Discussion:

Your objection makes no sense at all. You were asked to admit a statement of fact. You entered an agreement in 2012 with James Buccelli for the use of Runway Magazine trademark. How can you then be unable to admit or deny that 2013 (when you registered the French trademark) was after the 2012 agreement??

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 18:

Admit that YOU have sent Emails to parties that do business with Runway TV, LLC that the Plaintiff company is not the real RUNWAY.

Your Objection:

Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent emails not to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE.

Discussion:

Your objection makes no sense at all. The term YOU or YOUR is defined in the Requests for Admission. "The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing. Here you state your attorney sent emails on your behalf then deny the statement.

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 19:

Admit that YOU have sent Emails Apple, Inc. related to the Plaintiff's App(s) to "Please remove these applications and ban the user permanently or ban these applications from all other territories except USA."

Your Objection:

Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent emails not to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE.

Discussion:

      Your objection makes no sense at all. The term YOU or YOUR is defined in the Requests for Admission. "The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing.  Here you state your attorney sent emails on your behalf then deny the statement.

      You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 20:

      Admit that YOU have sent Emails Google.Com related to the Plaintiff's App(s) to "Please remove these applications and ban the user permanently or ban these applications from all other territories except USA."

Your Objection:

      Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent emails not to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE.

Discussion:

      Your objection makes no sense at all. The term YOU or YOUR is defined in the Requests for Admission. "The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing.  Here you state your attorney sent emails on your behalf then deny the statement.

      You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 21:

      Admit that YOU have sent Email to GoDaddy.Com related to the Plaintiff's RUNWAY FRANCE website that it infringes on the RUNWAY MAGAZINE FRANCE intellectual property.

Your Objection:

Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent emails not to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE.

Discussion:

Your objection makes no sense at all. The term YOU or YOUR is defined in the Requests for Admission. "The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing.  Here you state your attorney sent emails on your behalf then deny the statement.

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 22:

Admit that YOU have sent Email to LinkedIn related to the Plaintiff's RUNWAY ™ that it infringes on the RUNWAY MAGAZINE intellectual property.

Your Objection:

Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent emails not to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE.

Discussion:

Your objection makes no sense at all. The term YOU or YOUR is defined in the Requests for Admission. "The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing.  Here you state your attorney sent emails on your behalf then deny the statement.

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 23:

Admit that YOU have sent Email Instagram related to the Plaintiff's RUNWAY ™ that it infringes on the RUNWAY MAGAZINE intellectual property.

Your Objection:

Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent emails not to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE.

Discussion:
    Your objection makes no sense at all. The term YOU or YOUR is defined in the Requests for Admission. "The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing.  Here you state your attorney sent emails on your behalf then deny the statement.

    You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 24:
    Admit that YOU have sent Email mikeyaandmproducPons@gmail.com related to the Plaintiff's RUNWAY ™ that it infringes on the RUNWAY MAGAZINE intellectual property.

Your Objection:
    Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent emails not to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE.

Discussion:
    Your objection makes no sense at all. The term YOU or YOUR is defined in the Requests for Admission. "The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing.  Here you state your attorney sent emails on your behalf then deny the statement.

    You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 25:
    Admit that YOU have sent Email Julia Perry Style related to the Plaintiff's RUNWAY ™ that it infringes on the RUNWAY MAGAZINE intellectual property.

Your Objection:

Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent emails not to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE.

Discussion:

　　　　Your objection makes no sense at all. The term YOU or YOUR is defined in the Requests for Admission. "The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing.  Here you state your attorney sent emails on your behalf then deny the statement.

　　　　You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 26:

　　　　Admit that YOU have sent Email Dylan Perlot related to the Plaintiff's RUNWAY ™ that it infringes on the RUNWAY MAGAZINE intellectual property.

Your Objection:

　　　　Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent emails not to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE.

Discussion:

　　　　Your objection makes no sense at all. The term YOU or YOUR is defined in the Requests for Admission. "The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing.  Here you state your attorney sent emails on your behalf then deny the statement.

　　　　You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 27:

　　　　Admit that YOU have sent Email Jifff.com related to the Plaintiff's RUNWAY ™ that it infringes on the RUNWAY MAGAZINE intellectual property.

Your Objection:

Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent emails not to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE.

Discussion:

Your objection makes no sense at all. The term YOU or YOUR is defined in the Requests for Admission. "The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing. Here you state your attorney sent emails on your behalf then deny the statement.

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 28:

Admit that any rights granted YOU in the contract between the parties have been extinguished by YOUR failure to pay the required licensing fees.

Your Objection:

Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent emails not to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE.

Discussion:

Your objection makes no sense at all. The term YOU or YOUR is defined in the Requests for Admission. "The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing. Here you state your attorney sent emails on your behalf then deny the statement.

You are currently in violation of the Court order of November 5, 2018.

REQUEST FOR ADMISSION NO. 29:

Admit that YOU attempted to breach the Attorney Work Product privilege by requesting documents from L.A. Translations.

<u>Your Objection:</u>

Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, and uses undefined terms. French Attorney on behalf of Defendant sent emails not to business parties but to participants in various projects of Plaintiff, who mislead these participants by naming his editions RUNWAY MAGAZINE.

<u>Discussion:</u>

Your objection makes no sense at all. The term YOU or YOUR is defined in the Requests for Admission. "The term "YOU" or "YOUR" shall mean, refer to and include Defendant ELEONORA DE GRAY, and any and all of her predecessors in interest, successors in interest, subsidiaries, affiliated entities, joint venturers, members, partners, assignors, licensees, officers, directors, employees, agents, and representatives of the foregoing, and any other PERSON or entity acting or purporting to act on behalf of any of the foregoing. Here you state your attorney sent emails on your behalf then deny the statement.

You are currently in violation of the Court order of November 5, 2018.

Please advise this office as soon as is possible, if it is your intent to provide revised responses and when, to the Plaintiff's Requests for the Identification and Production of Documents and Things as well as the Requests for Admissions served upon you pursuant to Federal Rules of Civil Procedure, the Local Rules and the Orders of the Court.

Please advise this office when we can have the telephonic Meet and Confer discussion required under Local Rule 31-1 within the next 10 days.

Nothing herein is a waiver of any of my client's rights, all of which are expressly reserved herein.

Sincerely:

William D. Goldstein
Attorney for Runway TV, LLC

Exhibit "N"

Please note that a portion of Exhibit N has been redacted as it contains a proposal for settlement of the case which cannot be included in evidence.



ELEONORA DE GRAY
OFFICIAL RUNWAY MAGAZINE
23/25 RUE JEAN JACQUES ROUSSEAU
75001 PARIS, FRANCE
INFODEGRAY@GMAIL.COM
www.RUNWAYMAGAZINES.com

Law Offices of Willian D. Goldstein
William D. Goldstein (SBN. 279723)
4030 Sawtelle Blvd.
Los Angeles, CA 90066-5408

September 18, 2019

Mr Goldstein,
I'm glad that you decided to responded to FRCP and Local Rule 37-1 related to the required Meet and Confer process prior to the filing of Motions to Dismiss for lack of merit, I, defendant pro se, plan to file at the beginning of October.

Although it is not clear to me why you came to discussion about discovery requests. All discoveries were suspended until further Court Order about the proceeding. This includes special Order for discoveries. Please consult Court Order at November 29, 2018, and Court Order September 12, 2019 : "The court will issue a further *proceedings order* upon the filing of the declaration referenced in paragraph 2 above."
You interpreted the Court Order one way, I interpreted it differently – I follow exactly the instructions of the Order from September 2019.

So this discussion should be related to the Motion to Dismiss I plan to file at the beginning of October.

If you plan to file a Motion to Compel it is of course your choice.
Concerning my responses under US law. Mr Goldstein, in Federal cases when citizen / business entities of other countries are involved, Federal Court follows INTERNATIONAL law, it means when US law accepts laws of other countries in proceedings. I already responded to your discovery requests : many of them are not related to the case, they are related to my business and abusive as they directed to recover client database, another ones simply impossible to deliver as they don't exist, and another ones related to international journalists multiple laws, they are also US law (please see my responses), and another ones related to criminal file submitted to LAPD (Los Angeles Police Department – US law). You may consult US law about how criminal cases should be publicly exposed, shared with third party, you, this Court (this is civil Court, not criminal) etc. They needed special permission / authorization and really to be necessary and RELATED to the case.

If you really would like to discuss an amicable agreement before bring it before Judge, we can start from very beginning. You stated false fact that I registered my trademarks AFTER I gave my signature on "license" contract. You perfectly know the dates of the trademarks registered – November 6, 2013. It is a 4 months BEFORE I gave my signature. You wrote multiple allegations without any material facts to support them etc. You know that all allegations should be supported by material facts. You also know that this contract has no legal value, as Mr Mazzotta signed it in April 2017, after my attorney noted to him that on the contract he sent to her there's no his signature. In addition there's no legal witness's signatures presented in this contract from the side of Mr Mazzotta, neither from my side. In addition original copy of the contract has never been sent to me. So the contract didn't create any bond, and can't be a legal ground. These facts are matter to this Court, even I presented them pro se.
We can of course continue to argue before Judge but please be prepared that in my Motion to Dismiss I'll file additional information related to abuses of process: report of Mr Mazzotta to GoDaddy under perjury – US law, in September 2019, where he included false facts about that he owns RUNWAY MAGAZINE trademark (James Buccelli until today owns it, and uses it at his own will, the way he finds it necessary), and that I didn't responded to his complaint, and Court ORDERED already the default decision.
And what is most important I'll file multiple screenshots of Mr Mazzotta's PUBLIC instagram account. In your complaint you stated that audience of Mr Mazzotta is about million followers. So these posts of Mr Mazzotta were promoted to 1 million followers.
I believe that you know what posts I plan to file – different promotions of porno actresses and porno models (including promotion of their porno accounts on instagram and twitter), public promotion of self-harm, and public promotion of **OPIOIDS** (illegal drug - heroin). These posts are not related to fashion, or activities you claimed before this Court Mr Mazzotta exercises.
If you believe that these screenshots of business activities of Mr Mazzotta's and use of his trademarks RUNWAY / RUNWAY TV for promotion related to pornography and drugs will only help to this Court to give decision in his favor, than there's no matter to discuss it further.
I'll obviously file them in my Motion to Dismiss for lack of merit.


PLEASE NOTE If you really would like to open amiable discussion – I'm open to do so.
I propose following :
A MUTUAL AGREEMENT which will be presented to Judge with Motion to cancel the complaint, as mutual agreement has been achieved.
This mutual agreement should include several points :



I believe that my proposition is very reasonable according to circumstances. Otherwise we'll proceed the way we both plan to proceed.

Please also note that in addition to my Motion to Dismiss and a Motion to Dismiss from an attorney, who'll represent my company, there's also matter in discussion to proceed with demand of penalties for perjury in front of this Court. All of this could be avoided if MUTUAL AGREEMENT can be achieved.

Kind regards

September 18, 2019
Paris, France

Eleonora de Gray

Exhibit "O"

**WILLIAM D. GOLDSTEIN**

LAW OFFICE OF

4030 Sawtelle Blvd.
LOS ANGELES, CALIFORNIA 90066
TELEPHONE: (310) 437-0108
FACSIMILE: (323) 372-3589

E-MAIL: WDGOLDSTEIN@WDGOLDSTEIN.COM

September 18, 2019

MEET AND CONFER LETTER-DISCOVERY

ELEONORA DE GRAY                                  Via Email: infodegray@gmail.com
OFFICIAL RUNWAY MAGAZINE
23-25, rue Jean Jacques Rousseau
75001 Paris, France

Dear Ms. De Gray:

This letter is intended to conform with both the FRCP and Local Rule 37-1 related to the required Meet and Confer process prior to the filing of Motions to Compel, et al under FRCP Rule 37.

I believe you misunderstand the comment by Judge Olguin. The "further proceedings" Order relates to the Courts scheduling for the case once all parties have been served. Discovery Cutoff, Briefing Schedule, Trial Date, etc. The Court's Order of November 29th states:

"All case deadlines, including all discovery matters, are stayed pending resolution of the service of process issue. Unless the document relates to the service issues discussed in this order, no further documents may be filed pending further order of the court."

Note that the stay applies "**pending resolution of the service of process issue.**" The Court's Order of September 11, 2019 and the service of the Summons and Complaint on September 16th along with the filed declaration to that effect, resolves the "**service of process issue,**" hence the stay has been lifted.

As to your response to my Meet and Confer letter, it appears, in part to be a settlement offer and has been forwarded to my client. As such it is not a Meet and Confer letter and is forbidden to be entered into evidence under U.S. law (FRE 408 and FRCP 68). All such letters are confidential. In the future please do not respond to a Meet and confer on a proposed motion with settlement proposals. These should be kept separate and sent titled as such. As it is, I am forbidden from entering your response into the record of our Meet and Confer actions prior to the filing of a motion.

I am on notice of your intent to file yet another Motion to Dismiss the personal case and your proposed instructions to Counsel to file a Motion to Dismiss for EURL Eleonora De Gray. That said to simplify matters please keep any discussion of said motions, especially Meet and Confer letters separate from those related to discovery issues. This will create a much cleaner record for the Court.

I again state that you had promised to provide an explanation of your objections and refusal to provide any documents or correct contradictory responses and/or missing responses to the Requests for Admission served upon you and how you believe that these actions are in accordance with the ruling of the Court on the first Motion to Compel on November 5, 2018. (I am attaching a copy I case you did not save one).

Please responds to this request and provide your explanations originally promised for December 3, 2019, within no later than close of business on Tuesday, September 24, 2019.

I am willing to read through any comments you have regarding my discussion of the reasons why I believe you must respond to my discovery. That said, the only reasons I would withdraw the requests is if you provide me with acceptable objections under United States law. Not those you are currently alleging.

I await your explanations by the September 24, 2019 deadline. If not received, I will again need file another motion to Compel responses.

In that regard are you willing to sign a joint Declaration to the effect that we have not had a telephonic Meeting of Counsel as you have insisted that: 1) it is not required. 2) that we can do any Meet and Confer via Email, 3) that you will only allow a telephonic meeting if you have your attorney present, a certified translator present, and a transcript is generated, 4) all at the cost of the Plaintiff? Said joint Declaration would also state that the parties are at an impasse as to the discovery requests with neither willing to change their positions and requesting the Court to rule on the matter. Neither of us will argue our points of view in said declaration. Just state the facts cited above.

Nothing herein is a waiver of any of my client's rights, all of which are expressly reserved herein.

Sincerely:

William D. Goldstein
Attorney for Runway TV, LLC

Exhibit "P"



ELEONORA DE GRAY
OFFICIAL RUNWAY MAGAZINE
23/25 RUE JEAN JACQUES ROUSSEAU
75001 PARIS, FRANCE
INFODEGRAY@GMAIL.COM
www.RUNWAYMAGAZINES.com

Law Offices of Willian D. Goldstein
William D. Goldstein (SBN. 279723)
4030 Sawtelle Blvd.
Los Angeles, CA 90066-5408

September 19, 2019

Mr Goldstein,
Please note that I have very short time period to present an attorney, who'll discuss all matters related to my company. I'd very much appreciate if you take a good note of it and understanding.
In addition you continue demand burdensome and unnecessary expenses related to meet and confer prior filing motion to compel, which is abusive according to local rules.
I didn't propose to have this cost on Plaintiff, I proposed to accept this by email if you wish to continue to discuss this particular subject with me, as all discussion are recorded. And I'm not willing to take this cost on myself as I see it unnecessary. Or you can wait until an attorney will enter the litigation and conduct meet and confer related to discovery with him by telephone conference.

As I already said all your requests are not related to the case.
As much as I understand your discovery requests mostly related to confidential files (lists of the clients and partners) of my company. So this matter can't be addressed to me any longer, as an attorney will

have present my company in front of this Court, and do applicable filing.

I don't see why should I repeat that requesting criminal case filing with LAPD is also not related to this case. And please see US law how these cases should be requested if necessary.

If you believe that filing Motion to compel is necessary in this short time period, and you are not willing to meet and confer with an attorney, who'll enter and will represent my company – of course you can do so.
Please note that I'll oppose your motion with the arguments, and applicable US laws I already mentioned in my response to your requests. And in addition I'll oppose with an argument that many of your requests addressed to the company, which should be represented by an attorney, and you fare not willing to wait for the appearance of an attorney, and filing Motion to compel before an attorney is entering the litigation.

Kind regards

September 19, 2019
Paris, France

Eleonora de Gray

Sincerely:

William D. Goldstein
Attorney for Runway TV, LLC

Exhibit "Q"

LAW OFFICE OF
**WILLIAM D. GOLDSTEIN**
4030 Sawtelle Blvd.
LOS ANGELES, CALIFORNIA 90066
TELEPHONE: (310) 437-0108
FACSIMILE: (323) 372-3589

E-MAIL: <u>WDGOLDSTEIN@WDGOLDSTEIN.COM</u>

September 19, 2019

MEET AND CONFER LETTER-DISCOVERY

ELEONORA DE GRAY                                    Via Email: infodegray@gmail.com
OFFICIAL RUNWAY MAGAZINE
23-25, rue Jean Jacques Rousseau
75001 Paris, France

Dear Ms. De Gray:

This letter is intended to conform with both the FRCP and Local Rule 37-1 related to the required Meet and Confer process prior to the filing of Motions to Compel, et al under FRCP Rule 37.

I am confused by your Meet and Confer letter of September 19, 2019. In this letter you request that I wait to meet and confer on the discovery responses filed by you as a Pro Se litigant until you hire an attorney in October. Whereas in you Meet and Confer letter of September 16, 2019 you speak of personally filing a 3rd Motion to Dismiss stating: "The motion will be filed from me, Eleonora de Gray, a physical person, presented pro se." You have also stated that you intend to retain an attorney to represent EURL Eleonora De Gray  only as you cannot represent the company Pro Se in the District Court.

If it is your intent to continue the personal litigation in Pro Se there is no need for me to wait for you to employ an attorney.  Additionally, I am under a time constraint to file the motion due to the prior Stay. Hence, I am afraid I must pursue the matter now or lose my ability to do so. The responses to the Discovery Requests are required for the Plaintiff to properly pursue its case and may be required to oppose a Motion to Dismiss by Counsel for EURL Eleonora De Gray.

You have not responded to my prior requests that you agree to send your written responses to the Original 22 page meet and confer letter by September 24, 2019 instead of a telephonic Meet and Confer. You have also not responded to my request that we produce a joint declaration for the motion should it be filed. Hence, I repeat them below.

I again state that you had promised to provide an explanation of your objections and refusal to provide any documents or correct contradictory responses and/or missing responses to the Requests for Admission served upon you and how you believe that these actions are in accordance with the ruling of the Court on the first Motion to Compel on November 5, 2018.

Please responds to this request and provide your explanations originally promised for December 3, 2019, no later than close of business on Tuesday, September 24, 2019.

I am willing to read through any comments you have regarding my discussion of the reasons why I believe you must respond to my discovery. That said, the only reasons I would withdraw the requests is if you provide me with acceptable objections under United States law. Not those you are currently alleging.

I await your explanations by the September 24, 2019 deadline. If not received, I will again need file another motion to Compel responses.

In that regard are you willing to sign a joint Declaration to the effect that we have not had a telephonic Meeting of Counsel as you have insisted that: 1) it is not required. 2) that we can do any Meet and Confer via Email, 3) that you will only allow a telephonic meeting if you have your attorney present, a certified translator present, and a transcript is generated, 4) all at the cost of the Plaintiff? Said joint Declaration would also state that the parties are at an impasse as to the discovery requests with neither willing to change their positions and requesting the Court to rule on the matter. Neither of us will argue our points of view in said declaration. Just state the facts cited above.

Additionally, in your latest Meet and confer letter you have decided to not engage in a telephonic Meet and Confer process due to the your expense in such a matter, yet in your Meet and Confer of November 27, 2018 you stated: "I also formally inform you that according to French law any legal communication with party outside of Europe / France should be done by mail / email / records. You are initiating this telephonic conference – so it is your responsibilities to arrange that. If you'd like to conduct this telephonic conference please provide the name and status of an official representative who'll be recording this conversation, meanings to record." This implies that the Plaintiff would have to pay all costs.

You repeat the demand if a telephonic meet and confer is to take place in your 2nd Meet and Confer of November 27, 2018. Again, implied is that the Plaintiff would have to pay all costs.

In your Meet and Confer letter of November 29, 2018 you specifically state: "You are initiating this telephone conference, so any formal conditions should be done at your expense. The initiator is the one who's responsible for any expenses for any formal actions from your side. I'm not requesting any telephone conference with you, so I don't see why you think I should be responsible for any formal actions initiated by you. Any formal actions, like this complaint, or your fees which you constantly ask this Court to be paid, are formal actions initiated by you / your client, so you are the one who's responsible for all expenses related to it."

As I have told you if you wish for the unnecessary procedures for a Meet and Confer then you will have to pay for them.

Nothing herein is a waiver of any of my client's rights, all of which are expressly reserved herein.

Sincerely:

William D. Goldstein
Attorney for Runway TV, LLC

Exhibit "R"



ELEONORA DE GRAY
OFFICIAL RUNWAY MAGAZINE
23/25 RUE JEAN JACQUES ROUSSEAU
75001 PARIS, FRANCE
INFODEGRAY@GMAIL.COM
www.RUNWAYMAGAZINES.com

Law Offices of Willian D. Goldstein
William D. Goldstein (SBN. 279723)
4030 Sawtelle Blvd.
Los Angeles, CA 90066-5408

September 20, 2019

Mr Goldstein,
PLEASE NOTE that I'll have limited access to my email. I'm in Milan, Italy for the fashion week, and I won't be able to respond to you until September 26, 2019.

PLEASE NOTE that from September 26, 2019 I'll be at Paris fashion week. And I won't be able to respond to you daily either.

PLEASE NOTE that all requests related to the confidential files of the company or criminal case filed with LAPD. And you never explained how these documents related to the case.

PLEASE NOTE that any discussion related to discovery documents, and specially documents of my company should be discussed with an attorney, and not with me.

PLEASE NOTE settlement related to malicious prosecution action against me and my company in this Court, as you and plaintiff aware that complaint is meritless. will be discussed with an attorney who'll enter and represent my company.

PLEASE NOTE that October 12, 2019 an attorney on behalf of my company will have to file an answer. That would be motion to dismiss. So it means he'll have to conduct meet and confer at the beginning of October. An attorney needs time to study the case. So you can discuss any subject elated to discovery with her / her.

PLEASE NOTE that I consider this Meet and confer conduction over, as during our exchange you didn't willing discuss any subject related to why you need my company confidential documents, why you need copy of my clients and partners list, why you need a copy of criminal case submitted to LAPD, and you never explained not to me, not to this Court how these documents related to the case and why you need them for discovery. So I prefer you'll continue this discussion with an attorney, who'll represent my company.

Kind regards

Time stamp : 08:35 am
September 20, 2019
Milan, Italy

Eleonora de Gray

Exhibit "S"

LAW OFFICES OF
**WILLIAM D. GOLDSTEIN**
4030 Sawtelle Blvd.
LOS ANGELES, CALIFORNIA 90066
TELEPHONE: (310) 437-0108
FACSIMILE: (323) 372-3589

E-MAIL: WDGOLDSTEIN@WDGOLDSTEIN.COM

September 20, 2019

MEET AND CONFER LETTER-DISCOVERY

ELEONORA DE GRAY                              Via Email: infodegray@gmail.com
OFFICIAL RUNWAY MAGAZINE
23-25, rue Jean Jacques Rousseau
75001 Paris, France

Dear Ms. De Gray:

This letter is intended to conform with both the FRCP and Local Rule 37-1 related to the required Meet and Confer process prior to the filing of Motions to Compel, et al under FRCP Rule 37.

You have stated: "PLEASE NOTE that I consider this Meet and confer conduction over, as during our exchange you didn't willing discuss any subject related to why you need my company confidential documents, why you need copy of my clients and partners list, why you need a copy of criminal case submitted to LAPD, and you never explained not to me, not to this Court how these documents related to the case and why you need them for discovery. So I prefer you'll continue this discussion with an attorney, who'll represent my company."

Please note that a party propounding discovery is under no obligation to divulge its legal reasoning or strategy to the opposing party when discovery requests are issued.

Your request that I continue any Meet and Confer with your attorney "who'll represent my company" is at best ambiguous. There are 2 Defendants in this case, both YOU and YOUR Company. In my last letter I inquired about this specifically stating :

"I am confused by your Meet and Confer letter of September 19, 2019. In this letter you request that I wait to meet and confer on the discovery responses filed by you as a Pro Se litigant until you hire an attorney in October. Whereas in you Meet and Confer letter of September 16, 2019 you speak of personally filing a 3rd Motion to Dismiss stating: "The motion will be filed from me, Eleonora de Gray, a physical person, presented pro se." You have also stated that you intend to retain an attorney to represent EURL Eleonora De Gray only as you cannot represent the company Pro Se in the District Court."

I have previously requested the name and contact information of your attorney yet you have not responded to this inquiry. No attorney purporting to represent you has contacted me as

is usual in matters like this. No attorney has made an appearance this matter representing either YOU or EURL Eleonora De Gray.

I have asked if you will be willing to sign a joint declaration stating we are at an impasse related to the discovery. You have refused to respond to this question.

Please understand, the Plaintiff was under no obligation to continue with the Meet and Confer process on a Motion to Compel after the stay was lifted. The 10 days between our first communication related to the Discovery responses for there to be a Telephonic Meet and Confer under Local Rule 37-1 had expired prior to the stay being issued. In good faith, since you had promised the Respond to the initial Meet and Confer letter by December 3, 2019, I granted you a week to do so once the stay was lifted. You have not done so and have indicated in your last letter that you will be to busy for the next 2 weeks to communicate.

You have also stated: "PLEASE NOTE that I consider this Meet and confer conduction over."

I will take you at your word and proceed to notice and file yet another Motion to Compel Responses as well as seek sanctions provided under the code.

Nothing herein is a waiver of any of my client's rights, all of which are expressly reserved herein.

Sincerely:

William D. Goldstein
Attorney for Runway TV, LLC

**PROOF OF SERVICE**

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 4030 Sawtelle Blvd, Los Angeles, California 90066-5408.

      On September 20, 2019, I served the foregoing document(s) described as:

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO REQUEST FOR IDENTIFICATION AND PRODUCTION OF DOCUMENTS, SET 1 WITHOUT OBJECTIONS; MEMORANDUM OF POINTS AUTHORITIES IN SUPPORT THEREOF REQUEST FOR SANCTIONS AND DECLARATION OF WILLIAM D. GOLDSTEIN

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL CLEAR AND CONCISE RESPONSES TO REQUESTS FOR ADMISSIONS, SET 1 WITHOUT FURTHER OBJECTIONS; MEMORANDUM OF POINTS AUTHORITIES IN SUPPORT THEREOF; REQUEST FOR SANCTIONS AND DECLARATION OF WILLIAM D. GOLDSTEIN

on the interested parties to this action by placing a copy thereof addressed as follows:

| Eleonora De Gray & EURL Eleonora De Gray<br>Via Email to *infodegray@gmail.com* |
| --- |

☐      (BY MAIL)  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐      (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by 1-Day Express Mail, an express service carrier which provides overnight delivery, as follows.  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐      (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the facsimile number(s) listed above.

☒      (BY EMAIL)  I caused such documents to be delivered via email to the following addressee(s):   *infodegray@gmail.com*

      Executed this 20th day of September, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
WILLIAM D. GOLDSTEIN